Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
bcave@hollandhart.com
jspope@hollandhart.com

Timothy Getzoff (*pro hac vice* pending)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE'S
TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH,
GERALD L. SPENCE, JOHN ZELBST, REX PARRIS,
JOSEPH H. LOW AND KENT SPENCE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| The Trial Lawyers College, | |
| Plaintiff. | |
| vs. | Civil Action No. 1:20-cv-00080-ABJ |
| GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE and JOHN DOE, individual, | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO EMERGENCY APPLICATION FOR EX PARTE
## TEMPORARY RESTRAINING ORDER

### I.    INTRODUCTION

Defendants, by and through their attorneys, oppose putative Plaintiff The Trial Lawyers

College's Emergency Application for *Ex Parte* Temporary Restraining Order (the "TRO

Motion") (ECF No. 2) as follows.

This action involves one set of board members of The Trial Lawyers College ("TLC") purporting to enforce TLC's intellectual property assets against another group of TLC board members (the Defendants in this action). Absent from the Verified Complaint and TRO Motion is any mention of the fact that *which* set of board members are authorized to act on behalf of TLC—a threshold issue for all of TLC's claims in this case—is the subject of a previously-filed action pending in Wyoming State District Court, First Judicial District, Laramie County, Wyoming, entitled *Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence v. The Trial Lawyers College*, Civil Action No. 193-124 ("State Court Action").[1] In the State Court Action, pursuant to Wyoming state law and the bylaws of TLC, the Defendants in this federal case have challenged the authority of the individual board members who purport to control TLC (and who filed this federal case) and have asked the State Court *inter alia* to appoint a receiver to take control of TLC and its assets. By filing the instant federal case, these individual board members are effectively seeking an end-run to the State Court Action and have this Court declare them the lawful board members with authority to control TLC and its assets.

However, the question of which set of board members have the lawful authority to act on behalf of TLC is squarely at issue in the State Court Action. The question of control over TLC's assets (including the asserted trademark and trade secret rights raised in this case) is also squarely at issue in the State Court Action, and those assets may soon be under the control of a court-appointed receiver. Whether Defendants' alleged use of the trademarks and trade secrets

---

[1] It is noteworthy that Plaintiff not only failed to inform this Court of the State Court Action, but also filed their TRO Motion on an *ex parte* basis, despite knowing (due to the State Court Action) that Defendants were represented by counsel. Both were improper. *See* Wyoming R. Prof'l Conduct 3.3(d) ("In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.") and Note 14 thereto; *see also* U.S.D.C.L.R 84.1(a) (adopting Wyo. R. Prof'l Conduct).

of TLC was authorized or not, a threshold issue for all the claims at issue in this case, also will necessarily be decided in the State Court Action.  Allowing these putative board members to maintain this federal action against a competing group of board members would usurp the jurisdiction of the State Court Action, violate several doctrines of abstention and comity, and is manifestly improper.  The TRO Motion should be denied.

## II.   FACTUAL BACKGROUND

A recitation of the key facts and circumstances surrounding the pending dispute over TLC and its assets is set forth in Defendants' Motion to Stay, filed contemporaneously with this response brief.  In the interests of efficiency, Defendants will simply incorporate by reference the factual recitation set forth in the Motion to Stay.

## III.   ARGUMENT

**A.    As set forth in Defendants' Motion to Stay, this Court should abstain from exercising jurisdiction or stay all proceedings until the parallel and previously filed State Court Action is concluded.**

Defendants hereby incorporate and reference the points and authorities in its contemporaneous Motion to Stay. For all the reasons set forth in the Motion to Stay, this Court should abstain from exercising jurisdiction over TLC's claims under the *Colorado River* abstention doctrine, the "prior exclusive jurisdiction doctrine," and the prohibition against claim splitting.

Once the State Court Action is concluded, the question over the status and control of TLC, including its trademark and trade secret assets, will be resolved.  Depending on the outcome of the State Court Action, the instant action may be moot or dismissible in its entirety.  However, under no circumstances should the individual board members who caused the filing of this case in TLC's name be allowed to usurp the jurisdiction of the State Court Action by attempting to enforce Plaintiff's assets against Defendants' group of board members.  Whether

3

the Defendants had the authority of TLC to commit any of the acts alleged in the Verified

Complaint is dispositive of TLC's claims and necessarily will be decided in the State Court

Action.  At a minimum, this Court should deny the TRO under these circumstances.

### B.     Legal standard for preliminary injunction.

Apart from the abstention, jurisdictional, and other issues discussed above, the TRO

Motion can and should be denied for failing to satisfy the stringent standards necessary to

impose injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as

of right." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008).

> The main purpose of a preliminary injunction is simply to preserve
> the status quo pending the outcome of the case. In issuing a
> preliminary injunction, a court is primarily attempting to preserve
> the power to render a meaningful decision on the merits. Thus, this
> court must determine whether, in the interests of effective justice, a
> preliminary injunction should issue in the present case.

*Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.,* 805 F.2d 351,

355 (10th Cir. 1986).

In order to obtain preliminary relief, TLC[2] is required to prove at a minimum that: (1) it

is likely to succeed on the merits; (2) it will suffer irreparable harm without a preliminary

injunction; (3) the balance of the equities favors preliminary injunctive relief; and (4)

preliminary injunctive relief is in the public interest.  *Derma Pen, LLC v. 4EverYoung Ltd.*, 773

F. 3d 1117, 1119 (10th Cir. 2014).  "A party seeking a preliminary injunction must prove that *all*

*four* of the equitable factors weigh in its favor," and absence of proof on any factor is fatal to the

---

[2] Although TLC is the named Plaintiff in this action, as argued in the State Court Action the
individual board members who purported to file this action on behalf of TLC lacked the
authority to do so.  As a result, references to "TLC" as the Plaintiff in this action is, in actuality,
reference to the individual board members who purport to be acting in TLC's name to thwart the
State Court Action by filing this action.

request for preliminary injunctive relief. *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013) (collecting cases) (emphasis in original). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

> **C.    Putative TLC has not shown irreparable harm.**

TLC has made *no attempt* to show irreparable harm, even though "probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, [and even though] the moving party must demonstrate that such injury is likely before the other requirements[] will be considered." *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018). Indeed, proving "irreparable harm is not an easy burden to fulfill, [as] . . . the movant must first demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages." *Id.* (internal citations, quotation marks, and alterations omitted). The irreparable injury absent an injunction "must be both certain and great, . . . not . . . merely serious and substantial." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1262 (10th Cir. 2004) (quotation and citation omitted).

TLC merely asks the court to *presume*, without *any evidence* and with hardly any argument, that TLC will suffer irreparable harm absent an injunction. In doing so, TLC relies entirely on an older 10th Circuit case that TLC's brief quotes as saying: "Irreparable injury is frequently presumed where a trademark is appropriated by another." TRO Motion at 12 & n. 59.

In the very next footnote, though, TLC cites to the Supreme Court's more recent decision in *eBay Inc. v. Merc-Exchange, LLC*, 547 U.S. 388 (2006). In *eBay*, the Supreme Court held that irreparable injury should not be presumed in the permanent injunction context in patent cases, and instead instructed that courts are to apply the traditional four-factor test (which requires an affirmative showing of irreparable harm). *See generally id.* Since *eBay*, the great weight of

authority—including courts within the 10th Circuit—recognizes that irreparable harm may *not* be presumed in Lanham Act actions, for which injunctive relief is authorized but not mandatory (*see* 15 U.S.C. § 1116(a)).  *See, e.g.*, *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1140 (10th Cir. 2017) ("Courts may presume irreparable harm only when a party is seeking an injunction under a statute that *mandates* injunctive relief as a remedy for a violation of the statute. . . . When, by contrast, a statute merely *authorizes* injunctive relief, courts may not presume irreparable harm, as doing so would be 'contrary to traditional equitable principles.'" (citation omitted, emphasis in original)); *Found. Learning LLC v. Acad., Arts & Action Charter Acad.*, No. 17-CV-03182-RM-KLM, 2018 WL 3382933, at *2 (D. Colo. May 18, 2018) (rejecting presumption of irreparable harm under Lanham Act after *eBay*, citing *Malamed*'s reasoning that the Lanham Act "does not mandate" the injunctions. "Therefore, plaintiff is required to show irreparable harm."); *Dalkita, Inc. v. Distilling Craft, LLC*, 356 F. Supp. 3d 1125, 1133 (D. Colo. 2018) ("The Court joins other courts in this district in finding that *eBay* abrogated the presumption of irreparable harm traditionally applied in trademark infringement cases." (collecting cases)).[3]

Because TLC has not even attempted to show irreparable injury, its TRO Motion necessarily fails.  In addition to this failing, however, the TRO Motion fails to identify any

---

[3] *Accord Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239 (9th Cir. 2013) (irreparable harm cannot be presumed in trademark action); *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 216 (3d Cir. 2014) (rejecting presumption of irreparable harm in case of false advertising under Lanham Act after *eBay*); *Federal Express Corp. v. Robrad, L.L.C.*, 2014 WL 3880806, at *2-3 (N.D. Tex. Aug. 7, 2014) (holding irreparable harm may not be presumed); *Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735 (7th Cir. 2013) (not presuming irreparable harm); *Nat'l Fin. Partners Corp. v. Paycom Software, Inc.*, 2015 WL 3633987, at *11 (N.D. Ill. June 10, 2015) (irreparable harm may not be presumed after *eBay*); *Marks Org., Inc. v. Joles*, 784 F. Supp. 2d 322, 333-35 (S.D.N.Y. 2011) (same); *Hoop Culture, Inc. v. GAP Inc.*, 648 F. App'x 981, 984-86 (11th Cir. 2016) (same).

impending act or conduct that warrants the extraordinary relief of a TRO.  All that has occurred to date—the formation of a new non-profit entity, an email sent to TLC's members and alumni, and the posting on YouTube of a video from Gerry Spence—has already occurred.  These acts hardly qualify as "use in commerce" of a trademark, nor do they rise to the level of warranting TRO relief.  Apart from Plaintiff's improper reliance on a non-existent presumption of irreparable harm, there are no facts or circumstances (and Plaintiff cites none) of impending or on-going irreparable harm to warrant the imposition of extraordinary relief.

**D.      Plaintiff cannot succeed on the merits of the Lanham Act Claims.**

**1.      Plaintiff cannot prove its trademark claims.**

Claims for "trademark infringement (15 U.S.C. § 1114) and unfair competition (15 U.S.C. § 1125(a))[ b]oth . . . include the same elements:" (1) plaintiff has a protectible interest in a mark (2) defendants' unauthorized use of "an identical or similar trademark in commerce"; and (3) a likelihood of consumer confusion about the association between the parties as a result from the defendants' use of the similar mark. *See Derma Pen*, 773 F. 3d at 1120.

Here, Defendants do not dispute that TLC has rights in the service mark TRIAL LAWYERS COLLEGE for "[p]roviding continuing legal education services, namely, conducting seminars and other training programs for lawyers and judges."  Rather, as discussed above and in the Motion to Stay, Defendants dispute that the individual board members responsible for filing this action are authorized to act on behalf of TLC.

For related reasons, the second element, *unauthorized* use in commerce, has not and cannot be established.  As Defendants contend in the State Court Action, Defendants' should not be deemed unauthorized, as their removal from the TLC board was unlawful under Wyoming law and TLC bylaws. Again, this is an issue that will be determined in the State Court Action.

The third element, likelihood of confusion, also cannot be shown.  The new mark that Plaintiff alleges is infringing—GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH—is clearly distinguishable due to the addition of famous and well-known terms ("Gerry Spence" and "Thunderhead Ranch") that carry much stronger trademark force and brand recognition than the descriptive phrase "Trial Lawyers College."  The TRO Motion attempts to rebut this reality by suggesting that the use of Gerry Spence's name somehow adds to the confusion, even though this is tantamount to the untenable and unsupportable argument that Gerry Spence is not entitled to use his own name and associate it with whatever organization he chooses.

Moreover, the division and legal battle over TLC has received significant media attention, particularly in the circles of the Plaintiff's bar that are the intended audience and "consumer" of TLC's services. As such, the relevant public is well aware of the split within TLC and the new non-profit entity formed by Gerry Spence's group.

Indeed, TLC's own website, which includes a "Board Update" webpage that discusses the split, acknowledges that Defendants informed their constituents of "a new competing College" and thus are making clear to the relevant public (i.e., TLC alumni and attorneys) that the new college is not the same as TLC.  See https://www.triallawyerscollege.org/board-update/background/.

### E.    The balance of the equities disfavors preliminary injunctive relief.

As discussed in the Motion to Stay (and as is being litigated in the State Court Action), the individual board members who are purporting to act on behalf of TLC have unclean hands, which warrants denial of injunctive relief on this basis alone.  *See Worthington v. Anderson*, 386 F.3d 1314, 1319-1322 (10th Cir. 2004) (affirming denial of injunctive relief due to unclean

hands "when the plaintiff has acted inequitably toward the defendant in relation to the trademark.").

In addition to the surreptitious and unlawful conduct committed by the TLC current board that purported to wrest control of TLC from Defendants, the same board members then filed the current lawsuit in federal court, knowing (and not advising this Court) of the pending State Court Action that supersedes the threshold issues in this case, and attempting to usurp the jurisdiction and authority of the State Court to decide those issues that are before it. The equities including the unclean hands of the current purported TLC board members strongly weighs against the injunctive relief they are seeking.

**F.      Preliminary injunctive relief is against the public interest.**

The primary public interest is in avoiding confusion in the marketplace. Because putative TLC has not shown a likelihood of confusion or that Defendants' acts are unauthorized, it would be counter to the public interest to issue an injunction. Rather, if anything, the public has an interest in allowing the State Court Action to proceed to determine the respective rights over TLC and its assets.

**G.      Scope of injunction.**

Even if putative TLC were entitled to injunctive relief, on its face the injunction it proposes is an unlawfully overbroad prior restraint of Defendants' First Amendment rights. For example, the injunction proposed purports to deny Defendants from "using TLC's Marks in their unauthorized communications," with anyone, irrespective of whether those uses are trademark uses at all, and irrespective of the context or content of those communications. Such a broad restriction is unnecessarily overbroad.

Nor has TLC shown any reason at all, let alone entitlement, to an injunction restraining Defendants from "directly or indirectly, destroying, altering, disposing of, consuming, tampering

9

with or in any manner secreting any and all business or personal records, memos, correspondence, emails, letters, electronic communications, electronically stored information or other paper and electronic documentation or records relating to or referring in any manner to the matters and facts alleged in the Plaintiffs Original Complaint."

## IV.    CONCLUSION

Instead of interfering with the proceedings in the State Court Action and duplicating the parties' efforts over who controls TLC and its trademarks and trade secrets, the Court should deny Plaintiff's request for preliminary emergency injunctive relief.  There is no impending irreparable harm at issue. Plaintiff is not likely to succeed on the merits, nor can those merits be fully determined until the State Court Action has run its course.  Depending on the outcome of the State Court Action, the instant case could very well become moot.  In no event should the putative board members who filed this action on behalf of TLC be permitted to take control of and enforce TLC assets against the very board members that they illegally ousted.  The TRO Motion should be denied.

DATED: May 25, 2020.

/s Bradley T. Cave

Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
bcave@hollandhart.com
jspope@hollandhart.com

Timothy Getzoff (*pro hac vice* pending)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

ATTORNEYS FOR DEFENDANTS GERRY
SPENCE'S TRIAL LAWYERS COLLEGE AT
THUNDERHEAD RANCH, GERALD L.
SPENCE, JOHN ZELBST, REX PARRIS,
JOSEPH H. LOW AND KENT SPENCE

14702946