IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

    Plaintiff,

v.                                                          Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
GERALD L. SPENCE,
JOHN ZELBST,
REX PARRIS,
JOSEPH H. LOW,
KENT SPENCE, and
JOHN DOE individuals,

    Defendants.

## TEMPORARY RESTRAINING ORDER

On May 26, 2020, the parties, by counsel, appeared before the Court for a hearing on Plaintiff's Emergency Application for Ex Parte Temporary Restraining Order requesting emergency injunctive relief to halt Defendants' alleged infringement of Plaintiff's federally-registered trademarks, unlawful passing off, and false advertising. Although Plaintiff filed its application ex parte, Plaintiff notified Defendants of this action and the hearing. Defendants filed a response to the emergency application and participated in the hearing.

The Court has considered Plaintiff's application, the pleadings, the declaration, and arguments of counsel. Accordingly, the Court concludes that at this stage of the litigation sufficient evidence exists to issue a Temporary Restraining Order:

1. From the evidence presented, the Court concludes that the harm, injury, loss, or damage is immediate and imminent to Plaintiff;

2. From the evidence presented, the Court concludes that, for purposes of obtaining a temporary restraining order, Plaintiff will likely succeed on the merits of Plaintiff's claims at the trial of this matter;

3. From the evidence presented, the Court concludes that if the Court did not issue this Temporary Restraining Order, Plaintiff would likely suffer immediate and irreparable injury, loss or damage because the harm, loss, and injury to Plaintiff may be difficult to ascertain and may not be susceptible to precise measurement during the pendency of this lawsuit;

4. From the evidence presented, the Court concludes that the harm, loss, and injury to Plaintiff is continuing and ongoing unless this Court restrains the unlawful activity of Defendant Gerry Spence's Trial Lawyer College at Thunderhead Ranch, Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, Kent Spence, and John Doe.

5. From the evidence presented, the Court concludes that if it did not issue this Temporary Restraining Order, Plaintiff would suffer irreparable injury and harm because:

    a. Plaintiff has made a sufficient showing that Defendants are infringing upon Plaintiff's federally-registered trademarks to Plaintiff's detriment and to Defendants' benefit;

    b. Defendants' infringing use of Plaintiff's federally-registered trademarks appears likely to confuse the audience receiving Defendants' infringing communications and publications to Plaintiff's detriment and to Defendants' benefit;

    c. Defendants have taken actions that appear to be attempts to pass off Defendant Gerry Spence's Trial Lawyers College at Thunderhead Ranch as Plaintiff, to Plaintiff's detriment and to Defendants' benefit;

    d. Defendants have taken actions that appear to be attempts to pass off Gerald L. Spence, John Zelbst, Rex Paris, Joseph H. Low, and Kent Spence as Plaintiff's representatives to Plaintiff's detriment and to Defendants' benefit;

6. The evidence presented in support of the application suggest that Defendants' acts are willful and intentional; and

7. Defendants' past and current actions resulted in Plaintiff suffering and/or likely suffering an irreparable harm and injury that may not be adequately compensated by damages.

The Court further finds that this Order is both necessary and appropriate in order to prevent imminent and irreparable harm and injury to Plaintiff's nonprofit business and services.

The Court further finds that the irreparable harm that Plaintiff would suffer in the absence of this Temporary Restraining Order would outweigh any damages that this Order might cause Defendants and that the issuance of this Temporary Restraining Order is in the public interest.

    **THE COURT THEREFORE ORDERS THAT:**

1. Defendants are hereby restrained and enjoined immediately from:

    a. Directly or indirectly infringing on either of Plaintiff's federally-registered trademarks, specifically, those trademarks bearing the numbers 4,197,908 (the '908 Mark) and 4,198,054 (the '054 Mark) (collectively, "Plaintiff's Marks"); and

    b. Directly or indirectly engaging in any false designations of origin, passing off, false and/or misleading statements, false advertising, and/or unfair competition related to Plaintiff's Marks and/or from taking any actions that mislead or confuse the public regarding the same.

2. Defendants are hereby restrained and enjoined immediately from directly or indirectly destroying, altering, disposing of, consuming, tampering with, or in any manner secreting any and all business or personal records, memos, correspondence, emails, letters, electronic communications, electronically stored information, or other paper and electronic documentation or records relating to or referring in any manner to the matters and facts alleged in Plaintiff's Original Complaint; and,

3. Defendants received actual notice of this Order and made an appearance on the record.

The Court sets Plaintiff's Application for Preliminary Injunction for a hearing on **June 9, 2020 at 9:00 a.m.** via ZoomGov.  The hearing's purpose shall be to determine whether the Court should make this Temporary Restraining Order a Preliminary Injunction pending a full trial on the merits.  Plaintiff shall file its application on or before **May 27, 2020**.  Defendants shall file any response on or before **June 1, 2020**.  Plaintiff shall file any reply on or before **June 4, 2020**.

The Clerk shall issue this Temporary Restraining Order upon Plaintiff posting a bond of **$20,000**.

The Court finds that this Temporary Restraining Order is entered upon very special circumstances.  It is supported by evidence showing imminent and irreparable harm that will deprive Plaintiff of a just resolution of its dispute absent entry of this Order.  This Order represents the least restrictive means to protect against the threatened imminent and irreparable harm the Court found.  The Court further finds that the irreparable harm Plaintiff would suffer in the absence of this Order would greatly outweigh any damages that the Order might cause Defendants and that the issuance of this Order is in the public interest.

This Order expires at 11:59 p.m. on **June 9, 2020.**

IT IS SO ORDERED.

          Entered for the Court
          this the 27th day of May, 2020

          /s/ Joel M. Carson III
          Joel M. Carson III
          United States Circuit Judge
          Sitting by Designation