Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
bcave@hollandhart.com
jspope@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE'S
TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH,
GERALD L. SPENCE, JOHN ZELBST, REX PARRIS,
JOSEPH H. LOW AND KENT SPENCE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>   Plaintiff.<br><br>vs.<br><br>GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE and JOHN DOE, individual,<br><br>   Defendants. | Civil Action No. 1:20-CV-00080-ABJ |

## REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS

### INTRODUCTION

Plaintiff's (TLC) response depends on a strawman argument. TLC focuses on the difference between the legal claims in this case and the State Court Action to redirect the *Colorado River* analysis in its favor. But Defendants never argued this case and the State Court Action will resolve the same legal claims. Instead, Defendants argued the State Court Action will

determine which members of the board control TLC and by extension who controls the trademarks and trade secrets involved in this case. This Court must decide the same issue either by: 1) assuming the board members who have brought this case control TLC, risking the opposite result from the State Court Action; or 2) deciding the issue outright based on the parties' arguments and evidence, duplicating the State Court Action and also risking inconsistent judgments. Both scenarios are the type of exceptional circumstance that justify staying this case under the *Colorado River* doctrine. *See Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994). To support its strawman, TLC attempts to get this Court to prejudge the viability of the State Court Action based on an inadmissible, self-serving affidavit. Ultimately, TLC's misdirected analysis misses the bigger picture. This Court and the State Court Action will decide the same issue as a precursor to reaching the legal claims. This Court declining to exercise jurisdiction and staying the case is the only way to avoid piecemeal litigation.

Finally, TLC uses that strawman to misconstrue the analysis under the prior exclusive jurisdiction doctrine. In doing so, they have conceded a critical point—both cases are *quasi in rem*, meaning clear federal law requires the State Court as the first case to assume prior exclusive jurisdiction.

## ARGUMENT

**I.    The nature of the claims in this case and the State Court Action do not matter.**

TLC argues "the issues in the Federal Court Action and the State Court Action are entirely distinct. Indeed, there is not a single overlapping claim." (ECF No. 31 at 4.) From this, TLC argues the State Court Action and this case are not parallel and the *Colorado River* factors weigh against a stay. (*Id.* at 4-9.) It is true the State Court Action and this case will address different legal claims. But that is neither Defendants' argument nor the analysis before the Court. Instead, this case and the State Court Action are about the same mixed question of law and

fact—what members of TLC's board of directors control TLC and its assets. It is beyond dispute the State Court Action will determine that issue under Wyoming law. And it is beyond any reasonable dispute this case will determine the same. As explained above, this Court has a choice, it can presume the board members who have brought this case in TLC's name control TLC or it can let the parties litigate that question. Either way, the Court will make that decision.

Framed in the correct context, most of TLC's arguments become irrelevant. For example, its arguments why the cases are not parallel depend almost solely on its strawman analysis.[1] Likewise, the arguments about the importance of federal law become irrelevant because the parallel nature of these cases rests solely on state law. That context also magnifies the biggest reason for the Court to stay this case—piecemeal litigation. *See D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir. 2013). This Court and the State Court can reach the opposite conclusion on who controls TLC, paving the way for collateral attacks and jurisdictional chaos. But this Court can avoid that pandora's box by staying this case and waiting for the State Court to decide a clear state law issue.

**II.     The Court should strike TLC's inadmissible affidavit.**

TLC downplays the inevitable interaction between this case and the State Court Action by asserting "[i]t is very unlikely the state district court will ultimately appoint a "receiver" for TLC or judicially dissolve TLC." (ECF No. 31 at 2.) That claim and the arguments from it rely on an affidavit from James R. Clary, one of the board members who purports to control TLC. For the Court to consider that affidavit, it must contain admissible facts. *See Hatch v. Boulder Town Council*, No. 07-4239, 2009 WL 82699, at *1 (10th Cir. Jan. 14, 2009); Wright & Miller, 10B Fed. Prac. & Proc. Civ. § 2738 (4th ed.) (explaining the use of affidavits in the context of

---

[1] TLC also points out this case involves one party not involved in the state case. But Defendants addressed that in their opening brief and will not repeat it here.

summary judgment motions.) If an affidavit contains inadmissible statements under the Rules of Evidence the Court should disregard those statements. *Id.* In addition, the Court can disregard the entire affidavit if "inadmissible matter is [so] interwoven or inextricably combined with the admissible portions that it is impossible, in the practical sense, to separate them." *Hatch*, 2009 WL 82699, at *1.

Here, Mr. Clary's affidavit contains mostly inadmissible statements. Paragraphs 4-8 contain Mr. Clary's legal opinion on whether Defendants can succeed on the claims in the State Court Action. Paragraph 10-33 are a line-by-line rebuttal of Defendants' (State Court Action Plaintiffs) Memorandum in Support of Appointing a Receiver. Those paragraphs are just a response brief containing Mr. Clary's opinions of Defendants claims and his assessment of Defendants' credibility. In sum, the affidavit contains legal conclusions, expert opinions, and lay opinions framed with the self-serving lens of a party involved in both cases. In short, it contains mostly inadmissible statements. *See* Fed. R. Evid. 608, 701, 702. Those statements are so intertwined, forming nearly the entire affidavit, that this Court should disregard the affidavit and all attached documents.

**III.     TLC has tacitly conceded the State Court has prior exclusive jurisdiction.**

TLC mostly ignores Defendants prior exclusive jurisdiction argument, noting mostly "Defendants premise is faulty, and the two proceedings are not parallel." (ECF No. 31 at 10.) But that oversimplifies the doctrine. The doctrine does not evaluate "parallel" in the same way as the *Colorado River* doctrine. Instead, the doctrine applies "where parallel state and federal proceedings seek to 'determine interests in specific property as against the whole world' (*in rem* ), or where "the parties' interests in the property ... serve as the basis of the jurisdiction' for the parallel proceedings (*quasi in rem* )." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1044 (9th Cir. 2011).  Both this Court and the State Court will determine who controls

TLC's property, the State Court Action more generally and this case specific to TLC's trademarks and trade secrets. On that salient point, TLC's response is silent. Therefore, this Court decline jurisdiction on this basis too.

## CONCLUSION

After all the legal argument, the question before the Court is simple. Is the exercise of federal jurisdiction important enough to risk duplicating the State Court Action and possibly reaching inconsistent judgments that will promote further litigation and cost? The *Colorado River* factors make that answer no. The use of a stay compared to a dismissal also protects TLC should the State Court rule against Defendants. Therefore, the Court should grant Defendants' motion.

DATED: June 1, 2020.

*/s/ Bradley T. Cave*
Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
bcave@hollandhart.com
jspope@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW AND KENT SPENCE

14754423_v1