IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

     Plaintiff,

v.                                               Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
GERALD L. SPENCE,
JOHN ZELBST,
REX PARRIS,
JOSEPH H. LOW,
KENT SPENCE, and
JOHN DOE individuals,

Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS

On May 25, 2020, Defendants Gerry Spence's Trial Lawyers College at Thunderhead Ranch, Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, Kent Spence, and John Doe filed a Motion to Stay Proceedings. In that motion, Defendants request that the Court stay proceedings in the above-styled civil action pursuant to the *Colorado River* Doctrine. For the reasons stated below, the Court denies Defendants' motion.

### I.     Background

On April 28, 2020, Defendants Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence filed a Complaint in Wyoming state district court against Plaintiff The Trial Lawyers College. In that state court action, Defendants seek to dissolve Plaintiff, audit Plaintiff, and have the court appoint a receiver to oversee and manage Plaintiff's funds until the court is able to decide whether it should dissolve Plaintiff. Fifteen days later, Plaintiff filed this action in federal

district court alleging Defendants violated the Lanham Act, 15 U.S.C. §§ 1114, *et. seq.*, and 15 U.S.C. § 1125(a) by infringing Plaintiff's federally-registered trademarks and engaging in unfair competition, false designation of origin, passing off, and false advertising related to Plaintiff's federally-registered trademarks.  Plaintiff also alleges Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Defend Trade Secrets Act, 18 U.S.C. § 1836 and Wyo. Stat. Ann. § 40-24-101, *et. seq.*, through Defendants' unauthorized access and misuse of Plaintiff's confidential and proprietary computer files.

The same day it filed its Complaint, Plaintiff filed an Emergency Application for Ex Parte Temporary Restraining Order.  Prior to the hearing on the application for a temporary restraining order, Defendants appeared, filed a response to the application, and filed this motion to stay proceedings pursuant to the *Colorado River* doctrine.  Defendants argue that this federal action is an extension of the state court case and that Plaintiff's directors filed it in violation of the bylaws' procedures.  They contend that the Plaintiff is forcing the Court to resolve identical questions of fact and law as the state court before reaching the issues of trademark and trade secret protection. Defendants reason that the state court will decide who has control over Plaintiff and that will determine whether this lawsuit will proceed.

On May 26, 2020, the parties, by counsel, appeared before the Court for a hearing on Plaintiff's application for a temporary restraining order.  At that same hearing, the Court allowed the parties to argue the merits of Defendants' Motion to Stay Proceedings.

II.    Applicable Law

A.    *Colorado River* Doctrine

"The *Colorado River* doctrine applies to situations involving the contemporaneous exercise of concurrent jurisdictions by state and federal courts."  *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th

Cir. 1994) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)).  Although not truly a form of abstention, courts treat the doctrine as a variety of abstention.  *Id.*  Both the Tenth Circuit and the Supreme Court have made clear that abstention from the exercise of federal jurisdiction is "the exception, not the rule."  *Id.*  "The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Id.* (internal quotation marks and brackets omitted).

"[T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance."  *Id.* at 1081 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)).  In exercising this discretion, a district court must first determine whether the state and federal proceedings are parallel—substantially the same parties litigating substantially the same issues in different forums.  *Id.*  Unlike some circuits, the Tenth Circuit examines the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings rather than considering how a litigant could have brought the state court proceedings in theory.  *Id.*  This comports with the rationale that the grant of stay would be "a serious abuse of discretion" unless "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties."  *Moses H. Cone Memorial Hosp.*, 460 U.S. at 28.  Indeed, the "decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."  *Id.*

If a district court determines that a state court and federal court action are parallel, the Supreme Court set forth nonexclusive factors for a district court to consider in determining whether

"exceptional circumstances" exist to exercise the discretion to stay the federal court action. *Fox*, 16 F.3d at 1082. These factors include: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. *Id.* The Supreme Court subsequently discussed several other factors in *Moses H. Cone*, such as the vexatious or reactive nature of either the federal or the state action; whether federal law provides the rule of decision; and the adequacy of the state court action to protect the federal plaintiff's rights. *Id.* Other courts additionally have considered whether the party opposing abstention has engaged in impermissible forum-shopping. *Id.* No single factor is dispositive. *Id.* To be clear, these factors are not a "mechanical checklist." *Id.* Rather, a district court should engage in "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 16. Finally, a court should resolve any doubt in favor of exercising federal jurisdiction. *Fox*, 16 F.3d at 1082.

B.    <u>Prior Exclusive Jurisdiction Doctrine</u>

"When the same parties are involved in litigation that is *in rem* or *quasi in rem*, the court where the last suit was filed must yield jurisdiction." *Cassity v. Pitts*, 995 F.2d 1009, 1012 (10th Cir. 1993) (citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939)).

III.    <u>Analysis</u>

Defendants first argue that the Court should stay this matter because of the *Colorado River* doctrine. They further assert that the Court cannot exercise jurisdiction because of the Prior Exclusive Jurisdiction Doctrine.

A.     *Colorado River* Doctrine

Defendants' motion fails because the state action and the federal court action are not parallel.  First, Defendant Gerry Spence's Trial Lawyer College at Thunderhead Ranch is not a party to the state court action.  Second, the state court action—consisting of claims to dissolve and to audit Plaintiff and to appoint a receiver—contain different issues from this federal court action—alleging violation of the Lanham act and other federal statutes.

The two actions are not parallel because Defendant Gerry Spence's Trial Lawyer College at Thunderhead Ranch is not a party to the state court action.  According to Plaintiff's federal court Complaint, this newly-formed nonprofit entity is falsely suggesting that it constitutes Plaintiff.  It uses Plaintiffs marks in mailings and a video—evident from the YouTube video it posted and Plaintiff referenced in its complaint.

True, case law does not require that the parties to each action be the same.  But case law requires that they be substantially the same.  *Fox*, 16 F.3d at 1081.  Defendant Gerry Spence's Trial Lawyer College at Thunderhead Ranch is not a party to the state court litigation.  And why should it be?  Unlike the other Defendants in the federal court action, Defendant Gerry Spence's Trial Lawyer College at Thunderhead Ranch is not a former board member of Plaintiff.  It does not seek Plaintiff's dissolution.  It does not care whether an auditor examines Plaintiff's books.  It further does not seek the appointment of a receiver for Plaintiff.  In the federal case however, Plaintiff accuses Defendant Gerry Spence's Trial Lawyer College at Thunderhead Ranch of using its marks in violation of the Lanham Act.  Thus, any decision in the state court action finding in Plaintiff's favor would not actually impose liability on Defendant Gerry Spence's Trial Lawyer College at Thunderhead Ranch.  Plaintiff would be unable to obtain a judgment on its claims in state court.  Because of the additional defendant in this federal court action, Defendants have failed

to convince the Court that in this case, the state court action will necessarily dispose of *all* claims presently before this Court.

Second, the state court and federal court are not parallel because they involve different issues.  The Court examines the claims as they actually exist in state court.  As mentioned previously in this Order, Defendants' state court action focuses on dissolving and auditing Plaintiff and appointing a receiver.  This federal court action seeks to hold Defendants liable for violations of the Lanham Act and other federal statutes.  The state court action does not set forth any intellectual property claims alleging that Defendants or the new entity, Defendant Gerry Spence's Trial Lawyer College at Thunderhead Ranch, are the true owners of the marks.

Defendants posit that the state court action will resolve critical issues that underlie both cases—i.e., the authority of Plaintiff's directors to file the federal court action.  Defendants also assert that if they prevail in state court, the state court will appoint a receiver who will oversee and manage Plaintiff's property, which would include the trademarks and purported trade secrets in this case.  And if they prevail, they claim they will have control of Plaintiff and its assets and thus any of Defendants' use of Plaintiff's assets would be authorized and not actionable.  Yet whether Defendants prevail on their state court claim does not affect Plaintiff's claims in the instant case.  The state court will not be deciding whether Defendants violated the Lanham Act and the other federal statutes.  Determination of the state court issues simply are not determinative of the federal court issues.

Because Defendants failed to make the threshold showing that the state court and federal court actions are parallel, the Court need not review the Supreme Court's factors.  Indeed, the Court must exercise its jurisdiction.

6

B.      Prior Exclusive Jurisdiction Doctrine

The prior exclusive jurisdiction doctrine applies "when a state or federal court of competent jurisdiction has obtained possession, custody, or control of particular property."  13F Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 3631 (3d ed.).  In that case, "authority and power over the property may not be disturbed by any other court." *Id.*  But the doctrine applies only if "the proceedings in both the state and federal courts . . . are determined to be in rem as to the same property."  *1st Nat'l Credit Corp. v. Von Hake*, 511 F. Supp. 634, 639 (D. Utah 1981). Thus, the Court's first inquiry "is whether the two actions are of such nature that both are essentially in rem, demanding control and disposition of the res; for if one action is in personam, even though adjudicating, without physically controlling, a right in the res, this conflict does not exist."  1A Moore's Federal Practice P 0.214 at 2502 (2d ed.).

Defendants attempt to cast this case as a quasi in rem proceeding because it contends the Court's resolution in this case will determine who controls Plaintiff's property.  But Defendants' argument fails because the present federal court proceeding is not in rem or quasi in rem.  "A judgement quasi in rem . . . affects interests in a thing . . . . It differs from a personal judgment in that it does not impose a personal liability or obligation upon anyone."  Restatement (Second) of Conflict of Laws, ch. 3, intro. note (1971).  The "very nature of trademark rights does not lend itself to any sort of definitive *in rem* declaration."  *Sterling Consulting Corp., Inc. v. Indian Motorcycle Trademark*, 1997 WL 827450, at *1 (D. Colo. Sept. 5, 1997) (unpublished).  And Defendants' attempt to characterize the federal court action as an in rem jurisdiction case involving ownership rights to Plaintiff's trademarks is unpersuasive.  The issue in this case is not ownership of Plaintiff's marks.  Plaintiff undisputedly owns the marks at issue.  Rather, the issue before the Court is whether Defendants' use of the marks infringe Plaintiff's trademarks—which could result

in a judgment that will impose a personal liability or obligation upon Defendants.  Moreover, 15 U.S.C. § 1125 provides for in rem jurisdiction in one limited situation not at issue here, dealing with domain names and cybersquatting.  15 U.S.C. § 1125(d).  And courts analyzing that portion of the statute have concluded that in order to proceed in rem, a plaintiff "must convince the court that in personam jurisdiction over a person is unavailable before an . . . in rem action may proceed." *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255 (4th Cir. 2002).

IV.    <u>Conclusion</u>

For the reasons set forth above, the Court DENIES Defendants' Motion to Stay Proceedings (Doc. 21).

IT IS SO ORDERED.

Entered for the Court
this the 16th day of June, 2020

/s/ Joel M. Carson III_____
Joel M. Carson III
United States Circuit Judge
Sitting by Designation