Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
bcave@hollandhart.com
jspope@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE'S
TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH,
GERALD L. SPENCE, JOHN ZELBST, REX PARRIS,
JOSEPH H. LOW AND KENT SPENCE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation, <br><br> Plaintiff. <br><br> vs. <br><br> GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE and JOHN DOE, individual, <br><br> Defendants. | Civil Action No. 1:20-CV-00080-ABJ |

## ANSWER TO COMPLAINT

Defendants Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence

("collectively Defendants"), by and through their undersigned counsel hereby answer and state

their defenses to the Complaint filed by The Trial Lawyers College ("TLC") (Doc. 1) as follows:

### NATURE OF THE ACTION

1.      The allegations in Paragraph 1 of Plaintiff's Complaint assert legal conclusions and a summary of Plaintiff's case to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2.      Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint as to TLC's status and that TLC has a board of directors. Defendants deny any characterizations of who is on the board.

3.      Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

5.      As to Paragraph 5 and its subparagraphs A and B in Plaintiff's Complaint, Defendants admit the Trial Lawyers College applied for and obtained the trademark registrations cited in the Complaint. The trademark registrations speak for themselves and therefore no further response is required. To the extent any further response is required, Defendants deny Plaintiff's characterization of the trademarks.

6.      Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

7.      Defendants deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit they possess a general intent to offer trial training in some fashion, likely under the Gerry Spence Trial Institute, at this point lack sufficient information to admit or deny whether such services will be substantially similar to those offered by TLC since 1994, and deny any remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants deny the allegations in Paragraph 9 of Plaintiff's Complaint.

10.      Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11.      Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint.

12.      Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint.

13.    The allegations in Paragraph 13 of Plaintiff's Complaint summarize TLC's allegations to which no response is required. To the extent a response is required, Defendants deny TLC's characterizations of Defendants' actions.

## THE PARTIES

14.    Defendants admit the allegations in Paragraph 14 of Plaintiff's Complaint.

15.    Defendants admit that Gerry Spence Trial Institute (f/k/a Gerry Spence Trial Lawyers College at the Thunderhead Ranch) is a Wyoming nonprofit corporation with a registered address as indicated, further admit that Defendants possess a general intent to offer services at the Thunderhead Ranch under the Gerry Spence Trial Institute, and deny any remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.    Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17.    Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18.    Defendants admit the allegations in Paragraph 18 of Plaintiff's Complaint.

19.    Defendants admit the allegations in Paragraph 19 of Plaintiff's Complaint.

20.    Defendants admit the allegations in Paragraph 20 of Plaintiff's Complaint.

21.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint and therefore deny those allegations.

## JURISDICTION AND VENUE

22.    The allegations in Paragraph 22 of Plaintiff's Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23.    Defendants admit that this Court has personal jurisdiction over Gerry Spence Trial Institute, Gerry Spence, and Kent Spence, deny that personal jurisdiction in this action

exists over Defendants Zelbst, Low, and Parris, and deny any remaining allegations in Paragraph

23 of Plaintiff's Complaint.

24.     Defendants admit that venue is proper with respect to Gerry Spence Trial

Institute, Gerry Spence, and Kent Spence, deny that venue is proper as to Defendants Zelbst,

Low, and Parris, and deny any remaining allegations in Paragraph 24 of Plaintiff's Complaint.

## STATEMENT OF FACTS

25.     Defendants admit the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants admit the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants admit the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants admit the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants admit the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants admit the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants admit the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Defendants lack sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraph 32 of Plaintiff's Complaint and therefore deny those

allegations.

33.     Defendants admit that the individual Defendants have served on the Board of

TLC and deny the remaining allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants admit the TLC Board has held discussions about the construction of

an Education Center at the Thunderhead Ranch, and affirmatively state that the TLC Board at the

December 2019 Board Meeting approved a proposal to further investigate the costs and other

issues concerning the Education Center.  Defendants deny that the TLC Board "declined to

support" the Education Center and deny all remaining allegations in Paragraph 34 of Plaintiff's

Complaint.

35.     Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants admit that a notice of termination of lease agreement was sent from the Spence Foundation to TLC, further admit that the individual TLC Board members other than Defendants in this action, without attempting to cure the default or hold a TLC Board meeting, decided to and did vacate the Thunderhead Ranch premises, and deny any remaining allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants admit that the individual TLC Board members other than Defendants in this action vacated the Thunderhead Ranch prior to the 30 day cure period, further admit that the Spence Foundation agreed to allow TLC to leave property on the Thunderhead Ranch until the disputed issue of control of TLC is resolved in pending state court actions, and deny any remaining allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants admit that the entity formerly known as "Gerry Spence Trial Lawyers College at Thunderhead Ranch" was registered as a non-profit corporation with the Wyoming Secretary of State on or around April 30, 2020.  Defendants deny the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendants admit that certain written policies have been created over the years concerning restrictions on advertising and other issues, deny that any such policy concerns the supposed confidentiality of TLC alumni, and deny all remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     The email to the new listserv speaks for itself and therefore no further response is required. To the extent a response is required, Defendants deny Plaintiff's characterization of the email.

44.     Defendants admit a video featuring Gerry Spence was posted to YouTube.com on or around April 30, 2020, affirmatively states that the video speaks for itself, and denies all remaining allegations in Paragraph 44.

45.     Defendants admit the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Defendants admit the '054 Mark was visible in the video and denies all remaining allegations in paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     The video speaks for itself and therefore no further response is required. To the extent a response is required, Defendants deny Plaintiff's characterization of the video.

49.     Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     The video speaks for itself and therefore no further response is required. To the extent a response is required, Defendants deny Plaintiff's characterization of the video.

51.     Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     The email speaks for itself and therefore no further response is required. To the extent a response is required, Defendants deny Plaintiff's characterization of the email.

55.     The email speaks for itself and therefore no further response is required. To the extent a response is required, Defendants deny Plaintiff's characterization of the email. Defendants further deny Plaintiff's allegations regarding board elections.

56.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 of Plaintiff's Complaint and therefore deny those allegations.

57.     Defendants admit that cease-and-desist letters were sent, deny that Plaintiff had authority to send the letters, and deny any remaining allegations in paragraph 57 of Plaintiff's Complaint.

58.     Defendants admit that the email speaks for itself and therefore no further response is required and deny all remaining allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Defendants admit that the email speaks for itself and therefore no further response is required and deny all remaining allegations in Paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

## COUNT 1 – ALLEGED TRADEMARK INFRINGEMENT, 15 U.S.C. § 1141, *ET SEQ.*
### ALL DEFENDANTS

61.     Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

62.     Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny the allegations in Paragraph 63 of Plaintiff's Complaint.

64.     Defendants deny the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of Plaintiff's Complaint and therefore deny those allegations.

66.     Defendants deny the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations in Paragraph 68 of Plaintiff's Complaint.

69.    Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.

70.    Defendants deny the allegations in Paragraph 70 of Plaintiff's Complaint.

71.    Defendants deny the allegations in Paragraph 71 of Plaintiff's Complaint.

72.    Defendants deny the allegations in Paragraph 72 of Plaintiff's Complaint.

73.    Defendants deny the allegations in Paragraph 73 of Plaintiff's Complaint.

**COUNT 2 – ALLEGED UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF AND FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a) ALL DEFENDANTS**

74.    Defendants incorporate by reference their responses to all preceding paragraphs of

their Answer.

75.    Defendants deny the allegations in Paragraph 75 of Plaintiff's Complaint.

76.    Defendants deny the allegations in Paragraph 76 of Plaintiff's Complaint.

77.    Defendants deny the allegations in Paragraph 77 of Plaintiff's Complaint.

78.    Defendants deny the allegations in Paragraph 78 of Plaintiff's Complaint.

79.    Defendants deny the allegations in Paragraph 79 of Plaintiff's Complaint.

80.    Defendants deny the allegations in Paragraph 80 of Plaintiff's Complaint.

81.    Defendants deny the allegations in Paragraph 81 of Plaintiff's Complaint.

82.    Defendants deny the allegations in Paragraph 82 of Plaintiff's Complaint.

83.    Defendants deny the allegations in Paragraph 83 of Plaintiff's Complaint.

84.    Defendants deny the allegations in Paragraph 84 of Plaintiff's Complaint.

85.    Defendants deny the allegations in Paragraph 85 of Plaintiff's Complaint.

86.    Defendants deny the allegations in Paragraph 86 of Plaintiff's Complaint.

87.    Defendants deny the allegations in Paragraph 87 of Plaintiff's Complaint.

**COUNT 3 – ALLEGED COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030**
**GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THE THUNDERHEAD RANCH**

88.     Defendants incorporate by reference their responses to all preceding paragraphs of

their Answer.

89.     Defendants admit the individual Defendants are board members and have use of

the listserv. Defendants deny any remaining allegations in Paragraph 89 of Plaintiff's Complaint.

90.     Defendants admit the allegations in Paragraph 90 of Plaintiff's Complaint.

91.     Defendants deny the allegations in Paragraph 91 of Plaintiff's Complaint.

92.     Defendants deny the allegations in Paragraph 92 of Plaintiff's Complaint.

93.     Defendants deny the allegations in Paragraph 93 of Plaintiff's Complaint.

94.     Defendants deny the allegations in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants deny the allegations in Paragraph 95 of Plaintiff's Complaint.

**COUNT 4 – DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836**
**ALL DEFENDANTS**

96.     Defendants incorporate by reference their responses to all preceding paragraphs of

their Answer.

97.     Defendants deny the allegations in Paragraph 97 of Plaintiff's Complaint.

98.     Defendants admit that TLC serves individuals who reside in states other than

Wyoming and denies all remaining allegations in Paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations in Paragraph 99 of Plaintiff's Complaint.

100.    Defendants deny the allegations in Paragraph 100 of Plaintiff's Complaint.

101.    Defendants deny the allegations in Paragraph 101 of Plaintiff's Complaint.

102.    Defendants deny the allegations in Paragraph 102 of Plaintiff's Complaint.

103.    Defendants deny the allegations in Paragraph 103 of Plaintiff's Complaint.

104.    Defendants deny the allegations in Paragraph 104 of Plaintiff's Complaint.

105.    Defendants deny the allegations in Paragraph 105 of Plaintiff's Complaint.

106.    Defendants deny the allegations in Paragraph 106 of Plaintiff's Complaint.

107.    Defendants deny the allegations in Paragraph 107 of Plaintiff's Complaint.

### COUNT 5 – ALLEGED MISAPPROPRIATION OF TRADE SECRETS UNDER WYOMING LAW

108.    Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

109.    Defendants deny the allegations in Paragraph 109 of Plaintiff's Complaint.

110.    Defendants deny the allegations in Paragraph 110 of Plaintiff's Complaint.

### COUNT 6 – DECLARATORY RELIEF

111.    Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

112.    Defendants deny the allegations in Paragraph 112 of Plaintiff's Complaint.

113.    Defendants deny the allegations in Paragraph 113 of Plaintiff's Complaint.

114.    Defendants deny the allegations in Paragraph 114 of Plaintiff's Complaint.

115.    Defendants deny the allegations in Paragraph 115 of Plaintiff's Complaint.

116.    Defendants deny the allegations in Paragraph 116 of Plaintiff's Complaint.

117.    Defendants deny the allegations in Paragraph 117 of Plaintiff's Complaint.

### COUNT 7 – INJUNCTIVE RELIEF

118.    Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

119.    Defendants deny the allegations in Paragraph 119 of Plaintiff's Complaint.

120.    Defendants deny the allegations in Paragraph 120 of Plaintiff's Complaint.

121.    Defendants deny the allegations in Paragraph 121 of Plaintiff's Complaint.

122.    Defendants deny the allegations in Paragraph 122 of Plaintiff's Complaint.

123.    Defendants deny the allegations in Paragraph 123 of Plaintiff's Complaint.

124.    Defendants deny the allegations in Paragraph 124 of Plaintiff's Complaint.

125.    Defendants deny the allegations in Paragraph 125 of Plaintiff's Complaint.

126.    Defendants deny the allegations in Paragraph 126 of Plaintiff's Complaint.

127.    Defendants deny the allegations in Paragraph 127 of Plaintiff's Complaint.

## GENERAL DENIAL

The remainder of Plaintiff's Complaint constitutes a prayer for relief to which no response is required. To the extent a response may be required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever. Unless expressly admitted herein, Defendants deny all allegations contained in the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants incorporate by reference the foregoing paragraphs in their entirety and assert the following affirmative and other defenses. By asserting these defenses, Defendants do not admit they bear the burden of proof on any issue and do not accept any burden they would not otherwise bear. Defendants reserve all other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case. Defendants reserve the right to amend and/or supplement these Affirmative Defenses as this case progresses and new information becomes known to it through discovery or otherwise.

### First Defense

Defendants do not now infringe, and have not infringed in the past, either directly, indirectly, contributorily, by inducement, willfully, jointly, or otherwise, Plaintiff's trademarks.

### Second Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

11

### Third Defense

Plaintiff's claims against Defendants are barred or defeated, in whole or in part, by the fair use doctrine.

### Fourth Defense

Plaintiff has not suffered any damages and/or has failed to mitigate its damages.

### Fifth Defense

Plaintiff lacks and has not acted upon proper, legal, and sufficient authority to institute this action and/or maintain and assert the claims set forth in Plaintiff's Complaint.

### Sixth Defense

Defendants actions as alleged herein, to the extent they occurred, were authorized.

### Seventh Defense

Plaintiff claims should be stayed and/or jurisdiction by this Court abstained under the *Colorado River* doctrine, the "prior exclusive jurisdiction" doctrine, and the prohibition against claim splitting.

### Eighth Defense

Plaintiff requested injunctive and other relief is barred by Plaintiff's unclean hands.

### Ninth Defense

Venue is improper in this Court as to Defendants Zelbst, Parris, Low, and Gerry Spence.

### Tenth Defense

This Court lacks personal jurisdiction over Defendants Zelbst, Parris, and Gerry Spence.

## Reservation of Defenses

Defendants reserve their right to rely upon additional defenses that become available or apparent during discovery and reserve their right to amend this pleading to assert such defenses as discovery proceeds.

## Attorneys' Fees

Defendants request an award of the attorneys' fees and costs they have incurred in the defense of this action pursuant to applicable law.

## Jury Demand

Defendants hereby demand a trial by jury on all claims and issues so triable.

DATED:  July 1, 2020.

/s/ *Bradley T. Cave*
Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
bcave@hollandhart.com
jspope@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, COP 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW AND KENT SPENCE

14879156_v3