

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, *a non-profit corporation*,<br><br>Plaintiff,<br><br>vs.<br><br>GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, *a non-profit corporation*; GERALD L. SPENCE; JOHN ZELBST; REX PARRIS; JOSEPH H. LOW; and KENT SPENCE,<br><br>Defendants. | Case No. 1:20-CV-00080-JMC |

## ORDER ON INITIAL PRETRIAL CONFERENCE

On August 17, 2020, an initial pretrial conference was held in this matter before the Honorable Mark L. Carman, United States Magistrate Judge for the District of Wyoming. Christopher K. Ralston, James H. Gilbert, Lindsay Calhoun, Patrick J. Murphy, and Zara S. Mason served as counsel for Plaintiff. Bradley T. Cave and Timothy P. Getzoff served as counsel for Defendants.

**JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**CONSENT TO TRIAL BY MAGISTRATE JUDGE —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a), and acknowledge that this case will proceed before the Honorable Joel M. Carson assigned hereto, and not before the Magistrate Judge. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**CLAIMS AND DEFENSES —**

This case arises out of Defendants' alleged violations of the Lanham Act through infringement of Plaintiff The Trial Lawyers College's federally-registered trademarks, and unfair competition, false designation of origin, passing off, and false advertising related to the same trademarks, as well as alleged violations relating to Defendants' unauthorized access and misuse of Plaintiff's confidential and proprietary computer files. In brief summary of the Complaint, Plaintiff claims Defendants used Plaintiff's marks in unauthorized communications with Plaintiff's listserv, as well as Plaintiff's business name through the name "Gerry Spence's Trial Lawyers College at Thunderhead Ranch" in marketing channels. Consequently, against all Defendants Plaintiff makes claims for: trademark infringement; unfair competition, false designation of origin, passing off, and false advertising; violation of the Defend Trade Secrets Act; misappropriation of trade secrets under Wyoming law; and declaratory and injunctive relief. Additionally, against only Defendant Gerry Spence's Trial Lawyers College at Thunderhead Ranch, Plaintiff claims a violation of the Computer Fraud and Abuse Act due to its alleged improper access and misuse of information stored in Plaintiff's computer-based Database.

Defendants have submitted a joint First Amended Answer to the Complaint. Defendants generally deny the allegations set forth in the Complaint. Among a number of affirmative defenses, Defendants contend: they do not now and have not infringed in the past; Plaintiff's claims

are barred or defeated in whole or in part by the fair use doctrine; Plaintiff has not suffered damages or has failed to mitigate damages; Defendants' actions, to the extent they occurred, were authorized; and venue is improper and the Court lacks personal jurisdiction over Defendants Zelbst, Parris, and Low. Defendants request an award of attorneys' fees and costs for defense of this action.

**COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case.

**RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**SELF-EXECUTING ROUTINE DISCOVERY —**

The parties are in the process of completing initial disclosures as required by U.S.D.C.L.R. 26.1(b).

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.uscourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Carman's Chambers prior to filing any written discovery motions.

THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).

**PROPOSED ORDERS —**

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Carson's chambers in Word or WordPerfect format and emailed to *Rachel_Tutor@ca10.uscourts.gov*.

All proposed orders regarding non-dispositive motions should be submitted to Judge Carman's chambers in a Word or WordPerfect format and emailed to *wyojudgemlc@wyd.uscourts.gov*.

**AMENDMENT OF PLEADINGS —** *October 16, 2020*

Any motions to amend the pleadings shall be filed on or before October 16, 2020.

**EXPERT WITNESS DESIGNATION —**

    **Plaintiff Designation Deadline —** *October 19, 2020*

    **Defendant Designation Deadline —** *November 18, 2020*

In accordance with U.S.D.C.L.R. 26.1(e), Plaintiff shall designate expert witnesses and provide Defendant with a complete summary of the testimony of each expert by October 19, 2020. In accordance with U.S.D.C.L.R. 26.1(e), Defendant shall designate expert witnesses and provide the Plaintiff with a complete summary of the testimony of each expert by November 18, 2020. These summaries <u>SHALL</u> include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff may depose Defendant's experts after the discovery cutoff date but must complete the depositions **fourteen (14) days** PRIOR to the final pretrial conference.

THE PARTIES SHALL SERVE UPON ONE ANOTHER, <u>AND FILE WITH THE COURT</u>, THEIR WRITTEN EXPERT AND SUMMARY REPORTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(B) and (C).

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

**LISTING OF OTHER WITNESSES —** *December 18, 2020*

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before December 18, 2020. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists <u>shall be filed</u> with the Court. Witnesses not listed will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**DISCOVERY CUTOFF DATE —** *February 1, 2021*

The discovery cutoff date is February 1, 2021. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations

set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to **seven (7) days** prior to the trial date.

**DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES[1]** —

    **Filing Deadline –** *February 1, 2021*

    **Response Deadline –** *February 15, 2021*

    **Hearing –** *March 2, 2021 at 9:00 a.m. Mountain Time*

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is February 1, 2021. The parties shall file responsive briefs and materials on or before February 15, 2021. <u>The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1</u>.

IF A DISPOSITIVE MOTION AND/OR *DAUBERT* CHALLENGE IS FILED EARLIER THAN THE ABOVE SCHEDULED DATE, THE RESPONDING PARTY MUST RESPOND IN ACCORDANCE WITH U.S.D.C.L.R. 7.1.

The dispositive motions are hereby set for oral hearing before the Honorable Joel M. Carson, III on March 2, 2021 at 9:00 a.m. Mountain Time at the Ewing T. Kerr Federal Building and U.S. Courthouse in Casper, Wyoming. It is anticipated that Judge Carson will appear by video.

**STIPULATIONS AS TO FACTS —** *March 11, 2021*

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The parties shall then confer and file with the Court their stipulations as to the facts in <u>three (3) packets</u>: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendant does not, and packet #3

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

shall include the facts to which Defendant seeks to stipulate and Plaintiff does not.  The parties shall file these packets with the Court by March 11, 2021.

**MOTIONS IN LIMINE —**

    **Filing Deadline –** *March 12, 2021*

    **Response Deadline –** *March 19, 2021*

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than March 12, 2021.  Responses shall be filed no later than March 19, 2021.  Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference.

**FINAL PRETRIAL CONFERENCE —** *March 23, 2021 at 9:00 a.m. Mountain Time*

A final pretrial conference in this matter has been scheduled for 9:00 a.m. Mountain Time on March 23, 2021, in the Ewing T. Kerr Federal Building and U.S. Courthouse in Casper, Wyoming, before the Honorable Joel M. Carson.  Counsel for the parties shall appear in person.  It is anticipated that Judge Carson will appear by video.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE CARSON'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS.  THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM.  If you cannot locate the form, please contact Judge Carman's chambers.  All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order.  <u>A copy of the proposed order must be delivered directly to Judge Carson's chambers (but not filed) via e-mail</u> to *Rachel_Tutor@ca10.uscourts.gov* or by U.S. Mail at least **seven (7) days** before the final pretrial conference.

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.** <u>Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order</u>. The parties are not required to list rebuttal witnesses or impeachment exhibits.

COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. EXHIBITS MUST BE PREPARED FOR THE FINAL PRETRIAL CONFERENCE AND FOR TRIAL IN ACCORDANCE WITH THE FOLLOWING INSTRUCTIONS:

*A. Marking of Exhibits*: All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No._____, Defendant's Exhibit A. In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

*B. Elimination of Duplicate*. The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

*C. Copies for the Court*. Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard

copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LISTS** — The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

\* This column is for use by the trial judge at trial.

<u>The following categories are to be used for objections to exhibits:</u>

**Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. <u>Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.</u>

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN **FIVE (5) BUSINESS DAYS**

AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON THE EXHIBIT LISTS IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

**JURY EVIDENCE RECORDING SYSTEM (JERS) —**

The Court is implementing a new system for electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of **seven (7) days** prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, <u>individual files should not exceed 500MB</u>. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**WITNESS LISTS —**

The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape.

**JURY TRIAL —** *April 12, 2021 at 9:00 a.m. Mountain Time*

A jury trial is set before the Honorable Joel M. Carson for 9:00 a.m. Mountain Time on April 12, 2021 at the Ewing T. Kerr Federal Building and U.S. Courthouse in Casper, Wyoming, and is expected to last five days. This case is stacked #1 on the Court's docket. U.S.D.C.L.R. 40.1(a).

The parties shall exchange and file proposed voir dire questions, jury instructions and special verdict form no later than **seven (7) days** prior to the commencement of trial, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated. THE PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS SHALL ALSO BE SUBMITTED DIRECTLY TO JUDGE CARSON'S CHAMBERS VIA E-MAIL TO *Rachel_Tutor@ca10.uscourts.gov*. The instructions must be formatted as a single document for Wordperfect or Word and shall include citations to authority.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

**SETTLEMENT POSSIBILITIES —**

The settlement possibilities of this case are considered by the undersigned Judge to be fair.

Dated this 28th day of August, 2020.

_____
MARK L. CARMAN
UNITED STATES MAGISTRATE JUDGE