Patrick J. Murphy, WSB No. 5-1779
Zara S. Mason, WSB No. 7-6267
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone:  (307) 265-0700
Facsimile:  (307) 266-2306
E-Mail:  pmurphy@wpdn.net

Christopher K. Ralston (Admitted *Pro Hac Vice*)
Lindsay Calhoun (Admitted *Pro Hac Vice*)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-584-9358
Facimile: 504-568-9130
Email: chris.ralston@phelps.com
         lindsay.calhoun@phelps.com

Attorneys for The Trial Lawyers College

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
CASPER DIVISION

| | | |
|---|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation | ) ) ) | CIVIL ACTION NO. 1:20-cv-0080 |
| Plaintiff, | ) ) | |
| v. | ) ) | _____ |
| GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, and JOHN DOE, individuals. | ) ) ) ) ) ) ) ) | **JUDGE CARSON**  **MAGISTRATE JUDGE CARMAN** |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

PLAINTIFF The Trial Lawyers College, ("Plaintiff" or "TLC"), respectfully submits this response in opposition to DEFENDANTS' Gerry Spences Trial Lawyers College at Thunderhead Ranch, Gerald L. Spence and Joseph H. Low's (collectively "Defendants") Objections to Magistrate Judge's Report and Recommendation (Rec. Doc. 82). For the reasons detailed herein, Plaintiffs' objections to the Report and Recommendation should be denied. The Magistrate Judge's detailed and well-founded Report and Recommendation should be adopted, in total, by the Court.

## I.    BACKGROUND

The facts and background relevant to Defendants' objections are set forth in TLC's Memoranda in Support of its Motion for Contempt (Rec. Docs. 52, 53) and need not be recited here at length. TLC reiterates the evidence, arguments, and law set forth in its prior memoranda and exhibits thereto, as well as the exhibits and testimony presented at the August 20, 2020 hearing on the Motion for Contempt, and submits this Opposition to respond to Defendants' Objections (Rec. Doc. 82).

In an extensive and well-supported Report and Recommendation, the Magistrate Judge reviewed lengthy pleadings, evidence and oral arguments submitted by all parties on Plaintiff's Motion for Contempt. First, the Magistrate Judge found "Defendants disobeyed the Court's order in leaving the Marks displayed even after Plaintiff filed this Motion [for Contempt]."[1] Despite Defendants' attempts to parse his Opinion beyond recognition, the Magistrate Judge found it "was not reasonable for Defendants to have interpreted the Court's Order to allow the infringing signs to remain displayed for a month after the order was entered—while individuals were visiting the

---

[1] Rec. Doc. 76, p. 10.

ranch and could be confused by the infringing signs."[2]  The Magistrate Judge rightly emphasized that Defendants took no action in regards to the large signs until after the Motion for Contempt was filed.[3]  In fact, "Defendant Low's testimony at the hearing was that he had not contacted any professional to assist in the removal of the large signs."[4]

After finding Defendants in contempt of the Court's Preliminary Injunction Order ("Order"), he recommended an award of reasonable attorney's fees and expenses Plaintiff accrued in connection with the Motion for Contempt as an appropriate method to compel obedience with the Court's Order.[5]

The Magistrate Judge ultimately recommended that the (1) "Court should find enjoined Defendants in contempt for violating the Court's Order on Plaintiff's Motion for Preliminary Injunction as pertains to the infringing artwork that was not removed from the premises of Thunderhead Ranch;" (2) "the Court should find Defendant Parris in civil contempt for violating the Court's Order on Plaintiff's Motion for Preliminary Injunction as pertains to the directive not to market or promote [Gerry Spence's Trial Lawyers Institute] as The Trial Lawyers College;" and (3) "the Court should allocate attorney's fees and expenses as is just and proper according to the joint and several liability for contemptuous conduct on the part of all enjoined Defendants for failing to remove the infringing artwork and the individual contemptuous conduct of Defendant Parris in his communications regarding the Trial Lawyers College."[6]

On September 11, 2020, Defendants filed their Objections to the Magistrate Judge's thorough Report and Recommendation.[7]  For the reasons detailed herein, Defendants' Objections

---

[2] *Id.*

[3] *Id.* at 11.

[4] *Id.*

[5] *Id.* at 18-19.

[6] *Id.* at 19-20.

[7] Rec. Doc. 82.

PD.29838905.1

to the Report and Recommendation should be denied and the Court should adopt the Magistrate Judge's Report and Recommendation in its entirety and enter a judgment consistent with the Report and Recommendation.

## II.      LAW & ARGUMENT

While Defendants attempt to frame the Magistrate Judge's Report and Recommendation as somehow unfair and containing legal and factual errors, the Magistrate Judge's determination was based upon a proper analysis of Defendants' noncompliance with the Court's Order.

The Court's Preliminary Injunction Order expressly provided that "Defendants cannot continue displaying the artwork depicting the '054 Mark."[8]  The Court recognized that Defendants "claim to have removed the two roadside signs as well a sign on the side of a barn" and "represent that they will remove a sign hanging from an arch as soon as they can obtain an appropriate lift or ladder."[9]   Despite the clear directive from this Court and Defendants representations, it is undisputed Defendants continued to display those signs at the Thunderhead Ranch.  As the Magistrate Judge recognized, "[i]t was not until July 16—six days after the Motion [for Contempt] was filed—that the signs were covered with a tarp and ladder."[10]   Defendants have offered no explanation as to why they waited several weeks after this Court issued its Order to take such action except what can be inferred—that were it not for TLC's Motion, they would have taken no action at all.

Despite the Court ordering all Defendants to adhere to the Order, Defendants complain that the location of the Thunderhead Ranch and of the signs at the ranch made it difficult for the Defendants to comply with the Order.[11]   The record is devoid of *any action* from the individual

---

[8] *See* Rec. Doc. 46, p. 16.

[9] *Id.* at 15-16.

[10] Rec. Doc. 76, p. 10.

[11] Rec Doc. 82, p. 5.

PD.29838905.1

Defendants to address the infringing signs prior to Plaintiff filing the Motion for Contempt.  As the Magistrate Judge noted, although the other individual Defendants were not present at Thunderhead Ranch, they were still under an obligation to ensure that the signs complied with the Court's Order.[12]  Defendants' residency or means of personally removing the signs is of no import in determining whether they must comply with an order of this Court.

The Magistrate Judge noted in his Report and Recommendation—and at the hearing on the Motion for Contempt—that the Defendants claimed to require the assistance of professional services in removal of the signs but never bothered to contact any such professional.[13]  It was only after Plaintiff brought Defendants' noncompliance to the Court that Defendant Low fashioned a temporary measure.[14]   Under these circumstances, as the Magistrate Judge recommended, Defendants' complete inaction with regards to the infringing signs was unreasonable and unwarranted.[15]

Defendants also contend that they were not given adequate time to comply with the Court's Order.  Defendants cite an irrelevant 30 day requirement, which they readily admit was not imposed by the Court.[16]  Nevertheless, it was not until *after* the filing of the Motion for Contempt that any Defendant took *any affirmative action* to comply with the Court's Order.[17]  Further, the Defendants conveniently leave out that they were previously subject to the Court's May 27, 2020 Temporary Restraining Order, which also prohibited Defendants from infringing on Plaintiff's marks—which included the signs at the Thunderhead Ranch.[18]  Even with repeated written and

---

[12] *Id.* at 10.

[13] *Id.* at 11.

[14] *Id.*

[15] *See Hart's Rocky Mtn. Retreat, Inc. v. Gayhart*, No. 1:06-cv-01235, 2007 WL 2491856, at *2 (D. Colo. Aug. 29, 2007).

[16] Rec. Doc. 82, p. 5.

[17] Rec. Doc. 76, p. 10.

[18] *See* Rec Doc. 27, p. 3.

PD.29838905.1

verbal complaints from Plaintiff, Defendants still refused to take any steps to remove or cover the signs before or after the issuance of the Court's Order until July 16, 2020.

Finally, Defendants contend that only certain individuals witnessed their display of Plaintiff's marks during the time of their contemptuous conduct.[19]  Defendants appear to suggest they should be permitted to unilaterally determine which individuals may or may not be confused by their infringement of Plaintiff's trademarks.  However, the Court's Order prohibited Defendants from infringing on Plaintiff's marks in any circumstance, including through the continued display of the infringing signs at the Thunderhead Ranch, which Defendants readily admit occurred.  Thus, Defendants assurances that only a few individuals visited Thunderhead Ranch after the Court enjoined them from further infringement is irrelevant to whether they complied with the Court's Order or should be held in contempt. Defendants' continued infringement—including the sign hanging over the entrance to Thunderhead Ranch that was visible from the public road—was a clear violation of the Court's Order such that the award of attorneys' fees was reasonable and well supported by Tenth Circuit jurisprudence.

## CONCLUSION

For the foregoing reasons, Defendants' Objections to the Magistrate Judge's Report and Recommendations should be denied and the Report and Recommendations should be adopted in total and judgment entered consistent with the Report and Recommendation and settled law of the Tenth Circuit.

Respectfully submitted,

**THE TRIAL LAWYERS COLLEGE**

*/s/ Christopher K. Ralston*
Christopher K. Ralston, (La. Bar #26706)
(Admitted *pro hac vice*)

---

[19] Rec. Doc. 82, pp. 6-7.

PD.29838905.1

Lindsay Calhoun, (La. Bar #35070) (Admitted
*pro hac vice*)
James Gilbert, (La. Bar # 36468)
(Admitted *pro hac vice*)
Phelps Dunbar LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: ralstonc@phelps.com
      lindsay.calhoun@phelps.com
      james.gilbert@phelps.com


and


By:  /s/ Patrick J. Murphy
Patrick J. Murphy, WSB No. 5-1779
Zara S. Mason, WSB No. 7-6267
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone:  (307) 265-0700
Facsimile:  (307) 266-2306
E-mail:  pmurphy@wpdn.net
      zmason@wpdn.net


## CERTIFICATE OF SERVICE

     I hereby certify that true and correct copy of the foregoing document has been served electronically by transmission to an electronic filing service provider for service through the Court's CM/ECF system to all parties this 23rd day of September, 2020.

               */s/ Christopher K. Ralston*_____
               Christopher K. Ralston

PD.29838905.1