Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
bcave@hollandhart.com
jspope@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE'S
TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH,
GERALD L. SPENCE, JOHN ZELBST, REX PARRIS,
JOSEPH H. LOW AND KENT SPENCE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>     Plaintiff.<br><br>vs.<br><br>GERRY SPENCE TRIAL INSTITUTE, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, JOHN DOE, and DANIEL AMBROSE, individuals,<br><br>     Defendants. | Civil Action No. 1:20-CV-00080-ABJ |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Gerry Spence Trial Institute (f/k/a Gerry Spence's Trial Lawyers College at

Thunderhead Ranch), Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent

Spence (collectively "Spence Defendants"), by and through their undersigned counsel hereby

answer and state their defenses to the First Amended Complaint filed by The Trial Lawyers College ("TLC") (Doc. 89) as follows:

**NATURE OF THE ACTION**

1.      The allegations in Paragraph 1 of Plaintiff's First Amended Complaint assert legal conclusions and a summary of Plaintiff's case to which no response is required. To the extent a response is required, Spence Defendants deny the allegations in Paragraph 1 of Plaintiff's First Amended Complaint.

2.      Spence Defendants admit the allegations in Paragraph 2 of Plaintiff's First Amended Complaint as to TLC's status and that TLC has a board of directors.  Spence Defendants deny any characterizations of who is on the board.

3.      Spence Defendants admit the allegations in Paragraph 3 of Plaintiff's First Amended Complaint.

4.      Spence Defendants admit the allegations in Paragraph 4 of Plaintiff's First Amended Complaint.

5.      As to Paragraph 5 and its subparagraphs a. and b. in Plaintiff's First Amended Complaint, Spence Defendants admit the Trial Lawyers College applied for and obtained the trademark registrations cited in the Complaint. The trademark registrations speak for themselves and therefore no further response is required. To the extent any further response is required, Spence Defendants deny Plaintiff's characterization of the trademarks.

6.      Spence Defendants admit the allegations in Paragraph 6 of Plaintiff's First Amended Complaint.

7.      Spence Defendants deny the allegations in Paragraph 7 of Plaintiff's First Amended Complaint.

8.      Spence Defendants admit they possess a general intent to offer trial training in some fashion in the future, and such services may or may not be in connection with the entity Gerry Spence Trial Institute, at this point lack sufficient information to admit or deny whether such services will be substantially similar to those offered by TLC since 1994, and deny any remaining allegations in Paragraph 8 of Plaintiff's First Amended Complaint.

9.      Spence Defendants deny the allegations in Paragraph 9 of Plaintiff's First Amended Complaint.

10.      Spence Defendants admit that the incorporator of the originally-named entity Gerry Spence's Trial Lawyers College at Thunderhead Ranch registered a name change with the Wyoming Secretary of State changing the name to Gerry Spence Trial Institute, affirmatively state that the Court's orders issued in this case speak for themselves, and deny any remaining allegations in Paragraph 10 of Plaintiff's First Amended Complaint.

11.      Spence Defendants deny the allegations in Paragraph 11 of Plaintiff's First Amended Complaint.

12.      Spence Defendants deny the allegations in Paragraph 12 of Plaintiff's First Amended Complaint.

13.      Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 13 of Plaintiff's First Amended Complaint.

14.      Spence Defendants deny the allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

15.     The allegations in Paragraph 15 of Plaintiff's First Amended Complaint summarize TLC's allegations to which no response is required.  To the extent a response is required, Spence Defendants deny TLC's characterizations of Spence Defendants' actions.

## THE PARTIES

16.     Spence Defendants admit the allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

17.     Spence Defendants admit that Gerry Spence Trial Institute (f/k/a Gerry Spence Trial Lawyers College at the Thunderhead Ranch) ("GSTI") is a Wyoming nonprofit corporation with a registered address as indicated, deny that GSTI possesses current plans at this juncture to operate at Thunderhead Ranch, and deny any remaining allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

18.     Spence Defendants deny the allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

19.     Spence Defendants deny the allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

20.     Spence Defendants admit the allegations in Paragraph 20 of Plaintiff's First Amended Complaint.

21.     Spence Defendants admit the allegations in Paragraph 21 of Plaintiff's First Amended Complaint.

22.     Spence Defendants admit the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

23.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's First Amended Complaint and therefore deny those allegations.

24.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's First Amended Complaint and therefore deny those allegations.

## JURISDICTION AND VENUE

25.     The allegations in Paragraph 25 of Plaintiff's First Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Spence Defendants deny the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

26.     Spence Defendants admit that this Court has personal jurisdiction over Gerry Spence Trial Institute, Gerry Spence, and Kent Spence, deny that personal jurisdiction in this action exists over Defendants Zelbst, Low, and Parris, and deny any remaining allegations in Paragraph 26 of Plaintiff's First Amended Complaint.

27.     Spence Defendants admit that venue is proper with respect to Gerry Spence Trial Institute, Gerry Spence, and Kent Spence, deny that venue is proper as to Defendants Zelbst, Low, and Parris, and deny any remaining allegations in Paragraph 27 of Plaintiff's First Amended Complaint.

## STATEMENT OF FACTS

28.     Spence Defendants admit the allegations in Paragraph 28 as it relates to TLC's historical mission, denies that TLC in its current configuration as controlled by the Sloan group possesses this same dedication, and denies any remaining allegations in paragraph 28 of the First Amended Complaint.

29.     Spence Defendants admit the allegations in Paragraph 29 of Plaintiff's First Amended Complaint.

30.     Spence Defendants admit the allegations in Paragraph 30 of Plaintiff's First Amended Complaint.

31.     Spence Defendants admit the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

32.     Spence Defendants admit the allegations in Paragraph 32 of Plaintiff's First Amended Complaint.

33.     Spence Defendants admit the allegations in Paragraph 33 of Plaintiff's First Amended Complaint.

34.     Spence Defendants admit the allegations in Paragraph 34 of Plaintiff's First Amended Complaint.

35.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiff's First Amended Complaint and therefore deny those allegations.

36.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiff's First Amended Complaint and therefore deny those allegations.

37.     Spence Defendants admit that the individual Spence Defendants have served on the Board of TLC and deny the remaining allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

38.     Spence Defendants admit the TLC Board has held discussions about the construction of an Education Center at the Thunderhead Ranch, and affirmatively state that the TLC Board at the December 2019 Board Meeting approved a proposal to further investigate the costs and other issues concerning the Education Center.  Spence Defendants deny that the TLC

Board "declined to support" the Education Center and deny all remaining allegations in Paragraph 38 of Plaintiff's First Amended Complaint.

39.     Spence Defendants deny the allegations in Paragraph 39 of Plaintiff's First Amended Complaint.

40.     Spence Defendants admit that a notice of termination of lease agreement was sent from the Spence Foundation to TLC, further admit that the individual TLC Board members other than Spence Defendants in this action, without attempting to cure the default or hold a TLC Board meeting, decided to and did vacate the Thunderhead Ranch premises, and deny any remaining allegations in Paragraph 40 of Plaintiff's First Amended Complaint.

41.     Spence Defendants admit that the individual TLC Board members other than Spence Defendants in this action vacated the Thunderhead Ranch prior to the 30 day cure period, further admit that the Spence Foundation agreed to allow TLC to leave property on the Thunderhead Ranch until the disputed issue of control of TLC is resolved in pending state court actions, and deny any remaining allegations in Paragraph 41 of Plaintiff's First Amended Complaint.

42.     Spence Defendants admit that the entity formerly known as "Gerry Spence Trial Lawyers College at Thunderhead Ranch" was registered as a non-profit corporation with the Wyoming Secretary of State on or around April 30, 2020.  Spence Defendants deny the remaining allegations in Paragraph 42 of Plaintiff's First Amended Complaint.

43.     Spence Defendants deny the allegations in Paragraph 43 of Plaintiff's First Amended Complaint.

44.     Spence Defendants admit that the name change of GSTI was filed on May 27, 2020, which occurred prior to any injunctive orders issued by this Court, and deny any remaining allegations in Paragraph 44 of Plaintiff's First Amended Complaint.

45.     Spence Defendants deny the allegations in Paragraph 45 of Plaintiff's First Amended Complaint.

46.     Spence Defendants admit that certain written policies have been created over the years concerning restrictions on advertising and other issues, deny that any such policy concerns the supposed confidentiality of TLC alumni, and deny all remaining allegations in Paragraph 46 of Plaintiff's First Amended Complaint.

47.     Spence Defendants deny the allegations in Paragraph 47 of Plaintiff's First Amended Complaint.

48.     The email to the new listserv speaks for itself and therefore no further response is required.  To the extent a response is required, Spence Defendants deny Plaintiff's characterization of the email.

49.     Spence Defendants admit a video featuring Gerry Spence was posted to YouTube.com on or around April 30, 2020, affirmatively state that the video speaks for itself, and deny all remaining allegations in Paragraph 49.

50.     Spence Defendants admit the allegations in Paragraph 50 of Plaintiff's First Amended Complaint.

51.     Spence Defendants admit the '054 Mark was visible in the video and denies all remaining allegations in paragraph 51 of Plaintiff's First Amended Complaint.

52.     Spence Defendants deny the allegations in Paragraph 52 of Plaintiff's First Amended Complaint.

53.     Spence Defendants affirmatively state that the video speaks for itself and therefore no further response is required.  To the extent a response is required, Spence Defendants deny Plaintiff's characterization of the video.

54.     Spence Defendants deny the allegations in Paragraph 54 of Plaintiff's First Amended Complaint.

55.     The video speaks for itself and therefore no further response is required.  To the extent a response is required, Spence Defendants deny Plaintiff's characterization of the video.

56.     Spence Defendants deny the allegations in Paragraph 56 of Plaintiff's First Amended Complaint.

57.     Spence Defendants deny the allegations in Paragraph 57 of Plaintiff's First Amended Complaint.

58.     Spence Defendants deny the allegations in Paragraph 58 of Plaintiff's First Amended Complaint.

59.     The email speaks for itself and therefore no further response is required.  To the extent a response is required, Spence Defendants deny Plaintiff's characterization of the email.

60.     The email speaks for itself and therefore no further response is required.  To the extent a response is required, Spence Defendants deny Plaintiff's characterization of the email. Defendants further deny Plaintiff's allegations regarding board elections.

61.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of Plaintiff's First Amended Complaint and therefore deny those allegations.

62.     Spence Defendants admit that cease-and-desist letters were sent, deny that Plaintiff had authority to send the letters, and deny any remaining allegations in paragraph 62 of Plaintiff's First Amended Complaint.

63.     Spence Defendants admit that the email speaks for itself and therefore no further response is required and deny all remaining allegations in Paragraph 58 of Plaintiff's First Amended Complaint.

64.     Spence Defendants admit that the email speaks for itself and therefore no further response is required and deny all remaining allegations in Paragraph 64 of Plaintiff's First Amended Complaint.

65.     Spence Defendants deny the allegations in Paragraph 66 of Plaintiff's First Amended Complaint.

66.     Spence Defendants admit that Defendant Low posted the email to the Gaggle listserv dated June 8, 2020 attached as Exhibit I, affirmatively state that the email speaks for itself, deny that they have used a variety of names instead of GSTI, and deny all remaining allegations in Paragraph 66 of the First Amended Complaint.

67.     Spence Defendants admit that Defendant Parris noticed a special board meeting as reflected in Exhibit J, affirmatively state that the emails speak for themselves, and deny all remaining allegations in Paragraph 67 of the First Amended Complaint.

68.     Spence Defendants affirmatively that the July 11 emails speak for themselves and deny all remaining allegations in Paragraph 68 of the First Amended Complaint.

69.     Spence Defendants affirmatively that the July 11 emails speak for themselves and deny all remaining allegations in Paragraph 69 of the First Amended Complaint.

70.     Spence Defendants admit that a board meeting was held on July 14, 2020, that the identified new board members were elected at that meeting, that the results of the board elections were disclosed to certain TLC alumni, and deny all remaining allegations in Paragraph 70 of the First Amended Complaint.

71.     Defendants Parris and Low deny that they began promoting Trial Lawyers University, admit that webinars conducted by them and many others have been posted by Defendant Ambrose onto a website named by Mr. Ambrose as Trial Lawyers University, and are without knowledge sufficient to admit or deny the remaining allegations in paragraph 71 of the First Amended Complaint and therefore deny the same.

72.     Spence Defendants admit that Defendant Parris posted an email to the listserv that appears as Exhibit L, affirmatively states that the email speaks for itself, and denies all remaining allegations in paragraph 72 of the First Amended Complaint.

73.     Spence Defendants admit that approximately eleven webinars conducted by Defendant Parris have been viewable on Defendant Ambrose's website at <triallawyersuniversity.com>, lacks sufficient information to admit or deny the timing of when Mr. Ambrose posted any webinars to his website, and denies any remaining allegations in paragraph 73 of the First Amended Complaint.

74.     Spence Defendants admit that approximately four webinars conducted by Defendant Low have been viewable on Defendant Ambrose's website at <triallawyersuniversity.com>, lacks sufficient information to admit or deny the timing of when Mr. Ambrose posted any webinars to his website, and denies any remaining allegations in paragraph 74 of the First Amended Complaint.

75.     Spence Defendants lack information sufficient to admit or deny the truth of the allegations in paragraph 75 of the First Amended Complaint and, therefore, deny the same.

76.     Spence Defendants admit that Defendant Ambrose has used different names to market or offer trial skills courses over the years, but lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 of the First Amended Complaint and, therefore, deny the same.

77.     Spence Defendants admit that the differences between the phrases Trial Lawyers University and Trial Lawyers College speak for themselves and deny any remaining allegations or characterizations in paragraph 77 of the First Amended Complaint.

78.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 of Plaintiff's First Amended Complaint.

79.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 of Plaintiff's First Amended Complaint.

80.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 of Plaintiff's First Amended Complaint.

81.     Spence Defendants deny the allegations in paragraph 81 of the First Amended Complaint.

82.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 of Plaintiff's First Amended Complaint.

83.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 of Plaintiff's First Amended Complaint.

84.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 of Plaintiff's First Amended Complaint.

85.     Spence Defendants deny the allegations in paragraph 85 of the First Amended Complaint.

## COUNT 1 – ALLEGED TRADEMARK INFRINGEMENT, 15 U.S.C. § 1141, *ET SEQ.* ALL DEFENDANTS

86.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

87.     Spence Defendants deny the allegations in Paragraph 87 of Plaintiff's First Amended Complaint.

88.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 88 of Plaintiff's First Amended Complaint.

89.     Spence Defendants deny the allegations in Paragraph 89 of Plaintiff's First Amended Complaint.

90.     Spence Defendants deny the allegations in Paragraph 90 of Plaintiff's First Amended Complaint.

91.     Spence Defendants deny the allegations in Paragraph 91 of Plaintiff's First Amended Complaint.

92.     Spence Defendants deny the allegations in Paragraph 92 of Plaintiff's First Amended Complaint.

93.     Spence Defendants deny the allegations in Paragraph 93 of Plaintiff's First Amended Complaint.

94. Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 94 of Plaintiff's First Amended Complaint.

95. Spence Defendants deny the allegations in Paragraph 95 of Plaintiff's First Amended Complaint.

96. Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 96 of Plaintiff's First Amended Complaint.

97. Spence Defendants deny the allegations in Paragraph 97 of Plaintiff's First Amended Complaint.

98. Spence Defendants deny the allegations in Paragraph 98 of Plaintiff's First Amended Complaint.

99. Spence Defendants deny the allegations in Paragraph 99 of Plaintiff's First Amended Complaint.

100. Spence Defendants deny the allegations in Paragraph 100 of Plaintiff's First Amended Complaint.

101. Spence Defendants deny the allegations in Paragraph 101 of Plaintiff's First Amended Complaint.

102. Spence Defendants deny the allegations in Paragraph 102 of Plaintiff's First Amended Complaint.

103.     Spence Defendants deny the allegations in Paragraph 103 of Plaintiff's First Amended Complaint.

104.     Spence Defendants deny the allegations in Paragraph 104 of Plaintiff's First Amended Complaint.

105.     Spence Defendants deny the allegations in Paragraph 105 of Plaintiff's First Amended Complaint.

## COUNT 2 – ALLEGED UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF AND FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a) ALL DEFENDANTS

106.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

107.     Spence Defendants deny the allegations in Paragraph 107 of Plaintiff's First Amended Complaint.

108.     Spence Defendants deny the allegations in Paragraph 108 of Plaintiff's First Amended Complaint.

109.     Spence Defendants deny the allegations in Paragraph 109 of Plaintiff's First Amended Complaint.

110.     Spence Defendants deny the allegations in Paragraph 110 of Plaintiff's First Amended Complaint.

111.     Spence Defendants deny the allegations in Paragraph 111 of Plaintiff's First Amended Complaint.

112.     Spence Defendants deny the allegations in Paragraph 112 of Plaintiff's First Amended Complaint.

113.     Spence Defendants deny the allegations in Paragraph 113 of Plaintiff's First Amended Complaint.

114.     Spence Defendants deny the allegations in Paragraph 114 of Plaintiff's First Amended Complaint.

115.     Spence Defendants deny the allegations in Paragraph 115 of Plaintiff's First Amended Complaint.

116.     Spence Defendants deny the allegations in Paragraph 116 of Plaintiff's First Amended Complaint.

117.     Spence Defendants deny the allegations in Paragraph 117 of Plaintiff's First Amended Complaint.

118.     Spence Defendants deny the allegations in Paragraph 118 of Plaintiff's First Amended Complaint.

119.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 119 of Plaintiff's First Amended Complaint.

120.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 120 of Plaintiff's First Amended Complaint.

121.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 121 of Plaintiff's First Amended Complaint.

122.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 122 of Plaintiff's First Amended Complaint.

123.     Spence Defendants deny the allegations in Paragraph 123 of Plaintiff's First Amended Complaint.

### COUNT 3 – ALLEGED COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030
### GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THE THUNDERHEAD RANCH

124.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

125.     Spence Defendants admit the individual Spence Defendants are board members and have use of the listserv.  Spence Defendants deny any remaining allegations in Paragraph 125 of Plaintiff's First Amended Complaint.

126.     Spence Defendants admit the allegations in Paragraph 126 of Plaintiff's First Amended Complaint.

127.     Spence Defendants deny the allegations in Paragraph 127 of Plaintiff's First Amended Complaint.

128.     Spence Defendants deny the allegations in Paragraph 128 of Plaintiff's First Amended Complaint.

129.     Spence Defendants deny the allegations in Paragraph 129 of Plaintiff's First Amended Complaint.

130.     Spence Defendants deny the allegations in Paragraph 130 of Plaintiff's First Amended Complaint.

131.     Spence Defendants deny the allegations in Paragraph 131 of Plaintiff's First Amended Complaint.

## COUNT 4 – DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836
### DEFENDANTS GSTI, GERRY SPENCE, ZELBST, PARRIS
### LOW, KENT SPENCE, AND DOE

132.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

133.     Spence Defendants deny the allegations in Paragraph 133 of Plaintiff's First Amended Complaint.

134.     Spence Defendants admit that TLC serves individuals who reside in states other than Wyoming and denies all remaining allegations in Paragraph 134 of Plaintiff's First Amended Complaint.

135.     Spence Defendants deny the allegations in Paragraph 135 of Plaintiff's First Amended Complaint.

136.     Spence Defendants deny the allegations in Paragraph 100 of Plaintiff's First Amended Complaint.

137.     Spence Defendants deny the allegations in Paragraph 137 of Plaintiff's First Amended Complaint.

138.     Spence Defendants deny the allegations in Paragraph 138 of Plaintiff's First Amended Complaint.

139.     Spence Defendants deny the allegations in Paragraph 138 of Plaintiff's First Amended Complaint.

140.     Spence Defendants deny the allegations in Paragraph 139 of Plaintiff's First Amended Complaint.

141.     Spence Defendants deny the allegations in Paragraph 141 of Plaintiff's First Amended Complaint.

142.     Spence Defendants deny the allegations in Paragraph 142 of Plaintiff's First Amended Complaint.

143.     Spence Defendants deny the allegations in Paragraph 143 of Plaintiff's First Amended Complaint.

## COUNT 5 – ALLEGED MISAPPROPRIATION OF TRADE SECRETS UNDER WYOMING LAW DEFENDANTS GSTI, GERRY SPENCE, ZELBST, PARRIS, LOW, KENT SPENCE, AND DOE

144.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

145.     Spence Defendants deny the allegations in Paragraph 145 of Plaintiff's First Amended Complaint.

146.     Spence Defendants deny the allegations in Paragraph 146 of Plaintiff's First Amended Complaint.

## COUNT 6 – ALLEGED CIVIL CONSPIRACY ALL DEFENDANTS

147.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

148.     Spence Defendants admit that there are five individuals among them, and deny any remaining allegations in paragraph 148 of the First Amended Complaint.

149.     Spence Defendants deny the allegations in Paragraph 149 of Plaintiff's First Amended Complaint,

150.     Spence Defendants deny the allegations in Paragraph 150 of Plaintiff's First Amended Complaint.

151.     Spence Defendants deny the allegations in Paragraph 151 of Plaintiff's First Amended Complaint.

152.     Spence Defendants deny the allegations in Paragraph 152 of Plaintiff's First Amended Complaint.

153.     Spence Defendants deny the allegations in Paragraph 153 of Plaintiff's First Amended Complaint.

154.     Spence Defendants deny the allegations in Paragraph 154 of Plaintiff's First Amended Complaint.

## COUNT 7 – DECLARATORY RELIEF
## ALL DEFENDANTS

155.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

156.     Spence Defendants deny the allegations in Paragraph 156 of Plaintiff's First Amended Complaint.

157.     Spence Defendants deny the allegations in Paragraph 157 of Plaintiff's First Amended Complaint.

158.     Spence Defendants deny the allegations in Paragraph 158 of Plaintiff's First Amended Complaint.

159.     Spence Defendants deny the allegations in Paragraph 159 of Plaintiff's First Amended Complaint.

160.     Spence Defendants deny the allegations in Paragraph 160 of Plaintiff's First Amended Complaint.

161.     Spence Defendants deny the allegations in Paragraph 161 of Plaintiff's First Amended Complaint.

162.    Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

163.    Spence Defendants deny the allegations in Paragraph 163 of Plaintiff's First Amended Complaint.

164.    Spence Defendants deny the allegations in Paragraph 164 of Plaintiff's First Amended Complaint.

165.    Spence Defendants deny the allegations in Paragraph 165 of Plaintiff's First Amended Complaint.

166.    Spence Defendants deny the allegations in Paragraph 166 of Plaintiff's First Amended Complaint.

167.    Spence Defendants deny the allegations in Paragraph 167 of Plaintiff's First Amended Complaint.

168.    Spence Defendants deny the allegations in Paragraph 168 of Plaintiff's First Amended Complaint.

169.    Spence Defendants deny the allegations in Paragraph 169 of Plaintiff's First Amended Complaint.

170.    Spence Defendants deny the allegations in Paragraph 170 of Plaintiff's First Amended Complaint.

171.    Spence Defendants deny the allegations in Paragraph 171 of Plaintiff's First Amended Complaint.

## GENERAL DENIAL

The remainder of Plaintiff's First Amended Complaint constitutes a prayer for relief to which no response is required. To the extent a response may be required, Spence Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever. Unless expressly admitted herein, Spence Defendants deny all allegations contained in the First Amended Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Spence Defendants incorporate by reference the foregoing paragraphs in their entirety and assert the following affirmative and other defenses. By asserting these defenses, Spence Defendants do not admit they bear the burden of proof on any issue and do not accept any burden they would not otherwise bear. Spence Defendants reserve all other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case. Spence Defendants reserve the right to amend and/or supplement these Affirmative Defenses as this case progresses and new information becomes known to it through discovery or otherwise.

### First Defense

Spence Defendants do not now infringe, and have not infringed in the past, either directly, indirectly, contributorily, by inducement, willfully, jointly, or otherwise, Plaintiff's trademarks.

### Second Defense

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### Third Defense

Plaintiff's claims against Spence Defendants are barred or defeated, in whole or in part, by the fair use doctrine.

### Fourth Defense

Plaintiff has not suffered any damages and/or has failed to mitigate its damages.

### Fifth Defense

Plaintiff, and/or the individuals who purport to be acting on behalf of or controlling Plaintiff, lacks and has not acted upon proper, legal, and sufficient authority to institute this action in the name of the Plaintiff and/or maintain and assert the claims set forth in Plaintiff's First Amended Complaint.

### Sixth Defense

Spence Defendants' actions as alleged herein, to the extent they occurred, were authorized.

### Seventh Defense

Plaintiff claims should be stayed and/or jurisdiction by this Court abstained under the *Colorado River* doctrine, the "prior exclusive jurisdiction" doctrine, and the prohibition against claim splitting.

### Eighth Defense

Plaintiff requested injunctive and other relief is barred by Plaintiff's unclean hands.

### Ninth Defense

Venue is improper in this Court as to Defendants Zelbst, Parris, and Low.

### Tenth Defense

This Court lacks personal jurisdiction over Defendants Zelbst, Parris, and Low.

### Reservation of Defenses

Spence Defendants reserve their right to rely upon additional defenses that become available or apparent during discovery and reserve their right to amend this pleading to assert such defenses as discovery proceeds.

### Attorneys' Fees

Spence Defendants request an award of the attorneys' fees and costs they have incurred in the defense of this action pursuant to applicable law.

### Jury Demand

Spence Defendants hereby demand a trial by jury on all claims and issues so triable.

DATED:  October 7, 2020.

/s/ *Bradley T. Cave*
Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
bcave@hollandhart.com
jspope@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, COP 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE TRIAL INSTITUTE, GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW AND KENT SPENCE