FILED



12:43 pm, 10/20/20

**Margaret Botkins**
**Clerk of Court**

Patrick J. Murphy, WSB No. 5-1779
Zara S. Mason, WSB No. 7-6267
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone: (307) 265-0700
Facsimile: (307) 266-2306
E-Mail: pmurphy@wpdn.net

Christopher K. Ralston (Admitted *Pro Hac Vice*)
Lindsay Calhoun (Admitted *Pro Hac Vice*)
James Gilbert (Admitted *Pro Hac Vice*)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-584-9358
Facsimile: 504-568-9130
Email: chris.ralston@phelps.com
         lindsay.calhoun@phelps.com
         james.gilbert@phelps.com

Attorneys for The Trial Lawyers College

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING
## CASPER DIVISION

| | | |
|---|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation | ) ) ) | CIVIL ACTION NO. 1:20-cv-00080 |
| Plaintiff, | ) ) | |
| v. | ) ) | _____ |
| GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, JOHN JOYCE, and DANIEL AMBROSE, individuals. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

1

PD.30009189.1

## PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT

PLAINTIFF The Trial Lawyers College, ("Plaintiff" or the "TLC"), brings this Complaint against DEFENDANTS Gerry Spences Trial Lawyers College at Thunderhead Ranch, Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, Kent Spence, John Joyce, and Daniel Ambrose (collectively, "Defendants") and as cause thereof states:

### NATURE OF THE ACTION

1.     This action arises out of Defendants' violations of the Lanham Act, 15 U.S.C. §§ 1114, *et. seq.*, and 15 U.S.C. § 1125(a) through its infringement of Plaintiff's federally registered trademarks and Defendants' unfair competition, false designation of origin, passing off, and false advertising related to TLC's federally registered trademarks, as well as Defendants' violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Defend Trade Secrets Act, 18 U.S.C. § 1836 and Wyo. Stat. Ann. § 40-24-101, *et seq.*, through Defendants' unauthorized access and misuse of Plaintiff's confidential and proprietary computer files.   Plaintiff seeks injunctive, monetary, and declaratory relief under the foregoing Acts and the Declaratory Judgment Act, 28 U.S.C § 2201.

2.     TLC is a 501(c)(3) nonprofit corporation providing training and education services to lawyers, and is organized under the laws of Wyoming.  TLC is led by a Board of Directors (the "Board").

3.     TLC has operated as a Wyoming nonprofit corporation since December 1, 1993.

2

4.     Pursuant to a lease with the Spence Foundation for People's Attorneys, Inc. (the "Spence Foundation"), TLC has conducted its training and education services at the Thunderhead Ranch in Dubois, Wyoming, since its inception in August 1994.

5.     In order to protect its intellectual property, TLC applied to and received from the United States Patent and Trademark Office (the "USPTO") the following federally registered trademarks:

   a.   Per Registration Number 4,197,908 (the "'908 Mark"), registered August 28, 2012, TLC possesses a trademark for "TRIAL LAWYERS COLLEGE" in standard characters, without claim to any particular font, style, size, or color. No claim is made to the exclusive right to use "college," apart from the mark as shown. A copy of the '908 Mark is attached hereto as **Exhibit "A."**

   b.   Per Registration Number 4,198,054 (the '054 Mark"), registered August 28, 2012, TLC possesses a trademark consisting of a stylized design of a cloud with a bolt of lightning. A copy of the '054 Trademark is attached hereto as **Exhibit "B."**

6.     TLC has maintained and used the '908 and '054 Marks in interstate commerce since they were issued by the USPTO.

7.     As of April 30, 2020, Defendant Gerry Spences Trial Lawyers College at the Thunderhead Ranch, with the aid of Defendants Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, Kent Spence and John Joyce, operates as a Wyoming nonprofit corporation with its registered principal place of business in Jackson, Wyoming.

8. Upon information and belief, through Gerry Spences Trial Lawyers College at the Thunderhead Ranch, Defendants intend to offer services substantially similar to those that TLC has offered since August 1994.

9. Defendants' use of the business name "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" constitutes infringement of the '908 Mark.

10. On May 27, 2020, the Court issued an Order temporarily restraining Defendants from using the business name "Gerry Spences Trial Lawyers College at the Thunderhead Ranch." On June 1, 2020, Gerry Spences Trial Lawyers College at the Thunderhead Ranch filed a "Name Change" form with the Wyoming Secretary of State seeking to change its name to Gerry Spence Trial Institute. Defendant "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" is thus hereafter referred to as "Gerry Spence Trial Institute" or "GSTI."

11. As described more fully below, Defendants have infringed on TLC's intellectual property by sending and/or authorizing the sending of certain communications and publications that wholly incorporate both the '908 Mark and the '054 Mark (collectively, the "TLC Marks") without TLC's authorization.

12. These recent communications and publications, which Defendants have sent or caused to be sent to TLC alumni, Board members, and other individuals with connections to TLC, as well as to the public, falsely suggest that Defendants represent TLC, and that GSTI constitutes TLC. Defendants' actions indicate that they seek to pass GSTI off as TLC, thus misleading and confusing those persons who receive Defendants' communications. Defendants' actions infringe on TLC's Marks and further violate the Lanham Act, Computer Fraud and Abuse Act, Defend Trade Secrets Act, and constitute misappropriation of trade secrets under Wyoming state law. Defendants' actions also constitute a civil conspiracy.

4

13. Additionally, on or around June 2020, TLC alumnus Defendant Daniel Ambrose, in concert with Defendants Rex Parris and Joseph Low, began advertising a competing trial lawyers skills course as "Trial Lawyers University," available at http://www.triallawyersuniversity.com (last accessed September 2, 2020), which likewise infringes on the '908 Mark.

14. TLC has already been harmed by Defendants' actions, and will continue to be harmed irreparably if Defendants are not enjoined from (i) infringing on TLC's Marks, including using the confusingly-similar business names "Gerry Spences Trial College at the Thunderhead Ranch," "Gerry Spence's Trial Warriors College," "Trial Lawyers University," and/or similar iterations; (ii) making false and misleading communications and publications in violation of state and federal law; and (iii) improperly accessing and using TLC's confidential and proprietary information.

15. TLC thus seeks injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction, to cease Defendants' willful, malicious, and improper conduct, as well as other forms of relief as set forth below.

## THE PARTIES

16. Plaintiff, The Trial Lawyers College, is a 501(c)(3) nonprofit corporation organized and existing under the laws of the State of Wyoming. The Trial Lawyers College's registered principal place of business is 1623 Central Avenue, Cheyenne, Wyoming, 82001. From August 1994 through May 8, 2020, TLC operated at the Thunderhead Ranch, Dubois, Wyoming.

17. Defendant, Gerry Spence Trial Institute, is a Wyoming nonprofit corporation organized and existing under the laws of the State of Wyoming. GSTI's registered principal place

of business is 199 E. Pearl Ave., Suite 103, P.O. Box 4430, Jackson, Wyoming 83001. Upon information and belief, GSTI plans to operate at the Thunderhead Ranch, Dubois, Wyoming.

18.     Defendant, Gerald L. Spence ("Gerry Spence"), is an individual residing in or near Santa Barbara, California.

19.     Defendant, John Zelbst ("Zelbst"), is an individual residing in Lawton, Oklahoma.

20.     Defendant, Rex Parris ("Parris"), is an individual residing in Lancaster, California.

21.     Defendant, Joseph H. Low ("Low"), is an individual residing in Pacific Palisades, California.

22.     Defendant, Kent Spence, is an individual residing in Jackson, Wyoming.

23.     Defendant, John Joyce ("Joyce"), is an individual residing in Chicago, Illinois.

24.     Defendant, Daniel Ambrose ("Ambrose") is an individual residing in Los Angeles, California.

## JURISDICTION AND VENUE

25.     Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1367. This action involves claims arising under the Constitution, laws or treaties of the United States, specifically, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Defend Trade Secrets Act, 15 U.S.C. § 1836. The Court has supplemental jurisdiction over TLC's claims under Wyoming law pursuant to 28 U.S.C. § 1367.

26.     This Court has personal jurisdiction over Defendant GSTI because it is a citizen of Wyoming. Moreover, the Court possesses personal jurisdiction over all Defendants because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

PD.30009189.1

27.     Venue in this district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## STATEMENT OF FACTS

28.     TLC is dedicated to training and educating lawyers and judges who are committed to the jury system and to representing and obtaining justice for individuals; the poor, the injured, the forgotten, the voiceless, the defenseless and the damned, and to protecting the rights of such people from corporate and government oppression.

29.     Since it began operations in August 1994, TLC has operated pursuant to a lease agreement at the Thunderhead Ranch, located in Dubois, Wyoming.

30.     Defendant Gerry Spence founded TLC in 1993 and has been affiliated with TLC in various capacities since its founding.  Gerry Spence's prominent role and involvement with TLC is well-known in the legal community.

31.     Defendant Zelbst has been affiliated with TLC in various capacities since 1999.

32.     Defendant Parris has been affiliated with TLC in various capacities since 1995.

33.     Defendant Low has been affiliated with TLC in various capacities since 1998.

34.     Defendant Kent Spence has been affiliated with TLC in various capacities since 1995.

35.     Defendant Joyce has been affiliated with TLC in various capacities since 2013.

36.     Defendant Ambrose has been affiliated with TLC in various capacities since 2002.

37.     Each of the Defendants Gerry Spence, Zelbst, Parris, Low, and Kent Spence (the "Former Board Member Defendants") recently served on TLC's Board.  As of May 6, 2020, the Former Board Member Defendants were not elected to the Board, and thus no longer serve on the Board as of that date.

7

38.     Over the course of the last several years, while serving as members of TLC's Board, the Former Board Member Defendants, led by Gerry Spence, sought to expend TLC's funds to build a library in honor of Gerry Spence at the leased premises (the "Spence Proposal"). However, the TLC Board held a December 2019 vote at a duly noticed Board Meeting and declined to support the Spence Proposal, which would have used TLC funds to build a multi-million dollar facility on land TLC did not own.

39.     As a result of the Board's decision not to support the Spence Proposal, the Former Board Member Defendants have taken a series of retaliatory actions against individual Board members and TLC.

40.     Of relevance here, Gerry Spence, through the Spence Foundation, which owns the land upon which the Thunderhead Ranch sits and from whom TLC leased the premises, terminated TLC's lease agreement. As a result of the termination of the lease agreement, TLC immediately made plans to and did in fact vacate the premises as so required by the terms of the lease and Notice to Vacate letter.

41.     With the exception of some property that it owns and that it intends to remove, TLC vacated the Thunderhead Ranch by May 8, 2020. TLC has been prevented from removing its property from Thunderhead Ranch and the disposition of this issue will require further legal proceedings.

42.     With knowledge that TLC was in the process of vacating the Thunderhead Ranch due to the Spence Foundation's termination of its lease agreement with TLC, on April 30, 2020, the Former Board Member Defendants caused to be registered with the Wyoming Secretary of State "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" as a Wyoming nonprofit corporation.

PD.30009189.1

43.     Defendants' use of the name "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" is deliberately confusing because it incorporates the '908 Mark, and because it specifically refers to "Gerry Spence" and "the Thunderhead Ranch," both of which were prominently connected to TLC for decades.

44.     Defendants sought to change the name of "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" only after this Court restrained and enjoined them from using that name.

45.     TLC maintains confidential and proprietary contact information, including email addresses, of its alumni and other individuals, in order, among other reasons, to communicate via several listservs with individuals regarding its services and other works (the "Database"). The Database is akin to a customer list.

46.     Approximately three years ago, TLC took steps to keep the information contained in the Database confidential, such that only a few individuals affiliated with TLC had access to the information contained therein. TLC also maintains written policies setting the parameters of use for the information contained in the Database. The written policies expressly prohibit contacting persons whose personal information is stored in the Database to promote competing programs.

47.     Despite these policies and the steps TLC has taken to maintain the confidentiality of the Database, on or before April 30, 2020, the Former Board Member Defendants and Defendant Joyce, on behalf of Defendant GSTI, accessed TLC's confidential and proprietary Database to access the contact information stored therein. Defendants used that confidential and proprietary information to create a new listserv (the "New Listserv") and send mass emails to recipients whose information they improperly obtained from the Database. The contact information in the Database was gathered by TLC for its sole use.

PD.30009189.1

48.     Defendants' email to the New Listserv falsely stated that the "old listserve was experiencing difficulties" and that "Gerry Spence authorized a new listserve." The email was sent to the New Listserv from "Gerry Spence's Trial Lawyer College" (the "April 30 Email"). A copy of that April 30 Email is attached hereto as **Exhibit "C."**

49.     On May 1, 2020, Defendants posted a video of Gerry Spence to YouTube.com, which bears the date April 30, 2020, and as of May 11, 2020, could be accessed at (https://www.youtube.com/watch?v=DwBPLFUht5s) (the "April 30 Video"). The April 30 Video falsely implies that the statements Gerry Spence makes during the video are made on behalf of TLC. Further, the April 30 Video wholly incorporates the TLC Marks without TLC's authorization, and thus infringes upon those trademarks. A copy of the April 30 Video has previously been submitted to the Court manually as **Exhibit "D" to Rec. Doc. 1.**

50.     For several years, TLC has maintained an account with and regularly used YouTube.com to promote its services and works.

51.     The '054 Mark is displayed in the left corner throughout the April 30 Video without TLC's permission. Screenshots from the YouTube video are attached hereto as **Exhibit "E."**

52.     Defendants' unauthorized use of the '054 Mark as displayed in the April 30 Video is likely to cause confusion to viewers of the April 30 Video as to the origin of that video. Specifically, it suggests that the April 30 Video was published by TLC, when in fact it was published by Defendants on behalf of GSTI.

53.     In the video, Gerry Spence states: "[m]y vision, my friends, for this college, is you. And it will stay alive and beautiful and ringing across the land, as long as you're there." As Gerry Spence refers to "this college," TLC's Marks are also displayed.

10

54.    Defendants' combination of Gerry Spence's use of the phrase "this college" with the superimposition of TLC's Marks is likely to cause confusion to viewers of the April 30 Video. Specifically, it suggests that the April 30 Video was published by TLC, when in fact it was published by Defendants on behalf of GSTI.

55.    Gerry Spence then further states: "[s]ome people think that Trial Lawyers College is over. Well, I'd like you to know a marvelous secret. It's a secret for some, but now, you know it too. Trial Lawyers College is going to continue. It's going to continue with marvelous new leadership. We're going to continue forwarding the message of our great institution, that we are an organization dedicated to teaching our trial lawyers how to fight the good battle for ordinary people who need our support and our help. And, we're going to have classes next year where we teach trial lawyers to represent ordinary people."

56.    Gerry Spence's statements transcribed in the foregoing paragraph are likely to confuse viewers of the April 30 Video, insofar as Gerry Spence's statements wrongly imply that the April 30 Video was published by TLC, when in fact it was published by Defendants on behalf of GSTI.

57.    The April 30 Video is likely to confuse viewers into believing that GSTI and TLC are the same nonprofit corporation, when in fact GSTI is a later-formed business attempting to usurp the goodwill of TLC, and GSTI is infringing on TLC's Marks.

58.    TLC did not authorize the use of the TLC Marks in the April 30 Video.

59.    On May 6, 2020, after TLC held a Special Board of Directors Meeting, Defendants sent another email to the New Listserv from "Gerry Spence via Gerry Spence's Trial Lawyer College" (the "May 6 Email"). Among other false statements, the May 6 Email falsely portrays

11

the Former Board Member Defendants as speaking on behalf of TLC's Board. A copy of the May 6 Email is attached hereto as **Exhibit "F."**

60. In the May 6 Email, Defendants falsely state that on that date, "Rex Parris then moved to elect Gerry Spence as President and it was seconded but before a vote could be taken John Sloan unilaterally terminated the zoom board meeting. The TLC board then resumed the meeting and Gerry was elected President, John Zelbst, V.P., Joey Low Treasurer, and Kent Spence Secretary." In fact, those individuals were not elected to those positions on the TLC Board as described therein.

61. After Defendants sent the May 6 Email, TLC received questions from TLC alumni expressing confusion as to whether Defendants' communications were on behalf of TLC or another entity.

62. On May 8, 2020, TLC sent to Defendants GSTI, Gerry Spence, Zelbst, Parris, Low, and Kent Spence, cease-and-desist letters requesting that they immediately cease their unlawful actions as described herein. Copies of the cease-and-desist letters are attached hereto *in globo* as **Exhibit "G."**

63. Also on May 8, 2020, after TLC sent the cease-and-desist letters, Defendants sent another message to the New Listserv with additional false statements (the "May 8 Email"). A copy of the May 8 email is attached hereto as **Exhibit "H."** Collectively, the April 30 Email, May 6 Email, and May 8 Email are referred to as the "New Listserv Communications."

64. In the May 8 Email, Defendants falsely claim that: "[p]roperty was recently taken from Thunderhead Ranch without authorization from the Court responsible for settling the current dispute. The TLC Board of Directors considers this property to be stolen, and will aggressively

pursue all remedies possible against any individual in possession of the stolen property." The May 8 Email is signed "Gerry Spence's Trial Lawyers College."

65.     Defendants' statements in the May 8 Email that property was improperly taken is false, as is its statement that the "TLC Board of Directors considers this property to be stolen." In fact, the property referenced in the May 8 Email is the property of TLC, is considered such by the TLC Board, and remains in TLC's possession.

66.     Additionally, despite filing to change its name to GSTI with the Wyoming Secretary of State on June 1, 2020, Defendants thereafter used a variety of names instead of GSTI, such as "Gerry Spence's Trial Warriors College," that were intended to and did cause confusion among the public, and specifically, among TLC alumni. As one example of Defendants' use of various entity names to cause confusion, on June 8, 2020, Defendant Low posted to the New Listserv "via Gerry Spence's Trial Warriors College" (the "June 8 Email"). A copy of the June 8 Email is attached hereto as **Exhibit "I."**

67.     On July 11, 2020, Defendant Parris sent several e-mails, including to the GSTLC Listserv, attaching a purported "notice of a special board meeting called by the President [of TLC] Gerry Spence" (the "July 11 Emails"). The July 11 Emails falsely state that Defendant Gerry Spence called a special meeting of TLC's Board on July 14, 2020, to elect new members to the TLC Board. The July 11 Emails are attached hereto *in globo* as **Exhibit "J."**

68.     In the July 11 Emails, Defendant Gerry Spence was held out publicly as the President of TLC, and Defendants Kent Spence, Parris, Low, and Zelbst were held out publicly as officers/Board members of TLC.

69.     In the July 11 Emails, Defendants also held out the following individuals as nominated to the TLC Board: Lee "Jody" Amedee III, Hunter Thomas Hillin, Hatham Faraj, Adrian Baca, and Sylvia Torres-Guillen.

70.     Upon information and belief, Defendants held the purported "Special Board Meeting" on July 14, 2020, and after that date, continue to hold out publicly, themselves, as well as Amedee, Hillin, Faraj, Baca, and Torres-Guillen, as TLC Board Members.

71.     In approximately June 2020, Defendant Ambrose launched a new website doing business as "Trial Lawyers University," http://www.triallawyersuniversity.com, which offers trial lawyers skills courses and directly competes with TLC by offering online trial lawyers skills courses, a service TLC also provides.  Shortly thereafter, Defendants Ambrose, Parris, and Low began promoting Trial Lawyers University.  Images of the Trial Lawyers University website, including images featuring Defendants Parris and Low, are attached hereto as **Exhibit "K."**

72.     On July 24, 2020, Defendant Parris sent to the New Listserv an email promoting his, Low's and Ambrose's association with Trial Lawyers University (the "July 24 Email").  The July 24 Email is attached hereto as **Exhibit "L."**

73.     As of September 2, 2020, http://www.triallawyersuniversity.com offers eleven online trial skills seminars featuring Defendant Parris.  *See* Ex. K.

74.     As of September 2, 2020, http://www.triallawyersuniversity.com offers four online trial skills seminars featuring Defendant Low.  *See* Ex. K.

75.     As of September 2, 2020, http://www.triallawyersuniversity.com offers five online trial skills seminars featuring Defendant Ambrose.  *See* Ex. K.

76.     Prior to June 2020, Defendant Ambrose operated trial skills courses under different names—the "Trojan Horse Method," "Trial Professors," and "Case Analysis."  Ambrose only

14

began to use the d/b/a "Trial Lawyers University" after TLC filed this lawsuit and obtained a temporary restraining order and preliminary injunction against Defendants GSTI, Gerry Spence, Parris, and Low.

77. The business name "Trial Lawyers University" is almost identical to "Trial Lawyers College," which is protected by the '908 Mark.

78. The word "University" is commonly used as a synonym for or equivalent to the word "College."

79. Upon information and belief, Defendant Ambrose began using the business name "Trial Lawyers University" to profit off the goodwill of TLC.

80. Upon information and belief, Defendant Ambrose timed the debut of the business name "Trial Lawyers University" for a trial lawyers skills course to coincide with the confusion sown by GSTI and the Former Board Member Defendants as to what constitutes the "real" Trial Lawyers College, thus increasing the likelihood that the public, those persons specifically seeking trial lawyers skills programs, and TLC's alumni would be confused by the origin and affiliations of "Trial Lawyers University."

81. Upon information and belief, Defendants Low and Parris coordinated and/or assisted Ambrose with the "Trial Lawyers University" business.

82. On August 21, 2020, TLC sent to Defendant Ambrose a cease-and-desist letter informing Ambrose this use of the business name "Trial Lawyers University" infringes upon the '908 Mark and demanding that Ambrose cease to use that name. A copy of that cease-and-desist letter is attached hereto as **Exhibit "M."**

83. Defendant Ambrose did not respond to TLC's cease-and-desist letter.

84.     As of the filing of this Second Amended Complaint, Defendant Ambrose continues use the business name "Trial Lawyers University" for the competing trial lawyers skills program, and continues to operate at http://www.triallawyersuniversity.com.

85.     Upon information and belief, as of the filing of this Second Amended Complaint, Defendants Low and Parris continue to coordinate and/or assist Ambrose with the "Trial Lawyers University" business.

## COUNT 1 – TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114, *et seq.*
### ALL DEFENDANTS

86.     TLC fully incorporates by reference the allegations of paragraphs 1-85 of this Complaint.

87.     Defendants have infringed on the TLC Marks under 15 U.S.C. § 1114, *et seq.* Defendants' use of the TLC Marks in their unauthorized New Listserv Communications, the June 8 Email, the July 11 Emails, and in the April 30 Video, as well as their use of the business names "Gerry Spences Trial Lawyers College at the Thunderhead Ranch," "Gerry Spence's Trial Warriors College," and other similar iterations, are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of TLC's services and commercial activities. Defendants' actions have been carried out in willful disregard of TLC's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

88.     Defendants Ambrose, Parris, and Low have infringed on the '908 Mark under 15 U.S.C. § 1114, *et seq.*, Defendants Ambrose, Parris, and Low's use of the business name "Trial Lawyers University" is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of TLC's services and commercial activities. Defendants' actions have been carried out in willful disregard of TLC's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

16

89. Defendants' wholesale reproduction of the TLC Marks in the New Listserv Communications, June 8 Email, July 11 Emails, and the April 30 Video are likely to confuse the recipients of those communications and the public such that they wrongly believe that Defendants' statements were made on behalf of TLC.

90. Defendants' wholesale reproduction of the TLC Marks in the New Listserv Communications, June 8 Email, July 11 Emails, and the April 30 Video are likely to confuse the recipients of those communications and the public such that they also wrongly believe that GSTI is TLC.

91. Defendants' actions in sending the July 11 Emails, purportedly holding an election of TLC Board members on July 14, 2020, and publicly holding out themselves, as well as Amedee, Hillin, Faraj, Baca, and Torres-Guillen, as TLC Board members, is likely to cause confusion to TLC alumni and the public as to who constitutes the Board of TLC.

92. Defendants' New Listserv Communications, the June 8 Email, the July 11 Emails, and/or the April 30 Video have actually confused TLC alumni, who have communicated their confusion to TLC.

93. Defendants intended for their above-listed false statements and infringing actions to cause recipients of the New Listserv Communications, June 8 Email, July 11 Emails, and the public to believe that GSTI is TLC.

94. Defendants Ambrose, Low, and Parris's use of "Trial Lawyers University" and http://www.triallawyersuniversity.com are likely to confuse the public, those persons specifically seeking trial lawyers skills programs, and TLC's alumni, such that they wrongly believe that Trial Lawyers University is TLC, or is affiliated with TLC.

17

95.   Defendant Parris's July 24 Email to the New Listserv promoting Trial Lawyers University, and his, Low's, and Ambrose's association with Trial Lawyers University, are likely to confuse the recipients of that communication, the public, those persons specifically seeking trial lawyers skills programs, and TLC's alumni, such that they wrongly believe that Trial Lawyers University is TLC, or is affiliated with TLC.

96.   Defendants Ambrose, Parris, and Low intended their promotion of and affiliation with Trial Lawyers University to cause recipients of their promotions and the public to believe that Trial Lawyers University is TLC, or is affiliated with TLC.

97.   Defendants used the same marketing channels as TLC in their infringing conduct and in disseminating their false statements insofar as they used, without authority, confidential and proprietary information accessed from TLC's Database to send infringing and false content to the recipients of the New Listserv.

98.   Defendants used the same marketing channels as TLC in their infringing conduct and in disseminating their false statements insofar as they published the April 30 Video to YouTube.com, a marketing platform that TLC uses to promote its services.

99.   Defendants' use of the business names "Gerry Spences Trial Lawyers College at the Thunderhead Ranch," "Gerry Spence's Trial Warriors College," and other similar iterations, are likely to cause confusion to the public through their similarity to and infringing incorporation of "Trial Lawyers College," which is the subject of the '908 Mark.

100.   Defendants' addition of "Gerry Spence" and "at the Thunderhead Ranch" to the protected mark of "Trial Lawyers College" does not alleviate the likelihood of confusion, because Defendants are aware and are relying upon the knowledge that the community TLC primary serves, that is, the legal community, is well-aware of both Gerry Spence's and the Thunderhead Ranch's

18

decades-long affiliation with TLC. Accordingly, the addition of "Gerry Spence" and "at the Thunderhead Ranch" only further encourage the public to confuse Gerry Spences Trial Lawyers College at the Thunderhead Ranch with TLC.

101. Defendants' use of the business names "Gerry Spences Trial Lawyers College at the Thunderhead Ranch," "Gerry Spence's Trial Warriors College," and similar iterations, are intended to confuse the public to believe that it is equivalent to, the legitimate successors of, or otherwise affiliated with, TLC.

102. Defendants' shifting use of various business names that fully encapsulate the '908 Mark (including, but not limited to Gerry Spence's Trial Lawyers College at the Thunderhead Ranch) and/or that play off the '908 Mark (including, but not limited to Gerry Spence's Trial Warriors College and Trial Lawyers University), are likely to cause and have caused confusion among the public, TLC alumni, and/or persons specifically seeking trial lawyers skills programs.

103. Defendants' shifting use of various business names that fully encapsulate the '908 Mark (including, but not limited to Gerry Spence's Trial Lawyers College at the Thunderhead Ranch) and/or that play off the '908 Mark (including, but not limited to Gerry Spence's Trial Warriors College and Trial Lawyers University), have wrongfully diluted and will continue to dilute the TLC Marks.

104. Defendants' conduct as described in the foregoing paragraphs has caused and will continue to cause irreparable harm to TLC because Defendants will continue to unfairly and improperly use and benefit from their infringement of TLC's Marks, to Defendants' benefits and to TLC's detriment.

105. TLC is entitled to injunctive, declaratory, and monetary relief, and all other forms of relief set forth by law and equity, as a result of Defendants' unlawful actions.

19

## COUNT 2 – UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a) ALL DEFENDANTS

106.    TLC fully incorporates the allegations in paragraphs 1-105 of this Complaint.

107.    Defendants have engaged and continue to engage in unfair competition, false designation of origin, passing off, and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), through their improper access and use of TLC's Listserv and their infringing use of the TLC Marks to: (i) falsely suggest to recipients of the New Listserv Communications, the June 8 Email, the July 11 Emails, and viewers of the April 30 Video that the information contained therein came from and was approved by TLC; (ii) falsely suggest that the Former Board Member Defendants represent the TLC Board; (iii) falsely suggest that TLC called a "special meeting" to elect new Board members on July 14, 2020; (iv) falsely suggest that in addition to Defendants, Amedee, Hillin, Faraj, Baca, and Torres-Guillen represent the TLC Board; (v) make literally false statements about TLC and its management; (vi) falsely suggest that "Gerry Spences Trial Lawyers College at the Thunderhead Ranch," "Gerry Spence's Trial Warriors College," and similar iterations are equivalent to, the legitimate successors of, or otherwise affiliated with TLC; and (vii) falsely suggest that "Trial Lawyers University" is equivalent to, the legitimate successor of, or otherwise affiliated with TLC.

108.    Defendants' unauthorized use of the TLC Marks, and/or their unauthorized use of the Database to send the New Listserv Communications, June 8 Email, and July 11 Emails in connection with the purported business of GSTI is likely to cause the public to mistakenly believe that Defendants' actions originate from, are endorsed by, or are in some way affiliated with TLC. Defendants' actions thus constitute trademark infringement, false designation of origin, passing

20

off, and unfair competition, and are likely to cause the TLC Marks to lose their significance as indicators of origin.

109. Likewise, as outlined above, Defendants have used the TLC Marks in connection with false and misleading descriptions or representations of fact in its communications to the public via the April 30 Video, the New Listserv Communications, June 8 Email, July 11 Emails, and the July 24 Email, thereby misrepresenting the nature, characteristics, and qualities of GSTI's, Trial Lawyers University's, and TLC's goods, services, and/or commercial advertising and/or promotion.

110. Upon information and belief, Defendants' use of the TLC Marks as set forth above, and/or its use of TLC's Listserv, is part of a deliberate plan to trade on the valuable goodwill established by TLC. With knowledge of TLC's rights and with the deliberate intention to unfairly benefit from TLC's goodwill, Defendants' actions have been carried out in willful disregard of TLC's rights in violation of 15 U.S.C. § 1125(a).

111. Defendants introduced their false and misleading statements into commerce by disseminating their communications across state lines to TLC's primary audience—members of the legal community who are interested in TLC's services.

112. As detailed above, Defendants' New Listserv Communications, the April 30 Video, June 8 Email, and July 11 Emails attempt to pass off GSTI as TLC.

113. As detailed above, Defendants' New Listserv Communications, the April 30 Video, June 8 Email, and July 11 Emails attempt to pass off the Former Board Member Defendants as representing and communicating on behalf of TLC.

114.     Defendants' misrepresentations in the New Listserv Communications, June 8 Email, July 11 Emails, and/or the April 30 Video include false and disparaging statements about members of the TLC Board.

115.     Defendants' misrepresentations in the New Listserv Communications, the April 30 Video, June 8 Email, and July 11 Emails have had and continue to have a material effect on TLC's alumni, potential students, and the public.

116.     Defendants' misrepresentations in the New Listserv Communications, the April 30 Video, June 8 Email, and/or July 11 Emails actually deceive or tend to deceive a substantial portion of the intended audience.

117.     Defendants' misrepresentations in the New Listserv Communications, the April 30 Video, June 8 Email, and/or July 11 Emails will likely influence the deceived audience's decisions related to the services, goods, and/or products offered by TLC.

118.     Defendants' misrepresentations in the New Listserv Communications, the April 30 Video, June 8 Email, and/or July 11 Emails have been made to an audience comprised of persons in many states across the United States.

119.     Defendants Ambrose, Parris, and Low's promotion of Trial Lawyers University attempts to pass off Trial Lawyers University as TLC.

120.     Defendants Ambrose, Parris, and Low's promotion of Trial Lawyers University actually deceive or tend to deceive a substantial portion of the intended audience.

121.     Defendants Ambrose, Parris, and Low's promotion of Trial Lawyers University will likely influence the deceived audience's decisions related to the services, goods, and/or products offered by TLC, and/or the origin of these services, goods, and/or products.

PD.30009189.1

122. Defendants Ambrose, Parris, and Low's promotion of Trial Lawyers University have been made to an audience comprised of persons in many states across the United States.

123. Defendants are causing or are likely to cause injury to TLC for which TLC may have no adequate remedy at law. Unless enjoined, Defendants' unlawful activities will continue to cause irreparable injury to TLC.

### COUNT 3 – COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030
### GERRY SPENCES TRIAL LAWYERS COLLEGE AT THE THUNDERHEAD RANCH

124. TLC fully incorporates by reference the allegations set forth in paragraphs 1-123.

125. As of April 30, 2020, the Former Board Member Defendants were members of TLC's Board, and Defendant Joyce is a TLC alumnus. During the time that the Former Board Member Defendants were members of TLC's Board and during Defendant Joyce's affiliation with TLC, TLC did not prohibit them from accessing its computer-based Database, but only permitted such access for performing duties for and for the benefit of TLC.

126. Defendant GSTI did not have and has never had access to TLC's Database.

127. The Former Board Member Defendants and Defendant Joyce undertook their improper access and misuse of the information contained in the Database for the benefit of GSTI. Thus, knowingly, and with the intent to defraud TLC and the audience that the New Listserv Communications reached, GSTI improperly accessed TLC's proprietary and confidential electronic data that is stored on its computer system. GSTI used TLC's proprietary and confidential Database to send false and misleading communications to those individuals whose contact information is contained in the Database.

128. GSTI's conduct as described herein was and continues to be to its own benefit, and to the detriment of TLC.

PD.30009189.1

129. Through the conduct described herein, GSTI acted without authorized access and/or exceeded its authorized access to TLC's computer-based data.

130. TLC has suffered damage and loss by reason of these violations, including but not limited to harm to TLC's data, programs, and computer systems and other losses and damage in an amount to be proved at trial, but, in any event, in an amount exceeding $5,000 aggregated over a one-year period.

131. Under the Computer Fraud and Abuse Act, TLC is entitled to and requests an award of compensatory damages and injunctive and other equitable relief.

### COUNT 4 – DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836
### DEFENDANTS GSTI, GERRY SPENCE, ZELBST, PARRIS,
### LOW, KENT SPENCE, and JOYCE

132. TLC fully incorporates the allegations in paragraphs 1-131 of this Complaint.

133. TLC's Database is confidential and proprietary information which constitutes a trade secret within the meaning of the Defend Trade Secrets Act, 18 U.S.C. § 1836.

134. TLC is based in Wyoming, but serves individuals residing in multiple states, and regularly transacts business in states other than Wyoming, including in person and by phone, internet, and mail. TLC's trade secrets relate to this business, and, thus, are frequently used by TLC in interstate commerce.

135. Defendants acquired TLC's trade secrets by improper means, including but not limited to improperly using the information contained in the Database without authorization and for unlawful purposes, including but not limited to sending communications that infringe upon TLC's Marks and include false and misleading statements related to Defendants and TLC.

136. Upon information and belief, GSTI obtained TLC's trade secrets from the Former Board Member Defendants and Defendant Joyce, and knew or had reason to know that the Former

Board Member Defendants and Defendant Joyce acquired the trade secrets from TLC by improper means.

137.　Upon information and belief, the Former Board Member Defendants and Defendant Joyce, without TLC's express or implied consent, disclosed TLC's trade secrets to, at minimum, GSTI.

138.　Defendants intend to use, and, upon information and belief, have used TLC's trade secrets, without TLC's express or implied consent, in connection with opening and operating a competing "trial lawyers college" that they intend to operate at the Thunderhead Ranch, the very location that TLC operated from August 1994 through May 2020, despite knowing or having reason to know that the trade secrets were acquired by improper means, and that Defendants had a duty to maintain the secrecy and limit the use of TLC's trade secrets.

139.　Defendants' acts of misappropriation are and were willful and malicious.

140.　As a direct and proximate result of Defendants' acts of misappropriation, TLC has suffered and will suffer irreparable harm and damages. Moreover, Defendants gained an unfair competitive advantage and other unjust enrichment through the misuse of TLC's trade secrets.

141.　Under the Defend Trade Secrets Act, TLC is entitled to and requests preliminary and permanent injunctive relief against Defendants to prohibit their actual and/or threatened misappropriation and misuse of TLC's trade secrets.

142.　Under the Defendant Trade Secrets Act, TLC is entitled to and requests an award of damages in its favor for actual loss caused by the misappropriation, damages for all unjust enrichment caused by the misappropriation that is not addressed in computing damages for actual loss, and/or damages measured by imposition of liability for a reasonable royalty for the unauthorized disclosure and/or use of TLC's trade secrets.

PD.30009189.1

143. Under the Defend Trade Secrets Act, as a result of Defendants' willful and malicious misappropriation, TLC is entitled to and requests exemplary damages in an amount not more than two times TLC's actual damages, plus reasonable attorneys' fees.

## COUNT 5 – MISAPPROPRIATION OF TRADE SECRETS UNDER WYOMING LAW
### DEFENDANTS GSTI, GERRY SPENCE, ZELBST, PARRIS, LOW, KENT SPENCE, and JOYCE

144. TLC fully incorporates the allegations in paragraphs 1-143 of this Complaint.

145. As set forth in paragraphs 132-143 above, Defendants have misappropriated TLC's trade secrets in violation of Wyo. Stat. Ann. § 40-24-101, *et seq.*

146. As a result of Defendants' misappropriation of TLC's trade secrets under Wyoming law, TLC is entitled to all relief, including damages, attorneys' fees, exemplary damages and injunctive relief, as set forth in Wyo. Stat. Ann. § 40-24-101, *et seq.*

## COUNT 6 – CIVIL CONSPIRACY
### ALL DEFENDANTS

147. TLC fully incorporates by reference the allegations set forth in paragraphs 1-146.

148. As described herein, Defendants are or were members of a combination of two or more persons.

149. The object of that combination was to accomplish an unlawful purpose or a lawful purpose by unlawful means.

150. Defendants had a meeting of the minds on the object or course of action, including the participation in the conspiracy.

151. One or more members of the conspiracy committed an unlawful, overt act to further the object or course of action of the conspiracy.

152. As a direct and proximate cause of Defendants' wrongful conduct, TLC has suffered and will continue to suffer incalculable financial loss, loss of goodwill, loss of

26

customers/individuals seeking its services, and loss of the confidentiality of the confidential information and trade secrets, and other damages and irreparable harm.

153. TLC has suffered and continues to suffer irreparable harm as a result of Defendants' actions as described herein, and Defendants' actions have been done intentionally and with conscious disregard for the law.

154. TLC is entitled to exemplary and/or punitive damages against Defendants in an amount to be determined at trial.

## COUNT 7 – DECLARATORY RELIEF
## ALL DEFENDANTS

155. TLC fully incorporates the allegations in paragraphs 1-154 of this Complaint.

156. TLC prays that the Court declare Defendants' actions described herein to be unlawful infringement of the TLC Marks and violations of the Lanham Act, the Computer Abuse and Fraud Act, the Defend Trade Secrets Act, and Wyo. Stat. Ann. § 40-24-101, *et seq.*, and to constitute civil conspiracy.

157. As a direct and proximate cause and result of Defendants' actions as described herein, TLC has suffered civil damages, actual damages, compensatory damages, attorneys' fees, exemplary damages, economic damages, loss and injury or, alternatively, nominal damages.

158. As a direct and proximate result of Defendants' actions as described herein, TLC is entitled to trebled damages.

159. Alternatively, and directly, if applicable, TLC seeks disgorgement damages from Defendants.

160. Alternatively, and directly, if applicable, TLC seeks lost profits from Defendants.

161. Alternatively, and directly, if applicable, TLC, if necessary, and if appropriate, seeks the recovery of nominal damages.

PD.30009189.1

## COUNT 8 - INJUNCTIVE RELIEF
## ALL DEFENDANTS

162.    TLC fully incorporates by reference the allegations set forth in paragraphs 1-161.

163.    Pursuant to 15 U.S.C. § 1116, TLC is entitled to a temporary, preliminary, and permanent injunction preventing any actual or threatened infringement of its federally registered Marks by Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of the foregoing (collectively, "Covered Persons"). More specifically, TLC is entitled to an injunction prohibiting Covered Persons' unauthorized use of its Marks, including an order preventing Defendants from using the directly-infringing business name "Gerry Spences Trial Lawyers College at the Thunderhead Ranch," and/or the infringing business names "Gerry Spence's Trial Warriors College," "Trial Lawyers University," and/or similar iterations.

164.    Pursuant to 15 U.S.C. 1125(a), TLC is entitled to a temporary, preliminary, and permanent injunction preventing Covered Persons from engaging in any false designations of origin, passing off, false and misleading statements, false advertising, and/or unfair competition related to TLC's federally registered Marks. More specifically, TLC is entitled to an injunction prohibiting Covered Persons from taking any actions which suggest that Defendants and/or GSTI and/or Trial Lawyers University are in any way affiliated with the TLC, and/or from taking any actions that mislead or confuse the public regarding the same, and/or from making any false, misleading, and/or disparaging statements about TLC and/or the TLC Board.

165.    Pursuant to 18 U.S.C. § 1030, TLC is entitled to an injunction preventing Covered Persons from misusing the information in TLC's confidential and proprietary Database to their benefit and to TLC's detriment.

28

166. Pursuant to Wyo. Stat. Ann. § 40-24-101, *et seq.*, and specifically pursuant to Wyo. Stat. Ann. § 40-24-102, TLC is entitled to an injunction preventing Covered Persons from misusing the information in TLC's confidential and proprietary Database to their benefit and to TLC's detriment.

167. TLC has a substantial likelihood of prevailing on the merits of its claims.

168. Unless the Covered Persons are enjoined from the conduct described herein, there is a substantial threat that TLC will continue to suffer irreparable harm, including infringement of its federally registered Marks and loss and misuse of its confidential and proprietary information, loss of goodwill, and financial losses that are not presently calculable.

169. The irreparable harm that TLC will suffer if injunctive relief is denied outweighs the potential harm (if any) to Defendants if injunctive relief is granted.

170. Granting the requested injunctive relief will not disserve the public interest.

171. Consequently, without the requirement of posting a bond and from the date of the Temporary Restraining Order until the expiration of the order in accordance with the Federal Rules of Civil Procedure, TLC is entitled to a temporary restraining order and preliminary and permanent injunctive relief as set forth herein.

**WHEREFORE,** Plaintiff The Trial Lawyers College respectfully requests that Defendants be cited to appear and answer, and that TLC be awarded relief against Defendants as follows:

    a.   Enter judgement in its favor and against Defendants, and order Defendants to pay damages to Plaintiff, in an amount to be proved at trial, plus pre- and post-judgment interest, costs, exemplary/punitive/trebled damages, and attorneys' fees as allowed by law;

b. Enter a temporary restraining order and preliminary and permanent injunction ordering that Defendants, and their respective officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participate with any of the foregoing (collectively, "Covered Persons") are restrained and enjoined from:

    i. directly or indirectly infringing on TLC's Marks, including but not limited to, using TLC's Marks in their unauthorized communications to the Listserv and/or to the public, and/or operating under the directly-infringing name "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" and/or the infringing names "Gerry Spence's Trial Warriors College," "Trial Lawyers University," and/or similar iterations;

    ii. directly or indirectly engaging in any false designations of origin, passing off, false and misleading statements, false advertising, and/or unfair competition related to TLC's federally registered Marks and the business of TLC, including but not limited to taking any actions which suggest that GSTI and/or the Trial Lawyers University are in any way affiliated with TLC and/or that the Defendants represent TLC in any capacity, and/or from taking any actions that mislead or confuse the public regarding the same;

          iii. misusing the information contained in TLC's confidential and proprietary Database to Defendants' benefit and to TLC's detriment.

    c.   Grant TLC such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

DATED: October 16, 2020.

PD.30009189.1

Respectfully submitted,

**THE TRIAL LAWYERS COLLEGE**

Christopher K. Ralston, (La. Bar #26706)
(Admitted *pro hac vice*)
Lindsay Calhoun, (La. Bar #35070)
(Admitted *pro hac vice*)
James Gilbert, (La. Bar # 36468)
(Admitted *pro hac vice*)
Phelps Dunbar LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: ralstonc@phelps.com
        lindsay.calhoun@phelps.com
        james.gilbert@phelps.com

and

By: /s/ Patrick J. Murphy
Patrick J. Murphy, WSB No. 5-1779
Zara S. Mason, WSB No. 7-6267
WILLIAMS, PORTER, DAY &
NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone: (307) 265-0700
Facsimile: (307) 266-2306
E-mail: pmurphy@wpdn.net
        zmason@wpdn.net

## VERIFICATION

I, James R. Clary, Jr. hereby state that I have read the foregoing Verified Complaint ("Complaint"), that I am authorized to make this Verification on behalf of Plaintiff The Trial Lawyers College, and that the factual allegations contained in Paragraphs 1-171 of the Second Amended Complaint are true and based on personal knowledge or information available to me which I believe to be true to the best of my knowledge, information and belief. This statement is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations under penalty of perjury.

Executed on October 16th, 2020.

James R. Clary, Jr.

PD.30009189.1