| | |
|---|---|
| Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)<br>Jeffrey S. Pope (Wyo. State Bar # 7-4859)<br>HOLLAND & HART LLP<br>2515 Warren Avenue, Suite 450<br>P.O. Box 1347<br>Cheyenne, WY 82003-1347<br>Telephone: 307.778.4200<br>bcave@hollandhart.com<br>jspope@hollandhart.com<br><br>Timothy Getzoff (admitted *pro hac vice*)<br>HOLLAND & HART LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302<br>Telephone: 303.473.2700<br>tgetzoff@hollandhart.com<br><br>ATTORNEYS FOR DEFENDANTS GERRY SPENCE<br>TRIAL INSTITUTE, GERALD L. SPENCE, JOHN ZELBST,<br>REX PARRIS, JOSEPH H. LOW AND KENT SPENCE | NORMAN A. PATTIS (admitted *pro hac vice*)<br>Pattis & Smith, LLC<br>383 Orange St.<br>New Haven, CT 06511<br>203.393.3017 (phone)<br>npattis@pattisandsmith.com<br><br>ATTORNEY FOR REX PARRIS |

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>      Plaintiff.<br><br>vs.<br><br>GERRY SPENCE TRIAL INSTITUTE, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, JOHN JOYCE, and DANIEL AMBROSE, individuals,<br><br>      Defendants,<br><br>GERRY SPENCE TRIAL INSTITUTE, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE<br><br>      Counterclaim Plaintiffs<br><br>vs.<br><br>THE TRIAL LAWYERS COLLEGE, JOHN SLOAN, JAMES R. CLARY, Jr., MILTON GRIMES, DANA COLE, MAREN CHALOUPKA, ANNE VALENTINE,<br><br>      Counterclaim and Third-Party Claim Defendants. | Civil Action No. 1:20-CV-00080-ABJ |

## ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS/ THIRD- PARTY CLAIMS

Defendants Gerry Spence Trial Institute (f/k/a Gerry Spence's Trial Lawyers College at Thunderhead Ranch), Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence (collectively "Spence Defendants" or "Spence Group"), through their undersigned counsel, hereby submit their Answer and state their defenses to the Second Amended Complaint filed by The Trial Lawyers College ("TLC") (ECF No. 101), and assert their Counterclaims and Third-Party Claims as follows:

### ANSWER TO SECOND AMENDED COMPLAINT

#### NATURE OF THE ACTION

1.      The allegations in Paragraph 1 of Plaintiff's Second Amended Complaint assert legal conclusions and a summary of Plaintiff's case to which no response is required. To the extent a response is required, Spence Defendants deny the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint.

2.      Spence Defendants admit the allegations in Paragraph 2 of Plaintiff's Second Amended Complaint as to TLC's status and that TLC has a board of directors.  Spence Defendants deny any characterizations of who is on the board.

3.      Spence Defendants admit the allegations in Paragraph 3 of Plaintiff's Second Amended Complaint.

4.      Spence Defendants admit the allegations in Paragraph 4 of Plaintiff's Second Amended Complaint.

5.      As to Paragraph 5 and its subparagraphs a. and b. in Plaintiff's Second Amended Complaint, Spence Defendants admit the Trial Lawyers College applied for and obtained the trademark registrations cited in the Complaint. The trademark registrations speak for themselves

and therefore no further response is required. To the extent any further response is required, Spence Defendants deny Plaintiff's characterization of the trademarks.

6.      Spence Defendants admit the allegations in Paragraph 6 of Plaintiff's Second Amended Complaint.

7.      Spence Defendants deny the allegations in Paragraph 7 of Plaintiff's Second Amended Complaint.

8.      Spence Defendants admit they possess a general intent to offer trial training in some fashion in the future, and such services may or may not be in connection with the entity Gerry Spence Trial Institute, at this point lack sufficient information to admit or deny whether such services will be substantially similar to those offered by TLC since 1994, and deny any remaining allegations in Paragraph 8 of Plaintiff's Second Amended Complaint.

9.      Spence Defendants deny the allegations in Paragraph 9 of Plaintiff's Second Amended Complaint.

10.     Spence Defendants admit that the incorporator of the originally-named entity Gerry Spence's Trial Lawyers College at Thunderhead Ranch registered a name change with the Wyoming Secretary of State changing the name to Gerry Spence Trial Institute, affirmatively state that the Court's orders issued in this case speak for themselves, and deny any remaining allegations in Paragraph 10 of Plaintiff's Second Amended Complaint.

11.     Spence Defendants deny the allegations in Paragraph 11 of Plaintiff's Second Amended Complaint.

12.     Spence Defendants deny the allegations in Paragraph 12 of Plaintiff's Second Amended Complaint.

13.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 13 of Plaintiff's Second Amended Complaint.

14.     Spence Defendants deny the allegations in Paragraph 14 of Plaintiff's Second Amended Complaint.

15.     The allegations in Paragraph 15 of Plaintiff's Second Amended Complaint summarize TLC's allegations to which no response is required.  To the extent a response is required, Spence Defendants deny TLC's characterizations of Spence Defendants' actions.

### THE PARTIES

16.     Spence Defendants admit the allegations in Paragraph 16 of Plaintiff's Second Amended Complaint.

17.     Spence Defendants admit that Gerry Spence Trial Institute (f/k/a Gerry Spence Trial Lawyers College at the Thunderhead Ranch) ("GSTI") is a Wyoming nonprofit corporation with a registered address as indicated, deny that GSTI possesses current plans at this juncture to operate at Thunderhead Ranch, and deny any remaining allegations in Paragraph 17 of Plaintiff's Second Amended Complaint.

18.     Spence Defendants deny the allegations in Paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Spence Defendants deny the allegations in Paragraph 19 of Plaintiff's Second Amended Complaint.

20.     Spence Defendants admit the allegations in Paragraph 20 of Plaintiff's Second Amended Complaint.

21.     Spence Defendants admit the allegations in Paragraph 21 of Plaintiff's Second Amended Complaint.

22.     Spence Defendants admit the allegations in Paragraph 22 of Plaintiff's Second Amended Complaint.

23.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Second Amended Complaint and therefore deny those allegations.

24.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's Second Amended Complaint and therefore deny those allegations.

### JURISDICTION AND VENUE

25.     The allegations in Paragraph 25 of Plaintiff's Second Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Spence Defendants deny the allegations in Paragraph 22 of Plaintiff's Second Amended Complaint.

26.     Spence Defendants admit that this Court has personal jurisdiction over Gerry Spence Trial Institute, Gerry Spence, and Kent Spence, deny that personal jurisdiction in this action exists over Defendants Zelbst, Low, and Parris, and deny any remaining allegations in Paragraph 26 of Plaintiff's Second Amended Complaint.

27.     Spence Defendants admit that venue is proper with respect to Gerry Spence Trial Institute, Gerry Spence, and Kent Spence, deny that venue is proper as to Defendants Zelbst, Low, and Parris, and deny any remaining allegations in Paragraph 27 of Plaintiff's Second Amended Complaint.

**STATEMENT OF FACTS**

28.     Spence Defendants admit the allegations in Paragraph 28 as it relates to TLC's historical mission, denies that TLC in its current configuration as controlled by the Sloan group possesses this same dedication, and denies any remaining allegations in paragraph 28 of the Second Amended Complaint.

29.     Spence Defendants admit the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint.

30.     Spence Defendants admit the allegations in Paragraph 30 of Plaintiff's Second Amended Complaint.

31.     Spence Defendants admit the allegations in Paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Spence Defendants admit the allegations in Paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Spence Defendants admit the allegations in Paragraph 33 of Plaintiff's Second Amended Complaint.

34.     Spence Defendants admit the allegations in Paragraph 34 of Plaintiff's Second Amended Complaint.

35.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiff's Second Amended Complaint and therefore deny those allegations.

36.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiff's Second Amended Complaint and therefore deny those allegations.

37.     Spence Defendants admit that the individual Spence Defendants have served on the Board of TLC and deny the remaining allegations in Paragraph 37 of Plaintiff's Second Amended Complaint.

38.     Spence Defendants admit the TLC Board has held discussions about the construction of an Education Center at the Thunderhead Ranch, and affirmatively state that the TLC Board at the December 2019 Board Meeting approved a proposal to further investigate the costs and other issues concerning the Education Center.  Spence Defendants deny that the TLC Board "declined to support" the Education Center and deny all remaining allegations in Paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Spence Defendants deny the allegations in Paragraph 39 of Plaintiff's Second Amended Complaint.

40.     Spence Defendants admit that a notice of termination of lease agreement was sent from the Spence Foundation to TLC, further admit that the individual TLC Board members other than Spence Defendants in this action, without attempting to cure the default or hold a TLC Board meeting, decided to and did vacate the Thunderhead Ranch premises, and deny any remaining allegations in Paragraph 40 of Plaintiff's Second Amended Complaint.

41.     Spence Defendants admit that the individual TLC Board members other than Spence Defendants in this action vacated the Thunderhead Ranch prior to the 30 day cure period, further admit that the Spence Foundation agreed to allow TLC to leave property on the Thunderhead Ranch until the disputed issue of control of TLC is resolved in pending state court actions, and deny any remaining allegations in Paragraph 41 of Plaintiff's Second Amended Complaint.

42.     Spence Defendants admit that the entity formerly known as "Gerry Spence Trial Lawyers College at Thunderhead Ranch" was registered as a non-profit corporation with the Wyoming Secretary of State on or around April 30, 2020.  Spence Defendants deny the remaining allegations in Paragraph 42 of Plaintiff's Second Amended Complaint.

43.     Spence Defendants deny the allegations in Paragraph 43 of Plaintiff's Second Amended Complaint.

44.     Spence Defendants admit that the name change of GSTI was filed on May 27, 2020, which occurred prior to any injunctive orders issued by this Court and deny any remaining allegations in Paragraph 44 of Plaintiff's Second Amended Complaint.

45.     Spence Defendants deny the allegations in Paragraph 45 of Plaintiff's Second Amended Complaint.

46.     Spence Defendants admit that certain written policies have been created over the years concerning restrictions on advertising and other issues, deny that any such policy concerns the supposed confidentiality of TLC alumni, and deny all remaining allegations in Paragraph 46 of Plaintiff's Second Amended Complaint.

47.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Defendant Joyce, and deny all remaining allegations in Paragraph 47 of Plaintiff's Second Amended Complaint.

48.     The email to the new listserv speaks for itself and therefore no further response is required.  To the extent a response is required, Spence Defendants deny Plaintiff's characterization of the email.

49.     Spence Defendants admit a video featuring Gerry Spence was posted to YouTube.com on or around April 30, 2020, affirmatively state that the video speaks for itself, and deny all remaining allegations in Paragraph 49.

50.     Spence Defendants admit the allegations in Paragraph 50 of Plaintiff's Second Amended Complaint.

51.     Spence Defendants admit the '054 Mark was visible in the video and denies all remaining allegations in paragraph 51 of Plaintiff's Second Amended Complaint.

52.     Spence Defendants deny the allegations in Paragraph 52 of Plaintiff's Second Amended Complaint.

53.     Spence Defendants affirmatively state that the video speaks for itself and therefore no further response is required.  To the extent a response is required, Spence Defendants deny Plaintiff's characterization of the video.

54.     Spence Defendants deny the allegations in Paragraph 54 of Plaintiff's Second Amended Complaint.

55.     The video speaks for itself and therefore no further response is required.  To the extent a response is required, Spence Defendants deny Plaintiff's characterization of the video.

56.     Spence Defendants deny the allegations in Paragraph 56 of Plaintiff's Second Amended Complaint.

57.     Spence Defendants deny the allegations in Paragraph 57 of Plaintiff's Second Amended Complaint.

58.     Spence Defendants deny the allegations in Paragraph 58 of Plaintiff's Second Amended Complaint.

59.     The email speaks for itself and therefore no further response is required.  To the extent a response is required, Spence Defendants deny Plaintiff's characterization of the email.

60.     The email speaks for itself and therefore no further response is required.  To the extent a response is required, Spence Defendants deny Plaintiff's characterization of the email. Defendants further deny Plaintiff's allegations regarding board elections.

61.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of Plaintiff's Second Amended Complaint and therefore deny those allegations.

62.     Spence Defendants admit that cease-and-desist letters were sent, deny that Plaintiff had authority to send the letters, and deny any remaining allegations in paragraph 62 of Plaintiff's Second Amended Complaint.

63.     Spence Defendants admit that the email speaks for itself and therefore no further response is required and deny all remaining allegations in Paragraph 63 of Plaintiff's Second Amended Complaint.

64.     Spence Defendants admit that the email speaks for itself and therefore no further response is required and deny all remaining allegations in Paragraph 64 of Plaintiff's Second Amended Complaint.

65.     Spence Defendants deny the allegations in Paragraph 65 of Plaintiff's Second Amended Complaint.

66.     Spence Defendants admit that Defendant Low posted the email to the Gaggle listserv dated June 8, 2020 attached as Exhibit I, affirmatively state that the email speaks for itself, deny that they have used a variety of names instead of GSTI, and deny all remaining allegations in Paragraph 66 of the Second Amended Complaint.

67.     Spence Defendants admit that Defendant Parris noticed a special board meeting as reflected in Exhibit J, affirmatively state that the emails speak for themselves, and deny all remaining allegations in Paragraph 67 of the Second Amended Complaint.

68.     Spence Defendants affirmatively state that the July 11 emails speak for themselves and deny all remaining allegations in Paragraph 68 of the Second Amended Complaint.

69.     Spence Defendants affirmatively state that the July 11 emails speak for themselves and deny all remaining allegations in Paragraph 69 of the Second Amended Complaint.

70.     Spence Defendants admit that a board meeting was held on July 14, 2020, that the identified new board members were elected at that meeting, that the results of the board elections were disclosed to certain TLC alumni, and deny all remaining allegations in Paragraph 70 of the Second Amended Complaint.

71.     Defendants Parris and Low deny that they began promoting Trial Lawyers University, admit that webinars conducted by them and many others have been posted by Defendant Ambrose onto a website named by Mr. Ambrose as Trial Lawyers University, and are without knowledge sufficient to admit or deny the remaining allegations in paragraph 71 of the Second Amended Complaint and therefore deny the same.

72.     Spence Defendants admit that Defendant Parris posted an email to the listserv that appears as Exhibit L, affirmatively states that the email speaks for itself, and denies all remaining allegations in paragraph 72 of the Second Amended Complaint.

73.     Spence Defendants admit that approximately eleven webinars conducted by Defendant Parris have been viewable on Defendant Ambrose's website at

<triallawyersuniversity.com>, Spence Defendants lack sufficient information to admit or deny the timing of when Mr. Ambrose posted any webinars to his website, and deny any remaining allegations in paragraph 73 of the Second Amended Complaint.

74.     Spence Defendants admit that approximately four webinars conducted by Defendant Low have been viewable on Defendant Ambrose's website at <triallawyersuniversity.com>, Spence Defendants lack sufficient information to admit or deny the timing of when Mr. Ambrose posted any webinars to his website, and deny any remaining allegations in paragraph 74 of the Second Amended Complaint.

75.     Spence Defendants lack information sufficient to admit or deny the truth of the allegations in paragraph 75 of the Second Amended Complaint and, therefore, deny the same.

76.     Spence Defendants admit that Defendant Ambrose has used different names to market or offer trial skills courses over the years, but lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 of the Second Amended Complaint and, therefore, deny the same.

77.     Spence Defendants admit that the differences between the phrases Trial Lawyers University and Trial Lawyers College speak for themselves and deny any remaining allegations or characterizations in paragraph 77 of the Second Amended Complaint.

78.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 of Plaintiff's Second Amended Complaint.

79.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 of Plaintiff's Second Amended Complaint.

80.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 of Plaintiff's Second Amended Complaint.

81.     Spence Defendants deny the allegations in paragraph 81 of the Second Amended Complaint.

82.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 of Plaintiff's Second Amended Complaint.

83.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 of Plaintiff's Second Amended Complaint.

84.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 of Plaintiff's Second Amended Complaint.

85.     Spence Defendants deny the allegations in paragraph 85 of the Second Amended Complaint.

### COUNT 1 – ALLEGED TRADEMARK INFRINGEMENT, 15 U.S.C. § 1141, *ET SEQ.* ALL DEFENDANTS

86.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

87.     Spence Defendants deny the allegations in Paragraph 87 of Plaintiff's Second Amended Complaint.

88.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 88 of Plaintiff's Second Amended Complaint.

89.     Spence Defendants deny the allegations in Paragraph 89 of Plaintiff's Second Amended Complaint.

90.     Spence Defendants deny the allegations in Paragraph 90 of Plaintiff's Second Amended Complaint.

91.     Spence Defendants deny the allegations in Paragraph 91 of Plaintiff's Second Amended Complaint.

92.     Spence Defendants deny the allegations in Paragraph 92 of Plaintiff's Second Amended Complaint.

93.     Spence Defendants deny the allegations in Paragraph 93 of Plaintiff's Second Amended Complaint.

94.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 94 of Plaintiff's Second Amended Complaint.

95.     Spence Defendants deny the allegations in Paragraph 95 of Plaintiff's Second Amended Complaint.

96.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 96 of Plaintiff's Second Amended Complaint.

97.     Spence Defendants deny the allegations in Paragraph 97 of Plaintiff's Second Amended Complaint.

98.     Spence Defendants deny the allegations in Paragraph 98 of Plaintiff's Second Amended Complaint.

99.     Spence Defendants deny the allegations in Paragraph 99 of Plaintiff's Second Amended Complaint.

100.     Spence Defendants deny the allegations in Paragraph 100 of Plaintiff's Second Amended Complaint.

101.     Spence Defendants deny the allegations in Paragraph 101 of Plaintiff's Second Amended Complaint.

102.     Spence Defendants deny the allegations in Paragraph 102 of Plaintiff's Second Amended Complaint.

103.     Spence Defendants deny the allegations in Paragraph 103 of Plaintiff's Second Amended Complaint.

104.     Spence Defendants deny the allegations in Paragraph 104 of Plaintiff's Second Amended Complaint.

105.     Spence Defendants deny the allegations in Paragraph 105 of Plaintiff's Second Amended Complaint.

### COUNT 2 – ALLEGED UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF AND FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a) ALL DEFENDANTS

106.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

107.     Spence Defendants deny the allegations in Paragraph 107 of Plaintiff's Second Amended Complaint.

108.     Spence Defendants deny the allegations in Paragraph 108 of Plaintiff's Second Amended Complaint.

109.     Spence Defendants deny the allegations in Paragraph 109 of Plaintiff's Second Amended Complaint.

110.     Spence Defendants deny the allegations in Paragraph 110 of Plaintiff's Second Amended Complaint.

111.     Spence Defendants deny the allegations in Paragraph 111 of Plaintiff's Second Amended Complaint.

112.     Spence Defendants deny the allegations in Paragraph 112 of Plaintiff's Second Amended Complaint.

113.     Spence Defendants deny the allegations in Paragraph 113 of Plaintiff's Second Amended Complaint.

114.     Spence Defendants deny the allegations in Paragraph 114 of Plaintiff's Second Amended Complaint.

115.     Spence Defendants deny the allegations in Paragraph 115 of Plaintiff's Second Amended Complaint.

116.     Spence Defendants deny the allegations in Paragraph 116 of Plaintiff's Second Amended Complaint.

117.     Spence Defendants deny the allegations in Paragraph 117 of Plaintiff's Second Amended Complaint.

118.     Spence Defendants deny the allegations in Paragraph 118 of Plaintiff's Second Amended Complaint.

119.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 119 of Plaintiff's Second Amended Complaint.

120.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations.

Spence Defendants deny the remaining allegations in Paragraph 120 of Plaintiff's Second Amended Complaint.

121.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 121 of Plaintiff's Second Amended Complaint.

122.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations against Defendant Ambrose and therefore deny those allegations. Spence Defendants deny the remaining allegations in Paragraph 122 of Plaintiff's Second Amended Complaint.

123.     Spence Defendants deny the allegations in Paragraph 123 of Plaintiff's Second Amended Complaint.

### COUNT 3 – ALLEGED COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030
### GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THE THUNDERHEAD RANCH

124.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

125.     Spence Defendants admit the individual Spence Defendants are board members and had use of the listserv.  Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Defendant Joyce.  Spence Defendants deny any remaining allegations in Paragraph 125 of Plaintiff's Second Amended Complaint.

126.     Spence Defendants admit the allegations in Paragraph 126 of Plaintiff's Second Amended Complaint.

127.     Spence Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Defendant Joyce.  Spence Defendants deny all remaining allegations in Paragraph 127 of Plaintiff's Second Amended Complaint.

128.     Spence Defendants deny the allegations in Paragraph 128 of Plaintiff's Second Amended Complaint.

129.     Spence Defendants deny the allegations in Paragraph 129 of Plaintiff's Second Amended Complaint.

130.     Spence Defendants deny the allegations in Paragraph 130 of Plaintiff's Second Amended Complaint.

131.     Spence Defendants deny the allegations in Paragraph 131 of Plaintiff's Second Amended Complaint.

### COUNT 4 – DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836
### DEFENDANTS GSTI, GERRY SPENCE, ZELBST, PARRIS
### LOW, KENT SPENCE, AND JOYCE

132.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

133.     Spence Defendants deny the allegations in Paragraph 133 of Plaintiff's Second Amended Complaint.

134.     Spence Defendants admit that TLC serves individuals who reside in states other than Wyoming and denies all remaining allegations in Paragraph 134 of Plaintiff's Second Amended Complaint.

135.     Spence Defendants deny the allegations in Paragraph 135 of Plaintiff's Second Amended Complaint.

136.     Spence Defendants deny the allegations in Paragraph 136 of Plaintiff's Second Amended Complaint.

137.     Spence Defendants deny the allegations in Paragraph 137 of Plaintiff's Second Amended Complaint.

138.     Spence Defendants deny the allegations in Paragraph 138 of Plaintiff's Second Amended Complaint.

139.     Spence Defendants deny the allegations in Paragraph 139 of Plaintiff's Second Amended Complaint.

140.     Spence Defendants deny the allegations in Paragraph 140 of Plaintiff's Second Amended Complaint.

141.     Spence Defendants deny the allegations in Paragraph 141 of Plaintiff's Second Amended Complaint.

142.     Spence Defendants deny the allegations in Paragraph 142 of Plaintiff's Second Amended Complaint.

143.     Spence Defendants deny the allegations in Paragraph 143 of Plaintiff's Second Amended Complaint.

**COUNT 5 – ALLEGED MISAPPROPRIATION OF TRADE SECRETS UNDER WYOMING LAW**
**DEFENDANTS GSTI, GERRY SPENCE, ZELBST, PARRIS, LOW,**
**KENT SPENCE, AND JOYCE**

144.     Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

145.     Spence Defendants deny the allegations in Paragraph 145 of Plaintiff's Second Amended Complaint.

146.     Spence Defendants deny the allegations in Paragraph 146 of Plaintiff's Second Amended Complaint.

**COUNT 6 – ALLEGED CIVIL CONSPIRACY**
**ALL DEFENDANTS**

147.    Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

148.    Spence Defendants admit that there are five individuals among them and deny any remaining allegations in paragraph 148 of the Second Amended Complaint.

149.    Spence Defendants deny the allegations in Paragraph 149 of Plaintiff's Second Amended Complaint,

150.    Spence Defendants deny the allegations in Paragraph 150 of Plaintiff's Second Amended Complaint.

151.    Spence Defendants deny the allegations in Paragraph 151 of Plaintiff's Second Amended Complaint.

152.    Spence Defendants deny the allegations in Paragraph 152 of Plaintiff's Second Amended Complaint.

153.    Spence Defendants deny the allegations in Paragraph 153 of Plaintiff's Second Amended Complaint.

154.    Spence Defendants deny the allegations in Paragraph 154 of Plaintiff's Second Amended Complaint.

**COUNT 7 – DECLARATORY RELIEF**
**ALL DEFENDANTS**

155.    Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

156.    Spence Defendants deny the allegations in Paragraph 156 of Plaintiff's Second Amended Complaint.

157.    Spence Defendants deny the allegations in Paragraph 157 of Plaintiff's Second Amended Complaint.

158.    Spence Defendants deny the allegations in Paragraph 158 of Plaintiff's Second Amended Complaint.

159.    Spence Defendants deny the allegations in Paragraph 159 of Plaintiff's Second Amended Complaint.

160.    Spence Defendants deny the allegations in Paragraph 160 of Plaintiff's Second Amended Complaint.

161.    Spence Defendants deny the allegations in Paragraph 161 of Plaintiff's Second Amended Complaint.

COUNT 8 – INJUNCTIVE RELIEF<br>ALL DEFENDANTS

162.    Spence Defendants incorporate by reference their responses to all preceding paragraphs of their Answer.

163.    Spence Defendants deny the allegations in Paragraph 163 of Plaintiff's Second Amended Complaint.

164.    Spence Defendants deny the allegations in Paragraph 164 of Plaintiff's Second Amended Complaint.

165.    Spence Defendants deny the allegations in Paragraph 165 of Plaintiff's Second Amended Complaint.

166.    Spence Defendants deny the allegations in Paragraph 166 of Plaintiff's Second Amended Complaint.

167.    Spence Defendants deny the allegations in Paragraph 167 of Plaintiff's Second Amended Complaint.

168.    Spence Defendants deny the allegations in Paragraph 168 of Plaintiff's Second Amended Complaint.

169.    Spence Defendants deny the allegations in Paragraph 169 of Plaintiff's Second Amended Complaint.

170.    Spence Defendants deny the allegations in Paragraph 170 of Plaintiff's Second Amended Complaint.

171.    Spence Defendants deny the allegations in Paragraph 171 of Plaintiff's Second Amended Complaint.

### GENERAL DENIAL

The remainder of Plaintiff's Second Amended Complaint constitutes a prayer for relief to which no response is required.  To the extent a response may be required, Spence Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.  Unless expressly admitted herein, Spence Defendants deny all allegations contained in the Second Amended Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Spence Defendants incorporate by reference the foregoing paragraphs in their entirety and assert the following affirmative and other defenses.  By asserting these defenses, Spence Defendants do not admit they bear the burden of proof on any issue and do not accept any burden they would not otherwise bear.  Spence Defendants reserve all other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.  Spence Defendants reserve the right to amend and/or supplement these Affirmative Defenses as this case progresses and new information becomes known to it through discovery or otherwise.

### First Defense

Spence Defendants do not now infringe, and have not infringed in the past, either directly, indirectly, contributorily, by inducement, willfully, jointly, or otherwise, Plaintiff's trademarks.

### Second Defense

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

### Third Defense

Plaintiff's claims against Spence Defendants are barred or defeated, in whole or in part, by the fair use doctrine.

### Fourth Defense

Plaintiff has not suffered any damages and/or has failed to mitigate its damages.

### Fifth Defense

Plaintiff, and/or the individuals who purport to be acting on behalf of or controlling Plaintiff, lacks and has not acted upon proper, legal, and sufficient authority to institute this action in the name of the Plaintiff and/or maintain and assert the claims set forth in Plaintiff's Second Amended Complaint.

### Sixth Defense

Spence Defendants' actions as alleged herein, to the extent they occurred, were authorized.

### Seventh Defense

Plaintiff claims should be stayed and/or jurisdiction by this Court abstained under the *Colorado River* doctrine, the "prior exclusive jurisdiction" doctrine, and the prohibition against claim splitting.

### Eighth Defense

Plaintiff requested injunctive and other relief is barred by Plaintiff's unclean hands.

### Ninth Defense

Venue is improper in this Court as to Defendants Zelbst, Parris, and Low.

### Tenth Defense

This Court lacks personal jurisdiction over Defendants Zelbst, Parris, and Low.

### Reservation of Defenses

Spence Defendants reserve their right to rely upon additional defenses that become available or apparent during discovery and reserve their right to amend this pleading to assert such defenses as discovery proceeds.

### Attorneys' Fees

Spence Defendants request an award of the attorneys' fees and costs they have incurred in the defense of this action pursuant to applicable law.

### Jury Demand

Spence Defendants hereby demand a trial by jury on all claims and issues so triable.

## COUNTERCLAIMS/THIRD PARTY CLAIMS

Defendants Gerald L. Spence, Rex Parris, Joseph H. Low, John Zelbst, and Kent Spence ("Spence Counterclaim Plaintiffs" or "Spence Group"), through their attorneys, bring the following counterclaims and third-party claims against The Trial Lawyer's College, John Sloan, Milton Grimes, Maren Chaloupka, James R. Clary Jr., Dana Cole, and Anne Valentine ("the Sloan Group" or "Sloan Counterclaim Defendants").

### NATURE OF THE ACTION

1.      These counter and third-party claims seek to protect the name and likeness of Gerald L. ("Gerry") Spence and prevent the individuals known as Sloan Group from making false and misleading statements regarding their purported authority over and control of the Trial Lawyers College (TLC).  As the founder and leader of TLC since its inception, Gerry Spence's reputation and personal brand have been critical to the existence, growth, and success of TLC. The Sloan Group knows this, as they have continued to use Gerry Spence's name and likeness to promote TLC's goods and services despite claiming to have ousted Mr. Spence from TLC in May 2020.  Moreover, the Sloan Group has continued to make the false and misleading claim that they constitute the definitive true Board of TLC despite the pendency of Wyoming state court actions where this issue is clearly disputed and unresolved. The Sloan Group's false claim to be the true Board of TLC, and their efforts to usurp Gerry Spence's name and likeness for their benefit while at the same time pursuing this litigation against Gerry Spence, is shameless and unlawful.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. This action involves claims arising under the laws of the United States; specifically, the Lanham Act, 15

U.S.C. § 1051 *et. seq*. The Court has supplemental jurisdiction over the claims brought under

Wyoming law pursuant to 28 U.S.C. § 1367.

3.      This Court has personal jurisdiction over TLC because it is a non-profit

corporation organized and existing under the laws of the state of Wyoming with a registered

principal place of business at 1623 Central Avenue, Cheyenne, WY  82001.  Further, as the

Plaintiff in this action, TLC also affirmatively submitted itself to the jurisdiction of this Court.

4.      This Court has personal jurisdiction over John Sloan, Milton Grimes, Maren

Chaloupka, James R. Clary Jr., Dana Cole, and Anne Valentine because, during the relevant time

period, they were all either actual Board members of TLC or claimed to be actual Board

members of TLC, with the counterclaims in this case arising out of their actual or claimed status

as TLC Board members, and thus have purposefully availed themselves of the privileges of

Wyoming law through their long-time purported control of TLC, including their collective

decision to file and pursue this instant lawsuit against the Spence Group in Wyoming.

5.      Venue is proper under 28 U.S.C. § 1391 because many of the events giving rise to

claims occurred in this district.

**PARTIES**

6.      The Spence Counterclaim Plaintiffs are the original Defendants in this action and

possess the rightful claim to be members of the Board of Directors of The Trial Lawyers

College, who exercised their right under the Bylaws of The Trial Lawyers College to call a

Special Meeting of a duly constituted quorum on July 14, 2020 and vote on the election of new

Board members to replace the members whose terms had expired.

7.      TLC is a 501(c)(3) nonprofit corporation organized under Wyoming law. TLC's

registered principal place of business is 1623 Central Avenue, Cheyenne, WY 82001. Until April

26

2020, TLC operated at the Thunderhead Ranch, Dubois, WY, under a lease granted to it by the Spence Foundation.

8. Counterclaim Defendant John Sloan is an individual residing in or near Longview, Texas. He purports to be a Board member and the acting President of TLC but had not been reinstated since his term expired in 2015. He was specifically replaced pursuant to by-laws by the election of Sylvia Torres-Guillén to fill his seat on the Board at the Special Meeting of the Board held on July 14, 2020.

9. Counterclaim Defendant Milton Grimes is an individual residing in or near Los Angeles, California. He purports to be a TLC Board member but was specifically replaced pursuant to the by-laws by the election of Adrian Baca to fill the seat on the Board at the Special Meeting of the Board held on July 14, 2020.

10. Counterclaim Defendant Maren Chaloupka is an individual residing in Nebraska. She purports to be the acting Secretary of TLC but was never voted into that position by a majority vote of the Board, nor was she ever elected to the Board at a Board meeting or in any other manner recognized by the by-laws or the laws of Wyoming.

11. Counterclaim Defendant John R. Clary, Jr. is an individual residing in Louisiana. He purports to be the acting Treasurer of TLC. He was specifically replaced pursuant to the by-laws by the election of Haytham Faraj to fill the seat on the Board at the Special Meeting of the Board held on July 14, 2020.

12. Counterclaim Defendant Dana Cole is an individual residing in or near Akron, Ohio. He resigned his position on the Board on April 13, 2020 and was never reinstated as a Board member by a majority vote of the Board. He now purports to be a current TLC Board

member. His former Board seat was specifically filled pursuant to the by-laws by the election of Lee (Jody) Amedee III at the Special Meeting of the Board held on July 14, 2020.

13.     Counterclaim Defendant Anne Valentine is an individual residing in Ohio.  To the extent Ms. Valentine was lawfully on the Board during the relevant time period, she was replaced pursuant to the by-laws by the election of Hunter Hillin to fill the seat on the Board at the Special Meeting of the Board held on July 14, 2020.

### BACKGROUND ON THE TRIAL LAWYERS COLLEGE

14.     Counterclaim Plaintiff Gerry Spence is a nationally-recognized attorney heralded as America's Greatest 20th century lawyer by national lawyer organizations. He is respected by attorneys throughout the nation, having never lost a criminal case or (since 1969) a civil case. Gerry Spence has been heralded as America's greatest 20th century lawyer by national lawyer organizations.  In 2009 Gerry L. Spence was inducted into the National Trial Lawyers Hall of Fame, and his portrait hangs with John Adams, Clarence Darrow, and Melvin Belli in the Trial Lawyer National Portrait Gallery



15.     In 1993, Gerry Spence imagined a home where lawyers would be trained to learn and push themselves to be exceptional, true to themselves and the power that they have within to stand strong beside their client. With that vision in mind, in 1994 Gerry Spence founded and created TLC and established its home at the Thunderhead Ranch outside of Dubois, Wyoming.

16.    Pursuant to Gerry Spence's vision and Mission Statement, TLC is dedicated to training and educating lawyers and judges who are committed to the jury system and to representing and obtaining justice for individuals, with a particular focus on defending the poor, the injured, the forgotten, the voiceless, the defenseless, and the damned. TLC is also committed to protecting the rights of those individuals from corporate and government oppression.

17.    Gerry Spence's overwhelming success as an attorney and name recognition have been critical to the growth of TLC and since its founding, attracted thousands of attorneys to TLC to learn trial skills.  TLC has long used Gerry Spence's name and likeness, with his permission, to promote and provide TLC with the necessary skills, experience, and credibility that TLC has used and benefited from over the years.  Indeed, TLC's existence and success has entirely hinged on its close affiliation with Gerry Spence.

18.    Gerry Spence has served on the Board of Directors of TLC since its inception and further served as the President of TLC for much of its existence.

19.    Gerry Spence and his wife, Imaging Spence, together have contributed over $8 million in money and property to create and sustain TLC. His charitable foundation The Spence Foundation for People's Attorneys, Inc. ("the Spence Foundation") has allowed TLC to use Thunderhead Ranch virtually rent-free for over 25 years.

**GROWING DISAGREEMENT BETWEEN THE SPENCE GROUP AND THE SLOAN GROUP**

20.    In late 2019 and early 2020, a schism began to grow among the TLC Board members over various issues concerning TLC's governance, direction, vision, and finances.  The two factions on either side of this schism became known as the Spence group, consisting of Gerry Spence and the other named Spence Defendants in this action, and the Sloan Group consisting of John Sloan and the other named individual Counterclaim Defendants.

21.     This schism between the two factions grew to the point that, on April 13, 2020, the Spence Foundation sent TLC a notice of eviction from Thunderhead Ranch for failing to operate in compliance with its Mission Statement and, further, expressly directed TLC:

> to cease and desist from using the names "Gerry Spence", "Spence" and "Thunderhead Ranch" in connection with its operations. This includes the Thunderhead Ranch brand which Gerry owns. Accordingly, the College is directed to immediately remove all photos, videos and references (whether in digital or print media) of and to Gerry from the College's website, social media sites, alumni sites, course materials, marketing materials, promotional materials and all other digital and print media using Gerry"s name and likeness to promote the College. For avoidance of doubt, the College may not use Gerry's name or likeness in any way shape or form in connection with any of its operations.

22.     On April 28, 2020, due to the seemingly irreconcilable division among the Board and the resulting inability of TLC to fulfill its Mission Statement, the Spence Defendants initiated an action in Wyoming state court, *Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence v. The Trial Lawyers College*, Civil Action No. 193-124, Laramie County District Court, Wyoming ("the State Court Action"), in which the Spence Group sought an audit of TLC finances that remained in control by the Sloan Group, appointment of a Receiver to take control and preserve the assets of TLC, and other relief.

23.     In retaliation for these actions, the Sloan Group orchestrated a coup in an attempt to wrest total control of TLC from the Spence Group.  First, the Sloan Group called a Special Meeting of the Board to occur on May 6, 2020 via Zoom videoconference.  The TLC bylaws expressly state that the removal of any Board member requires a 2/3 majority vote by the Board. At the time of the May 5, 2020 Board meeting there were no more than 11 Board members, meaning that the Sloan Group needed seven votes to oust any member from the Board.  The Sloan Group at most had only six votes.

24.     Moreover, the Board status of two of the Sloan Group, Maren Chaloupka and Dana Cole, was in dispute, as Ms. Chaloupka was never formally elected to the Board, and Mr. Cole had previously agreed to resign from the Board.

25.     Lacking the votes to expel any of the Spence Group, the Sloan Group instead devised a plan to remove the Spence Group using an unlawful end-around of the 2/3 majority requirement.  First, the Sloan Group passed a motion to amend the Bylaws to change the number of Board members to no more than eleven (11).  Although the total Board members at that time was no more than eleven, the Sloan Group declared that this new Bylaw had the effect of removing *all* members from the Board.  Although, according to the Sloan Group's logic, this meant that no one was left on the Board, the Sloan Group simply ignored this logical flaw in their plan and proceeded to elect the six of themselves back onto the Board.

26.     The Spence Group, meanwhile, objected to the new bylaw, objected to the purported effect of removing Board members, and objected to the Sloan Group's unilateral "election" of voting themselves back onto the Board.  When the Spence Group similarly moved to vote themselves back onto the Board, the Sloan Group summarily denied their motions and promptly terminated the Zoom video connection of the five Spence Group members, including Gerry Spence.

27.     The May 6, 2020 "elections" were a sham and unlawful under TLC bylaws and Wyoming state non-profit law, and there was no lawful process to remove any of the Spence Group members from the Board.  As a result, subsequent to the May 6, 2020 meeting, there was no legal change to the TLC Board membership, and the status of Maren Chaloupka and Dana Cole as Board members remained in dispute.

28.     Exactly one week after the May 6, 2020 sham election, on May 13, 2020, the Sloan Group purporting to act as the sole Board of TLC[1], filed the instant lawsuit against each of the individual members of the Spence Group based on their continued use of and reference to TLC, which the Sloan Group claimed constituted trademark infringement. In their Complaint and subsequent proceedings and filings, the Sloan Group (purporting to act on behalf of TLC) has argued that Gerry Spence and the other Spence Group members no longer have any lawful association with TLC, and that any continued reference by Gerry Spence or the other members of the Spence Group regarding TLC constitutes trademark infringement.

29.     On July 14, 2020, Gerry Spence and the other members of the Spence Group duly Noticed a Board meeting of TLC in accordance with TLC bylaws, in order to conduct elections for Board member terms that had expired.  The Sloan Group received the Notice but chose not to attend.  The Spence Group proceeded to conduct elections for the TLC Board and replaced each of the Sloan Group members with new members of the TLC Board.  As a result, as of July 14, 2020, each of the Sloan Counterclaim Defendants no longer were members of the TLC Board and are not authorized to represent or act on behalf of TLC in any manner.

30.     The Sloan Group (purporting to act on behalf of TLC) has taken the position that any reference or mention by Gerry Spence or the Spence Group to TLC is creating "confusion" among the relevant public by suggesting that Gerry Spence is still affiliated with TLC when, according to the Sloan Group based on the sham "election" of the May 6 meeting, he does not.

---

[1] For purposes of clarity, all references to Trial Lawyers College or TLC from this point forward in the Counterclaims refers specifically to TLC as purportedly controlled by the Sloan Group, who the Spence Counterclaim Plaintiffs contend have no lawful right or authority to take any actions on behalf of TLC.

**THE SLOAN GROUP'S UNAUTHORIZED USE OF GERRY SPENCE'S NAME AND LIKENESS**

31.    Notwithstanding their positions and arguments, the Sloan Group has continued to

try and reap the benefits of Gerry Spence's name and likeness to further promote, seek monetary

contributions for, and prop up their version of TLC.  For example, TLC's Facebook page, which

remains in control of the Sloan Group, contains numerous videos either with Gerry Spence as

one of the speakers or as the primary speaker, with the current "Most Popular" video featuring

Gerry Spence:



32.    Notably, when its Most Popular video feature Gerry Spence is displayed, TLC

includes a conspicuous "Donate" link in close proximity so as to entice viewers to make a

monetary donation to TLC in full view of its unlawful misappropriation of Gerry Spence's name

and likeness.  TLC's Facebook page, used by TLC to promote itself and solicit monetary

donations, currently lists nearly fifty (50) separate videos all featuring or including Gerry

Spence.

33.     TLC also continues to use advertisements that falsely claim that TLC is still

connected with Thunderhead Ranch, which is owned by the Spence Foundation.  Despite the fact

that TLC was evicted from Thunderhead Ranch in April 2020, TLC has maintained advertising

such as the one depicted below in an effort to falsely claim a continued connection to the Spence

Foundation's Thunderhead Ranch:



34.     On the very day that TLC was seeking a preliminary injunction against Gerry

Spence and the other Spence Group to prevent them from using the TLC trademark and

Thunderhead Ranch cattle brand that Mr. Spence registered and maintained since 1965, TLC's

own Executive Director Laurie Goodman was conspicuously exploiting Gerry Spence's name on

her publicly-available LinkedIn page:



35.     In addition, TLC has sent out fundraising emails to TLC alumni seeking monetary donations to keep the Sloan Group's version of TLC alive by making false statements regarding "preserving Gerry Spence's dream," purporting to speak on behalf of Gerry Spence ("Would Gerry Spence have let this happen?"), and making further false statements regarding Gerry Spence's wishes, all in an effort to raise money to support the Sloan Group, without informing potential donators that *the money being donated is being used to fund this lawsuit against Gerry Spence.*

**THE SLOAN GROUP'S FALSE AND MISLEADING CLAIMS AS TO CONTROL OF TLC**

36.     This Court has recognized that the question of which faction, the Spence Group or the Sloan Group, possesses the legal right and authority to control and act on behalf of TLC is a question that is pending and will ultimately be decided by the State Court Action.

37.     This Court has further recognized that, while the State Court Action remains pending, it would be false and misleading to claim definitively to be the true Board of TLC. ECF

No. 46 at 19 (enjoining Defendants from purporting "definitively to be Plaintiff's true Board unless and until such time as the state court makes a ruling to that effect.")

38.     Clearly, it is no less false or misleading for the Sloan Group to make the undisputed claim that they are the "true Board" of TLC than it would be for the Spence Group, given that the State Court Action remains pending and has not made any ruling to that effect. The Sloan Group has gone so far as to seek contempt of court sanctions against the Spence Group for making any public claim as to control or Board membership of TLC.

39.     Notwithstanding the pendency of the State Court Action and the clear, *disputed* nature of the Sloan Group's authority to act on behalf of TLC, the Sloan Group has continued to purport to act on behalf of TLC, represent themselves as the definitive, true and only Board members of TLC, and take actions on behalf of TLC that are harmful and damaging not only to the Spence Group but to TLC itself.

40.     Of particular concern to the Spence Group is the fact that the Sloan Group maintains control of all TLC funds (primarily in the form of charitable donations from TLC Alumni) in excess of $5 million, which the Sloan Group previously moved from TLC's bank in Wyoming to a bank in Louisiana, the home state of Counterclaim Defendant James R. Clary. Despite multiple requests for an audit, the Sloan Group has, to date, refused to provide any disclosures to the Spence Group as to TLC's finances or expenditures, which the Sloan Group has been unilaterally using for their own ends (including, for example, to fund this current lawsuit).

**FIRST COUNTERCLAIM**
**Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(A)**
**(Gerry Spence against Sloan Counterclaim Defendants)**

41.     The Spence Counterclaim Plaintiffs incorporate the allegations asserted in the preceding paragraphs of these counterclaims as if fully set forth herein.

42.     The Lanham Act imposes civil liability on anyone who uses a name in connection with goods or services used in commerce that is likely to cause confusion or mistake as to the affiliation, connection, or association of a person with another.

43.     Despite purporting to sever its ties to Gerry Spence, Sloan Counterclaim Defendants have continued to use his name in connection with TLC's legal education services that it offers in commerce. TLC (via the Sloan Counterclaim Defendants) has included his name with promotional materials, its Facebook page, and employee LinkedIn profiles. In doing so, TLC is attempting to capitalize on the fame and reputation of Gerry Spence and use his name to convey to the legal community that there exists an affiliation or association with Gerry Spence.

44.     The Sloan Group's continued use and exploitation of Gerry Spence's name is unauthorized and without his permission.

45.     Indeed, the unauthorized use and exploitation of Gerry Spence's name continues even while TLC (via the Sloan Counterclaim Defendants) is purporting to sue Gerry Spence for injunctive relief on the very same issue—alleging in this action that Gerry Spence is falsely claiming a continued affiliation with TLC.

46.     TLC's continued use of Gerry Spence's name in connection with the promotion and offering of its services creates a likelihood of confusion or mistake about his affiliation with TLC.

47.     TLC's conduct as alleged herein has and will cause actual damages and irreparable harm and damages to Gerry Spence, for which Gerry Spence has no adequate remedy at law.

## SECOND COUNTERCLAIM
### Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(B)
### (Gerry Spence against Sloan Counterclaim Defendants)

48.     The Spence Counterclaim Plaintiffs incorporate the allegations asserted in the preceding paragraphs of these counterclaims as if fully set forth herein.

49.     The Lanham Act imposes civil liability on anyone who uses a name in connection with goods or services used in commerce that in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origins of his or her goods or services.

50.     Despite purporting to sever its ties to Gerry Spence, TLC has continued to use his name in connection with promotion and advertisement of TLC's legal education services that it offers in commerce. TLC has included his name with promotional materials, its Facebook page, and employee LinkedIn profiles. In doing so, TLC is misrepresenting the nature, characteristics and quality of its service offerings as being approved by or affiliated with Gerry Spence, when they are not.

51.     TLC's continued use and exploitation of Gerry Spence's name in its advertising is unauthorized and without his permission.

52.     TLC's conduct as alleged herein has and will cause actual damages and irreparable harm and damages to Gerry Spence, for which Gerry Spence has no adequate remedy at law.

### THIRD COUNTERCLAIM
### Wrongful Appropriation of Name and Likeness
### (Gerry Spence against Sloan Counterclaim Defendants)

53.     The Spence Counterclaim Plaintiffs incorporate the allegations asserted in the preceding paragraphs of these counterclaims as if fully set forth herein.

54.     Wyoming recognizes a tort for the invasion of privacy including the appropriation of another's name or likeness.  Under Wyoming law, Gerry Spence has the right to control the use of his name or likeness by others.

55.     Despite purporting to sever its ties to Gerry Spence, TLC has continued to use his name and likeness in connection with promotion and advertisement of TLC's legal education services that it offers in commerce. TLC has included his name with promotional materials, its Facebook page, and employee LinkedIn profiles.

56.     TLC's continued use and exploitation of Gerry Spence's name and likeness is unauthorized and without his permission.

57.     TLC has wrongfully violated Gerry Spence's right to privacy and control over his name and likeness. TLC has profited from this violation and caused damages to Gerry Spence.

58.     TLC's conduct as alleged herein has and will cause actual damages and irreparable harm and damages to Gerry Spence, for which Gerry Spence has no adequate remedy at law.

### FOURTH COUNTERCLAIM
### Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(A)
### (Spence Counterclaim Plaintiffs against Sloan Counterclaim Defendants)

59.     The Spence Counterclaim Plaintiffs incorporate the allegations asserted in the preceding paragraphs of these counterclaims as if fully set forth herein.

60. The Sloan Counterclaim Defendants have engaged in false and misleading description and representations of fact regarding TLC and their affiliation with TLC by using TLC marks, controlling TLC's website, controlling TLC's listserv (and banning the Spence Counterclaim Plaintiffs from the same), controlling TLC's finances, making numerous public statements, and even filing and maintaining this instant lawsuit, all to falsely cloak themselves as being the true board of TLC.

61. The Sloan Counterclaim Defendants have falsely claimed to be the definitive, true Board of TLC with full knowledge of the pending State Court Action in which the Sloan Counterclaim Defendants' claim to TLC remain disputed , which even this Court acknowledged remains a disputed issue until the State Court Action decides the issue.

62. The Sloan Counterclaim Defendants' repeated and persistent claims to be the definitive true Board of TLC, coupled with their continued use of TLC trademarks and other TLC assets and other conduct as alleged herein, has and will cause actual damages and irreparable harm and damages to the Spence Counterclaim Plaintiffs for which they have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, the Spence Counterclaim Plaintiffs request the Court enter Judgment in their favor and against the Sloan Counterclaim Defendants as follows:

a. Granting temporary, preliminary, and permanent injunctive relief enjoining the Sloan Counterclaim Defendants and each of their agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

i. using the name or likeness of Gerry Spence in connection with the promotion, advertising, solicitation of donations, or providing any goods or services;

ii.    otherwise committing any acts likely to confuse the public into believing that TLC as purportedly controlled by the Sloan Counterclaim Defendants is associated, approved by, affiliated or sponsored by Gerry Spence, in whole or in part, in any way;

iii.    using, exerting control over, depleting, or exploiting any TLC asserts (including but not limited to all TLC trademarks, finances, property, and all other TLC asserts) until such time as the State Court Action is resolved; and

iv.    making any public communications or statements to the effect that the Sloan Counterclaim Defendants is definitively the true Board of TLC or have the undisputed authority to act on behalf of TLC;

b.    Awarding to the Spence Counterclaim Plaintiffs any and all damages and losses suffered by them as a result of the Sloan Counterclaim Defendants' conduct as set forth herein, and trebled pursuant to 15 U.S.C. § 1117 and applicable state law;

c.    Awarding to the Spence Counterclaim Plaintiffs the costs of this action and reasonable attorneys' fee and costs, pursuant to 15 U.S.C. § 1117 and applicable state law;

d.    Awarding to the Spence Counterclaim Plaintiffs pre-judgment and post-judgment interest on all moneys recovered by or awarded to them;

e.    Ordering the Sloan Counterclaim Defendants to file with the Court and serve on Spence Counterclaim Plaintiffs' counsel a report setting forth the manner and form of their compliance with the Court's orders; and

f.    Granting such other and further relief as the Court deems just, equitable, and appropriate.

## JURY DEMAND

The Spence Counterclaim Plaintiffs demand a trial by jury on all issues so triable.

DATED:  October 21, 2020.

> */s/ Jeffrey S. Pope*
> Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
> Jeffrey S. Pope (Wyo. State Bar # 7-4859)
> HOLLAND & HART LLP
> 2515 Warren Avenue, Suite 450
> P.O. Box 1347
> Cheyenne, WY 82003-1347
> Telephone: 307.778.4200
> bcave@hollandhart.com
> jspope@hollandhart.com
>
> Timothy Getzoff (admitted *pro hac vice*)
> HOLLAND & HART LLP
> 1800 Broadway, Suite 300
> Boulder, COP 80302
> Telephone: 303.473.2700
> tgetzoff@hollandhart.com
>
> ATTORNEYS FOR DEFENDANTS GERRY
> SPENCE TRIAL INSTITUTE, GERALD L.
> SPENCE, JOHN ZELBST, REX PARRIS,
> JOSEPH H. LOW AND KENT SPENCE
>
> NORMAN A. PATTIS (admitted *pro hac vice*)
> Pattis & Smith, LLC
> 383 Orange St.
> New Haven, CT 06511
> 203.393.3017 (phone)
> npattis@pattisandsmith.com
>
> ATTORNEY FOR REX PARRIS

15549950_v4