Electronically FILED by Superior Court of California, County of Los Angeles on 11/05/2020 02:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
Case 1:20-cv-00080-JMC   Document 428-1   Filed 12/18/20   Page 1 of 25
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

R. Rex Parris, SBN 96567
  rrex@parris.com
Alexander R. Wheeler, SBN 239541
  alex@parris.com
**PARRIS LAW FIRM**
43364 10th Street West
Lancaster, CA  93534
Telephone:  (661) 949-2595
Facsimile:  (661) 949-7524

Norm Pattis, SBN 40861(*pro hac vice pending*)
  npattis@pattisandsmith.com
**PATTIS & SMITH, LLC**
383 Orange Street
New Haven, CT 06511
Telephone:  (203) 393-3017

Attorneys for Plaintiff, GERRY SPENCE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GERRY SPENCE,<br><br>                  Plaintiff,<br><br>               v.<br><br>JAMES R. CLARY (a/k/a "J. R. Clary");<br>JOHN SLOAN; DANA COLE; MILTON<br>GRIMES; and DOES 1 through 20, inclusive,<br><br>                Defendants. | Case No.  20STCV42478<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1.  Fraud;<br>2.  Conversion;<br>3.  Breach of Fiduciary Duty;<br>4.  Negligent Misrepresentation;<br>5.  Intentional Infliction of Emotional<br>     Distress;<br>6.  Elder Financial Abuse<br><br>**DEMAND FOR JURY TRIAL** |

**EXHIBIT**

**A**

**COMPLAINT**

Plaintiff, GERRY SPENCE ("Plaintiff"), sues Defendants, JAMES R. CLARY (a/k/a "J. R. Clary"); JOHN SLOAN; DANA COLE; MILTON GRIMES; and DOES 1 through 20, inclusive, and in support thereof, allege:

## INTRODUCTION

1.     In 1994 Plaintiff Gerry Spence imagined not just a space, but a home where lawyers would be trained to represent the disadvantaged, the disempowered, the disenfranchised, and the damned. A home where lawyers would learn and push themselves to be exceptional, true to themselves and the power they have within to stand strong beside their client. A home to train lawyers to have the skills and passion to represent people against the government and the largest of corporations. With that vision in mind, Gerry Spence founded, created, and opened the doors to his home – a home called the Gerry Spence Trial Lawyers College at Thunderhead Ranch.



2.     Plaintiff Gerry Spence contributed millions of dollars in money and property to create the Trial Lawyers College. Plaintiff allowed the Trial Lawyers College to use the Thunderhead Ranch virtually rent-free for over 25 years.

3.     Plaintiff Gerry Spence bought the Double Diamond Ranch in Dubois, Wyoming in 1975. He moved his cattle and brand from his ranch, Thunderhead Ranch in Fort Washakie, Wyoming to the Thunderhead Ranch in Dubois. He bred Simmental cattle in Fort Washakie with the Thunderhead Ranch brand for five years before moving to Dubois. From 1975 to 1993, he continued to breed cattle in Thunderhead Ranch in Dubois.

4.     Plaintiff Gerry Spence spent considerable time and effort creating the Thunderhead Ranch brand. The brand was drawn by Plaintiff Gerry Spence himself in 1965. He used his artwork to identify his ranch and livestock for the twenty-four years Plaintiff Gerry Spence had

**COMPLAINT**

a cattle business. This brand also continues to identify Thunderhead Ranch.[1]

5.      Plaintiff Gerry Spence was the true owner of the brand and logo at all times. Besides any accrued financial value, the brand and logo, after five decades, have as much personal meaning and significance to Plaintiff as the "Spence" surname itself. The brand and logo also has considerable intrinsic value to Plaintiff.

6.      The distinct brand Gerry Spence created had three clouds with a lightning bolt near the top. This has been the brand and logo for his Thunderhead Ranch for over 50 years. Gerry Spence registered the brand with the State of Wyoming on December 2, 1965, taking care to protect and never let the brand registration lapse. *See* Exhibit A, Owners Wyoming Brand Certificate, Number A2579600-7.



7.      Unbeknownst to Plaintiff Gerry Spence, in 2012, Defendant James R. Clary made a false and fraudulent claim to the United States Patent Office that TLC owned Plaintiff's brand and logo. *See* Exhibit B, Trademark/Service Mark/Application, Principal Register. Relying on the fiduciary relationship Plaintiff shared with Defendants, Plaintiff remained unaware until on or about June 2020 that his personal brand and logo had been stolen.

8.      No later than June 1, 2020, all the Defendants knew that Defendant Clary had misappropriated the Thunderhead Ranch brand and logo.

9.      Adding further insult to injury, Defendants have taken and continue to refuse to provide Plaintiff with his personal and intellectual property. Defendants stole Plaintiff Gerry

---

[1]      Defendants have recently sought to deprive Plaintiff of this ability.

**COMPLAINT**

Spence's intellectual property including, but not limited to his videos, digital media, print media, and photographs. As if the decades of Plaintiff's giving were not enough, Defendants now seek to justify their scandalous attempt to deprive Gerry Spence of his image, his work, his videos, his photographs, and his legacy by refusing to return his brand, logo, and his personal and intellectual property.

10.    Defendants are engaging in conduct willfully and deliberately designed to strip Plaintiff Gerry Spence of a lifetime of personal, intellectual, and artistic accomplishments.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over all causes of action asserted. The amount in controversy exceeds the jurisdictional minimum of this court.

12.    Defendants are subject to the jurisdiction of this court by virtue of their dealings and transactions in California and by having caused injuries through their acts and omissions to Plaintiff in California. Rendering and exercising jurisdiction by this court is permissible under traditional notions of fair play and substantial justice.

13.    Plaintiff brings this action to redress violations of California statutory and common law. The amount in controversy exceeds the jurisdictional minimum of this Court.

14.    Venue is proper in this Court because one Defendant lives in the County of Los Angeles and he was so residing when a substantial portion of the events, acts, omissions, and transactions complained of occurred.

## THE PARTIES

**A.    PLAINTIFF**

15.    Plaintiff Gerry Spence is a nationally recognized attorney heralded as one of America's greatest 20th century lawyers by national lawyer organizations. In 2009, Gerry Spence was inducted into the National Trial Lawyers Hall of Fame, and his portrait hangs with John Adams, Clarence Darrow, Melvin Belli, and Ruth Bader Ginsburg in the Trial Lawyers National Portrait Gallery.

/ / /

/ / /

3

**COMPLAINT**



16.     His success in the courtroom has only been matched by his generosity in spirit, sharing his talent to help others help the most vulnerable. He is respected by attorneys throughout the nation and has attracted thousands of attorneys to the Trial Lawyers College to learn trial skills.

17.     Plaintiff Gerry Spence is a 91-year-old man and was an "elder" within the meaning of Welfare and Institutions Code section 15610.27. He was born on January 8, 1929.



**B.     DEFENDANTS**

18.     Defendants John Sloan, Dana Cole, and Milton Grimes were not acting in their capacity as board members of TLC when doing the things complained of herein.

19.     Defendant James R. Clary (also known as "J. R. Clary") is an attorney licensed in the State of Louisiana. He served on the Trial Lawyers College Board since 2009, and on the Executive Committee from January 2014 to May 6, 2020. He occupied a position of trust with Plaintiff and he knew that Plaintiff shared his confidences with him and relied on him for TLC business and legal advice.

20.     Defendant John Sloan is an attorney licensed in the State of Texas. He served on the Trial Lawyers College Board and on the Executive Committee. He occupied a position of

trust with Plaintiff and he knew that Plaintiff shared his confidences with him and relied on him for business and legal advice.

21.     Defendant Dana Cole is an attorney licensed in the State of Ohio. He served on the Trial Lawyers College Board and on the Executive Committee. He occupied a position of trust with Plaintiff and shared his confidences.

22.     Defendant Milton Grimes is an attorney licensed in in the State of California. He served on the Trial Lawyers College Board and on the Executive Committee. He occupied a position of trust with Plaintiff and he knew that Plaintiff shared his confidences with Defendant Grimes and relied on him for legal advice.

23.     By July 14, 2020, Defendants James R. Clary, John Sloan, Dana Cole, and Milton Grimes were no longer on the Board of the Trial Lawyers College.[2]  Defendants dispute their status on the Board and the Wyoming Courts have not yet decided who is on the Board of Directors for TLC.

## DOE DEFENDANTS

24.     The true names and capacities of the Defendants named as DOES 1 through 20, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names under California Code of Civil Procedure section 474. Plaintiff is informed and believes that Doe Defendants are California residents or individuals over whom this court has jurisdiction. Plaintiff will amend his complaint to show such true names and capacities when ascertained. Based on information and belief, Plaintiff alleges that Defendants sued as DOES 1 through 20, inclusive, and each, are liable in whole or in part for the wrongful acts.

## AGENCY, AIDING AND ABETTING, AND CONSPIRACY

25.     Each Defendant was and is the agent of each of the remaining Defendants, and in doing the acts alleged, was acting within the course and scope of such agency. Each Defendant

---

[2]     Plaintiff maintains that Defendants Clary, Sloan, Cole, and Grimes are no longer on the Trial Lawyers College Board. Plaintiff acknowledges that that is an issue that is in dispute and pending in Wyoming District Court. That fact, however, is not dispositive in this matter.

1   ratified and/or authorized the wrongful acts of each Defendant.

2       26.    In committing the wrongful acts alleged, the Defendants have pursued or joined in

3   pursuing a common course and conduct and have acted in concert with and conspired with one

4   another in furtherance of the improper acts and transactions that are the subject of this complaint.

5       27.    Each Defendant aided and abetted and rendered substantial assistance and wrongs

6   complained of in taking such actions to substantially assist the commission of the wrongdoing

7   complained of. Each Defendant acted knowing the primary wrongdoing, substantially assisted in

8   the accomplishment of that wrongdoing, and knew of his or its overall contribution to the

9   furtherance of the wrongdoing.

10                          **FACTUAL BACKGROUND**

11      28.    The Trial Lawyers College (TLC) is a 50l(c)(3) nonprofit corporation providing

12  continuing legal education services and conducting seminars and other training programs for

13  lawyers and judges. TLC is led by a Board of Directors (the "Board").

14      29.    TLC has conducted its training and education services throughout the United States

15  of America, including Los Angeles, California, and in Dubois, Wyoming, since its inception in

16  August 1993.

17      30.    TLC has held their Board meetings in California and Wyoming.

18      31.    In June 2000, the Trial Lawyers College Board approved and recorded in the

19  minutes its unequivocal policy that no person who is a civil defense lawyer will knowingly be

20  permitted to participate in any TLC program.

21      32.    Defendant James R. Clary was admitted to the faculty of the Trial Lawyers College

22  in 2005. Defendant Clary joined the TLC Board in November 2009. Defendant Clary never

23  disclosed that he was a civil defense attorney. Had he disclosed that he was a civil defense lawyer,

24  Defendant Clary would have been barred from participating in TLC given that the bylaws

25  prohibit civil defense lawyers from participating in TLC. Defendant Clary kept this information

26  secret from Plaintiff.

27      33.    Notwithstanding Defendant Clary's deceit, he was a member of the TLC Board and

28  had a fiduciary duty to Plaintiff.

**COMPLAINT**

34.     Defendants James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 20 solicited and engaged in financial transactions with Plaintiff, who was vulnerable due to his advanced age, physical infirmity, and emotional state. Defendants relied on Plaintiff's vulnerability to solicit and accept empowerment over him and purported to act and advise Plaintiff with Plaintiff's interest in mind, which prevented Plaintiff from protecting himself.

35.     Defendants James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 20 entered a confidential relationship with Plaintiff by advising him on financial and legal matters giving rise to a fiduciary relationship.

36.     Defendants James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 10 held a fiduciary relationship with plaintiff Gerry Spence and he relied on them to protect his interests and keep him fully informed of all material facts concerning the Thunderhead Ranch and the Trial Lawyers College.

37.     On January 17, 2012, lawyers, at the behest and direction of Defendant Clary, falsely represented to the United States Patent and Trademark Office (the "USPTO") that TLC was the owner of the Thunderhead Ranch logo.

38.     Defendant Clary's attorneys applied to and received from the USPTO this federally registered trademark for TLC, even though Clary knew it was the Thunderhead Ranch brand and logo which was owned by Plaintiff Gerry Spence.



39.     Defendant Clary spearheaded the effort to trademark the Thunderhead Ranch brand and logo as the TLC logo. On or about January 25, 2012, Defendant Clary represented to Gerry Spence and the TLC Board that he would seek a trademark for the separate and distinct TLC

logo. Defendant Clary fraudulently concealed from Plaintiff that he had already caused an application to be filed to trademark the separate and distinct *Thunderhead Ranch* brand and logo owned and registered by Plaintiff in Wyoming. He fraudulently concealed that he had no intention of seeking a trademark for the separate and distinct *TLC* brand and logo.



40.   The TLC Board never authorized Defendant Clary to seek a trademark for either the Thunderhead Ranch brand and logo or the separate and distinct TLC logo.

41.   Plaintiff Gerry Spence spoke with Defendant Clary and the other Defendants about the TLC logo and Defendant Clary's efforts to trademark the TLC logo. These discussions took place in the State of California, and the State of Wyoming.

42.   Plaintiff Gerry Spence relied on Defendant Clary's representations and did not object to Defendant Clary obtaining a registered trademark of the "TLC" logo. However, he never authorized or approved of anyone trademarking the Thunderhead Ranch brand and logo or to take it from him.

43.   Plaintiff Gerry Spence is the true owner of the Thunderhead Ranch brand and logo. At most, he allowed TLC to incorporate it into the TLC logo when Defendant Clary trademarked the TLC logo, but Plaintiff Gerry Spence never agreed to allow Defendant Clary to trademark the Thunderhead Ranch brand and logo.

44.   The last time any of the Defendants made assurances to Gerry Spence that they were seeking to only trademark the TLC logo was on January 25, 2012, in Cambria, California. This was memorialized in the Board minutes for the Trial Lawyers College on January 25, 2012.

Defendant Clary announced he had applied to trademark the words: "Trial Lawyers College." He then stated, without discussion: "we will trademark the LOGO, too." He never indicated that he was seeking a trademark for the *Thunderhead Ranch* brand and logo rather than the *TLC* logo.

45.    Defendants perpetuated the ruse by placing a ™ on the TLC logo even though the TLC logo has never been trademarked. *See supra,* at para. 39.

46.    Defendant Clary, with the subsequent support and ratification of the other Defendants, recognized the value of exploiting Plaintiff's exceptional reputation and so connived to use Plaintiff's brand and logo without offering or providing to Plaintiff any compensation or other consideration for its initial and continued use.

47.    Plaintiff, trusting and relying on Defendant Clary and the other Defendants, continuously allowed TLC to incorporate the Thunderhead Ranch brand and logo into the Trial Lawyers College logo. At no point, however, would allowing TLC to use his personal Thunderhead Ranch brand and logo become a waiver of Plaintiff's exclusive and true ownership of Gerry Spence's artistic creation and Plaintiff's brand and logo.

48.    Plaintiff Gerry Spence approved the Trial Lawyers College use of the TLC logo on TLC advertising, marketing, and promotional materials. The Trial Lawyers College logo is used by many graduates of TLC in their marketing materials.



49.    The first time Plaintiff learned that Defendant Clary and the other Defendants had misappropriated his brand and logo was on or about June 2020, while Plaintiff was quarantined during the COVID 19 epidemic.

50.    On or about June 2020, Plaintiff learned that TLC had applied to and received from the United States Patent and Trademark Office (the "USPTO") a federally registered trademark.

Specifically, per Registration Number 4,198,054 (the "'054 Mark"), registered August 28, 2012, TLC claimed to own Gerry Spence's *Thunderhead Ranch* brand and logo – the brand and logo that Plaintiff had registered in Wyoming half a century ago and was clearly his creation. Defendant Clary, wrongly trademarked *Gerry Spence's* distinctive brand and logo rather than the *TLC* trademark.

51.     Surprised by the spurious and audacious allegation, until that moment, Gerry Spence believed the Thunderhead Ranch brand and logo was his personal property. Only then did Plaintiff understand that Defendant Clary's false and fraudulent representations in 2012, that he was seeking a United States Trademark for the TLC logo was a lie.  Not until June 2020 did Plaintiff learn that James R. Clary had trademarked the Thunderhead Ranch brand and logo that was created by and belonged to Plaintiff.

52.     Before May 2020, Defendants claimed the only logo trademarked was the TLC logo. Defendants even caused a "TM" designation to appear on the TLC logo when they knew that the TLC logo had never been separately trademarked in order to continue their subterfuge.

53.     Significantly, Defendants never explicitly asked for, nor did Plaintiff ever contemplate, approve, or authorize at the outset, nor at any point thereafter, TLC claiming any exclusive right to use or any exclusive right of ownership of Plaintiff's Thunderhead Ranch brand and logo. Plaintiff did not knowingly and intentionally relinquish any legal interest. Plaintiff asserts that, at all times, he retained the legal ownership interest and separate right to use the Thunderhead Ranch brand and logo.

54.     Defendants James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 10 knew that the Thunderhead Ranch Brand and logo was the property of Gerry Spence.

55.     Defendants wrongly retained and exerted control over the brand and logo all to the injury and detriment of Plaintiff.

56.     Plaintiff does not know when Defendants John Sloan, Milton Grimes, and Dana Cole learned that Defendant James R. Clary had misappropriated the Thunderhead Ranch brand and logo. Plaintiff is informed and believes, however, that Defendants learned, by June 1, 2020, that the Thunderhead Ranch brand and logo was misappropriated and illegally trademarked.

57.     Defendants are claiming exclusive possession and claim they retained title to Plaintiff's brand and logo.

58.     Gerry Spence is a nationally recognized attorney, heralded as one of America's greatest 20th century lawyers and honored by the National Trial Lawyers Hall of Fame where his portrait hangs in the Trial Lawyers National Portrait Gallery alongside John Adams, Clarence Darrow, Melvin Belli, and Ruth Bader Ginsburg. He is respected by attorneys throughout the nation and has attracted thousands of attorneys to the Trial Lawyers College to learn and to become great trial lawyers and human beings. For decades, he invested his time, his energy, and his financial resources to share his knowledge, commitment, and passion with "his family" at the Trial Lawyers College. The abject betrayal and the concomitant acts of these Defendants are causing and have caused him severe anguish, stress, disappointment, and humiliation. Having people he trusted steal his logo and brand at the end of an illustrious career is devastating, unconscionable, and heartbreaking.

59.     In addition, Defendants have in their possession and refused to return Gerry Spence's intellectual property. This taking includes a lifetime of photographs, paintings, and videos of Gerry Spence at the ranch, at regional seminars, and myriad events in the last 25 years. This includes years of videos/Super 8/8 mm/cd/cassette tape recordings, including movies and footage from 1994 through 2019 of Gerry Spence.

60.     In sum, Gerry Spence knew nothing about Defendant Clary's false and fraudulent claim to the USPTO that TLC owned the brand and logo that Defendant Clary was registering. Gerry Spence would have taken action to stop the theft of his property if he had been told the true facts by Defendant Clary.

61.     In May 2020, Defendants knew, or should have known, that Defendant Clary had misappropriated the Thunderhead Ranch brand and logo.  They used their position with TLC to wrongly retain the brand and logo. They did this knowing this would cause severe emotional distress to Plaintiff.

62.     Plaintiff did not discover that Defendants' fraud and chicanery had deprived him of his personal and previously registered brand and logo until on or about June 2020. Only then

did Plaintiff learn and discover that Defendants wrongfully trademarked Plaintiff's brand and logo and that Defendants falsely and fraudulently represented to the USPTO that TLC owned the logo. Defendants' devastating actions against 91-year-old Gerry Spence cannot go unaddressed. Justice demands action against Defendants.

### First Cause of Action

*(Fraud)*

63.    As and for a separate and distinct First Cause of Action, Plaintiff Gerry Spence pleads against Defendants, James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 20 inclusive, and each of them, and alleges:

64.    Plaintiff repeats and pleads all prior allegations as though fully set forth herein.

65.    On January 25, 2012, and at other times, Defendants James R. Clary and John Sloan, and DOES 1 through 20, misrepresented to Plaintiff Gerry Spence that TLC would obtain a trademark for the TLC logo and never advised him that TLC was taking and alleging possession of Plaintiff's Thunderhead Ranch brand and logo.

66.    Defendants further misrepresented to Plaintiff Gerry Spence that if he allowed them to take possession of his intellectual property, they would safeguard the property, and have it digitized so that it could be accessed on the internet. Plaintiff Gerry Spence always maintained that this was his property and he was not giving it to anyone. This intellectual property includes thousands of photographs and videos of Gerry Spence at the ranch, at regional seminars, and myriad events in the last 25 years. This includes years of videos/Super 8/8 mm/cd/cassette tape recordings, including movies and footage from 1994 through 2019 of Gerry Spence.

67.    Defendants have retained control and possession of Plaintiff's intellectual property ignoring Plaintiff's request to return his intellectual property.

68.    Defendants and Plaintiff Gerry Spence were members of the Board of Directors for the Trial Lawyers College and had a fiduciary relationship with each other.

69.    Relying on Plaintiff's vulnerability which arose from his age, his reliance on the position of trust occupied by Defendants, and his physical infirmity, Defendants purported to be acting and advising Plaintiff and protecting Plaintiff's interests in his brand, logo, and intellectual

property.

70.     Defendants relied on Plaintiff's vulnerability to solicit and accept empowerment over him and purported to act and advise with Plaintiff's interest in mind, which prevented Plaintiff from protecting himself. Defendants James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 10 entered a confidential relationship with Plaintiff Gerry Spence, further giving rise to a fiduciary relationship.

71.     Defendants breached the duty of good faith and fair dealing by taking advantage of Plaintiff's vulnerability and influencing Plaintiff with excessive persuasion to overcome Plaintiff's freewill and coerced Plaintiff Gerry Spence into agreeing to allow his brand, logo, and intellectual property to be misappropriated. The breach continued as Defendants refused to return his intellectual property and refused to transfer the trademark of the Thunderhead Ranch logo and brand back to Plaintiff.

72.     As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff has been deprived of his intellectual and personal property.

73.     Defendants willfully and deliberately misrepresented to Plaintiff they were seeking a trademark for the TLC logo and that trademarking the TLC logo would not affect Plaintiff's rights to the Thunderhead Ranch brand and logo. Defendants misrepresented to Plaintiff that they were acting in Plaintiff's interest and on his behalf.

74.     Defendants willfully and deliberately misrepresented to Plaintiff they were taking his intellectual property to be digitized and would return it to him. Defendants misrepresented to Plaintiff that they were acting in Plaintiff's interest and on his behalf.

75.     When the above representations were made, Defendants knew the representations were false.

76.     Defendants made the above representations intending to induce Plaintiff to relinquish his rights to his intellectual property, and the brand and logo which Plaintiff Gerry Spence drew with his own hand over 50 years earlier.

77.     As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff is deprived of his intellectual property, his personal property, and his brand and logo. Defendants

continue to wrongly retain Plaintiff's intellectual property, personal property, and logo. Plaintiff is damaged in an amount according to proof.

78.     As a further direct and proximate result of the fraudulent conduct of Defendants, Plaintiff suffered severe mental and emotional nervousness and distress.

79.     Defendants conduct described above was intended to cause injury to Plaintiff and was carried on by Defendants with a willful and conscious disregard of the rights and safety of Plaintiff.

80.     Defendants' conduct described above subjected Plaintiff to cruel and unjust hardship and was carried on with a conscious disregard of Plaintiff's rights.

81.     Defendants engaged in deceit and misrepresentation as described above to deprive Plaintiff of his money and property.

82.     Based on Defendants' acts of oppression, fraud, and malice, Plaintiff is entitled to an award of exemplary and punitive damages under Code of Civil Procedure section 3294.

## <u>Second Cause of Action</u>

### *(Conversion)*

83.     As and for a separate and distinct Second Cause of Action, Plaintiff pleads against Defendants, James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 20 inclusive, and each of them, and alleges:

84.     Plaintiff repeats and pleads all prior allegations as though fully set forth here.

85.     On October 1, 2020, Plaintiff Gerry Spence owned and had the right to possess certain personal property consisting of intellectual property including thousands of photographs and videos of Gerry Spence at the ranch, at regional seminars, and myriad events in the last 25 years. This includes years of videos/Super 8/8 mm/cd/cassette tape recordings, including movies and footage from 1994 through 2019 of Gerry Spence.

86.     Without plaintiff's consent, defendants converted and misappropriated the intellectual property of plaintiff by retaining it and refusing to return it to Plaintiff.

87.     Plaintiff demanded that all of his intellectual property be returned to him on September 27, 2020.  Defendants did not give the Plaintiff the courtesy of a response.

88.     As a direct and proximate result of Defendants' conversion of Plaintiff's property, Plaintiff is deprived of his logo, and his personal and intellectual property. Plaintiff has been damaged in an amount according to proof.

89.     Defendants conduct described above was intended to cause injury to Plaintiff and was carried on by Defendants with a willful and conscious disregard of the rights and safety of Plaintiff.

90.     Defendants' conduct described above subjected Plaintiff to cruel and unjust hardship and was carried on with a conscious disregard of Plaintiff's rights.

91.     Defendants engaged in deceit and misrepresentation as described above to deprive Plaintiff of his property.

92.     Plaintiff is entitled to punitive damages as a result of Defendants' willful and deliberate theft of Plaintiff's property.

## Third Cause of Action

### *(Breach of Fiduciary Duty)*

93.     As and for a separate and distinct Third Cause of Action, Plaintiff pleads against Defendants, James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 20 inclusive, and each of them, and alleges:

94.     Plaintiff repeats and pleads all prior allegations as though fully set forth here.

95.     As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff is deprived of his personal and intellectual property and his brand and logo. Plaintiff has been damaged in an amount according to proof.

96.     Defendants conduct described above was intended to cause injury to Plaintiff and was carried on by Defendants with a willful and conscious disregard of the rights and safety of Plaintiff.

97.     Defendants' conduct described above subjected Plaintiff to cruel and unjust hardship and was carried on with a conscious disregard of Plaintiff's rights.

98.     Defendants engaged in deceit and misrepresentation as described above to deprive Plaintiff of his money and property.

99.    Based on Defendants' acts of oppression, fraud, and malice, Plaintiff is entitled to an award of exemplary and punitive damages under Code of Civil Procedure section 3294.

### Fourth Cause of Action

*(Negligent Misrepresentation)*

100.    As and for a separate and distinct Fourth Cause of Action, Plaintiff pleads against Defendants, James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 20 inclusive, and each of them, and alleges:

101.    Plaintiff repeats and pleads all prior allegations as though fully set forth here.

102.    On January 25, 2012, and on other occasions, Defendants met with Plaintiff Gerry Spence and advised him that if he allowed Defendants to trademark the TLC logo it would not affect his rights to the Thunderhead Ranch brand and logo. Relying on Plaintiff's vulnerability which arose from his age, physical infirmity, and his sensitive emotional state, Defendants purported to be acting and advising Plaintiff for his benefit.

103.    Defendants misrepresented to Plaintiff they were only trademarking the TLC logo and that it would not affect Plaintiff's rights to the Thunderhead Ranch brand and logo.

104.    Defendants misrepresented to Plaintiff that they were digitizing his intellectual property to make it accessible to the internet and that they would return the property to him when this process was complete.

105.    When the above representations were made, Defendants lacked reasonable grounds to believe they were accurate, and should have known the representations were false.

106.    When the misrepresentations were made, Defendants owed a duty to Plaintiff to exercise reasonable care in giving information based on the fiduciary relationship between Defendants and Plaintiff.

107.    As a direct and proximate result of Defendants' breach of fiduciary duty, and willful misrepresentations, Plaintiff was deprived of his brand and logo and his personal and intellectual property. Plaintiff is damaged in an amount according to proof.

/ / /

/ / /

**COMPLAINT**

**Fifth Cause of Action**

*(Intentional Infliction of Emotional Distress)*

108.   As and for a separate and distinct Fifth Cause of Action, Plaintiff pleads against Defendants, James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 20 inclusive, and each of them, and alleges:

109.   Plaintiff repeats and pleads all prior allegations as though fully set forth here.

110.   Defendants continued to engage in the conduct described above with the intention, or with the reckless disregard of the probability, that their conduct would cause Plaintiff emotional distress.

111.   As a direct and proximate result of Defendants' conduct described above, Plaintiff suffered severe and extreme emotional distress and mental anguish.

112.   Defendants' conduct described above was intended to cause injury to Plaintiff and was carried out by Defendants with a willful and conscious disregard of the rights and safety of Plaintiff.

113.   Defendants' conduct described above subjected Plaintiff to cruel and unjust hardship and was carried out with a conscious disregard of Plaintiff's rights.

114.   Defendants engaged in deceit and misrepresentation as described above to deprive Plaintiff of his money and property.

115.   Based on Defendants' acts of oppression, fraud, and malice, Plaintiff is entitled to an award of exemplary and punitive damages under Code of Civil Procedure section 3294.

**Sixth Cause of Action**

*(Elder Financial Abuse)*

*(Violation of Welf. & Inst. Code §15610.30)*

116.   As and for a separate and distinct Sixth Cause of Action, Plaintiff pleads against Defendants, James R. Clary, John Sloan, Milton Grimes, Dana Cole, and DOES 1 through 20 inclusive, and each of them, and alleges:

117.   Plaintiff repeats and pleads all prior allegations as though fully set forth here.

118.   This cause of action is brought under California Welfare and Institutions Code §

15600 et seq. (the elder abuse and dependent adult protection act).

119.   When Defendants committed the acts alleged, Plaintiff was over the age of 65 years old. He was an "elder" as defined by Welfare and Institutions Code §15610.27 and is therefore entitled to statutory protections from abuse provided by Welfare and Institutions Code 15610.07. Defendants knew Plaintiff was entitled to statutory protections due to his age and physical infirmities.

120.   By their actions, Defendants committed elder abuse because their treatment of Plaintiff, resulted in physical harm and/or pain and/or mental suffering in violation of Welfare and Institutions Code §15610.07 and Plaintiff is entitled to the remedies provided by the Elder Abuse Act.

121.   By engaging in the conduct described above, Defendants took, appropriated, obtained, and retained Plaintiff's intellectual property for a wrongful use and intending to defraud. Defendants further engaged in using undue influence to accomplish their taking of Plaintiff's intellectual property.

122.   When Defendants took Plaintiff's property, Defendants knew or should have known that their conduct would likely be harmful to Plaintiff.

123.   As a direct and proximate result of Defendants' conduct, Plaintiff has been deprived of valuable intellectual property.

124.   Defendants continue to harass Plaintiff by enforcing the trademark they stole from Plaintiff. Plaintiff has been damaged in amount according to proof.

125.   Defendants conduct described above was intended to cause injury to Plaintiff and was carried out by Defendants with a willful and conscious disregard of the rights and safety of Plaintiff.

126.   Defendants' conduct described above subjected Plaintiff to cruel and unjust hardship and was carried out with a conscious disregard of his rights.

127.   Defendants engaged in deceit and misrepresentation as described above to deprive Plaintiff of money and property.

/ / /

128.    Based on Defendants' acts of oppression, fraud, and malice, Plaintiff is entitled to an award of exemplary and punitive damages under Code of Civil Procedure section 3294.

129.    Based on Defendants' liability for elder financial abuse under Welfare and Institutions Code section 15610.30, Plaintiff is entitled to an award of reasonable attorneys' fees and costs under Welfare and Institutions Code section 15657.5.

## PRAYER

130.    For the causes of action alleged above, Plaintiff prays for judgment against the Defendants as follows:

1.    For non-economic damages in an amount according to proof;

2.    For economic damages according to proof;

3.    For exemplary and punitive damages;

4.    For reasonable attorneys' fees and costs;

5.    For interest and prejudgment interest;

6.    For costs of suit incurred; and

7.    Such other and further relief as the Court may deem proper.

DATED: November 5, 2020                                    **PARRIS LAW FIRM**

By: _____
R. Rex Parris
Alexander R. Wheeler
Attorneys for Plaintiff

19
**COMPLAINT**

1

## <u>DEMAND FOR JURY TRIAL</u>

2      Plaintiff demands trial by jury.

3

4   DATED: November 5, 2020                    **PARRIS LAW FIRM**

5

6                                        By: _____

7                                             R. Rex Parris
                                              Alexander R. Wheeler
8                                             Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

**EXHIBIT "A"**

### OWNERS WYOMING BRAND CERTIFICATE



G. L. SPENCE
PO BOX 548
JACKSON, WY 83001

LRC, LSS, LSH

CHANGE OF ADDRESS MUST BE
REPORTED TO THIS AGENCY

**DATE 12/02/1965**          **NUMBER A2579600-7**

*Void:* **March 1, 2027**          *Renew in:* **January 1, 2027**

You should carry this card with you at all times.
Issued by Wyoming Livestock Board

Cheyenne, Wyoming 82002.
Void without Dept. Seal          Chief Executive Officer

### CERTIFICATE NOT TRANSFERABLE

**Letters are in the order of side, location, and species
except for Back of Sheep.**

| | | |
|---|---|---|
| **B - Buttock/Buffalo** | **M - Mule** | |
| **BS - Back Of Sheep** | **J - Jaw** | **R - Right or Ribs** |
| **C - Cattle** | **L - Left** | **S - Shldr/Sheep** |
| **H - Hip or Horses** | **N - Neck** | **T - Thigh** |
| **For Example:**  **L.R.C.** | **L - Left Side** | |

**R - Ribs Location   C - Cattle Species**

||||||||||| |||| ||||| |||| || |||| ||| ||||| |||| ||||

A2579600

**THE LAW REQUIRES THE BRAND BE USED EXACTLY AS
RECORDED AND ONLY FOR THE LOCATIONS SPECIFIED.**

## NOTARY COPY CERTIFICATION

State of *Wyoming*
County of *Laramie*

I, _*Janet Fridline*_ , a Notary Public, certify
this *24th* day of *August* , 20 *20* , the foregoing/attached document is a true,
correct, complete and unaltered copy of *Brand Certificate A2579600-7*
_____ made by *Janet Fridline* .



*Janet Fridline*
Notary Public

My Commission Expires: *April 10, 2030*

*Attribution Clause: This Certificate is prepared for, and exclusively belongs to, the accompanying document entitled*
*Brand Certificate* , *which consists of* *1* *page(s) and is dated* *8-24-2020* .
*If this Certificate is appropriated to any document other than the one described herein, it shall be deemed null and void.*

#0423

Copyright 2001 by the Notary Law Institute.  Unauthorized reproduction of any kind of this form is strictly prohibited.

# EXHIBIT "B"

USPTO TSDR Case Viewer ❓   Case 1:20-cv-00080-JMC   Document 123-1   Filed 12/18/20   Page 25 of 25

Download PDF

Case Id
85517685

Document Description
23. Application

Mail/Create Date
Jan. 17, 2012

Prev Doc   1   of   4   Next Page

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 85517685**
**Filing Date: 01/17/2012**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85517685 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT11\IMAGEOUT 11\855\176\85517685\xml1\APP0002.JPG |
| **SPECIAL FORM** | YES |
| **USPTO-GENERATED IMAGE** | NO |
| **COLOR MARK** | NO |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of a stylized design of a cloud with a bolt of lighting. |
| **PIXEL COUNT ACCEPTABLE** | YES |
| **PIXEL COUNT** | 862 x 661 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | The Trial Lawyers College |
| *STREET | P.O. Box 1249 |
| *CITY | Laramie |
| *STATE (Required for U.S. applicants) | Wyoming |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | |