

FILED

11:39 am, 1/13/21

U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, JOHN JOYCE, and DANIEL AMBROSE individuals.<br><br>Defendants,<br><br>GERALD L. SPENCE and REX PARRIS,<br><br>Counterclaim Plaintiffs<br><br>v.<br><br>THE TRIAL LAWYERS COLLEGE, a nonprofit corporation, JOHN SLOAN, JAMES R. CLARY, JR., MILTON GRIMES, DANA COLE, MAREN CHALOUPKA, and ANNE VALENTINE,<br><br>Counterclaim and Third-Party Claim Defendants | Case No. 1:20-cv-00080-JMC-MLC |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE DEFENDNATS' FIRST AMENDED ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERLCIMAS/THIRD PARTY CLAIMS**

**THIS MATTER** comes before the Court on Plaintiff The Trial Lawyers College's (hereinafter, "TLC" or "Plaintiff") *Motion to Strike Defendants' First Amended Answer to Second Amended Complaint and Counterclaims/Third Party Claims* [Doc. 116] filed on December 14, 2020. Collectively, the named defendants and counter plaintiffs (hereinafter, "Defendants")

1

responded to TLC's *Motion* on December 28, 2020, when they filed their *Response to Motion to Strike First Amended Answer and Counterclaims to Second Amended Complaint* [Doc. 125]. TLC filed a *Reply to Defendants' Response to Motion to Strike First Amended Answer and Counterclaims to Second Amended Complaint* [Doc. 127] on January 4, 2021. Considering the filings, and being now fully advised as to the premises of the *Motion*, the undersigned judge reports and recommends the following:

## Procedural Background

On August 17, 2020, the Court held an Initial Pretrial Conference in this matter. A Scheduling Order [Doc. 75] was subsequently filed on August 28, 2020. Pursuant to the Scheduling Order, "[a]ny motions to amend the pleadings shall be filed on or before October 16, 2020." ECF Doc. 75 at pg 4. TLC filed its First Amended Complaint [Doc. 89] on September 24, 2020, after motioning for permission [Doc. 83]. Defendants filed a timely Answer [Doc. 92]. With the October deadline in mind, both Defendants and Plaintiff motioned the court to amend; Defendants wishing to amend their First Amended Answer [Doc. 97] and Plaintiff wishing to amend its First Amended Complaint [Doc. 96]. Defendants' Motion was deemed moot [Doc. 100] due to the fact Plaintiff was allowed to bring its Second Amended Complaint [Doc. 101]. Again, Defendants filed a timely Answer [Doc. 102]. The issue before the Court arises out of Defendants filing, without motioning first, its First Amended Answer to the Second Amended Complaint (Amended Answer) [Doc. 108].

## Relevant Law

Federal Rule of Civil Procedure 15(a)(1) provides that, "a party may amend its pleading once as a matter of course within… 21 days after serving it, or if the pleading is one to which a responsive pleading is required… 21 days after service of a responsive pleading or 21 days after

2

service of a motion under Rule 12(b),(e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)&(B). Rule 15(a)(1) is an absolute right held by all parties to amend its pleading once as a matter of course. When that right as been exhausted, or is not applicable, Rule 15(a)(2) allows "[i]n all other cases, a party [to] amend its pleading only with the opposing party's written consent or the court's leave[.]" Fed. R. Civ. P. 15(a)(2). However, when amending pleadings, a party often must be cognizant of a Rule 16 scheduling order as well. Such an order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

## Discussion

The primary issue is whether the Scheduling Order's deadline on amending pleadings includes amendments as a matter of course or if the wording "any motions to amend" implies amendments as a matter of course are excluded. There is no question that the Scheduling Order states, "[a]ny motions to amend the pleadings shall be filed on or before October 16, 2020." Both parties were aware of the deadline as they both previously have motioned and amended pleadings.

TLC's argues that logic and cited authority correctly determines that the Scheduling Order includes amending as a matter of course. TLC argues since the Court set a schedule in this matter, once the deadline to amend passed the Defendants were required to comply with Federal Rules of Civil Procedure Rules 15 and 16. As cited by TLC, the Tenth Circuit requires a two-step analysis be completed by motion before a schedule may be modified. *Tesone v. Empire Marketing Strategies,* 942 F.3d 979, 989 (10th Cir. 2019). In *Tesone*, the Court explained that Federal Rule of Civil Procedure 16(b)(4) provides that a schedule may be modified only for good cause and with the judge's consent. *Id.* Rule 15(a)(2) provides that the Court should freely give leave to amend pleadings when justice so requires. *Id.* Reading the two Rules together, a party seeking leave to amend after a scheduling order deadline has past must satisfy both the Rule 16(b) and

3

Rule 15(a)(2) standards. *Id*. If the movant fails to satisfy either Rule, the district court should deny the motion. Further, if Rule 16(b) is not first satisfied, there is no need for the Court to move onto the Rule 15(a)(2) step. *Id*. at 990. TLC argues that Defendants failed to comply with this two-step analysis and are incapable of carrying the required burden even if they had.

*Tesone* concerns amendment sought by motion and not by a matter of course. The movant in *Tesone* sought leave to add claims to her complaint almost ten months after the court's scheduling order deadline. *Id*. TLC points out that the *Tesone* court never drew a distinction between Rule 15(a)(1) and (a)(2), arguing that Defendants attempt to distinguish the case is futile. The Court disagrees with TLC. *Tesone* is void of such distinction because amendments as a matter of course were not at issue in *Tesone*.

TLC seems to overlook a similar issue with another Tenth Circuit case. In *Birch*, there was a dispute concerning a roll cage installed on an off-road vehicle. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1240 (10th Cir. 2015). The court set an amendment deadline of December 16, 2013, but the parties didn't seek an amendment until almost a year beyond that. *Id*. at 1244. On October 3, 2014, Defendants filed a motion for summary judgement. *Id*. Plaintiff filed a response to that motion, along with a motion to amend, on October 31, 2014. *Id*. Plaintiff did not seek to amend his complaint as a matter of course, as is the issue today, but instead sought to amend his complaint far past the time allowed by the scheduling order in hopes of adding claims. As such, the *Birch* court applied the same two-step analysis as the *Tesone* court and found that the plaintiff failed to satisfy the Rule 16 step. *Id*. at 1248.

Besides *Tesone* and *Birch*, the parties have not cited any Tenth Circuit precedent directly on point. However, TLC cites a few cases from other jurisdictions that are on point. The persuasive cases hold that a scheduling order specifically curtails amending a pleading as a matter of course

pursuant to Rule 15(a)(1).[1] The logic proffered by these courts focuses on discretionary control of a court's docket and certainty while moving forward in litigation. Ultimately, though, the persuasive authority only assists the Court if it decides that the Scheduling Order in fact included both amending as a matter of course and amending by motion.

Defendants' argue that the Scheduling Order does not curtail amending as a matter of course. As such, they believe Rule 15(a)(1) and the plain language of the Scheduling Order correctly determine the issue. Defendants' Answer to Second Amended Complaint and Counterclaims/Third-Party Claims [Doc. 102] was a pleading to which in response TLC filed a Motion to Dismiss [Doc. 103]. Rule 15(a)(1) gave Defendants 21 days to amend their pleading as a matter of course. Defendants believe their Rule 15(a)(1) right was not limited by the plain language of the Scheduling Order and alternatively cannot be curtailed by the Scheduling Order due to a lack of Tenth Circuit precedent.

## Recommendation

The Presiding Judge should deny TLC's Motion to Strike Defendants' First Amended Answer to Second Amended Complaint and Counterclaims/Third Party Claims [Doc. 116]. The Scheduling Order states, "[a]ny ***motions to amend*** the pleadings shall be filed on or before October 16, 2020." ECF Doc. 75 pg 4 (emphasis added). The amendment deadline was established to limit motion practice, fix a level of certainty for future litigation and ensure judicial efficiency. Specifically, the amendment deadline is put in place to limit the liberal Rule 15(a)(2). Such a

---

[1] *See, Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, (2d Cir. 2007) ("we hold that amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)."); *Great Lakes Insruance S.E. v. Sunshine Shopping Center, Inc.* NO. 1:19-cv-00039, 2020 WL 1159381, at *5 (D. Virgin Islands, 2020) ("…the Court finds that the Scheduling Order nullifies [a party's] right to amend as a matter of course pursuant to Rule 15(a)(1)(B)."); *Long Beach Mem'l Med. Ctr. V. Blue Cross & Blue Shield of S.C.*, No. CV 17-8181-GW(KSX), 2018 WL 5099494 at *4 (C.D. Cal. Mar. 1, 2018) (…"the Court's Scheduling Order extinguished [the party's] right to amend as a matter of course pursuant to Rule 15(a)(1)(B).")

limitation is not needed on a self-limiting rule like Rule 15(a)(1); by the nature of amending as a matter of course, a party can only amend under certain circumstance and is under strict time limits. Also, and importantly, a party is not required to motion under Rule 15(a)(1) because amending as a matter of course is an absolute right. *Am. Bush v. City of S. Salt Lake*, 42 F. App'x 308, 310 (10th Cir. 2002) (citing *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 283 (D.C. Cir. 2000)). The Scheduling Order, by its plain language, only limits motions to amend which are not applicable to amendments for which a motion is not required.

Because the Scheduling Order's amendment deadline does not pertain to amending as a matter of course, Defendants' position is correct. Consideration of *Tesone*, *Birch*, Rule 16, or Rule 15(a)(2) would be misplaced in this matter. The plain language of the Scheduling Order and Rule 15(a)(1) squarely answer the issue at hand in favor of Defendants.

TLC has also requested that the Presiding Judge consider its pending Motion to Dismiss [Doc. 103] in connection with Defendants' Answer to Second Amended Complaint and Counterclaims/Third-Party Claims [Doc. 102]. ECF Doc. 117 at pg 5. Pursuant to Local Rule 7.1(b)(2)(A) such an action is within the Court's discretion, but is not needed with the denial of TLC's Motion to Strike. The proper action is for TLC, if it wishes, to file a new motion regarding Defendants' First Amended Answer to the Second Amended Complaint [Doc. 108].[2]

Pursuant to Local Civil Rule 74.1(b) of the Local Civil Rules for the United States District Court for the District of Wyoming:

> A party may object to a Magistrate Judge's proposed findings and recommendations on any matter referred pursuant to 28 U.S.C. § 636(b)(1)(B) within fourteen (14) days after service of the Magistrate Judge's proposed findings and recommendations. Any objections shall specifically identify the portions of the proposed findings and recommendations to which objections are made and the basis for such objections. The District Judge assigned to the case will conduct a de novo review of the objections in accordance with 28 U.S.C. § 636(b)(1). Any objections,

---

[2] TLC has already given notice that it plans to do exactly this. ECF Doc. 117 at pg 6 n. 10.

response thereto and reply, if any, shall be subject to the page limitations imposed on dispositive matters under Local Rule 7.1(b)(2)(B) and (C).

Any party objecting to the undersigned judge's proposed findings and recommendations shall comply with the Local Civil Rules and 28 U.S.C. § 636(b)(1) accordingly.

_____
MARK L. CARMAN
UNITED STATES MAGISTRATE JUDGE