Patrick J. Murphy, WSB No. 5-1779
Zara S. Mason, WSB No. 7-6267
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone: (307) 265-0700
Facsimile: (307) 266-2306
E-Mail: pmurphy@wpdn.net

Christopher K. Ralston (Admitted *Pro Hac Vice*)
Lindsay Calhoun (Admitted *Pro Hac Vice*)
James Gilbert (Admitted *Pro Hac Vice*)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-584-9358
Facsimile: 504-568-9130
Email: chris.ralston@phelps.com
lindsay.calhoun@phelps.com
james.gilbert@phelps.com

Attorneys for The Trial Lawyers College

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
CASPER DIVISION

| | | |
|---|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation<br><br>Plaintiff,<br><br>v.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, JOHN JOYCE, and DANIEL AMBROSE, individuals.<br><br>Defendants. | ) | CIVIL ACTION NO. 1:20-cv-0080<br><br>____________________________<br><br>**JUDGE CARSON**<br><br>**MAGISTRATE JUDGE CARMAN** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff TLC, through undersigned counsel, respectfully submits this Memorandum in Opposition to Defendant John Joyce's Motion to Dismiss (Rec. Doc. 133). For the reasons set forth below, Plaintiff respectfully requests that the Motion be denied.

**INTRODUCTION**

The bulk of Defendant Joyce's arguments rely on an alternative factual narrative newly—and improperly—presented to the Court in his Motion to Dismiss. To bolster these arguments, Joyce cites mainly non-controlling, out-of-state, and out-of-circuit cases that offer this Court no authoritative guidance. These flaws notwithstanding, Joyce's arguments fail as a matter of law. Not only has this Court already found that TLC is the proper party to bring these claims and thus, necessarily has the capacity to do so, Wyoming state law similarly provides that TLC has such capacity under these precise circumstances. Moreover, contrary to Joyce's arguments, TLC has adequately alleged misappropriation of its trade secrets under the requisite pleading standards. Additionally, although Joyce has attempted to convert his Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment by introducing matters outside the pleadings, such action is premature and wholly inappropriate at this point in the proceedings. Finally, because TLC's claim under the Computer Fraud and Abuse Act was brought against Gerry Spence's Trial Lawyers College alone and not Joyce individually, Joyce's claim that TLC failed to allege that he accessed a "protected computer" is irrelevant and may be disregarded.

For the above and foregoing reasons, TLC respectfully requests that Joyce's motion be DENIED.

**FACTUAL BACKGROUND**

As this Court is familiar with the facts and background of this dispute, TLC repeats only those facts relevant to this Opposition.

On April 28, 2020, following their removal from TLC's Board, Defendants Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence filed an action in Wyoming state district court seeking to dissolve TLC, audit TLC, and have the court appoint a receiver to oversee and manage TLC's funds until the question of dissolution was resolved.[1] As a result of Defendants' conduct relating to their ongoing dispute with TLC, on May 13, 2020, TLC filed the present suit against Defendants Gerry Spence's Trial Lawyer's College at Thunderhead Ranch ("GSTLC"), Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, Kent Spence, and John Doe (collectively, "Defendants").[2]

On October 20, 2020, TLC filed its Second Verified Amended Complaint (the "Complaint"), which added John Joyce and Daniel Ambrose as defendants, and alleged, *inter alia*, that Defendants had infringed and continued to infringe on two federally-registered marks held by TLC and had misappropriated TLC's trade secrets in violation of both the federal Defend Trade Secrets Act and Wyoming state law.[3] The Complaint outlines Defendants' conduct related to TLC's Database, a collection of confidential and proprietary contact information for TLC alumni and other individuals.[4] Specifically, beginning in 2017, TLC imposed heightened security measures intended to preserve the confidentiality of the Database, including the implementation of policies that expressly prohibited contacting persons whose personal information was stored in the Database to promote competing programs.[5] Despite these protective measures, TLC alleged that Joyce, along with former TLC board members Gerry Spence, Zelbst, Parris, Low, and Kent

[1] *See* R. Doc. 133-1, Complaint for Judicial Dissolution, Audit and Appointment of Receiver, Laramie County District Court Civil Action No. 193-124 (Wyo. Dist. Ct. 4/28/2020).

[2] R. Doc. 1.

[3] R. Doc. 101 ¶¶ 132–46.

[4] *See id.* at ¶ 45.

[5] *Id.* at ¶ 46.

Spence, accessed the Database without authorization and improperly used the information therein.[6] Acting on behalf of GSTLC, Defendants used the contact information they obtained from the Database to create a listserv they then used to send mass communications that infringed on TLC's registered Marks and included false and misleading statements related to TLC.[7]

As a result of this misappropriation of TLC's confidential and proprietary Database, TLC brought claims against Joyce, GSTLC, and the other Defendants for violations of the Defend Trade Secrets Act, 18 U.S.C. §1836, and Wyoming state law, Wyo. Stat. Ann. § 40-24-101, *et seq*., as well as civil conspiracy in connection with such violations. TLC additionally stated a claim solely against GSTLC for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. As this Court has already determined, TLC is the proper party to bring such claims.[8] TLC thus respectfully requests that Joyce's Motion be denied.

## LAW AND ARGUMENT

### I. TLC POSSESSES CAPACITY TO BRING THE PRESENT ACTION UNDER BOTH THIS COURT'S FINDINGS AND WYOMING STATE LAW

Joyce argues, without citing any binding authority in support of his statement, that the proceedings pending in Wyoming state district court somehow operate to deprive TLC of capacity to bring these claims in federal court. This argument has, however, already been addressed by the Court; furthermore, even if the question of capacity had not been definitely disposed of before now, Joyce's argument fails under Wyoming state law, which specifically assigns capacity to corporations in TLC's circumstances.[9]

---

[6] *Id.* at ¶ 135.

[7] *Id*. at ¶ 47, ¶ 135.

[8] R. Doc. 46 at p. 4-5, n. 1.

[9] *See* Wyo. Stat. Ann. § 17-16-1405.

**a. This Court has already determined that TLC is the proper party to bring these claims**

Defendants have already attempted to challenge the propriety of the current proceedings pursuant to Federal Rule of Civil Procedure 17 by claiming that the real parties in interest are not the parties pursuing the action. During the June 9, 2020 hearing on TLC's Motion for Preliminary Injunction, Defendants claimed that because control of TLC is "in dispute and unresolved," the Board members bringing the action on TLC's behalf do not have standing to assert its rights.[10] This Court disagreed, noting in its Order Granting in Part and Denying in Part Plaintiff's Motion for Preliminary Injunction that:

> [T]he very people Defendants contend have no ability to bring a suit on Plaintiff's behalf currently represent Plaintiff in the state court action. The Court takes judicial notice that Defendants do not assert in the state court action that the plaintiffs in their case have no standing or authority to represent The Trial Lawyers College. To allow Defendants to continue to use Plaintiff's Marks to assert their entity is The Trial Lawyers College while the state court sorts out who controls the Board changes the status quo.[11]

Furthermore, this Court recognized the absurd conclusion that Defendants' argument would compel:

> Under Defendants' logic, any time a faction of a board contends that another faction of the board engaged in an unauthorized action, the corporation could never defend itself or its property from attack … And Defendants provide the Court with no law to justify its position that Plaintiff's Board lacks the authority to bring the present action on Plaintiff's behalf. In contrast, courts have held for a century that in the event of deadlock, someone—the president, a shareholder—may sue or defend on behalf of the corporation "where the need for action to preserve vital corporate interests was urgent" … Put simply, the Court need not determine which faction of the Board controls Plaintiff to enjoin Defendants from allowing a newly formed nonprofit to use Plaintiff's marks.[12]

By claiming that resolution of the pending Wyoming state action is necessary to determine "which

[10] *See* R. Doc. 46 at p. 4-5, n. 1.

[11] *Id.*

[12] *Id.* (internal citations omitted).

individuals are the lawful directors of the plaintiff corporation and thus authorized to direct the corporation to file suits in federal court,"[13] Joyce attempts to re-litigate the issue of TLC's capacity despite this Court's unequivocal findings on the matter. As shown above, the Court has already disposed of Defendants' arguments on the subject, and so there is no need to revisit the issue of capacity now. Joyce's arguments regarding capacity should be rejected.

**b. Applicable Wyoming state law dictates that TLC has capacity to bring these claims**

Assuming, *arguendo*, that the Court's previous findings do not dispose of the capacity issue, Joyce's arguments are nevertheless unavailing under Wyoming state law. In federal court, a party's capacity to sue or be sued is governed by Rule 17(b) of the Federal Rules of Civil Procedure, which provides that a corporation's capacity to sue is determined by the law of the state under which the corporation is organized. For a Wyoming corporation such as TLC, therefore, Wyoming state law determines TLC's capacity to sue.

Joyce argues that TLC lacks capacity in the present cause because the pending Wyoming state district court action "has yet to determine whether the plaintiff corporation even existed at the time this action was filed."[14] Joyce presumably refers to Defendants' request for dissolution for TLC in the state court action. Because of this threat of dissolution, Joyce asks this Court to dismiss TLC's claims or, in the alternative, to stay these proceedings pending resolution of the Wyoming state action. However, even in the unlikely event that dissolution of TLC were the ultimate outcome of the state court action, such an event would by no means deprive TLC of capacity to bring the present suit. On the contrary, Wyoming Statute § 17-16-1405(b)(v)–(vi) provides that dissolution of a corporation neither prevents commencement of a proceeding by or

[13] R. Doc. 133 at p. 3.

[14] *Id.*

against a corporation in its corporate name, nor abates or suspends a proceeding pending by or against the corporation on the effective date of dissolution.[15] The current action, brought by TLC in its corporate name, would thus remain unaffected by the dissolution that Joyce hypothesizes. Because Wyoming state law would dictate that TLC has capacity to bring the present action, Joyce's arguments to the contrary fail.

## II. JOYCE CANNOT SUCCEED ON EITHER HIS RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR HIS RULE 56 MOTION FOR SUMMARY JUDGMENT

Joyce's remaining argument—that under the Rule 12(b)(6) standard of the Federal Rules of Civil Procedure, TLC has failed to state a trade secret claim for which relief may be granted—similarly fails as a matter of law.[16] However, as Joyce himself recognizes, his introduction of matters outside the pleadings forces the Court either to exclude such matters or to treat his motion as one for summary judgment under Rule 56.[17] Despite the fact that Rule 12(b)(6) and Rule 56 require the Court to apply drastically different legal standards, Joyce has only acknowledged the standard applicable under Rule 12.[18] Under that standard, Joyce's Motion to Dismiss cannot succeed because Joyce has failed to show that the facts, as stated in TLC's pleadings, do not state a plausible claim for relief. Furthermore, consideration of the legal standard applicable under Rule 56 makes it clear that a motion for summary judgment is completely premature at this point in the proceedings, as TLC has not even had an opportunity to serve discovery on Joyce. Joyce's attempts to fashion his motion as one for summary judgment per Rule 56 additionally fail because he has not shown that there is no genuine dispute as to any material fact or that he is entitled to

[15] *See Catamount Constr. v. Timmis Enters.*, 193 P.3d 1153, 1158 (Wyo. 2008) (holding that dissolved corporate had standing to sue and be sued under Wyo. Stat. Ann. § 17-16-1405).

[16] R. Doc. 133 at p. 3.

[17] *See* Fed. R. Civ. P. 12(d).

[18] *See id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

judgment as a matter of law. In short, whether the Court construes Joyce's motion as one to dismiss under Rule 12(b)(6) or for summary judgment under Rule 56, it should be summarily denied.

**a. Joyce's arguments fail under the Rule 12(b)(6) standard because TLC has adequately pled facts sufficient to support a claim for misappropriation of its trade secret**

Joyce asks this Court to dismiss TLC's action because "[f]ederal pleadings must contain sufficient nonconclusory factual allegations to support a reasonable inference that the claims alleged are plausible," and "[b]ased on the facts alleged, plaintiff's claims do not appear plausible."[19] However, Joyce's argument speaks only to the legal standard relevant to a motion to dismiss for failure to state a claim under Rule 12(b)(6). Under the Rule 12(b)(6) standard, the Court must "look for plausibility in the complaint," which much include "enough facts to state a claim to relief that is plausible on its face."[20] To satisfy this standard, a plaintiff need only present allegations such that, if assumed to be true, "the plaintiff plausibly (not just speculatively) has a claim to relief."[21] Dismissal under Rule 12(b)(6) is thus appropriate only if "the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim that is plausible on its face."[22] Therefore, in order to succeed on his Rule 12(b)(6) motion to dismiss, Joyce must have shown that the facts—as alleged by TLC's pleadings *alone*—do not support any plausible claim for relief.

Joyce has clearly failed to satisfy this standard. He first attacks TLC's trade secret claim by falsely stating that TLC's allegations that (1) Joyce had been affiliated with TLC in various

---

[19] R. Doc. 133 at p. 3.

[20] *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).

[21] *Id*. (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

[22] *United States ex rel. Conner v. Salina Regional Health Ctr.*, 543 F.3d 1211, 1217 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).

capacities since 2013, and (2) TLC took steps approximately three years ago to keep information in its Database confidential can be added together to constitute an admission that Joyce, along with "all other co-defendants" and "any member of the public" had "unrestricted access" to the Database.[23] To support this dubious logical leap, Joyce attaches a screenshot purporting to show a new user account creation screen on the TLC website as it appeared in 2014.[24] Even assuming that this 2014 screenshot somehow demonstrates "unrestricted access" to the TLC Database as it existed in 2020, the Court cannot properly consider it under the Rule 12(b)(6) standard. Joyce's motion to dismiss must succeed on the facts as alleged in the pleadings alone, and because none of the facts Joyce cites from TLC's pleadings compel the conclusion that he, the other co-defendants, and the general public had "unrestricted access" to the TLC Database, his claim must fail.

Joyce next attempts to argue that TLC's trade secret claim fails because the e-mail addresses of TLC alumni are "readily ascertainable by proper means."[25] Again, Joyce points to nothing in TLC's pleadings to support this statement; on the contrary, TLC's Complaint states that the information in its Database is "confidential and proprietary,"[26] that TLC "took steps to keep the information contained in the Database confidential,"[27] that "only a few individuals affiliated with TLC had access to the information contained therein,"[28] and that TLC maintained "written policies setting the parameters of use" for the information contained in the Database.[29]

---

[23] R. Doc. 133, p. 4.

[24] R. Doc. 133-2.

[25] R. Doc. 133, p. 4.

[26] R. Doc. 101 at ¶ 45.

[27] *Id.* at ¶ 46.

[28] *Id.*

[29] *Id.*

Joyce asks the Court to disregard TLC's allegations in favor of his claim that TLC employees "historically" have provided Database information to "anyone who asks."[30] But again, Joyce cites nothing within the pleadings in support of this proposition. Instead, he attaches a 2018 email exchange in which Joyce—who, as noted above, has been affiliated with TLC since 2013—solicits a partial alumni list containing the contact information of former TLC students located in the state of Illinois from a TLC employee. Again, the Court may not properly consider this email exchange under the Rule 12(b)(6) standard, as it was not alleged in TLC's pleadings. Even if this were not the case, however, the exchange is not fatal to TLC's trade secret claim as Joyce argues. Access to confidential information such as customer lists will not invalidate trade secret protections when such access is given with the expectation that the information will not be misused.[31] Given the protections that TLC imposed in order to guarantee the confidentiality of its Database, use of TLC's contact information—by Joyce or any other person affiliated with TLC—carried the expectation that the information would not be misused for non-TLC purposes. The information, therefore, is and was not "readily ascertainable" by any member of the public, as Joyce claims.[32] Because Joyce fails to show that the Database information was "readily ascertainable by proper means" according to TLC's pleadings, his motion to dismiss fails to satisfy the Rule 12(b)(6) standard and must be denied.

---

[30] R. Doc. 133 at p. 5.

[31] *See, e.g. Koch Hydrocarbon Co. v. Anderson*, No. 90-1292-K, 1992 WL 79046 at *2-4 (D. Kan. Mar. 16, 1992) (noting also that "the issue of trade secret protection is not subject to summary judgment").

[32] The Court may note that the document attached to the email exchange is titled "IL Grads for JJJ," which implies not that the document constituted TLC's entire confidential Database for general public use, but rather that the information was specifically compiled at Joyce's request and for his use in a limited capacity only.

**b. Joyce's arguments fail under Rule 56 because a motion for summary judgment is premature at this stage in the proceedings and because Joyce has not otherwise satisfied the Rule 56 standard**

As noted above, by introducing matters outside the pleadings, Joyce has attempted to convert his Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. Like the Rule 12(b)(6) standard, the legal standard applicable under Rule 56 requires the Court to view the facts "in the light most favorable to the non-moving party," and draw "all reasonable inferences in favor of that party."[33] However, summary judgment under Rule 56 is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[34] A "material" fact is one that "that might affect the outcome of the suit under governing law," and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[35]

As an initial matter, a motion for summary judgment under Rule 56 is wholly inappropriate at this point in the proceedings. For one thing, "[i]n order to assure fair procedure," this Court should not treat a Rule 12(b)(6) motion to dismiss as a motion for summary judgment "unless the non-moving party has received reasonable notice that a response of the type required by Rule 56 must be filed."[36] TLC has received no such notice—indeed, Joyce has not provided a statement of undisputed and disputed material facts, as required by Local Rule 7.1(2)(A).

Furthermore, "[i]n cases pending before this Court, parties are urged to defer filing motions for summary judgment before discovery is complete or where there is any doubt that some fact

---

[33] *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).

[34] Fed. R. Civ. P. 56(a).

[35] *Farthing v. City of Shawnee*, 39 F.3d 1131, 1134–35 (10th Cir. 1994) (internal citations omitted).

[36] *DRA Servs., LLC v. Hallmark Ins. Co.*, 2013 WL 11374512 at *1 (D. Wyo. Oct. 4, 2013).

upon which the motion is premised will be disputed."[37] In the present case, not only is discovery not complete, it has not even begun as to Joyce—Joyce only appeared in this lawsuit a few weeks ago, and TLC has not yet had the opportunity to serve any discovery upon him. Joyce's attempt to convert his 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment by introducing matters outside the pleadings is therefore premature.

Joyce has failed to cite the relevant legal standard under Rule 56, perhaps because he has not shown that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Neither of the extrinsic documents that Joyce has attempted to introduce—the 2014 TLC website screenshot and the 2018 email exchange—show that TLC's Database was freely available to the public or otherwise readily ascertainable by proper means, as Joyce claims. Taken in the light most favorable to TLC, as Rule 56 requires, these factual allegations at most show that some small portion of TLC's contact information was, on one occasion, disclosed to one TLC-affiliated individual for his specific use and with the expectation that he would not misuse such information. As discussed above, such facts are not fatal to TLC's trade secret claim and certainly do not entitle Joyce to judgment as a matter of law. Joyce's motion for summary judgment under Rule 56 should therefore be denied.

**c. Joyce's arguments regarding TLC's claims under the Computer Fraud and Abuse Act are not relevant because TLC did not bring such claims against Joyce**

Finally, Joyce argues that TLC's claim under the Computer Fraud and Abuse Act ("CFAA") should be dismissed because TLC has not alleged "that Defendant Joyce or any co-defendant accessed a protected computer owned or controlled by TLC."[38] However, the Court may ignore Joyce's arguments related to TLC's CFAA claim, because TLC asserted its CFAA

[37] *Id*. at *3.

[38] R. Doc. 133 at p. 5.

claim against GSTLC only, and not Joyce.[39]

Moreover, Joyce's arguments related to TLC's CFAA claim fail on their merits. Joyce's argument relies on a tortured reading of TLC's allegations as support for the claim that the allegation that Defendants "improperly accessed TLC's proprietary and confidential data that is stored on its computer system" somehow does not actually allege that Defendants accessed TLC's computer system.[40] Under both the Rule 12(b)(6) and Rule 56 standards, however, the Court must read the allegation in the light most favorable to TLC. The statement that Defendants "improperly accessed TLC's proprietary and confidential data that is stored on its computer system" does not require a generous reading to find that TLC has stated a claim under the CFAA. Joyce cannot satisfy either the Rule 12(b)(6) or the Rule 56 standard with respect to TLC's CFAA claim. However, again, the Court may simply disregard Joyce's arguments on this point, as TLC did not bring its CFAA claim against Joyce.[41]

**CONCLUSION**

For the foregoing reasons, TLC respectfully requests that Joyce's motion be DENIED.

**[SIGNATURE PAGE FOLLOWS]**

---

[39] R. Doc. 101 ¶¶ 124-31 (asserting CFAA claim against "Gerry Spence's Trial Lawyers College at the Thunderhead Ranch").

[40] *Id.*

[41] *Id.*

Respectfully submitted,

**THE TRIAL LAWYERS COLLEGE**

*/s/ Christopher K. Ralston*

Christopher K. Ralston, (La. Bar #26706)
(Admitted *pro hac vice*)
Lindsay Calhoun, (La. Bar #35070)
(Admitted *pro hac vice*)
James Gilbert, (La. Bar # 36468)
(Admitted *pro hac vice*)
Phelps Dunbar LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: ralstonc@phelps.com
lindsay.calhoun@phelps.com
james.gilbert@phelps.com

and

By: ___________

Patrick J. Murphy, WSB No. 5-1779
Zara S. Mason, WSB No. 7-6267
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone: (307) 265-0700
Facsimile: (307) 266-2306
E-mail: pmurphy@wpdn.net
zmason@wpdn.net

**ATTORNEYS FOR PLAINTIFF THE TRIAL LAWYERS COLLEGE AND THIRD PARTY DEFENDANTS JOHN SLOAN, MILTON GRIMES, MAREN CHALOUPKA, JAMES R. CLARY, JR., DANA COLE, AND ANNE VALENTINE**

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copy of the foregoing document has been served electronically by transmission to an electronic filing service provider for service through the Court's CM/ECF system to all counsel of record this 26th day of January, 2021. I further certify that a copy of the forgoing pleading has been sent to unrepresented parties Daniel Ambrose and John Joyce at their last known address via U.S. Mail or commercial courier.

/s/ *Christopher K. Ralston*