JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY SPENCE,<br>    Plaintiff,<br><br>           v.<br><br>JAMES R. CLARY, et al.,<br>    Defendants. | CV 20-11166 DSF (JPRx)<br><br>Order GRANTING Plaintiff Gerry Spence's Motion to Remand (Dkt. 24) |

　　　　Before the Court are several motions requesting the remand, dismissal, stay, or transfer of this case. Plaintiff Gerry Spence moves to remand the case to Los Angeles Superior Court. Dkt. 24 (Spence Mot. to Remand). Defendants James R. Clary, Dana Cole, John Sloan, and Milton Grimes oppose. Dkt. 29. Defendants also filed various motions to dismiss, stay, or transfer the case. Dkts. 20, 21, 27. The Court decides only the motion for remand because the case was improperly removed.

　　　　The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, Spence's motion to remand is GRANTED.

## I. BACKGROUND

　　　　Spence opened the Gerry Spence Trial Lawyers College (TLC) at the Thunderhead Ranch in 1993. Dkt. 1-4 (Compl.) ¶ 1. Spence is a 92-year-old attorney. ¶ 17. TLC is a 501(c)(3) nonprofit corporation "providing continuing legal educational services and conducting seminars and other training programs for lawyers and judges." Id. ¶ 28. In 1975, Spence bought the Thunderhead Ranch, where TLC

operated, and bred cattle there until 1993. Id. ¶ 3. In 1965, Spence drew a brand that he used for twenty-four years to identify the Thunderhead Ranch and his livestock. Id. ¶ 4. On December 2, 1965, Spence registered the brand, three clouds with a lightning bolt near the top, with the State of Wyoming. Id. ¶ 6.

Defendants Clary, Sloan, Cole, and Grimes are attorneys who have served on TLC's board of directors. Id. ¶¶ 19-22. Defendants "advis[ed] [Spence] on financial and legal matters," and Spence "relied on them to protect his interests and keep him fully informed of all material facts concerning the Thunderhead Ranch and the Trial Lawyers College." Id. ¶¶ 35-36. On January 17, 2012, "lawyers, at the behest and direction of Defendant Clary, falsely represented to the United States Patent and Trademark Office (the 'USPTO') that TLC was the owner of the Thunderhead Ranch logo." Id. ¶ 37.

Although Clary "represented to Gerry Spence and the TLC Board that he would seek a trademark for the separate and distinct TLC logo," "Clary spearheaded the effort to trademark the Thunderhead Ranch brand and logo as the TLC logo." Id. ¶ 39. Clary "fraudulently concealed from Plaintiff that he had already caused an application to be filed to trademark the separate and distinct *Thunderhead Ranch* brand and logo owned and registered by Plaintiff in Wyoming . . . [and] that he had no intention of seeking a trademark for the separate and distinct *TLC* brand and logo." Id. At a TLC board meeting on January 25, 2012, Defendants assured Spence that they were seeking to trademark only the TLC logo. Id. ¶ 44. Spence discovered Defendants had misappropriated his brand and logo in June 2020. Id. ¶ 49.

Additionally, Defendants have some of Spence's intellectual property, which they refuse to return to Spence. Id. ¶ 59. This includes "a lifetime of photographs, paintings, and videos of Gerry Spence at the ranch, at regional seminars, and myriad events in the last 25 years." Id.

On November 5, 2020, Spence brought a lawsuit in Los Angeles Superior Court, asserting state law claims against Defendants for

2

fraud, conversion, breach of fiduciary duty, negligent misrepresentation, intentional infliction of emotional distress, and elder financial abuse. Id. ¶¶ 63-129. On December 9, 2020, Defendants removed the case.

## II. LEGAL STANDARD

### A. Removal

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case may be removed on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and the plaintiff and defendant are citizens of different states. 28 U.S.C. § 1332(a). But cases may not be removed on the basis of diversity of citizenship "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). Generally, doubts as to removability are resolved in favor of remanding the case. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### B. Fraudulent Joinder

A fraudulently joined defendant is ignored when determining if removal was proper. Virginia A. Phillips & Karen L. Stevenson, Practice Guide: Federal Civil Procedure Before Trial § 2:2345 (The Rutter Group 2020); see also Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant is fraudulently joined if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

3

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

### III. DISCUSSION

Spence contends removal was improper because a case cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. 1441(b)(2), and Grimes is a citizen of California. Defendants counter that Grimes was fraudulently joined in order to avoid removal, which is otherwise proper because (1) Spence and Defendants are otherwise diverse and (2) the amount in controversy exceeds $75,000.

"[F]raudulent joinder claims can be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony." Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) (internal quotation marks and citations omitted); see Morris, 236 F.3d at 1068. The Court considers the materials submitted by Grimes in assessing whether he was fraudulently joined, though the result would be the same if it had not done so.

Spence asserted state law claims against Defendants, including Grimes, for fraud, conversion, breach of fiduciary duty, negligent misrepresentation, intentional infliction of emotional distress, and elder financial abuse. Compl. ¶¶ 63-129. The Court must therefore

4

determine whether there is any possibility that Spence will be able to establish any of these causes of action.[1]

## A. Individual Capacity

Grimes first asserts Spence cannot bring claims against him in his individual capacity because the actions at issue were taken by TLC, acting through its board of directors. Dkt. 20 (Grimes Mot. to Dismiss) at 5. To support this, Grimes attaches minutes from a meeting of TLC's board. Because the board discussed TLC's trademark registration, Grimes asserts "there can be no dispute that the digitization process was approved by the TLC Board with Plaintiff's knowledge." Id. at 6.

Grimes cites a single case, U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal. 3d 586, 595 (1970), to support his claim that "[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done" and that liability has mostly been restricted to cases involving physical injury. Grimes Mot. to Dismiss at 6.

But as Spence notes and Grimes acknowledges, "[u]nder California law, shareholders, officers, and directors of corporations *can be 'held personally liable* for intentional torts when they knew or had reason to know about but failed to put a stop to tortious conduct.'"[2]

---

[1] Spence notes the removal papers contain only two conclusory sentences regarding why the claims against Grimes must fail. Spence Mot. to Remand at 1. Spence argues this is not adequate to demonstrate the claims "would actually fail in such a way that is 'obvious according to settled rules of the state.'" Id. at 1 (quoting Morris, 236 F.3d at 1067). The Court agrees these two sentences are inadequate to support a claim of fraudulent joinder. But as noted above, the Court may pierce the pleadings when examining fraudulent joinder, so it looks also at the information Grimes supplied with his motion to dismiss.

[2] Spence also specifically pleaded Defendants, including Grimes, "were not acting in their capacity as board members of TLC when doing the things

5

Dkt. 32 (Spence Opp'n to Grimes Mot. to Dismiss) at 7 (quoting Johnson v. Altamirano, 418 F. Supp. 3d 530, 554-56 (S.D. Cal. 2019), reconsideration denied, stay granted, No. 3:19-CV-01185-H-BLM, 2020 WL 487301 (S.D. Cal. Jan. 30, 2020) (emphasis added by Spence)). The minutes from the 2012 winter TLC board meeting, which Spence, Clary, Grimes, and Sloan attended, establish only the board and Spence knew "JR was tasked with investigating and obtaining trademarks for the TLC and for the TLC logo." Dkt. 20-1, Ex. A-4 (2012 Meeting Minutes) at 6.[3]

Accepting the allegations in the complaint as true, Grimes has failed to demonstrate there is no possibility Spence could state a claim against him or the other Defendants for fraud. Spence pleaded the Defendants represented to him at the 2012 board meeting that they were seeking a trademark for the TLC logo, not the Thunderhead Ranch logo, which Spence claims is distinct and solely owned by him. Compl. ¶¶ 43, 44. Spence asserted Defendants, including Grimes "knew or should have known, that Defendant Clary had misappropriated the Thunderbird Ranch brand and logo. They used their position with TLC to wrongly retain the brand and logo. They did this knowing this would cause severe emotional distress to Plaintiff." Id. ¶ 61.

Spence's argument, therefore, is that Defendants represented to him in the board meeting that they were only trademarking the TLC logo but instead appropriated the Thunderbird Ranch logo fraudulently

---

complained herein." Compl. ¶ 18. "Legitimate dispute[s]" about whether an individual was acting in the course and scope of his employment or as a shareholder, officer, or director of a corporation are best resolved by the trier of fact. Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1177 (E.D. Cal. 2011).

[3] The Meeting Minutes also demonstrate Spence was aware TLC was digitizing and collecting footage of him. Grimes has not demonstrated that Spence cannot state a claim for fraud or negligent misrepresentation relating to the trademark. The Court, therefore, need not address the viability of Spence's arguments relating to his videos and other intellectual property.

and without his knowledge. The Meeting Minutes do not contradict that assertion. By supplying only Meeting Minutes that align with Spence's narrative, Grimes has not met his burden of demonstrating no "*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants." Grancare, LLC, 889 F.3d at 549.[5]

## B. Statute of Limitations

Grimes asserts Spence's claims against him are all barred by their relevant statutes of limitations. Grimes Mot. to Dismiss at 6. No claim has a statute of limitations longer than four years. Id. at 7. Because TLC registered its trademark on August 28, 2012 and the board voted to authorize the digitization of Spence's videos on September 30, 2013, Grimes argues the claims are barred. Id. at 6-7.

Spence contends his claims are saved by the discovery rule. The general rule for defining the accrual for a statute of limitations sets the date "as the time when, under the substantive law, the wrongful act is done, or the wrongful result occurs, and the consequent liability arises." Norgart v. Upjohn Co., 21 Cal.4th 383, 397 (1999). But the "discovery rule" postpones accrual until the plaintiff discovers, or has reason to discover, the cause of action. Id. In order to rely on the discovery rule for delayed accrual of a cause of action, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery

---

[4] Further, as Nasrawi, 776 F. Supp. 2d at 1176-77, outlines, whether an individual "working within the scope of their employment, [can] be held liable in tort for pecuniary losses" is not well settled, and therefore not a basis for finding fraudulent joinder. Regardless, as Spence, notes, he pleaded Defendants' elder abuse "resulted in physical harm and/or pain." Spence Opp'n to Grimes Mot. to Dismiss at 8 (quoting Compl. ¶ 120).

[5] The Court does not reach the issue of whether there was a fiduciary relationship between the parties because Grimes has failed to demonstrate Spence cannot assert a claim against Grimes in his individual capacity.

7

despite reasonable diligence." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 920 (2005).

Grimes asserts that even with the discovery rule, Spence's claims are barred because he had constructive knowledge of the alleged fraud and misrepresentation when TLC registered the trademark. Grimes Mot. to Dismiss at 7-8. The discovery rule does not apply if a plaintiff "has actual *or constructive* notice of its claims." Gen. Bedding Corp. v. Echevarria, 947 F.2d 1395, 1397 (9th Cir. 1991). In General Bedding Corporation v. Echevarria, 947 F.2d at 1398, the Ninth Circuit noted that issuance of a patent *may* have given a plaintiff constructive notice, preventing the application of the discovery rule. But the Ninth Circuit also stated: "'Ordinarily we leave the question of whether a plaintiff knew or should have become aware of a fraud to the jury.' . . . Where there are disputed questions of fact or facts susceptible to opposing inferences as to when the statute of limitations for fraud commenced, summary judgment is not appropriate." Id. at 1397 (quoting Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 275 (9th Cir. 1988)). Because there were genuine issues of fact regarding whether plaintiff should have been put on notice, the Ninth Circuit denied summary judgment. Id. at 1399.

The same reasoning precludes a finding of fraudulent joinder here. Spence claims he first learned about the trademark registration in June 2020 while quarantined due to the pandemic. Compl. ¶ 49. Spence asserts he did not investigate earlier because he relied on Clary's representations that he was seeking trademark registration for the TLC logo, as opposed to the Thunderhead Ranch logo. Id. ¶ 51. At this stage, the complaint touches on the necessary allegations: "when the fraudulent concealment was discovered, the circumstances of discovery, and . . . facts showing that plaintiff was not at fault for failing to discover the fraud sooner." Allen v. Ramsay, 179 Cal. App. 2d 843, 852 (1960) (quoting Bank of Am. Nat'l Tr. & Sav. Ass'n v. Williams, 89 Cal. App. 2d 21, 25 (1948)). The complaint may not contain sufficient information regarding the circumstances of discovery, but Grimes has not demonstrated this could not be cured by amendment. Grancare, LLC, 889 F.3d at 550.

8

C.  **Fraud and Misrepresentation**

Grimes argues Spence's claims for fraud and misrepresentation fail because he does not "identify any one, specific statement or action attributable to Grimes made at any identifiable time." Grimes Mot. to Dismiss at 9. Further, because Spence's claims only "relate to future actions," Grimes asserts they are not actionable. Id. at 9-10 (citing Cansino v. Bank of Am., 224 Cal. App. 4th 1462, 1469 (2014) and U.S. Bank, N.A. for Registered Holders of ML-CFC Commercial Mortg. Tr. 2007-7 v. Miller, No. CV125632MMMMANX, 2013 WL 12183652, at *9 (C.D. Cal. May 8, 2013)).

"The law is well established that actionable misrepresentations must pertain to past or existing material facts." Cansino, 224 Cal. App. 4th at 1469. Further, "[a]n alleged promise to do or not do something in the future is not actionable fraud,[] unless a party makes the promise with no present intention of performing." U.S. Bank, N.A., 2013 WL 12183652, at *7 (citing Tarmann v. State Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 158-59 (1991)).

But Spence's misrepresentation and fraud claims are based on past or existing facts. For example, he alleges Defendants, which includes Grimes, "made assurances to Gerry Spence that they were seeking to only trademark the TLC logo" on January 25, 2012 in Cambria, California. Compl. ¶ 44. The Meeting Minutes Grimes provided from this meeting state: "The process to trademark TLC is in the end stage." 2012 Meeting Minutes at 6. The representation about the TLC logo trademark process, therefore, was made about past or existing facts, not a promise to do something in the future.

Further, while Spence does not single out Grimes by name, the Meeting Minutes confirm he was at this meeting. Defendants claim "Plaintiff completely fails to identify any one, specific statement or action attributable to Grimes made at any identifiable time. Instead, the complaint alleges falsehoods attributable to all defendants and without providing the corresponding content of the statements." Grimes Mot. to Dismiss at 9.

9

But as Spence notes, Grimes does not provide any legal authority to support that Spence must identify a statement made only by Grimes and not the other Defendants. Courts need not "manufacture arguments for a[] [party], . . . particularly when, as here, a host of other issues are presented for review." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009); see also Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929-30 (9th Cir. 2003) ("However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. . . . We require contentions to be accompanied by reasons."); Mahaffey v. Ramos, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived"). The Court declines to make Grimes' arguments for him.

D.      **Remaining Claims**

Because Grimes has not shown that Spence cannot possibly state a claim against him for fraud or negligent misrepresentation, the Court need not analyze Grimes' arguments as to Spence's remaining claims. Construing all ambiguities in favor of Spence, as the Court must, the Court concludes Grimes has not met the heavy burden of establishing Spence "could not possibly recover" against Grimes. See Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1064 (C.D. Cal. 2012); Sun v. Bank of Am. Corp., No. SACV 10-0004 AG MLGX, 2010 WL 454720, at *3 (C.D. Cal. Feb. 8, 2010).

The Court concludes Grimes was not fraudulently joined and his citizenship must be considered in determining whether removal was proper. Because 28 U.S.C. § 1441(b)(2) instructs that a case cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" and Grimes is a citizen of California, the Court remands the case. The Court, therefore, does not reach Defendants' remaining motions to dismiss, stay, or transfer the case.

10

## IV. CONCLUSION

Spence's motion to remand is GRANTED. The case is REMANDED to the Superior Court of the State of California, County of Los Angeles.

IT IS SO ORDERED.

Date: January 29, 2021

Dale S. Fischer
United States District Judge

cc: Superior Court California County of Los Angeles, 20STCV42478