Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
bcave@hollandhart.com
jspope@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE TRIAL INSTITUTE, GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW AND KENT SPENCE

Beth J. Kushner (admitted *pro hac vice*)
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: 414-287-1373
bkushner@vonbriesen.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE TRIAL INSTITUTE, GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW AND KENT SPENCE

NORMAN A. PATTIS (admitted *pro hac vice*)
Pattis & Smith, LLC
383 Orange St.
New Haven, CT 06511
203.393.3017 (phone)
npattis@pattisandsmith.com

ATTORNEY FOR REX PARRIS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE,<br><br>    Plaintiff.<br><br>vs.<br><br>GERRY SPENCE TRIAL INSTITUTE, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, JOHN JOYCE, and DANIEL AMBROSE, individuals,<br><br>    Defendants,<br><br>GERRY SPENCE TRIAL INSTITUTE, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE<br><br>    Counterclaim Plaintiffs<br><br>vs.<br><br>THE TRIAL LAWYERS COLLEGE, JOHN SLOAN, JAMES R. CLARY, Jr., MILTON GRIMES, DANA COLE, MAREN CHALOUPKA, ANNE VALENTINE,<br><br>    Counterclaim and Third-Party Claim Defendants. | Civil Action No. 1:20-CV-00080-JMC |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

I.      INTRODUCTION

Plaintiff's (TLC) response devotes nearly half its length to denying that it engaged in a bait and switch to induce Mr. Amedee to produce privileged documents. While TLC's aggressive protests to the contrary suggest that the Spence Defendants are correct, TLC also misses the more salient points that justify reconsideration. The Magistrate Judge erred as a matter of law by assuming the common interest doctrine relied on a shared privilege between the Spence Defendants and Mr. Amedee. The Magistrate Judge likewise erred as a matter of law in applying a retroactive analysis to determine if the Spence Defendants and Mr. Amedee had a shared privilege when they were disputed board members of TLC.

On these key issues, TLC can muster only a few statements from the Magistrate Judge to defend his findings. TLC is then forced to invent new reasons to justify the Magistrate's order—revealing an incomplete and legally flawed approach. At bottom, TLC's arguments fail because they either misrepresent the Magistrate Judge's decision or the relevant law.

II.     ARGUMENT

   A.   **The Magistrate Judge did not make any findings about the Spence Defendants waiving their right to object.**

TLC claims the Spence Defendants failed to address the Magistrate's finding "as a preliminary matter, that Defendants had waived any objection they might have to the Amedee subpoena due to their failure to timely move to modify or quash the subpoena." (ECF 215 at 7.) The Magistrate, however, made no such finding. Instead, the order states "it appears one of the reasons they failed to navigate Rule 45 is because Mr. Amedee, and all other non-parties served with similar subpoenas, had timely objected. Those timely objections, according to Spence Defendants, were coordinated and calculated responses from parties with similar interests. Such an argument leads directly into Spence Defendants' privilege claims. The Court **finds it best to address the**

**substantive issues**." (ECF 204 at 4) (emphasis added). In short, the Magistrate Judge intentionally did not find or conclude that any objections were waived as a basis for its decision. Therefore, the Spence Defendants did not need to address it as a reason to reconsider the Magistrate's ruling.[1]

### B.     TLC misstates the Spence Defendants' arguments and the Magistrate Judge's findings about the common interest doctrine.

TLC argues the Magistrate Judge's conclusion not to apply the common interest doctrine "necessarily follows from the Tenth Circuit's requirement that, for the privilege to apply, there must be identical legal interests between the parties seeking to invoke it." (ECF 215 at 8.)[2] This mischaracterizes the Magistrate's analysis. The Magistrate did not analyze whether the Spence Defendants and Mr. Amedee had identical interests. The Magistrate did not explore what an identical interest means as a matter of law. Rather, the Magistrate limited his analysis to whether Mr. Amedee and the Spence Defendants had a *shared* privilege. (ECF 204 at 6-8.) Once the Magistrate concluded no shared privileged existed, he did not consider the common interest doctrine. (*Id*. at 8.) As a result, it is no defense of the Magistrate's decision to argue the nuances of what the Tenth Circuit requires to prove the common interest doctrine because the Magistrate never got to that step in the analysis.

TLC bypasses this problem and claims that Mr. Amedee and the Spence Defendants do not have identical interests as a factual matter. (ECF 215 at 8-11.) This misses the mark. The Magistrate never analyzed whether the facts would support the Spence Defendants and Mr. Amedee had a shared interest. TLC's arguments are mere after-the-fact justifications that serve only to highlight the lack of application of the common interest doctrine by the Magistrate Judge.

---

[1] But the Spence Defendants addressed it anyway. (ECF 211 at 6, Fn. 3.)

[2] TLC also claims the Spence Defendants neglected to specify that "in the Tenth Circuit, the parties must have an identical legal interest. (ECF 215 at 9.) This is false, the Spence Defendants cited the governing law, including the requirement of identical interests, in its motion. (ECF 211 at 9.)

Regardless, TLC's justifications are wrong for several reasons. First, TLC claims a lack of common interest because Mr. Amedee purportedly denied being associated with the Spence Defendants' competing entity and did not affirmatively assert a common interest. (*Id.* at 9-10.) TLC never explains what entity Mr. Amedee allegedly referred to in these statements. This is critical because the entity relevant to the common interest analysis is TLC because Mr. Amedee's status as a board member of TLC is what initially created the common interest. And contrary to TLC's vague allegation, Mr. Amedee has never denied being elected a board member of TLC, following the board split in Spring 2020.

Second, TLC claims the common interest doctrine can attach only to a shared legal interest but not a business interest. (ECF 215 at 9.) TLC cites no law for this assertion nor explores how this statement would hold up when in the pursuit of a shared business interest, parties seek legal advice and create an overlap between business and legal interests. Still, the Spence Defendants never argued the parties had a shared business interest. Rather, the Spence Defendants and Mr. Amedee have a shared legal interest in analyzing the risks and obligations created by this litigation, including the preliminary injunction order and TLC's multiple contempt claims. Further, Mr. Amedee is associated with the Gerry Spence Method. As a result, he and the Spence Defendants face TLC's threats of potential claims against the individuals who operate the Gerry Spence Method. These shared legal concerns allow the common interest doctrine to apply. See *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 712 (5th Cir. 2001) (common interest privilege applies to co-defendants in actual litigation and to potential co-defendants in anticipated litigation); *Cooey v. Strickland*, 269 F.R.D. 643 (S.D. Ohio 2010) (it is not necessary that a common legal interest be derived from legal action in order for the common-interest doctrine to apply).

Third, TLC claims the Spence Defendants failed to prove a joint-defense privilege with Mr. Amedee. (ECF 215 at 11.) This is a red herring, as it is clear that the Spence Defendants enjoy a

joint-defense privilege among themselves. *See W. Fuels Ass'n v. Burlington N.R.R. Co.*, 102 F.R.D. 201, 203 (D. Wyo. 1984) (explaining "[t]he joint[-]defense privilege enables counsel for clients facing a common litigation opponent to exchange privileged communications and attorney work product in order to adequately prepare a defense without waiving either privilege"). The common interest doctrine extends this privilege to Mr. Amedee, preserves the privilege as to communications shared with Mr. Amedee, and precludes Mr. Amedee from waiving that privilege.

In sum, TLC's response attempts to fill the voids left by the Magistrate's analysis. In doing so, TLC has tacitly admitted the Magistrate Judge erred in analyzing the common interest doctrine as a means of creating a shared privilege.

### C. TLC's claim that a shared privilege does not exist repeats the Magistrate Judge's error.

TLC argues Mr. Amedee and the Spence Defendants did not have a shared privilege because the Magistrate found at the time of Mr. Amedee's election to the TLC Board, the Spence Defendants had been properly removed from the board. (ECF 215 at 12.) While TLC styles this as a fact, it became a fact only after the state district court made a legal ruling approximately 11 months *after* the election in July 2020. As a result, TLC's defense of the Magistrate's retroactive analysis is just more retroactive analysis. TLC cites no law that suggests this is the proper way to view claims of privilege.

To try to get around these problems, TLC asserts the Spence Defendants knew they were not board members because of the preliminary injunction. (*Id.* at 13.) But the preliminary injunction was not a finding that the Spence Defendants were not board members. In fact, as a matter of law it could not be because the state district court had jurisdiction to decide that issue. Still, the injunction precluded the Spence Defendants from purporting "definitively to be Plaintiff's true Board unless and until such time as the state court makes a ruling to that effect" yet were permitted to "reference or describe their claimed, but not judicially recognized, status as set forth in the ongoing state court

5

litigation to challenge control of the board." (ECF 46 at 19.) As such, the preliminary injunction did not signal to the Spence Defendants and Mr. Amedee that they were not board members. Instead, it signaled the need for a coordinated legal strategy to abide by the terms of the preliminary injunction pending final disposition of this case and the state court case—a common legal interest requiring advice of counsel.

### III. CONCLUSION

The Magistrate failed to conduct a legally correct analysis of the common interest doctrine and the shared privilege between Mr. Amedee and the Spence Defendants. TLC's response has not raised a factual or legal argument that changes that. Therefore, the Spence Defendants request the Court reconsider and reverse the Magistrate's ruling in ECF No. 204.

DATED:  August 4, 2021.

/s/ *Jeffrey S. Pope*
Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
bcave@hollandhart.com
jspope@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

Beth J. Kushner
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI  53202
Telephone:  414-287-1373
bkushner@vonbriesen.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE'S TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW AND KENT SPENCE

17160837_v2