IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

    Plaintiff,

v.                                              Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation, and
GERALD L. SPENCE,
JOHN ZELBST,
REX PARRIS,
JOSEPH H. LOW,
KENT SPENCE,
JOHN JOYCE, and
DANIEL AMBROSE, individuals,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR
## LEAVE TO FILE THIRD AMENDED COMPLAINT

On September 20, 2021, Plaintiff The Trial Lawyers College filed a Motion for Leave to File Third Amended Complaint (Doc. 223). Plaintiff seeks to amend its Complaint to: (1) add Defendant Gerry Spence Method at Thunderhead Ranch, Inc. ("GSM"), a Wyoming nonprofit entity Plaintiff contends Defendants control that is "the mere corporate continuation of Defendant Gerry Spences Trial Lawyers College at Thunderhead Ranch;" (2) add a claim against GSM for copyright infringement under the Copyright Act; and (3) dismiss its claim under the Computer Fraud Abuse Act. Defendants Gerry Spence Trial Institute, Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence filed a response in opposition, arguing that Plaintiff failed to show good cause for not seeking to amend the Complaint before the deadline for amending

pleadings set in the scheduling order. For the following reasons, the Court grants Plaintiff's Motion for Leave to File Third Amended Complaint.

## I. Background

Plaintiff sued in federal district court alleging Defendants violated the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*, and 15 U.S.C. § 1125(a). Plaintiff alleged Defendants infringed its federally registered trademarks and engaged in unfair competition, false designation of origin, passing off, and false advertising related to Plaintiff's federally registered trademarks. Plaintiff also alleged Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Defend Trade Secrets Act, 18 U.S.C. § 1836, and Wyo. Stat. Ann. § 40-24-101, *et seq.*, by accessing and misusing Plaintiff's confidential and proprietary computer files. Plaintiff filed an Amended Complaint to add Defendant Daniel Ambrose. Plaintiff later filed a Second Amended Complaint, which added Defendant John Joyce. Plaintiff now seeks leave to amend a third time.

## II. Applicable Law

Rules 15 and 16 of the Federal Rules of Civil Procedure govern the motion to amend. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015). Once the deadline for amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). And a district court "should freely give leave when justice so requires." *Id.* But under Rule 16(b)(4), a court may modify a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under [Rule] 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Birch*, 812 F.3d at 1247 (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). This "good cause" standard, in practice, requires

the moving party to show that it cannot meet scheduling order deadlines despite its diligent efforts. *Id.* A moving party may satisfy Rule 16's good cause requirement, for example, "if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.*

III. Discussion

Plaintiff seeks leave to amend its Second Amended Complaint in order to add a Defendant and a copyright claim and to dismiss another claim. Plaintiff contends that GSM's actions from April 2021 to now warrant its addition as a defendant in this civil action. Specifically, Plaintiff asserts that GSM's actions are likely to confuse, and have actually confused, individuals seeking trial skills training programs about the origin of GSM's programs. Plaintiff alleges Defendants advertised an upcoming seminar on the internet listing GSM as the provider, but also listing Plaintiff's address as GSM's address. A brochure for the seminar listed Plaintiff's telephone number as GSM's telephone number. Plaintiff claims several confused potential attendees reached out to it seeking trial skills training programs. One of GSM's presenters also posted to social media that he would be speaking at Trial Lawyers College. Plaintiff alleges that the social media posts falsely conflated GSM and Plaintiff and caused actual confusion among the trial lawyers community.

Next, Plaintiff asserts that GSM recently infringed on its federally registered copyright of its Skills Outlines, which inform its trial skills training programs. GSM hosted a continuing legal education seminar entitled "Discovering the Story." Plaintiff claims it has taught that seminar for years and that the written materials for that seminar are part of its federally registered copyright. In preparation for the seminar, a GSM board member allegedly sent other directors and instructors a copy of Plaintiff's copyrighted written materials for "Discovering the Story" and other copyrighted skills outlines. Plaintiff desires to add a copyright claim against GSM based on this.

3

Defendants oppose the motion, arguing that Plaintiff's motion comes too late in the case. And so Defendants contend it will largely require a do-over of fact discovery, expert discovery, and dispositive motions. Defendants point to the vacated scheduling order's October 16, 2020 deadline to amend pleadings as well as the fact that the parties have fully briefed summary judgment motions and *Daubert* motions. Defendants also contend that discovery is almost complete. In addition, Defendants argue that GSM cannot reasonably be part of any trademark infringement claim given the dissimilarities in name between GSM and Plaintiff. Defendants believe that the copyright registration recites incorrect information.

Defendants argue that the proposed amendment is not plausible and would be futile. Defendants assert that the registration states that the document was a "work for hire," but the proposed amendment does not mention "work for hire" and contains no allegations to support a work for hire.

Plaintiff has satisfied Rule 16's good cause requirement. Plaintiff did not learn until after the pleading amendment deadline that GSM allegedly used without authorization its copyrighted materials in a continuing legal education program; that GSM, an alleged mere continuation of Defendant Gerry Spence's Trial Lawyers College/Gerry Spence's Trial Institute, allegedly falsely listed Plaintiff's telephone number and address on promotional materials; that GSM's presenter allegedly falsely promoted the seminar he gave for GSM as being presented on behalf of TLC; and that allegedly Defendants confused several applicants to Plaintiff's three-week college by its and GSM's actions—so much so that the applicants applied to the wrong college. Because the factual basis for adding GSM as a defendant and adding the copyright claim did not arise until after the scheduling order deadline, Plaintiff has shown good cause for why it did not comply with the

4

deadline set forth in the now-vacated scheduling order to amend pleadings. *Birch*, 812 F.3d at 1247.

Plaintiff has proven that the proposed Third Amended Complaint will not prejudice Defendants, is not futile, and is not sought in bad faith. The Court acknowledges that the parties have engaged in discovery but notes that discovery remains ongoing. Because this case has no operative scheduling order, the Court will consider any additional time Defendants may need to conduct discovery or further develop its defense in fashioning an amended scheduling order. Thus, Defendants will not suffer prejudice in preparing their defense as the Court has scheduled neither a discovery deadline nor a trial date. *Lewis v. Denver Fire Dep't*, 2009 WL 4693845, at *2 (D. Colo. Dec. 4, 2009) (unpublished) (recognizing that the opportunity to reopen discovery cures any prejudice that could arise from amendment). Moreover, the expenditure of time, money, and effort alone is not grounds for a finding of prejudice. *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)).

As to Defendants' futility argument, the Court exercises its discretion and declines to engage in a futility analysis at this stage of the litigation. *Platinum Venture Grp. v. Anchor Health Care Serv.*, 2020 WL 5790556, at *2 (D. Utah Sept. 28, 2020) (unpublished) (citing *Fuller v. REGS, LLC*, 2011 WL 1235688 (D. Colo. March 31, 2011) (unpublished)). This is because Defendants' argument on futility about the new, proposed copyright claim in this case "seems to place the cart before the horse." *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (unpublished). "Rather than force a Rule 12(b)(6) motion into a Rule 15(a) [and Rule 16] opposition brief, [Defendants] may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Id.*

IV.     Conclusion

For good cause shown, the Court GRANTS Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 223).[1] The Court DIRECTS the parties to meet and confer on dates for an amended scheduling order before the scheduling conference Magistrate Judge Carmen will schedule. The Court DIRECTS the Clerk to file Plaintiff's Third Amended Complaint.[2]

IT IS SO ORDERED.

Entered for the Court
this the 26th day of October, 2021

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation

---

[1] Because the Court grants Plaintiff's Motion for Leave to File Third Amended Complaint, it DENIES AS MOOT the following motions: Plaintiff and Third-Party Defendants' Motion to Dismiss Counterclaims and Third Party Claims (Doc. No. 103); Defendant Ambrose's Motion to Dismiss (Doc. No. 111); Plaintiff's Motion to Strike Defendants' First Amended Answer to Second Amended Complaint and Counterclaims/Third Party Claims (Doc. No. 116); Plaintiff and Third-Party Defendants' Motion to Dismiss Amended Counterclaims and Third Party Claims (Doc. No. 120); Defendant John Joyce's Motion to Dismiss (Doc. No. 133); Plaintiff's Motion to Exclude Expert Testimony of Scott Cragun (Doc. No. 176); Plaintiff and Third-Party Defendants' Motion for Summary Judgment (Doc. No. 178); Defendants Gerry Spence Trial Institute, Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence's Motion for Partial Summary Judgment (Doc. No. 180); Defendants Gerry Spence Trial Institute, Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence's Motion to Exclude Opinions of Tuan Pham (Doc. No. 183). The Court denies all these motions as moot, and consequently without prejudice. Because the Court denies as moot Plaintiff's Motion to Strike (Doc. No. 116), it DECLINES to AFFIRM and ADOPT the Magistrate Judge's Report and Recommendation on that motion (Doc. No. 137).

[2] A third-party producing documents marked Plaintiff's Exhibits Q and R to the Third Amended Complaint as "confidential." Pursuant to the terms of the Protective Order, the Clerk shall file Exhibits Q and R to the Third Amended Complaint as non-public documents