Patrick J. Murphy, WSB No. 5-1779
Zara S. Mason, WSB No. 7-6267
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone:  (307) 265-0700
Facsimile:  (307) 266-2306
E-Mail:  pmurphy@wpdn.net

Christopher K. Ralston (Admitted *Pro Hac Vice*)
Lindsay Calhoun (Admitted *Pro Hac Vice*)
James Gilbert (Admitted *Pro Hac Vice*)
Matthew Slaughter (Admitted *Pro Hac Vice*)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-584-9358
Facsimile: 504-568-9130
Email: chris.ralston@phelps.com
        lindsay.calhoun@phelps.com
        james.gilbert@phelps.com
        matthew.slaughter@phelps.com

Attorneys for The Trial Lawyers College

PD.35185979.3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING
## CASPER DIVISION

THE TRIAL LAWYERS COLLEGE,              )
a nonprofit corporation                 )
                                        )    CIVIL ACTION NO.  1:20-cv-00080
Plaintiff,                              )
                                        )    _____
v.                                      )
                                        )
GERRY SPENCES TRIAL                     )
LAWYERS COLLEGE AT                      )
THUNDERHEAD RANCH, a                    )
nonprofit corporation, and GERALD       )
L. SPENCE, JOHN ZELBST, REX             )
PARRIS, JOSEPH H. LOW, KENT             )
SPENCE, JOHN JOYCE, and                 )
DANIEL AMBROSE, individuals,
and GERRY SPENCE METHOD AT
THUNDERHEAD RANCH, INC., a
nonprofit corporation

Defendants.

---

### PLAINTIFF'S THIRD AMENDED VERIFIED COMPLAINT

---

PLAINTIFF The Trial Lawyers College, ("Plaintiff" or the "TLC"), brings this Complaint against DEFENDANTS Gerry Spences Trial Lawyers College at Thunderhead Ranch, Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, Kent Spence, John Joyce, Daniel Ambrose, and Gerry Spence Method at Thunderhead Ranch, Inc. (collectively, "Defendants") and as cause thereof states:

### NATURE OF THE ACTION

1.      This action arises out of Defendants' violations of the Lanham Act, 15 U.S.C. §§ 1114, *et. seq.*, and 15 U.S.C. § 1125(a) through their infringement of Plaintiff's federally registered

trademarks and Defendants' unfair competition, false designation of origin, passing off, and false advertising related to TLC's federally registered trademarks, Defendants' violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 and Wyo. Stat. Ann. § 40-24-101, *et seq.*, through Defendants' unauthorized access and misuse of Plaintiff's confidential and proprietary computer files, and Defendant Gerry Spence Method's infringement of TLC's federally registered copyrights in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.* Plaintiff seeks injunctive, monetary, and declaratory relief under the foregoing Acts and the Declaratory Judgment Act, 28 U.S.C § 2201.

2.    TLC is a 501(c)(3) nonprofit corporation providing training and education services to lawyers, and is organized under the laws of Wyoming. TLC is led by a Board of Directors (the "Board").

3.    TLC has operated as a Wyoming nonprofit corporation since December 1, 1993.

4.    Pursuant to a lease with the Spence Foundation, TLC conducted its training and education services at the Thunderhead Ranch in Dubois, Wyoming, since its inception in August 1994.

5.    In order to protect its intellectual property, TLC applied to and received from the United States Patent and Trademark Office (the "USPTO") the following federally registered trademarks:

  a.  Per Registration Number 4,197,908 (the "'908 Mark"), registered August 28, 2012, TLC possesses a trademark for "TRIAL LAWYERS COLLEGE" in standard characters, without claim to any particular font, style, size, or color. No claim is made to the exclusive right to use "college," apart from the mark as shown. A copy of the '908 Mark is attached hereto as **Exhibit "A."**

b. Per Registration Number 4,198,054 (the '054 Mark"), registered August 28, 2012, TLC possesses a trademark consisting of a stylized design of a cloud with a bolt of lightning.  A copy of the '054 Trademark is attached hereto as **Exhibit "B."**

6.     TLC has maintained and used the '908 and '054 Marks in interstate commerce since they were issued by the USPTO.

7.     Additionally, on August 11, 2020, TLC registered its Skills Outlines, which inform its trial skills training programs, for copyright protection with the United States Copyright Office pursuant to Registration Number TX0008891118 (the "Registration Certificate").  A copy of the Registration Certificate and TLC's Skills Outlines are attached hereto as **Exhibit "C."**

8.     As of April 30, 2020, Defendant Gerry Spences Trial Lawyers College at the Thunderhead Ranch, with the aid of Defendants Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, Kent Spence and John Joyce, operated as a Wyoming nonprofit corporation with its registered principal place of business in Jackson, Wyoming.

9.     Upon information and belief, through Gerry Spences Trial Lawyers College at the Thunderhead Ranch, Defendants intended to offer services substantially similar to those that TLC has offered since August 1994.

10.     Defendants' use of the business name "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" constitutes infringement of the '908 Mark.

11.     On May 27, 2020, the Court issued an Order temporarily restraining Defendants from using the business name "Gerry Spences Trial Lawyers College at the Thunderhead Ranch." On June 1, 2020, Gerry Spences Trial Lawyers College at the Thunderhead Ranch filed a "Name Change" form with the Wyoming Secretary of State seeking to change its name to Gerry Spence

4

Trial Institute.  Defendant "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" is thus hereafter referred to as "Gerry Spence Trial Institute" or "GSTI."  Upon information and belief, Defendants only ceased to use the GSTLC/GSTI entity for their competing trial skills college because of this Court's TRO and preliminary injunction orders.

12.     After claiming that the GSTLC/GSTI entity served no purpose and had taken no actions, in April 2021, Defendants caused to be registered a new Wyoming nonprofit corporation, the Gerry Spence Method ("GSM").  GSM directly competes with TLC as a trial skills training program.  In fact, GSM recently held a three-week trial skills training program (the same length of time as TLC's historic college) at the same location (the Thunderhead Ranch) that TLC operated for 25 years, until their eviction in April 2020.

13.     As described more fully below, Defendants have infringed on TLC's intellectual property by sending and/or authorizing the sending of certain communications and publications that wholly incorporate both the '908 Mark and the '054 Mark (collectively, the "TLC Marks") without TLC's authorization.  The individual Defendants have personally infringed upon the TLC Marks, and have also acted on behalf of GSTLC/GSTI and GSM such that those entities have likewise infringed upon the TLC Marks.

14.     These recent communications and publications, which Defendants have sent or caused to be sent to TLC alumni, Board members, and other individuals with connections to TLC, as well as to the public, falsely suggest that Defendants represent TLC, and that GSTI constitutes TLC.  Defendants' actions indicate that they sought to pass GSTI off as TLC, thus misleading and confusing those persons who receive Defendants' communications.  Moreover, Defendants' advertisements for GSM's recent three-week college at the Thunderhead Ranch initially listed TLC's office location as the entity's location on their website, provided TLC's office phone

number on their college brochure, and at least one social media post related to the GSM college referred to it as the "Trial Lawyers College," thus engendering further confusion between the two entities and further infringing on the TLC Marks. Additionally, individuals acting on behalf of GSM have used without authorization TLC's copyrighted Skills Outlines, thereby infringing on TLC's copyright. Defendants' actions infringe on TLC's Marks and copyrights and violate the Lanham Act, Defend Trade Secrets Act, the Copyright Act, and further constitute misappropriation of trade secrets under Wyoming state law. Defendants' actions also constitute a civil conspiracy.

15.     Additionally, on or around June 2020, TLC alumnus Defendant Daniel Ambrose, in concert with Defendants Rex Parris and Joseph Low, began advertising a competing trial lawyers skills course as "Trial Lawyers University," available at http://www.triallawyersuniversity.com (last accessed September 17, 2021), which likewise infringes on the '908 Mark.

16.     TLC has already been harmed by Defendants' actions, and will continue to be harmed irreparably if Defendants are not enjoined from (i) infringing on TLC's Marks, including using the confusingly-similar business names "Gerry Spences Trial College at the Thunderhead Ranch," "Gerry Spence's Trial Warriors College," "Trial Lawyers University," and/or similar iterations; (ii) infringing on TLC's copyright; (iii) making false and misleading communications and publications in violation of state and federal law; and (iv) improperly accessing and using TLC's confidential and proprietary information.

17.     TLC thus seeks injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction, to cease Defendants' willful, malicious, and improper conduct, as well as other forms of relief as set forth below.

PD.35185979.3

## THE PARTIES

18.     Plaintiff, The Trial Lawyers College, is a 501(c)(3) nonprofit corporation organized and existing under the laws of the State of Wyoming.  The Trial Lawyers College's registered principal place of business is 1623 Central Avenue, Cheyenne, Wyoming, 82001.  From August 1994 through May 8, 2020, TLC operated at the Thunderhead Ranch, Dubois, Wyoming.

19.     Defendant, Gerry Spence Trial Institute, is a Wyoming nonprofit corporation organized and existing under the laws of the State of Wyoming.  GSTI's registered principal place of business is 199 E. Pearl Ave., Suite 103, P.O. Box 4430, Jackson, Wyoming 83001.  Upon information and belief, GSTI planned to operate at the Thunderhead Ranch, Dubois, Wyoming, but ceased to do business after this Court entered a TRO and preliminary injunction enjoining it from, *inter alia*, infringing upon TLC's Marks.  As of June 9, 2021, GSTI's status with the Wyoming Secretary of State is "inactive."

20.     Defendant, Gerald L. Spence ("Gerry Spence"), is an individual residing in or near Santa Barbara, California.

21.     Defendant, John Zelbst ("Zelbst"), is an individual residing in Lawton, Oklahoma.

22.     Defendant, Rex Parris ("Parris"), is an individual residing in Lancaster, California.

23.     Defendant, Joseph H. Low ("Low"), is an individual residing in Pacific Palisades, California.

24.     Defendant, Kent Spence, is an individual residing in Jackson, Wyoming.

25.     Defendant, John Joyce ("Joyce"), is an individual residing in Chicago, Illinois.

26.     Defendant, Daniel Ambrose ("Ambrose") is an individual residing in Los Angeles, California.

PD.35185979.3

27.    Defendant, Gerry Spence Method at Thunderhead Ranch, Inc. ("GSM") is a Wyoming nonprofit corporation organized and existing under the laws of the State of Wyoming. GSM's registered principal place of business is 125 S. King Street, Suite 2A, Jackson, WY 83001-1045.  GSM was registered with the Wyoming Secretary of State on April 22, 2021.  From August 15-September 4, 2021, GSM operated a three-week trial skills training program at the Thunderhead Ranch in Dubois, Wyoming.

## JURISDICTION AND VENUE

28.    Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1367.  This action involves claims arising under the Constitution, laws or treaties of the United States, specifically, the Lanham Act, 15 U.S.C. § 1051, *et seq.* and the Defend Trade Secrets Act, 15 U.S.C. § 1836.  Further, this Court has original jurisdiction of all civil actions arising under the Copyright Act, 17 U.S.C. § 101, *et seq.*  The Court has supplemental jurisdiction over TLC's claims under Wyoming law pursuant to 28 U.S.C. § 1367.

29.    This Court has personal jurisdiction over Defendants GSTI and GSM because they are citizens of Wyoming.  Moreover, the Court possesses personal jurisdiction over all Defendants because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

30.    Venue in this district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## STATEMENT OF FACTS

31.    TLC is dedicated to training and educating lawyers and judges who are committed to the jury system and to representing and obtaining justice for individuals; the poor, the injured,

the forgotten, the voiceless, the defenseless and the damned, and to protecting the rights of such people from corporate and government oppression.

32.     Since it began operations in August 1994, TLC operated pursuant to a lease agreement at the Thunderhead Ranch, located in Dubois, Wyoming.

33.     Defendant Gerry Spence founded TLC in 1993 and has been affiliated with TLC in various capacities since its founding.  Gerry Spence's prominent role and involvement with TLC is well-known in the legal community.

34.     Defendant Zelbst has been affiliated with TLC in various capacities since 1999.

35.     Defendant Parris has been affiliated with TLC in various capacities since 1995.

36.     Defendant Low has been affiliated with TLC in various capacities since 1998.

37.     Defendant Kent Spence has been affiliated with TLC in various capacities since 1995.

38.     Defendant Joyce has been affiliated with TLC in various capacities since 2013.

39.     Defendant Ambrose has been affiliated with TLC in various capacities since 2002.

40.     Each of the Defendants Gerry Spence, Zelbst, Parris, Low, and Kent Spence (the "Former Board Member Defendants") recently served on TLC's Board.  As of May 6, 2020, the Former Board Member Defendants were not elected to the Board, and thus no longer serve on the Board as of that date.

41.     Over the course of the last several years, while serving as members of TLC's Board, the Former Board Member Defendants, led by Gerry Spence, sought to expend TLC's funds to build a library in honor of Gerry Spence at the leased premises (the "Spence Proposal").  However, the TLC Board held a December 2019 vote at a duly noticed Board Meeting and declined to

support the Spence Proposal, which would have used TLC funds to build a multi-million dollar facility on land TLC did not own.

42.     As a result of the Board's decision not to support the Spence Proposal, the Former Board Member Defendants have taken a series of retaliatory actions against individual Board members and TLC.

43.     Of relevance here, Gerry Spence, through the Spence Foundation, which owns the land upon which the Thunderhead Ranch sits and from whom TLC leased the premises, terminated TLC's lease agreement.  As a result of the termination of the lease agreement, TLC immediately made plans to and did in fact vacate the premises as so required by the terms of the lease and Notice to Vacate letter.

44.     With the exception of some property that it owns and that it intends to remove, TLC vacated the Thunderhead Ranch by May 8, 2020.  TLC has been prevented from removing its property from Thunderhead Ranch and the disposition of this issue is the subject of proceedings in Wyoming state court.

45.     With knowledge that TLC was in the process of vacating the Thunderhead Ranch due to the Spence Foundation's termination of its lease agreement with TLC, on April 30, 2020, the Former Board Member Defendants caused to be registered with the Wyoming Secretary of State "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" as a Wyoming nonprofit corporation.

46.     Defendants' use of the name "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" is deliberately confusing because it incorporates the '908 Mark, and because it specifically refers to "Gerry Spence" and "the Thunderhead Ranch," both of which were prominently connected to TLC for decades.

47.     Defendants sought to change the name of "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" to "Gerry Spence's Trial Institute" only after this Court restrained and enjoined them from using that name.

48.     Defendants ultimately abandoned the GSTLC/GSTI entity because this Court entered a TRO and a preliminary injunction order enjoining its unlawful actions.  GSM is a mere continuation of the GSTLC/GSTI entity, and thus functions as a successor corporation. Specifically, GSM continues the business that GSTLC/GSTI intended to do, namely, operating a trial skills college at the Thunderhead Ranch that directly competes with TLC.

49.     TLC maintains confidential and proprietary contact information of its alumni and other individuals, including email addresses, in order, among other reasons, to communicate via several listservs with individuals regarding its services and other works (the "Database").  The Database is akin to a customer list and contains comprehensive personal information about TLC's alumni.

50.     Approximately three years ago, TLC took steps to keep the information contained in the Database confidential, such that only a few individuals affiliated with TLC had access to the information contained therein.  TLC advises any person with access to the Database that such information is confidential, proprietary, and may not be used for any purpose other than specifically-permitted TLC business.  TLC expressly prohibits contacting persons whose personal information is stored in the Database to promote competing programs.

51.     Despite these prohibitions and the steps TLC has taken to maintain the confidentiality of the Database, on or before April 30, 2020, the Former Board Member Defendants and Defendant Joyce, on behalf of Defendants GSTI and GSM, accessed TLC's confidential and proprietary Database to access the contact information stored therein.  Defendants used that

PD.35185979.3

confidential and proprietary information to create a new listserv (the "New Listserv") and send mass emails to recipients whose information they improperly obtained from the Database. The contact information in the Database was gathered by TLC for its sole use. Defendants were on written notice that such information was confidential and was not to be used for non-TLC purposes.

52.     Defendants' email to the New Listserv falsely stated that the "old listserve was experiencing difficulties" and that "Gerry Spence authorized a new listserve." The email was sent to the New Listserv from "Gerry Spence's Trial Lawyer College" (the "April 30 Email"). A copy of that April 30 Email is attached hereto as **Exhibit "E."**

53.     On May 1, 2020, Defendants posted a video of Gerry Spence to YouTube.com, which bears the date April 30, 2020, and as of May 11, 2020, could be accessed at (https://www.youtube.com/watch?v=DwBPLFUht5s) (the "April 30 Video"). The April 30 Video falsely implies that the statements Gerry Spence makes during the video are made on behalf of TLC. Further, the April 30 Video wholly incorporates the TLC Marks without TLC's authorization, and thus infringes upon those trademarks. A copy of the April 30 Video has previously been submitted to the Court manually as **Exhibit "D" to Rec. Doc. 1.**

54.     For several years, TLC has maintained an account with and regularly used YouTube.com to promote its services and works.

55.     The '054 Mark is displayed in the left corner throughout the April 30 Video without TLC's permission. Screenshots from the YouTube video are attached hereto as **Exhibit "F."**

56.     Defendants' unauthorized use of the '054 Mark as displayed in the April 30 Video is likely to cause confusion to viewers of the April 30 Video as to the origin of that video. Specifically, it suggests that the April 30 Video was published by TLC, when in fact it was published by Defendants on behalf of GSTI and its successor corporation, GSM.

12

57.    In the video, Gerry Spence states: "[m]y vision, my friends, for this college, is you. And it will stay alive and beautiful and ringing across the land, as long as you're there."  As Gerry Spence refers to "this college," TLC's Marks are also displayed.

58.    Defendants' combination of Gerry Spence's use of the phrase "this college" with the superimposition of TLC's Marks is likely to cause confusion to viewers of the April 30 Video. Specifically, it suggests that the April 30 Video was published by TLC, when in fact it was published by Defendants on behalf of GSTI and its successor corporation, GSM.

59.    Gerry Spence then further states: "[s]ome people think that Trial Lawyers College is over.  Well, I'd like you to know a marvelous secret.  It's a secret for some, but now, you know it too.  Trial Lawyers College is going to continue.  It's going to continue with marvelous new leadership.  We're going to continue forwarding the message of our great institution, that we are an organization dedicated to teaching our trial lawyers how to fight the good battle for ordinary people who need our support and our help.  And, we're going to have classes next year where we teach trial lawyers to represent ordinary people."

60.    Gerry Spence's statements transcribed in the foregoing paragraph are likely to confuse viewers of the April 30 Video, insofar as Gerry Spence's statements wrongly imply that the April 30 Video was published by TLC, when in fact it was published by Defendants on behalf of GSTI and its successor corporation, GSM.

61.    The April 30 Video is likely to confuse viewers into believing that GSTI (and its successor GSM) and TLC are the same nonprofit corporation, when in fact GSTI and GSM are both later-formed businesses attempting to usurp the goodwill of TLC, and GSTI (and its successor GSM) are infringing on TLC's Marks.

62.    TLC did not authorize the use of the TLC Marks in the April 30 Video.

63.     On May 6, 2020, after TLC held a Special Board of Directors Meeting, Defendants sent another email to the New Listserv from "Gerry Spence via Gerry Spence's Trial Lawyer College" (the "May 6 Email"). Among other false statements, the May 6 Email falsely portrays the Former Board Member Defendants as speaking on behalf of TLC's Board. A copy of the May 6 Email is attached hereto as **Exhibit "G."**

64.     In the May 6 Email, Defendants falsely state that on that date, "Rex Parris then moved to elect Gerry Spence as President and it was seconded but before a vote could be taken John Sloan unilaterally terminated the zoom board meeting. The TLC board then resumed the meeting and Gerry was elected President, John Zelbst, V.P., Joey Low Treasurer, and Kent Spence Secretary." In fact, those individuals were not elected to those positions on the TLC Board as described therein. The May 6 Email is signed by "Gerry Spence's Trial Lawyers College."

65.     In the May 6 Email, Defendants' represented: "The creation of this ListServ was approved by Gerry Spence and the current board of the Trial Lawyers College." As set forth in the preceding paragraph, Defendants' considered "the current board of the Trial Lawyers College" to be composed of Gerry Spence, Parris, Kent Spence, Imagine Spence, Low, and John Zelbst. Thus, in the May 6 Email, Defendants represented that the Former Board Members expressly authorized and approved of the creation of the GSTI listserv, which used without authorization TLC's confidential and proprietary contact list and further, which sent communications that infringe upon the TLC's Marks.

66.     After Defendants sent the May 6 Email, TLC received questions from TLC alumni expressing confusion as to whether Defendants' communications were on behalf of TLC or another entity.

67.     On May 8, 2020, TLC sent to Defendants GSTI, Gerry Spence, Zelbst, Parris, Low, and Kent Spence, cease-and-desist letters requesting that they immediately cease their unlawful actions as described herein.  Copies of the cease-and-desist letters are attached hereto *in globo* as **Exhibit "H."**

68.     Also on May 8, 2020, after TLC sent the cease-and-desist letters, Defendants sent another message to the New Listserv with additional false statements (the "May 8 Email").  A copy of the May 8 email is attached hereto as **Exhibit "I."**  Collectively, the April 30 Email, May 6 Email, and May 8 Email are referred to as the "New Listserv Communications."

69.     In the May 8 Email, Defendants falsely claim that: "[p]roperty was recently taken from Thunderhead Ranch without authorization from the Court responsible for settling the current dispute.  The TLC Board of Directors considers this property to be stolen, and will aggressively pursue all remedies possible against any individual in possession of the stolen property."  The May 8 Email is again signed "Gerry Spence's Trial Lawyers College."

70.     Defendants' statements in the May 8 Email that property was improperly taken is false, as is its statement that the "TLC Board of Directors considers this property to be stolen."  In fact, the property referenced in the May 8 Email is the property of TLC, is considered such by the TLC Board, and remains in TLC's possession.

71.     Additionally, despite filing to change its name to GSTI with the Wyoming Secretary of State on June 1, 2020, Defendants thereafter used a variety of names instead of GSTI, such as "Gerry Spence's Trial Warriors College," that were intended to and did cause confusion among the public, and specifically, among TLC alumni.  As one example of Defendants' use of various entity names to cause confusion, on June 8, 2020, Defendant Low posted to the New

15

Listserv "via Gerry Spence's Trial Warriors College" (the "June 8 Email"). A copy of the June 8 Email is attached hereto as **Exhibit "J."**

72.     On July 11, 2020, Defendant Parris sent several e-mails, including to the GSTLC Listserv, attaching a purported "notice of a special board meeting called by the President [of TLC] Gerry Spence" (the "July 11 Emails"). The July 11 Emails falsely state that Defendant Gerry Spence called a special meeting of TLC's Board on July 14, 2020, to elect new members to the TLC Board. The July 11 Emails are attached hereto *in globo* as **Exhibit "K."**

73.     In the July 11 Emails, Defendant Gerry Spence was held out publicly as the President of TLC, and Defendants Kent Spence, Parris, Low, and Zelbst were held out publicly as officers/Board members of TLC.

74.     In the July 11 Emails, Defendants also held out the following individuals as nominated to the TLC Board: Lee "Jody" Amedee III, Hunter Thomas Hillin, Hatham Faraj, Adrian Baca, and Sylvia Torres-Guillen.

75.     Upon information and belief, Defendants held the purported "Special Board Meeting" on July 14, 2020, and after that date, continue to hold out publicly, themselves, as well as Amedee, Hillin, Faraj, Baca, and Torres-Guillen, as TLC Board Members. Defendants now claim that they and the foregoing individuals are members of the Board of Directors for GSM, which was only formed in April 2021, although it remains unclear when, if ever, they held elections for that Board.

76.     In approximately June 2020, Defendant Ambrose launched a new website doing business as "Trial Lawyers University," http://www.triallawyersuniversity.com, which offers trial lawyers skills courses and directly competes with TLC by offering online trial lawyers skills courses, a service TLC also provides. Shortly thereafter, Defendants Ambrose, Parris, and Low

16

began promoting Trial Lawyers University.  Images of the Trial Lawyers University website, including images featuring Defendants Parris and Low, are attached hereto as **Exhibit "L."**

77.    On July 24, 2020, Defendant Parris sent to the New Listserv an email promoting his, Low's and Ambrose's association with Trial Lawyers University (the "July 24 Email").  The July 24 Email is attached hereto as **Exhibit "M."**

78.    As of September 17, 2021, http://www.triallawyersuniversity.com offers nineteen online trial skills seminars featuring Defendant Parris.  *See* Ex. L.

79.    As of September 17, 2021, http://www.triallawyersuniversity.com offers seven online trial skills seminars featuring Defendant Low.  *See* Ex. L.

80.    As of September 17, 2021, http://www.triallawyersuniversity.com offers twenty-six online trial skills seminars featuring Defendant Ambrose.  *See* Ex. L.

81.    Prior to June 2020, Defendant Ambrose operated trial skills courses under different names—the "Trojan Horse Method," "Trial Professors," and "Case Analysis."  Ambrose only began to use the d/b/a "Trial Lawyers University" after TLC filed this lawsuit and obtained a temporary restraining order and preliminary injunction against Defendants GSTI, Gerry Spence, Parris, and Low, and those acting in concert with them.

82.    The business name "Trial Lawyers University" is almost identical to "Trial Lawyers College," which is protected by the '908 Mark.

83.    The word "University" is commonly used as a synonym for or equivalent to the word "College."

84.    Upon information and belief, Defendant Ambrose began using the business name "Trial Lawyers University" to profit off the goodwill of TLC.

17

85.    Upon information and belief, Defendant Ambrose timed the debut of the business name "Trial Lawyers University" for a trial lawyers skills course to coincide with the confusion sown by GSTI and the Former Board Member Defendants as to what constitutes the "real" Trial Lawyers College, thus increasing the likelihood that the public, those persons specifically seeking trial lawyers skills programs, and TLC's alumni would be confused by the origin and affiliations of "Trial Lawyers University."

86.    Upon information and belief, Defendants Low and Parris coordinated and/or assisted Ambrose with the "Trial Lawyers University" business.

87.    On August 21, 2020, TLC sent to Defendant Ambrose a cease-and-desist letter informing Ambrose this use of the business name "Trial Lawyers University" infringes upon the '908 Mark and demanding that Ambrose cease to use that name.  A copy of that cease-and-desist letter is attached hereto as **Exhibit "N."**

88.    Defendant Ambrose did not respond to TLC's cease-and-desist letter.

89.    As of the filing of this Third Amended Complaint, Defendant Ambrose continues use the business name "Trial Lawyers University" for the competing trial lawyers skills program, and continues to operate at http://www.triallawyersuniversity.com.

90.    Upon information and belief, as of the filing of this Third Amended Complaint, Defendants Low and Parris continue to coordinate and/or assist Ambrose with the "Trial Lawyers University" business.

91.    On April 22, 2021, Defendants registered GSM as a Wyoming nonprofit corporation.  Defendants have acted as agents for GSM and have specifically created a trial skills college program that directly competes with TLC.  A copy of the GSM registration with the Wyoming Secretary of State is attached hereto as **Exhibit "O."**

92.     At least as early as May 2021, the Former Board Member Defendants, along with other individuals they purportedly elected to the TLC Board in July 2020, began to make public presentations on behalf of GSM.  For instance, in May 2021, Defendant Low and purported GSM/TLC Board members Adrian Baca and Sylvia Torres-Guillen and another individual, Terrence Jones, a GSM faculty member, hosted a mandatory continuing legal education ("MCLE") webinar for other attorneys entitled "Discovering the Story."  A copy of the Mr. Jones's faculty webpage with GSM is attached hereto as **Exhibit "P."**

93.     The advertisement for the MCLE describes Low, Baca, Torres-Guillen, and Jones as "Gerry Spence Method instructors," and describes the entire webinar as being "presented by The Gerry Spence Method instructors."  A copy of an e-mail advertisement for that MCLE dated May 4, 2021 will be submitted under seal as **Exhibit "Q."**

94.     "Discovering the Story" is a TLC method and trial skill that TLC has taught for years, including at its flagship three-week program and at its Regional Seminars.  TLC's written materials for "Discovering the Story" are part of TLC's federally registered copyright as embodied in the Registration Certificate.

95.     In preparation for GSM's "Discovering the Story" MCLE webinar, Mr. Baca sent to Messrs. Jones and Low and Ms. Torres-Guillen a copy of TLC's copyrighted written materials related not only to "Discovering the Story," but myriad other TLC skills outlines that are part of TLC's federally registered copyright as embodied in the Registration Certificate.  TLC did not authorize this use of its copyrighted materials.   A copy of Mr. Baca's May 5, 2021 e-mail to Messrs. Jones and Low and Ms. Torres-Guillen will be submitted under seal as **Exhibit "R."**

96.     Upon information and belief, and specifically on behalf of GSM, Messrs. Baca, Low, and Jones, and Ms. Torres-Guillen, accessed and used TLC's written copyrighted materials

for presentations made on behalf of GSM, which presentations are substantially similar to the TLC copyrighted materials, and thus GSM infringed upon TLC's federally registered copyright as embodied in the Registration Certificate.

97.    Through the entity GSM, Defendants held a three-week trial skills training program for trial lawyers at the Thunderhead Ranch in Dubois, Wyoming from August 15-September 4, 2021.

98.    Prior to the start of the three-week college, Defendants advertised their upcoming college at accidentado.org, and then at gerryspencemethod.com (the "GSM Website").  On the GSM Website, which was and is publicly available, Defendants inaccurately listed 1623 Central Avenue, Cheyenne, WY 82001 as GSM's address.  However, the foregoing is *TLC's* office address, not GSM's.  Defendants' false and misleading use of TLC's address on the GSM Website is likely to cause confusion between the entities to trial lawyers seeking trial skills programs (*i.e.*, the core audience for both Defendants' and TLC's programs), including TLC alumni.  A copy of the GSM Website is attached hereto as **Exhibit "S."**

99.    Additionally, Defendants advertised their three-week college through brochures that they circulated among the trial lawyers community.  At least one such brochure listed *TLC's* telephone number instead of GSM's telephone number.  TLC's staff fielded several calls from confused individuals seeking further information about how to get to GSM's college at the Thunderhead Ranch in Dubois, Wyoming.  Defendants' use of TLC's phone number on the GSM brochures thus caused actual confusion among individuals seeking trial skills training programs.

100.    Also in advance and promotion of GSM's three-week college, GSM presenter Andy Garrett falsely posted to social media that he was "[h]eading to Bubois [sic] Wyoming to speak at

Trial Lawyers College!" and "I am going to be speaking at Trial Lawyers College at the Ranch in two weeks. What an honor!" In fact, Mr. Garrett was speaking at GSM, not TLC.

101. Mr. Garrett's social media posts falsely conflating GSM and TLC caused actual confusion among the trial lawyers community. Specifically, on August 26, 2021, TLC received an email from Elizabeth Ousley asking "if Trial Lawyers College is having a presentation/CLE on medical records" because she "saw a post that one was scheduled, but cannot seem to locate on your website to sign up." After TLC's Registrar Nancy Shore advised Ms. Ousley that TLC was not offering such a course, Ms. Ousley identified the posts by Mr. Garrett on LinkedIn as the source of her information. Even after Ms. Shore advised Ms. Ousley that TLC was not the source of the medical records presentation, Ms. Ousley continued to be confused. On August 27, 2021, she wrote: "Sorry, one more thing, can you confirm this CLE is being put on my [sic] Trial Lawyers College? And if so, what the title is if I wanted to locate it?" Again, Ms. Shore confirmed for Ms. Ousley that the medical records seminar—which was in fact held by GSM despite being identified as being held by TLC—was not a TLC program. Ms. Ousley concluded her correspondence with Ms. Shore by writing that the posts' error regarding the hosting organization "makes it difficult to find." A copy of Ms. Ousley's emails with TLC, including her attachment of Mr. Garrett's posts, are attached hereto as **Exhibit "T."** Ms. Ousley was clearly confused by GSM's advertising through Mr. Garrett's social media posts regarding the correct source of the medial records presentation.

102. Further, TLC has received at least two applications to its three-week college scheduled for September 2021 where it is clear that the applicants were confused and believed themselves to be applying to the GSM. One applicant wrote that he wanted to attend TLC in part because "[i]n early December 2020, [he] attended a four-hour trial workshop with Gerry Spence

in attendance."  In the section asking if he had ever attended another TLC course, he wrote in: "December, 2020 – a four-hour weekend workshop with Gerry Spence in attendance."  The webinar in question was not part of TLC's curriculum, but instead was marketed and promoted by Mr. Ambrose and the other Defendants as "December 5 Spence Virtual Workshop."  A copy of this application with identifying information redacted is attached hereto as **Exhibit "U."**

103.    Another TLC applicant specifically wrote that he wanted to attend TLC because he "want[s] to learn from Gerry and introduce myself as 2022 is not a guarantee."  He also wrote that he recently "developed a connection with Joey Low," and emphasized his respect and admiration for Mr. Low in the application.  This applicant's essay clearly assumes that Gerry Spence and Mr. Low are affiliated with TLC.  In fact, when he received a rejection from TLC's three-week college, he contacted TLC's staff and requested Mr. Low's contact information, again showing his confusion as to with which trial skills program Mr. Low is affiliated.  A copy of this application with identifying information redacted is attached hereto as **Exhibit "V."**

104.    The foregoing applications illustrate that at least two people have been so confused by Defendants' actions since April 2020 that they applied to the wrong trial skills college.

## COUNT 1 – TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114, *et seq.* ALL DEFENDANTS

105.    TLC fully incorporates by reference the allegations of paragraphs 1-104 of this Complaint.

106.    Defendants have infringed on the TLC Marks under 15 U.S.C. § 1114, *et seq.* Defendants' use of the TLC Marks in their unauthorized New Listserv Communications, the June 8 Email, the July 11 Emails, and in the April 30 Video, as well as their use of the business names "Gerry Spences Trial Lawyers College at the Thunderhead Ranch," "Gerry Spence's Trial Warriors College," and other similar iterations, are likely to cause confusion, mistake, or deception

as to the origin, sponsorship, or approval of TLC's services and commercial activities. Defendants' actions have been carried out in willful disregard of TLC's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Defendants' actions have directly benefited GSTI's successor corporation, GSM.

107.    Defendants Ambrose, Parris, and Low have infringed on the '908 Mark under 15 U.S.C. § 1114, *et seq.*, Defendants Ambrose, Parris, and Low's use of the business name "Trial Lawyers University" is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of TLC's services and commercial activities. Defendants' actions have been carried out in willful disregard of TLC's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

108.    Defendants' wholesale reproduction of the TLC Marks in the New Listserv Communications, June 8 Email, July 11 Emails, and the April 30 Video are likely to confuse the recipients of those communications and the public such that they wrongly believe that Defendants' statements were made on behalf of TLC.

109.    Defendants' wholesale reproduction of the TLC Marks in the New Listserv Communications, June 8 Email, July 11 Emails, and the April 30 Video are likely to confuse the recipients of those communications and the public such that they also wrongly believe that GSTI is TLC. Defendants' actions have directly benefited GSTI's successor corporation, GSM.

110.    Defendants' actions in sending the July 11 Emails, purportedly holding an election of TLC Board members on July 14, 2020, and publicly holding out themselves, as well as Amedee, Hillin, Faraj, Baca, and Torres-Guillen, as TLC Board members, is likely to cause confusion to TLC alumni and the public as to who constitutes the Board of TLC.

111.    Defendants' New Listserv Communications, the June 8 Email, the July 11 Emails,

PD.35185979.3

and/or the April 30 Video have actually confused TLC alumni, who have communicated their confusion to TLC.

112.    Defendants intended for their above-listed false statements and infringing actions to cause recipients of the New Listserv Communications, June 8 Email, July 11 Emails, and the public to believe that GSTI is TLC.  Defendants' actions have directly benefited GSTI's successor corporation, GSM.

113.    Defendants Ambrose, Low, and Parris's use of "Trial Lawyers University" and http://www.triallawyersuniversity.com are likely to confuse the public, those persons specifically seeking trial lawyers skills programs, and TLC's alumni, such that they wrongly believe that Trial Lawyers University is TLC, or is affiliated with TLC.

114.    Defendant Parris's July 24 Email to the New Listserv promoting Trial Lawyers University, and his, Low's, and Ambrose's association with Trial Lawyers University, are likely to confuse the recipients of that communication, the public, those persons specifically seeking trial lawyers skills programs, and TLC's alumni, such that they wrongly believe that Trial Lawyers University is TLC, or is affiliated with TLC.

115.    Defendants Ambrose, Parris, and Low intended their promotion of and affiliation with Trial Lawyers University to cause recipients of their promotions and the public to believe that Trial Lawyers University is TLC, or is affiliated with TLC.

116.    Defendants used the same marketing channels as TLC in their infringing conduct and in disseminating their false statements insofar as they used, without authority, confidential and proprietary information accessed from TLC's Database to send infringing and false content to the recipients of the New Listserv.

117.    Defendants used the same marketing channels as TLC in their infringing conduct

and in disseminating their false statements insofar as they published the April 30 Video to YouTube.com, a marketing platform that TLC uses to promote its services.

118.    Defendants' use of the business names "Gerry Spences Trial Lawyers College at the Thunderhead Ranch," "Gerry Spence's Trial Warriors College," and other similar iterations, are likely to cause confusion to the public through their similarity to and infringing incorporation of "Trial Lawyers College," which is the subject of the '908 Mark.  Defendants' actions have directly benefited GSTI's successor corporation, GSM.

119.    Defendants' addition of "Gerry Spence" and "at the Thunderhead Ranch" to the protected mark of "Trial Lawyers College" does not alleviate the likelihood of confusion, because Defendants are aware and are relying upon the knowledge that the community TLC primary serves, that is, the legal community, is well-aware of both Gerry Spence's and the Thunderhead Ranch's decades-long affiliation with TLC.  Accordingly, the addition of "Gerry Spence" and "at the Thunderhead Ranch" only further encourage the public to confuse Gerry Spences Trial Lawyers College at the Thunderhead Ranch with TLC.  Defendants' actions have directly benefited GSTI's successor corporation, GSM.

120.    Defendants' use of the business names "Gerry Spences Trial Lawyers College at the Thunderhead Ranch," "Gerry Spence's Trial Warriors College," and similar iterations, are intended to confuse the public to believe that it is equivalent to, the legitimate successors of, or otherwise affiliated with, TLC.  Defendants' actions have directly benefited GSTI's successor corporation, GSM.

121.    Defendants' shifting use of various business names that fully encapsulate the '908 Mark (including, but not limited to Gerry Spence's Trial Lawyers College at the Thunderhead Ranch) and/or that play off the '908 Mark (including, but not limited to Gerry Spence's Trial

Warriors College and Trial Lawyers University), are likely to cause and have caused confusion among the public, TLC alumni, and/or persons specifically seeking trial lawyers skills programs. Defendants' actions have directly benefited GSTI's successor corporation, GSM.

122.    Defendants' shifting use of various business names that fully encapsulate the '908 Mark (including, but not limited to Gerry Spence's Trial Lawyers College at the Thunderhead Ranch) and/or that play off the '908 Mark (including, but not limited to Gerry Spence's Trial Warriors College and Trial Lawyers University), have wrongfully diluted and will continue to dilute the TLC Marks.  Defendants' actions have directly benefited GSTI's successor corporation, GSM.

123.    Defendants' use of TLC's address and phone number on their promotions and advertisements for GSM are likely to cause and have caused confusion among the public, TLC alumni, and/or persons specifically seeking trial lawyers skills programs.

124.    GSM's promotion of its medical records seminar as sponsored by TLC through GSM speaker Mr. Garrett's social media posts is likely to cause and has caused confusion among the public, TLC alumni, and/or persons specifically seeking trial lawyers skills programs.

125.    As a result of Defendants' unlawful actions regarding what entity constitutes the "true" TLC and who the Board members of TLC are, and in falsely and misleadingly suggesting an affiliation between TLC and GSTI and its successor corporation GSM, at least two applicants were confused enough that they applied to the wrong trial skills college.

126.    Defendants' conduct as described in the foregoing paragraphs has caused and will continue to cause irreparable harm to TLC because Defendants will continue to unfairly and improperly use and benefit from their infringement of TLC's Marks, to Defendants' benefits and to TLC's detriment.

127.    TLC is entitled to injunctive, declaratory, and monetary relief, and all other forms of relief set forth by law and equity, as a result of Defendants' unlawful actions.

## COUNT 2 – UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a) ALL DEFENDANTS

128.    TLC fully incorporates the allegations in paragraphs 1-127 of this Complaint.

129.    Defendants have engaged and continue to engage in unfair competition, false designation of origin, passing off, and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), through their improper access and use of TLC's Listserv and their infringing use of the TLC Marks to: (i) falsely suggest to recipients of the New Listserv Communications, the June 8 Email, the July 11 Emails, and viewers of the April 30 Video that the information contained therein came from and was approved by TLC; (ii) falsely suggest that the Former Board Member Defendants represent the TLC Board; (iii) falsely suggest that TLC called a "special meeting" to elect new Board members on July 14, 2020; (iv) falsely suggest that in addition to Defendants, Amedee, Hillin, Faraj, Baca, and Torres-Guillen represent the TLC Board; (v) make literally false statements about TLC and its management; (vi) falsely suggest that "Gerry Spences Trial Lawyers College at the Thunderhead Ranch," "Gerry Spence's Trial Warriors College," "Gerry Spence Method," and similar iterations are equivalent to, the legitimate successors of, or otherwise affiliated with TLC; (vii) falsely suggest that "Trial Lawyers University" is equivalent to, the legitimate successor of, or otherwise affiliated with TLC; (viii) and falsely suggest that GSM is equivalent to, the legitimate successor of, or otherwise affiliated with TLC.

130.    Defendants' unauthorized use of the TLC Marks, and/or their unauthorized use of the Database to send the New Listserv Communications, June 8 Email, and July 11 Emails in connection with the purported business of GSTI is likely to cause the public to mistakenly believe

that Defendants' actions originate from, are endorsed by, or are in some way affiliated with TLC. Defendants' actions thus constitute trademark infringement, false designation of origin, passing off, and unfair competition, and are likely to cause the TLC Marks to lose their significance as indicators of origin. Defendants' actions have directly benefited GSTI's successor corporation, GSM and have also resulted in the public confusing GSM and TLC.

131.    Likewise, as outlined above, Defendants have used the TLC Marks in connection with false and misleading descriptions or representations of fact in its communications to the public via the April 30 Video, the New Listserv Communications, June 8 Email, July 11 Emails, and the July 24 Email, thereby misrepresenting the nature, characteristics, and qualities of GSTI's, Trial Lawyers University's, and TLC's goods, services, and/or commercial advertising and/or promotion. Defendants' actions have directly benefited GSTI's successor corporation, GSM and have also resulted in the public confusing GSM and TLC.

132.    Upon information and belief, Defendants' use of the TLC Marks as set forth above, and/or its use of TLC's Listserv, is part of a deliberate plan to trade on the valuable goodwill established by TLC. With knowledge of TLC's rights and with the deliberate intention to unfairly benefit from TLC's goodwill, Defendants' actions have been carried out in willful disregard of TLC's rights in violation of 15 U.S.C. § 1125(a). Defendants' actions have directly benefited GSTI's successor corporation, GSM and have also resulted in the public confusing GSM and TLC.

133.    Defendants introduced their false and misleading statements into commerce by disseminating their communications across state lines to TLC's primary audience—members of the legal community who are interested in TLC's services.

134.    As detailed above, Defendants' New Listserv Communications, the April 30 Video, June 8 Email, and July 11 Emails attempt to pass off GSTI as TLC. Defendants' actions have

directly benefited GSTI's successor corporation, GSM and have also resulted in the public confusing GSM and TLC. Moreover, Defendants further confused the public by listing TLC's office address on the GSM Website and TLC's telephone number on its brochure promoting GSM's three-week college, as well as by falsely promoting GSM's medical records seminar as being hosted by TLC.

135.    As detailed above, Defendants' New Listserv Communications, the April 30 Video, June 8 Email, and July 11 Emails, and inaccurate information in advertising conflating TLC and GSM in GSM promotional materials attempt to pass off the Former Board Member Defendants as representing and communicating on behalf of TLC. Defendants' actions have directly benefited GSTI's successor corporation, GSM and have also resulted in the public confusing GSM and TLC.

136.    Defendants' misrepresentations in the New Listserv Communications, June 8 Email, July 11 Emails, and/or the April 30 Video include false and disparaging statements about members of the TLC Board. Defendants' actions have directly benefited GSTI's successor corporation, GSM and have also resulted in the public confusing GSM and TLC.

137.    Defendants' misrepresentations in the New Listserv Communications, the April 30 Video, June 8 Email, and July 11 Emails and inaccurate information conflating TLC and GSM in GSM promotional materials have had and continue to have a material effect on TLC's alumni, potential students, and the public.

138.    Defendants' misrepresentations in the New Listserv Communications, the April 30 Video, June 8 Email, and/or July 11 Emails and inaccurate information conflating TLC and GSM in GSM promotional materials actually deceive or tend to deceive a substantial portion of the intended audience.

PD.35185979.3

139.    Defendants' misrepresentations in the New Listserv Communications, the April 30 Video, June 8 Email, and/or July 11 Emails inaccurate information conflating TLC and GSM in GSM promotional materials will likely influence the deceived audience's decisions related to the services, goods, and/or products offered by TLC.

140.    Defendants' misrepresentations in the New Listserv Communications, the April 30 Video, June 8 Email, and/or July 11 Emails inaccurate information conflating TLC and GSM in GSM promotional materials have been made to an audience comprised of persons in many states across the United States.

141.    Defendants Ambrose, Parris, and Low's promotion of Trial Lawyers University attempts to pass off Trial Lawyers University as TLC.

142.    Defendants Ambrose, Parris, and Low's promotion of Trial Lawyers University actually deceive or tend to deceive a substantial portion of the intended audience.

143.    Defendants Ambrose, Parris, and Low's promotion of Trial Lawyers University will likely influence the deceived audience's decisions related to the services, goods, and/or products offered by TLC, and/or the origin of these services, goods, and/or products.

144.    Defendants Ambrose, Parris, and Low's promotion of Trial Lawyers University have been made to an audience comprised of persons in many states across the United States.

145.    Defendants are causing or are likely to cause injury to TLC for which TLC may have no adequate remedy at law.  Unless enjoined, Defendants' unlawful activities will continue to cause irreparable injury to TLC.

## COUNT 3 – DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836
## DEFENDANTS GSTI, GERRY SPENCE, ZELBST, PARRIS,
## LOW, KENT SPENCE, JOYCE, and GSM

146.    TLC fully incorporates the allegations in paragraphs 1-145 of this Complaint.

147.    TLC's Database is confidential and proprietary information which constitutes a trade secret within the meaning of the Defend Trade Secrets Act, 18 U.S.C. § 1836.

148.    TLC is based in Wyoming, but serves individuals residing in multiple states, and regularly transacts business in states other than Wyoming, including in person and by phone, internet, and mail.  TLC's trade secrets relate to this business, and, thus, are frequently used by TLC in interstate commerce.

149.    Defendants acquired TLC's trade secrets by improper means, including but not limited to improperly using the information contained in the Database without authorization and for unlawful purposes, including but not limited to sending communications that infringe upon TLC's Marks and include false and misleading statements related to Defendants and TLC.

150.    Upon information and belief, GSTI obtained TLC's trade secrets from the Former Board Member Defendants and Defendant Joyce, and knew or had reason to know that the Former Board Member Defendants and Defendant Joyce acquired the trade secrets from TLC by improper means.  Defendants' actions directly benefited GSTI's successor corporation, GSM.

151.    Upon information and belief, the Former Board Member Defendants and Defendant Joyce, without TLC's express or implied consent, disclosed TLC's trade secrets to, at minimum, GSTI and its successor corporation, GSM.

152.    Defendants intend to use, and, upon information and belief, have used TLC's trade secrets, without TLC's express or implied consent, in connection with opening and operating a competing "trial lawyers college" that they operate at the Thunderhead Ranch, the very location that TLC operated from August 1994 through May 2020, despite knowing or having reason to know that the trade secrets were acquired by improper means, and that Defendants had a duty to maintain the secrecy and limit the use of TLC's trade secrets.

153.    Defendants' acts of misappropriation are and were willful and malicious.

154.    As a direct and proximate result of Defendants' acts of misappropriation, TLC has suffered and will suffer irreparable harm and damages.  Moreover, Defendants gained an unfair competitive advantage and other unjust enrichment through the misuse of TLC's trade secrets.

155.    Under the Defend Trade Secrets Act, TLC is entitled to and requests preliminary and permanent injunctive relief against Defendants to prohibit their actual and/or threatened misappropriation and misuse of TLC's trade secrets.

156.    Under the Defendant Trade Secrets Act, TLC is entitled to and requests an award of damages in its favor for actual loss caused by the misappropriation, damages for all unjust enrichment caused by the misappropriation that is not addressed in computing damages for actual loss, and/or damages measured by imposition of liability for a reasonable royalty for the unauthorized disclosure and/or use of TLC's trade secrets.

157.    Under the Defend Trade Secrets Act, as a result of Defendants' willful and malicious misappropriation, TLC is entitled to and requests exemplary damages in an amount not more than two times TLC's actual damages, plus reasonable attorneys' fees.

## COUNT 4 – MISAPPROPRIATION OF TRADE SECRETS UNDER WYOMING LAW DEFENDANTS GSTI, GERRY SPENCE, ZELBST, PARRIS, LOW, KENT SPENCE, and JOYCE

158.    TLC fully incorporates the allegations in paragraphs 1-157 of this Complaint.

159.    As set forth in paragraphs 147-157 above, Defendants have misappropriated TLC's trade secrets in violation of Wyo. Stat. Ann. § 40-24-101, *et seq.*

160.    As a result of Defendants' misappropriation of TLC's trade secrets under Wyoming law, TLC is entitled to all relief, including damages, attorneys' fees, exemplary damages and injunctive relief, as set forth in Wyo. Stat. Ann. § 40-24-101, *et seq.*

## COUNT 5 – COPYRIGHT INFRINGEMENT
## DEFENDANT GSM

161.    TLC fully incorporates the allegations in paragraphs 1-160 of this Complaint.

162.    TLC owns all right and title to its Skills Outline having Copyright Registration Number TX0008891118.

163.    In service of its MCLE webinar titled "Discovering the Story," GSM's agents Baca, Low, Jones, and Torres-Guillen accessed and used without authorization TLC's Skills Outline in furtherance of GSM's trial skills training programs, and prepared materials which are substantially similar to TLC's copyrighted Skills Outlines, which directly compete with TLC's programs.

164.    By using TLC's Skills Outlines and preparing and distributing substantially similar materials to its customers based on TLC's Skills Outlines, GSM is infringing upon TLC's exclusive rights to reproduce, distribute, display, or perform these protected works, or to create derivative works therefrom.  GSM is not authorized to use, reproduce, distribute, display, perform, or make derivative works from TLC's protected work.

165.    Baca, Low, Jones, and Torres-Guillen are all TLC alumni, and Low formerly served on TLC's Board of Directors. Additionally, Low served as a faculty member for TLC.  Thus, these individuals unquestionably knew that the Skills Outlines were TLC's materials and, upon information and belief, only obtained copies of the Skills Outlines through their former association with TLC.  GSM's unauthorized use of TLC's copyrighted materials were thus willful and in knowing violation of TLC's copyright.

166.    TLC has been damaged by such conduct and is entitled to an award of statutory damages and attorneys' fees or actual damages and profits attributable to such infringement, upon TLC's election prior to trial, as well as injunctive relief.

167.    Regardless of TLC's election in the foregoing paragraph, TLC has been damaged by such conduct and is entitled to an award of attorneys' fees and costs following GSM's unauthorized use from TLC's protected Skills Outline.

**COUNT 6 – CIVIL CONSPIRACY**
**ALL DEFENDANTS**

168.    TLC fully incorporates by reference the allegations set forth in paragraphs 1-167.

169.    As described herein, Defendants are or were members of a combination of two or more persons.

170.    The object of that combination was to accomplish an unlawful purpose or a lawful purpose by unlawful means.

171.    Defendants had a meeting of the minds on the object or course of action, including the participation in the conspiracy.

172.    One or more members of the conspiracy committed an unlawful, overt act to further the object or course of action of the conspiracy.

173.    As a direct and proximate cause of Defendants' wrongful conduct, TLC has suffered and will continue to suffer incalculable financial loss, loss of goodwill, loss of customers/individuals seeking its services, and loss of the confidentiality of the confidential information and trade secrets, and other damages and irreparable harm.

174.    TLC has suffered and continues to suffer irreparable harm as a result of Defendants' actions as described herein, and Defendants' actions have been done intentionally and with conscious disregard for the law.

175.    TLC is entitled to exemplary and/or punitive damages against Defendants in an amount to be determined at trial.

PD.35185979.3

## COUNT 7 – DECLARATORY RELIEF
## ALL DEFENDANTS

176.    TLC fully incorporates the allegations in paragraphs 1-175 of this Complaint.

177.    TLC prays that the Court declare Defendants' actions described herein to be unlawful infringement of the TLC Marks and violations of the Lanham Act, the Defend Trade Secrets Act, and Wyo. Stat. Ann. § 40-24-101, *et seq.*, the Copyright Act, 17 U.S.C. § 101, *et seq.*, and to constitute civil conspiracy.

178.    As a direct and proximate cause and result of Defendants' actions as described herein, TLC has suffered civil damages, actual damages, compensatory damages, attorneys' fees, exemplary damages, economic damages, statutory damages, loss and injury or, alternatively, nominal damages.

179.    As a direct and proximate result of Defendants' actions as described herein, TLC is entitled to trebled damages.

180.    As a direct and proximate result of Defendants' actions as described herein, TLC is entitled to statutory damages.

181.    Alternatively, and directly, if applicable, TLC seeks disgorgement damages from Defendants.

182.    Alternatively, and directly, if applicable, TLC seeks lost profits from Defendants.

183.    Alternatively, and directly, if applicable, TLC, if necessary, and if appropriate, seeks the recovery of nominal damages.

## COUNT 8 - INJUNCTIVE RELIEF
## ALL DEFENDANTS

184.    TLC fully incorporates by reference the allegations set forth in paragraphs 1-183.

185.    Pursuant to 15 U.S.C. § 1116, TLC is entitled to a temporary, preliminary, and permanent injunction preventing any actual or threatened infringement of its federally registered Marks by Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of the foregoing (collectively, "Covered Persons").  More specifically, TLC is entitled to an injunction prohibiting Covered Persons' unauthorized use of its Marks, including an order preventing Defendants from using the directly-infringing business name "Gerry Spences Trial Lawyers College at the Thunderhead Ranch," and/or the infringing business names "Gerry Spence's Trial Warriors College," "Trial Lawyers University," and/or similar iterations, and prohibiting the unauthorized use of TLC's copyrighted work as embodied in the Registration Certificate.

186.    Pursuant to 15 U.S.C. 1125(a), TLC is entitled to a temporary, preliminary, and permanent injunction preventing Covered Persons from engaging in any false designations of origin, passing off, false and misleading statements, false advertising, and/or unfair competition related to TLC's federally registered Marks and copyright infringement related to TLC's federally registered copyright.  More specifically, TLC is entitled to an injunction prohibiting Covered Persons from taking any actions which suggest that Defendants and/or GSTI and its successor corporation GSM and/or Trial Lawyers University are in any way affiliated with the TLC, and/or from taking any actions that mislead or confuse the public regarding the same, and/or from making any false, misleading, and/or disparaging statements about TLC and/or the TLC Board.

187.    Pursuant to 18 U.S.C. § 1030, TLC is entitled to an injunction preventing Covered Persons from misusing the information in TLC's confidential and proprietary Database to their benefit and to TLC's detriment.

PD.35185979.3

188.    Pursuant to Wyo. Stat. Ann. § 40-24-101, *et seq.*, and specifically pursuant to Wyo. Stat. Ann. § 40-24-102, TLC is entitled to an injunction preventing Covered Persons from misusing the information in TLC's confidential and proprietary Database to their benefit and to TLC's detriment.

189.    TLC has a substantial likelihood of prevailing on the merits of its claims.

190.    Unless the Covered Persons are enjoined from the conduct described herein, there is a substantial threat that TLC will continue to suffer irreparable harm, including infringement of its federally registered Marks and loss and misuse of its confidential and proprietary information, loss of goodwill, and financial losses that are not presently calculable.

191.    The irreparable harm that TLC will suffer if injunctive relief is denied outweighs the potential harm (if any) to Defendants if injunctive relief is granted.

192.    Granting the requested injunctive relief will not disserve the public interest.

193.    Consequently, without the requirement of posting a bond and from the date of the Temporary Restraining Order until the expiration of the order in accordance with the Federal Rules of Civil Procedure, TLC is entitled to a temporary restraining order and preliminary and permanent injunctive relief as set forth herein.

**WHEREFORE**, Plaintiff The Trial Lawyers College respectfully requests that Defendants be cited to appear and answer, and that TLC be awarded relief against Defendants as follows:

a.    Enter judgement in its favor and against Defendants, and order Defendants to pay damages to Plaintiff, in an amount to be proved at trial, plus pre- and post-judgment interest, costs, exemplary/punitive/trebled damages, statutory damages, and attorneys' fees as allowed by law;

b. Enter a temporary restraining order and preliminary and permanent injunction ordering that Defendants, and Covered Persons are restrained and enjoined from:

    i.  directly or indirectly infringing on TLC's Marks, including but not limited to, using TLC's Marks in their unauthorized communications to the Listserv and/or to the public, and/or operating under the directly-infringing name "Gerry Spences Trial Lawyers College at the Thunderhead Ranch" and/or the infringing names "Gerry Spence's Trial Warriors College," "Trial Lawyers University," and/or similar iterations;

    ii.  directly or indirectly engaging in any false designations of origin, passing off, false and misleading statements, false advertising, and/or unfair competition related to TLC's federally registered Marks and the business of TLC, including but not limited to taking any actions which suggest that GSTI and/or the Trial Lawyers University are in any way affiliated with TLC and/or that the Defendants represent TLC in any capacity, and/or from taking any actions that mislead or confuse the public regarding the same;

    iii.  misusing the information contained in TLC's confidential and proprietary Database to Defendants' benefit and to TLC's detriment;

38

       iv. directly or indirectly infringing on TLC's federally registered copyright as embodied in the Registration Certificate.

  c. Grant TLC such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

DATED: September 20, 2021

Respectfully submitted,

**THE TRIAL LAWYERS COLLEGE**

Christopher K. Ralston, (La. Bar #26706)
(Admitted *pro hac vice*)
Lindsay Calhoun, (La. Bar #35070)
(Admitted *pro hac vice*)
James Gilbert, (La. Bar # 36468)
(Admitted *pro hac vice*)
Matthew Slaughter (La. Bar # 37308)
(Admitted *pro hac vice*)
Phelps Dunbar LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: ralstonc@phelps.com
      lindsay.calhoun@phelps.com
      james.gilbert@phelps.com
      matthew.slaughter@phelps.com

and

By: /s/ Patrick J. Murphy
Patrick J. Murphy, WSB No. 5-1779
Zara S. Mason, WSB No. 7-6267
WILLIAMS, PORTER, DAY &
NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700

PD.35185979.3

Casper, WY 82602-3902
Telephone:  (307) 265-0700
Facsimile:  (307) 266-2306
E-mail:  pmurphy@wpdn.net
          zmason@wpdn.net

PD.35185979.3

## **VERIFICATION**

I, John Sloan, hereby state that I have read the foregoing Third Amended Verified Complaint ("Complaint"), that I am authorized to make this Verification on behalf of Plaintiff The Trial Lawyers College, and that the factual allegations contained in the Complaint are true and based on personal knowledge or information available to me which I believe to be true to the best of my knowledge, information, and belief. This statement is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations under penalty of perjury.

Executed on September 16 2021

_____

John Sloan

41