Nafisé Nina Hodjat, Esq. (CA Bar No.: 247251)
(Admitted *pro hac vice*)
The SLS Firm
8484 Wilshire Blvd., Suite 515
Beverly Hills, CA 90211
Nina@SLSfirm.com
323.834.9992 (t)
323.944.0912 (f)

James E. Fitzgerald, Esq. (WY Bar No.: 5-1469)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
Jim@FitzgeraldLaw.com
307.634.4000 (t)
307.635.2391 (f)

Attorneys for John Joyce

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
CASPER DIVISION**

| | |
|---|---|
| TRIAL LAWYERS COLLEGE,<br><br>    Plaintiff,<br><br>v.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, JOHN JOYCE, and DANIEL AMBROSE, individuals.<br><br>    Defendants. | CIVIL ACTION NO. 1:20-CV-00080-JMC<br><br>JUDGE CARSON<br><br>MAGISTRATE JUDGE CARMAN |

**MOTION TO RECONSIDER ORDER DENYING MOTION TO STAY DEFENDANT'S DEPOSITION (ECF 240) PENDING RULING ON DEFENDANT'S MOTION TO RECONSIDER (ECF 243)**

1

NOW COMES the Defendant, John Joyce, by and through his attorneys of record, N. Nina Hodjat, Esq., and James E. Fitzgerald, Esq., and moves this Honorable Court to refer this motion to Article III Judge Carson for reconsideration of Judge Carman's Order Denying Motion to Stay Deposition Filed by John Joyce (ECF No. 240). Further, we request an in-person hearing regarding this motion, at a date and time that is convenient for the Court. The Court should grant Mr. Joyce's request to stay his deposition until this Court rules on his pending motion to reconsider for the reasons below:

1. Undersigned counsel first filed her appearance in this matter on September 22, 2021. (ECF 225)
2. Two days later, September 24, 2021, she requested leave to file a sealed motion and an *ex parte* supplement to protect her client. Judge Carman also ordered her to provide dates between October 22 and November 19, 2021 that Mr. Joyce would be available for deposition. (ECF 226)
3. Defendant Joyce filed the sealed Motion to Stay and sealed *ex parte* supplement on October 6, 2021 (ECF 228 & 229).
4. While the Motion to Stay was pending, the parties agreed on a potential deposition date of November 1, 2021.
5. An order denying the Motion to Stay was entered on October 21, 2021 (ECF 236).
6. The order is currently pending reconsideration by Judge Carson (ECF 243 & 244).
7. Immediately after receiving the order from the Court, undersigned counsel contacted counsel for TLC informing them that Mr. Joyce was advised by criminal defense counsel to remain silent to any questioning while his criminal charges remain pending.[1] She offered to compromise with TLC to agree on a range of questioning that would allow them full discovery while still protecting Joyce's rights.[2] TLC refused to negotiate.[3]

---

[1] Exhibit A - Email dated October 21, 2021
[2] Exhibit B - Letter dated October 29, 2021
[3] Exhibit C – Email dated October 29, 2021

8. On October 29, 2021, undersigned counsel informed TLC that the deposition noticed for November 1, 2021 would not occur because Joyce was planning to appeal Judge Carman's order to Judge Carson.[4]
9. That same day, Joyce filed a motion to stay the November 1, 2021, deposition pending a ruling from Judge Carson (ECF 239).
10. The motion was denied without a hearing on November 1, 2021 at 10:03 a.m. Central Time, just two minutes after the deposition was originally scheduled to occur. (ECF 240)
11. Joyce filed his Motion to Reconsider on November 4, 2021 (ECF 243 & 244).
12. The next day, TLC filed a motion for contempt and for sanctions against Joyce and his Counsel asking, among other things, for an order requiring Joyce to sit for a deposition (ECF 249).
13. If Joyce is forced to sit for a deposition before a stay is ordered or a protective order is entered, Joyce will face irreparable harm.
14. TLC faces no prejudice if Joyce's deposition is postponed because:
    a. there are no discovery deadlines pending;
    b. there are other defendants who have still not been deposed; and;
    c. TLC recently filed a Third Amended Complaint which adds new sets of facts and will require extensive additional discovery.

## Conclusion

For all the reasons above, this Court should reverse the Magistrate Judge's order (ECF No. 240) and grant Mr. Joyce's Motion for Order to Stay Defendant's Deposition Pending Decision on Motion to Reconsider. In the alternative, this Court should order the deposition of Mr. Joyce to incur only pursuant to the protective order requested in Joyce's previously filed Motion to Reconsider (ECF 244).

**[signature page follows]**

---

[4] Exhibit D – Email dated October 29, 2021

Respectfully Submitted,

DATED: November 14, 2021       Nafisé Nina Hodjat, Esq.

*/s/* *Nafisé Nina Hodjat*

**Nafisé Nina Hodjat (CA#: 247251)**
(Admitted *pro hac vice*)
The SLS Firm
8484 Wilshire Blvd., Suite 515
Beverly Hills, CA 90211
Nina@SLSfirm.com
323.834.9992 (t)

ATTORNEY FOR JOHN JOYCE

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document has been served electronically by transmission to an electronic filing service provider for service through the Court's CM/ECF system to all parties on November 14, 2021

*/s/* *Nafisé Nina Hodjat.*

**Nafisé Nina Hodjat, Esq. (CA Bar No.: 247251)**

4