Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
jspope@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

Beth J. Kushner (admitted *pro hac vice*)
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Telephone:  414.287.1373
bkushner@vonbriesen.com

James E. Fitzgerald
FITZGERALD LAW OFFICES
2108 Warren Avenue
Cheyenne, WY 82001
Telephone:  307.635.2391
jim@fitzgeraldlaw.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE
TRIAL INSTITUTE, GERALD L. SPENCE, JOHN
ZELBST, REX PARRIS, JOSEPH H. LOW, KENT
SPENCE, JOHN JOYCE AND GERRY SPENCE
METHOD AT THUNDERHEAD RANCH, INC.

Norman A. Pattis (admitted *pro hac vice*)
Pattis & Smith, LLC
383 Orange St.
New Haven, CT 06511
203.393.3017 (phone)
npattis@pattisandsmith.com

ATTORNEY FOR R. REX PARRIS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE,<br><br>　　　　Plaintiff.<br><br>vs.<br><br>GERRY SPENCE TRIAL INSTITUTE, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, JOHN JOYCE, and DANIEL AMBROSE, individuals AND GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC.,<br><br>　　　　Defendants,<br><br>GERALD L. SPENCE and REX PARRIS,<br><br>　　　　Counterclaim Plaintiffs<br><br>vs.<br><br>THE TRIAL LAWYERS COLLEGE, JOHN SLOAN, JAMES R. CLARY, Jr., MILTON GRIMES, DANA COLE, MAREN CHALOUPKA, ANNE VALENTINE,<br><br>　　　　Counterclaim and Third-Party Claim Defendants. | Civil Action No. 1:20-CV-00080-JMC |

---

**MOTION FOR PROTECTIVE ORDER RE: R. REX PARRIS DEPOSITION**

---

Defendants Gerry Spence Trial Institute (f/k/a Gerry Spence's Trial Lawyers College at Thunderhead Ranch) ("GSTI"), Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, Kent Spence and Gerry Spence Method at Thunderhead Ranch, Inc. (collectively "Spence Defendants") by and through undersigned counsel, respectfully submit this Motion for a Protective Order to require the deposition of Rex Parris to be held by Zoom or another video conferencing method. In support of this motion, Spence Defendants state as follows:

1.      On December 1, 2021, Plaintiff served the Fourth Amended Notice of Deposition of Rex Parris. (Attached as Exhibit 1.) That notice stated the Plaintiff would depose Mr. Parris in person at the office of Gordon & Rees in downtown Los Angeles, California. *Id.*  The parties have previously conferred on the location for Mr. Parris' deposition, with defense counsel requesting that the deposition occur remotely via Zoom, while TLC's counsel insists on conducting the deposition in person in a third-party law firm office.

2.      This will be the tenth deposition taken in this case. The previous nine depositions all were conducted remotely by Zoom in order to minimize health risks for all counsel and persons arising from the COVID-19 pandemic.

3.      Mr. Parris' deposition has been noticed and continued several times.  When Plaintiff first noticed Mr. Parris' deposition to occur May 12, 2021, the Notice called for the deposition to occur via Zoom.  After that deposition was rescheduled at the request of Plaintiff's counsel, Plaintiff's subsequent notices called for the deposition to occur in-person.

4.      The COVID-19 pandemic continues now, and while the numbers have gone up and down since this case began, COVID-19 infection rates continue to surge in many states, most of which are of the "Delta" variant but also including the recently discovered "Omicron"

variant. In fact, counsel for the Spence Defendants recently contracted COVID-19 despite being fully vaccinated.

5.     The risks from the pandemic poses a heightened threat to Mr. Parris. Mr. Parris is almost 70 years old and immune-compromised due to having suffered prostate cancer. (Parris Declaration at ¶ 2, attached as Exhibit 2.) His wife also suffers from medical issues that make her extremely vulnerable to COVID-19. (*Id.*).

6.     A party from whom discovery is sought can move for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c)(1). On a showing of good cause, the Court can issue an order to protect a party "annoyance, embarrassment, oppression, or undue burden or expense" by "prescribing a discovery method other than the one selected by the party seeking discovery." *Id.* at 26(c)(1)(C).

7.     This Court has "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012). Federal Rule of Civil Procedure 30(b)(4) authorizes this Court in its discretion to order that a deposition "be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 U.S. Dist. LEXIS 111420, at *92 (N.D. Ill. June 25, 2020) ("Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally."); *Graham v. Ocwen Loan Servicing, LLC*, No. 16-80011-CIV, 2016 U.S. Dist. LEXIS 186459, *3 (S.D. Fla. July 1, 2016) ("courts enjoy wide discretion to control and to place appropriate limits on discovery, which includes authorizing depositions to be taken by remote means"). When exercising its discretion, this Court "must 'balance claims of prejudice and those of hardship and conduct a careful weighing of the relevant facts.'" *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*,

No. 10 Civ. 1149, 2011 U.S. Dist. LEXIS 137334, *11 (E.D.N.Y. Nov. 30, 2011) (internal citations omitted).

8.      No good reason exists to force Mr. Parris to appear in person for his deposition. The nine prior depositions demonstrate the parties can effectively depose witnesses over Zoom. Further, as the Court knows, Zoom is a video conferencing tool that will allow Plaintiff's counsel to see Mr. Parris and assess his demeanor and body language. Put another way, a Zoom deposition carries no risk of prejudice to Plaintiff in developing facts. *Joffe v. King & Spalding LLP*, No. 17-CV-3392-VEC-SDA, 2020 U.S. Dist. LEXIS 113321, **9 (S.D.N.Y. June 23, 2020) ("Plaintiff does not identify a single case endorsing his view that depositions by videoconference present an impediment to assessing witness credibility. This is unsurprising, because courts have repeatedly rejected this argument, both before and during the current pandemic.") (emphasis in original.)

9.      An in-person deposition of Mr. Parris could make it harder to assess his testimony because he would have to wear a mask. *See Sonrai Sys., LLC v. Romano,* No. 16 CV 3371, 2020 U.S. Dist. LEXIS 122339, at *11 (N.D. Ill. July 13, 2020) (noting the effect of mask mandates preclude a witness from taking his or her mask off which would "'eliminate many of the advantages of observing [them] at an in-person deposition'".)

10.     Given the familiarity, ease, and proven effectiveness of remote Zoom depositions, it makes no sense to subject Mr. Parris and his wife, as well as all other persons who are entitled or required to attend, to the risk of an in-person deposition.

11.     This case consists of 13 individual and three corporate parties and includes lawyers from eight different firms.  Conducting this deposition via Zoom allows all the parties and counsel to attend and/or participate in a much less expensive and efficient fashion with no risk of contracting COVID.  Conversely, forcing an in-person deposition would require any party

4

who wants to attend, or any counsel who wants to ask questions, to travel significant distance to downtown Los Angeles and sit for hours in an enclosed office, which presents substantial unnecessary expense and well as exposing each person to the risks of contracting COVID.

12.    Plaintiff's counsel has not offered any reason why Mr. Parris's deposition is so unique that he must be the only witness that needs to sit for an in-person deposition.  Other than Gerry Spence, Mr. Parris is the oldest party in this case.  His age, medical condition, and condition of his wife should outweigh any arguably benefit Plaintiff may claim in imposing an in-person deposition during the pandemic.

13.    Other Courts who have evaluated similar requests have found that the risks of the COVID-19 pandemic warrant remote depositions. *Id.*, at *9 (granting a protective order to change an in-person deposition to a remote one because of COVID-19 specific health concerns for the deponent and family members.); *In re Broiler Chicken Antitrust Litig.*, 2020 U.S. Dist. LEXIS 111420, *98 (remote depositions are appropriate "to protect the safety and health of witnesses, counsel, court reporters, videographers, and other persons, and to move this case through the pretrial process at an acceptable pace during a time when in-person depositions may present risks to the health and safety of people participating in them."); *Learning Res., Inc. v. Playgo Toys Enters.*, 335 F.R.D. 536, 539 (2020) (finding that COVID-19 related health concerns provided "good cause" for a remote video deposition); *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 971 (2020) ("[u]nder the circumstances, COVID-19's unexpected nature, rapid spread, and potential risk establish good cause for remote testimony"); *SAPS, LLC v. EZCare Clinic, Inc.*, No. CV 19-11229, 2020 U.S. Dist. LEXIS 69575, 6 (E.D. La. Apr. 21, 2020) ("This court will not require parties to appear in person with one another in the midst of the present pandemic.")

14.     Counsel for Spence Defendants has conferred with Plaintiff's counsel in an attempt to resolve this issue, and raised this issue with the Court at the last status conference. Although the Court instructed counsel to confer further, Plaintiff's counsel continues to insist on taking Mr. Parris' deposition in-person and recently served a Notice for an in-person deposition, thus necessitating the instant motion.

15.     For these reasons, Spence Defendants request the Court enter a protective order (a proposed order is included with this motion) that requires Plaintiff to take Mr. Parris's deposition by remote means to include Zoom or another videoconferencing system.

DATED:  December 10, 2021.

*/s/ Timothy P. Getzoff*
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
jspope@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
tgetzoff@hollandhart.com

Beth J. Kushner (admitted *pro hac vice*)
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI  53202
Telephone:  414-287-1373
bkushner@vonbriesen.com

James E. Fitzgerald
FITZGERALD LAW OFFICES
2108 Warren Avenue
Cheyenne, WY  82001
Telephone:  307.635.2391
jim@fitzgeraldlaw.com

ATTORNEYS FOR DEFENDANTS GERRY

SPENCE'S TRIAL LAWYERS COLLEGE AT
THUNDERHEAD RANCH, GERALD L. SPENCE,
JOHN ZELBST, REX PARRIS, JOSEPH H. LOW,
KENT SPENCE AND GERRY SPENCE METHOD AT
THUNDERHEAD RANCH, INC.

17839651_v1