FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

3:36 pm, 3/29/22

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

**Margaret Botkins**
**Clerk of Court**

       Plaintiff, Counterclaim Defendant,

v.

Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
THE GERRY SPENCE METHOD AT
THUNDERHEAD RANCH INC.,
a nonprofit corporation, and
JOHN ZELBST,
JOSEPH H. LOW,
KENT SPENCE,
JOHN JOYCE, and
DANIEL AMBROSE, individuals,

       Defendants,

GERALD L. SPENCE, and
REX PARRIS, individuals,

       Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs,

v.

JOHN SLOAN,
ANNE VALENTINE,
JAMES R. CLARY, JR,
MILTON GRIMES,
MAREN CHALOUPKA,
DANA COLE, individuals,

       Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT JOHN JOYCE'S MOTION TO DISMISS
AND MOTION FOR SUMMARY JUDGMENT**

On October 26, 2021, Plaintiff The Trial Lawyers College filed a Third Amended Verified

Complaint (Doc. 238).   In the Third Amended Complaint, Plaintiff added the Gerry Spence

Method as a defendant and brought a copyright infringement claim against that new defendant.

On November 16, Defendant John Joyce filed a combined motion to dismiss for failure to state a

claim and motion for summary judgment for failure to allege a genuine dispute of material facts

as to all claims (Doc. 264).   For the reasons stated below, the Court denies Defendant Joyce's

Motion to Dismiss and Motion for Summary Judgment.

## I.      Background

For purposes of this motion, the Court finds the following facts from Plaintiff's Complaint

on which it bases its order.   Plaintiff is a nonprofit corporation that provides training programs to

lawyers.   Defendant Gerald L. Spence founded Plaintiff in 1993 and remained affiliated with it.

Defendants John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence have also been affiliated

with Plaintiff since the 1990s.   Plaintiff began operating in 1994 at the Thunderhead Ranch in

Dubois, Wyoming.   In 2012, Plaintiff applied for and received two federally registered trademarks.

The first, Registration Number 4,197,908 (the '908 Mark) is a trademark for "TRIAL LAWYERS

COLLEGE" in standard characters, without claim to any particular font, style, size, or color.   The

second, Registration Number 4,198,054 (the '054 Mark) is a trademark for a stylized design of a

cloud with a bolt of lightning.

Plaintiff sued in federal district court alleging Defendants violated the Lanham Act, 15

U.S.C. §§ 1114, *et seq.*, and 15 U.S.C. § 1125(a).   Plaintiff alleges Defendants infringed its

federally registered trademarks and engaged in unfair competition, false designation of origin,

2

passing off, and false advertising related to Plaintiff's federally registered trademarks.  Plaintiff also alleges Defendants violated the Defend Trade Secrets Act, 18 U.S.C. § 1836, and Wyo. Stat. Ann. § 40-24-101, *et seq.*, by accessing and misusing Plaintiff's confidential and proprietary computer files.  Plaintiff further alleges Defendant the Gerry Spence Method's agents infringed on Plaintiff's copyrighted materials, including a trial skills outline.  And, finally, Plaintiff alleges Defendants conspired to engage in this tortious behavior.

The Court granted Plaintiff's application for a Temporary Restraining Order and later, after a hearing, granted Plaintiff's motion for a preliminary injunction.[1]  The Court restrained and enjoined Defendants Gerry Spence's Trial Lawyers College at Thunderhead Ranch, Gerald Spence, Rex Parris, and Joseph Low from (1) infringing on either of Plaintiff's Marks and (2) engaging in any false designations of origin, passing off, false and misleading statements, false advertising, and/or unfair competition related to Plaintiff's Marks and Plaintiff's services.  This meant those Defendants should not: (1) use Plaintiff's Marks to market or promote itself as if it is in fact "The Trial Lawyers College," (2) use Plaintiff's Marks to market its faculty as faculty of "The Trial Lawyers College," (3) purport definitively to be Plaintiff's true Board unless and until such time as the state court makes a ruling to that effect, or (4) use linguistic plays on words or various terms associated with The Trial Lawyers College to create or cause confusion as to whether Defendants are acting as The Trial Lawyers College.  The Court set forth the scope of the injunction to make clear that the Preliminary Injunction did not prohibit Defendants from: (1) referencing "The Trial Lawyers College" itself; (2) using the name "Gerry Spence" or

---

[1] The United States Court of Appeals for the Tenth Circuit recently affirmed this order for the most part but reversed the Court's directive for Defendants to remove sculptures at the Thunderhead Ranch.  *See Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll. at Thunderhead Ranch*, No. 20-8038, 2022 WL 244079 (10th Cir. Jan. 27, 2022).

"Thunderhead Ranch"; (3) referencing the fact that Defendants are alumni of Plaintiff and have a historical association with Plaintiff; (4) referencing or describing their *claimed*, but not judicially recognized, status as set forth in the ongoing state court litigation to challenge the control of the Board; and (5) making commentary regarding or fair use of Plaintiff's Marks.

In its Complaint, Plaintiff alleges that it maintains confidential and proprietary contact information, including email addresses, of its alumni and other individuals, to, among other reasons, communicate via listservs with individuals about its services and other works. Plaintiff alleges this database is like a customer list. Plaintiff alleges that it aimed to keep the information in this database confidential so that only a few individuals affiliated with Plaintiff had access to the information. Plaintiff also alleges that it maintains written policies setting parameters for use of the information in the database. The written policies expressly prohibit contacting persons whose personal information Plaintiff stored in the database to promote competing programs.

Plaintiff alleges that Defendant Joyce, on behalf of Defendant Gerry Spence's Trial Institute, accessed Plaintiff's confidential and proprietary database to appropriate the contact information. Plaintiff alleges Defendants used that confidential and proprietary information to create a new listserv and send mass emails to recipients whose information they improperly obtained from the database and thereby promote their competing programs. Plaintiff names Defendant Joyce in all counts of the Complaint with exception of Count 5—Copyright Infringement.

Defendant Joyce moved to dismiss and moved for summary judgment, first arguing that Plaintiff's trade secret claims fail because Plaintiff's database was open to the public before 2017 and people can readily find out the email addresses in the database, so he did not acquire the database information by "improper means." Next, Defendant Joyce asserts the trademark claims

fail because Defendants' listserv only used "Trial Lawyers College" descriptively—an exception to the Lanham Act as "fair use." Finally, Defendant Joyce seeks to dismiss the conspiracy claim for failure to allege an overt act or purpose.[2]

Plaintiff counters that Defendant Joyce has attached exhibits to his motion, making it one for summary judgment only. But Plaintiff argues that the Court should not grant his motion for summary judgment in the first place because his analysis relies on the 12(b)(6) motion to dismiss standard, and he has not meaningfully participated in discovery to warrant moving for summary judgment yet. As Plaintiff puts it, Defendant Joyce tries to enjoy "the best of both worlds" by attaching exhibits but only seeking to meet the 12(b)(6) standard. In terms of each count's merit, Plaintiff asserts it has stated claims for misappropriation of trade secrets under federal and state law because its database is not generally known or readily ascertainable. The Lanham Act claims survive, too, because the Court has already found Defendants to have used Plaintiff's Marks in its Preliminary Injunction Order (Doc. 46), thereby foreclosing any argument by Defendant Joyce that Defendants only used "Trial Lawyers College" descriptively, rather than as Plaintiff's Mark. Finally, Plaintiff contends that Defendant Joyce's arguments about the conspiracy claim are easily countered because Plaintiff alleged several "overt acts" committed by Defendants, including when Defendant Joyce allegedly accessed its database to add to the new listserv.

---

[2] Defendant Joyce also includes an argument seeking to dismiss Count 5, the copyright infringement claim. But Plaintiff only brought this claim against Defendant The Gerry Spence Method at Thunderhead Ranch, Inc., not Defendant Joyce. Because Count 5 relates solely to Defendant The Gerry Spence Method at Thunderhead Ranch, Inc., the Court denies Defendant Joyce's motion to dismiss Count 5. *See Stephenson v. Esquivel*, 614 F. Supp. 986, 990 (D.N.M. 1985) (denying a motion to dismiss when the plaintiff did not name the moving defendant in that count).

II.   Applicable Law

A.   Rule 12(b)(6)

The Court will dismiss claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept as true all facts in the pleading. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Although Rule 8's pleading standard "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, a complaint does not suffice "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). It follows, then, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. So the Court will "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Collins*, 656 F.3d at 1214.

B.   Rule 12(d)

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

C.   Rule 56(a)

Courts grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a).  When analyzing a motion for summary judgment, "[w]e view all facts and evidence in the light most favorable to the party opposing summary judgment."  *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1099 (10th Cir. 2020) (citation omitted).

III.    <u>Analysis</u>

Before reaching the merits of Defendant Joyce's motion, the Court will address whether the Rule 12(b)(6) or summary judgment standard applies.  Defendant Joyce attached exhibits to his motion.  Thus, under Rule 12(d), to consider those exhibits, the Court may convert his motion to one for summary judgment.  But whether to convert a motion to dismiss into a motion for summary judgment lies within the discretion of the Court.  *Lybrook v. Farmington Sch. Bd.*, 232 F.3d 1334, 1341 (10th Cir. 2000) (citation omitted).  The Court declines to convert the motion to one for summary judgment and excludes Plaintiff's exhibits from consideration because the Court finds them unhelpful at this stage of the litigation.  Indeed, most of Defendant Joyce's analysis in his motion reads like a motion to dismiss—he repeatedly mentions the sufficiency of facts pleaded in the complaint.  For the trade secret claims and conspiracy claim, then, the Court will analyze his arguments under 12(b)(6).  But because Defendant Joyce's argument for dismissing the Lanham Act claims requires looking beyond Plaintiff's complaint—his only argument relates to a defense under the Act—the Court will analyze that argument under Rule 56(a).  The Court notes, however, that Joyce's motion for summary judgment is premature, given Joyce has so far refused to meaningfully participate in discovery, including sitting for his properly noticed deposition.  So he cannot prevail on summary judgment at this point.

A.      12(b)(6)

1.  Defend Trade Secrets Act and State-Law Misappropriation of Trade Secrets

Defendant Joyce first seeks to dismiss Counts 3—violation of the Defend Trade Secrets

Act ("DTSA"), 18 U.S.C. § 1836—and 4—misappropriation of trade secrets under Wyoming law.

To state a claim for misappropriation of trade secrets under the DTSA, Plaintiff must establish:

> (1) the existence of a trade secret that relates to a product or service used in, or
> intended for use in, interstate or foreign commerce; (2) the acquisition of the trade
> secret, or the use or disclosure of the trade secret without consent; and (3) the person
> acquiring, using, or disclosing the trade secret knew or had reason to know that the
> trade secret was acquired by improper means."

*DTC Energy Grp., Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1175 (D. Colo. 2019).  Wyoming has

adopted the Uniform Trade Secrets Act.  Wyo. Stat. Ann. § 40-24-101, *et seq.*  Thus, the elements

of the state law misappropriation claim mirror the DTSA:

> (A) Acquisition of a trade secret of another by a person who knows or has reason
> to know that the trade secret was acquired by improper means; or (B) Disclosure or
> use of a trade secret of another without express or implied consent by a person who:
> (I) Used improper means to acquire knowledge of the trade secret; (II) Before a
> material change of his position, knew or had reason to know that it was a trade
> secret and that knowledge of it had bee acquired by accident or mistake; or (III) At
> the time of disclosure or use knew or had reason to know that his knowledge of a
> trade secret was: (1) Derived from or through a person who has utilized improper
> means to acquire it; (2) Acquired under circumstances giving rise to a duty to
> maintain its secrecy or limit its use; or (3) Derived from or through a person who
> owed a duty to the person seeking relief to maintain its secrecy or limit its use.

Wyo. Stat. Ann. § 40-24-101(a)(ii).

Defendant Joyce first argues the Court should dismiss these claims because Plaintiff's

database used to be open to the public.  He argues that a company cannot take information that

was once public and then seek to make it a trade secret.  Second, Defendant Joyce asserts that the

claims fail because a person could readily find out the email addresses by proper means.

In its Third Amended Complaint, Plaintiff alleged that it maintains a confidential and proprietary database that only a few individuals affiliated Plaintiff had access to and that it maintains written policies setting parameters for use of the information in the Database.  And those written policies, Plaintiff alleges, expressly prohibit contacting persons whose information Plaintiff stores in the database to promote competing programs.  Plaintiff alleges that Defendants acquired the trade secrets by improper means, including, but not limited to, improperly using the information in the database without authorization and for unlawful purposes, including, but not limited to, sending communications that infringed on Plaintiff's Marks and included allegedly false and misleading statements related to Defendants and Plaintiff.  Plaintiff alleges that Defendant Gerry Spence's Trial Institute obtained Plaintiff's trade secrets from the other Defendants—including Defendant Joyce—and knew that the other Defendants had acquired the trade secrets by improper means.  Plaintiff also alleges that Defendants intend to use or have used Plaintiff's trade secrets, without Plaintiff's consent, in connection with opening and operating a competing "trial lawyers college" despite knowing that Defendants acquired the trade secrets by improper means.

Based on the above allegations, the Court determines Plaintiff has stated a plausible claim to relief on its face for its federal and state misappropriation of trade secrets claims.

### 2.  Conspiracy

Defendant Joyce next argues that Plaintiff has failed to plead sufficient facts in its Third Amended Complaint to establish that any of the Defendants participated in a conspiracy.  To prevail on a claim of civil conspiracy under Wyoming law, a plaintiff must prove: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate cause thereof." *White v. Shane Edeburn Constr., LLC*, 285 P.3d 949, 958 (Wyo. 2012) (quoting *McKibben v.*

*Chubb*, 840 F.2d 1525, 1533 (10th Cir. 1988)).  The Wyoming Supreme Court has explained that a civil conspiracy claim requires the allegation of an underlying cause of action in tort. *Id.* (citing *Cent. Wyo. Med. Lab., LLC v. Med. Testing Lab, Inc.*, 43 P.3d 121, 126 (Wyo. 2002)).  Courts have interpreted this requirement as relating to the fourth element—an overt act. *See Powell Valley Health Care, Inc. v. Healthtech Mgmt. Servs., Inc.*, No. 12-cv-42-f, 2013 WL 12086094, at *2 (D. Wyo. July 30, 2013).

Defendant Joyce insists Plaintiff pleaded no facts to establish that any of the Defendants committed an unlawful overt act.  But the Court already determined that the Third Amended Complaint sufficiently alleges that Defendant Joyce accessed Plaintiff's confidential and proprietary database to access information that Defendants would use in their new listserv for their new trial lawyers program that would directly compete with Plaintiff in violation of the DTSA and Wyoming equivalent.  Taking those allegations as true for purposes of this analysis, Plaintiff has sufficiently pleaded that Defendant Joyce committed an overt act—improperly accessing Plaintiff's database.  The Court thus determines Plaintiff has stated a plausible claim to relief on its face for its conspiracy claim.

### B.  Rule 56(a)

#### 1.  Lanham Act

Finally, Defendant Joyce seeks dismissal of the Lanham Act claims, Counts 1 and 2, trademark infringement, 15 U.S.C. § 1114, *et seq*. and unfair competition, false designation of origin, passing off, and false advertising, 15 U.S.C. § 1125(a), respectively.  The Lanham Act forbids the

> (a) use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

> (b) reproduc[tion], counterfeit, copy, or colorable imitat[ion of] a registered mark and appl[ication of] such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . .

15 U.S.C. § 1114. The Act also provides that:

> "(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which— (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

*Id.* at § 1125(a)(1)(A)–(B).

It also lists potential defenses, including one for those who use a term "which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin . . . ." *Id.* at § 1115(b)(4). Defendant Joyce claims Defendants' listserv used the term "Trial Lawyers College" only descriptively, not as Plaintiff's Mark, because they called it "Gerry Spence's Trial Lawyers College" instead of the "Trial Lawyers College." Defendant Joyce has failed to explain how the two names have any meaningful difference for purposes of the Lanham Act. He claims "The Trial Lawyers College" is a "generic phrase" even though no party disputes Plaintiff's registered trademark of that exact title. Merely throwing Defendant Gerald Spence's name in front of Plaintiff's Mark does not make Defendants' use of the mark descriptive. If anything, it illustrates Defendants' attempts to confuse consumers—the precise purpose of bringing trademark infringement claims. Indeed, the Court reached this conclusion when it preliminarily enjoined Defendants from using the "Trial Lawyers College" Mark (Doc. 46).

Defendant Joyce presents no evidence showing a genuine dispute as to any material fact of the Lanham Act claims.  The Court will therefore not grant him summary judgment on those claims.

IV.   <u>Conclusion</u>

For the reasons set forth above, the Court DENIES Defendant Joyce's Motion to Dismiss and Motion for Summary Judgment (Doc. 264).

IT IS SO ORDERED.

Entered for the Court
this the 29th day of March, 2022

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation