IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>　　　　Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, and DANIEL AMBROSE, individuals, and GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC., a nonprofit corporation,<br><br>　　　　Defendants,<br><br>and JOHN JOYCE,<br><br>　　　　Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,<br><br>vs.<br><br>F WARRIORS,<br><br>　　　　Third-Party Defendant. | Case Number: 1:20-CV-00080-JMC-GJF |

**DISCOVERY ORDER**

For the reasons stated on the record at the July 7, 2022, discovery hearing, **IT IS ORDERED** that:

(1) The five TLC board members who are the recipients of the Rule 45 subpoenas at issue in TLC's Motion to Quash [ECF 365] (Maren Chaloupka, James R. Clary, Jr., Milton

Grimes, John Sloan, and Anne Valentine, collectively, "the Subpoena Recipients") are <u>not</u> required to "amend their responses to make clear that they have made a diligent search and produced all documents responsive to the categories in the subpoenas." Joint Report Letter (July 5, 2022) ("Letter") at 1.[1]

(2) Maren Chaloupka shall supplement her disclosure with a list of faculty members who have participated with her in any non-TLC trial skills seminars conducted since TLC received its copyright in 2020 for its skills outline.  Ms. Chaloupka, however, is <u>not</u> required to disclose a list of students who attended both the TLC course and her non-TLC trial skills seminars.

(3) The issue of whether James Clary must produce documents related to eXmarX, *see id.* at 2, 4-5, is taken under advisement.

(4) The issue of whether TLC must produce documents (a) "generated before this litigation commenced that reflect communications among the Sloan Group of TLC directors, including with Attorney Patrick Murphy;"[2] (b) "concerning the trademark on which this case was originally based;" (c) "concerning insurance coverage;" or (d) "relating to 'executive sessions' of TLC's Board of Directors;" Letter at 5, is taken under advisement.  In addition, Ms. Kushner and Mr. Slaughter shall confer to ascertain whether the Spence Defendants previously served any requests for production to which documents related to these executive sessions would be responsive.

(5) **No later than July 14, 2022**, TLC shall submit for *in camera* review (1) the 72

---

[1] *See also id.* at 4 (TLC affirming that "[t]he Subpoena Recipients have each notified the Spence Defendants' counsel which responses they have provided documents for and which requests they have stood on their objections").

[2] *See also* Recording at 1:48:52 – 1:49:15 (the Court commenting that there was a significant distinction between TLC's communications with Phelps Dunbar LLP and TLC's communications with Mr. Murphy).

"untimely logged" documents referenced on page 6 of (and in an attachment to) the parties' July 5, 2022, Letter and (2) the ten copyright-related documents referenced on pages 6-7 of (and in an additional attachment to) the Letter.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE