IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

_____

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>      Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, and DANIEL AMBROSE, individuals, and GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC., a nonprofit corporation,<br><br>      Defendants,<br><br>and JOHN JOYCE,<br><br>      Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,<br><br>vs.<br><br>F WARRIORS,<br><br>      Third-Party Defendant. | Case Number: 1:20-CV-00080-JMC-GJF |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH RULE 45 SUBPOENAS**

THIS MATTER is before the Court on Plaintiff's Motion to Quash Rule 45 Subpoenas [ECFs 365-66] ("Motion"). The Motion is fully briefed. *See* ECFs 373 (response), 374 (reply). Both before and after the matter was fully briefed and before and after the Court addressed the Motion in informal discovery conferences, *see* ECFs 371, 379, 389 (clerk's minutes from

discovery hearings held on June 8, June 24, and July 7, 2022), the parties continued to confer and narrow the issues associated with the Motion. At the most recent informal discovery conference on July 7, 2022, the parties had winnowed their disputes down to two categories, one of which the Court resolved from the bench, *see* ECF 389 at 2 (resolving the issue concerning Maren Chaloupka's faculty and student lists),[1] and the other of which the Court took under advisement and decides today. Specifically, the remaining dispute that the Court now addresses is "whether James Clary must produce documents related to eXmarX." ECFs 366 at 5-8; 385 at 2; 389 at 2-3; Joint Report Letter (July 5, 2022) at 2, 4-5.

Having granted a thorough hearing to the parties as to the discoverability under Federal Rule of Civil Procedure 45 of certain disputed documents, *see* ECF 389, and having thoroughly considered the materials submitted to chambers, the Court concludes that the only relevant period of time for the disclosure of eXmarX-related documents ended with the termination of TLC's lease on Thunderhead Ranch. Any activity by eXmarX or its agents *after* that time is neither sufficiently relevant nor proportional to the needs of this case to require disclosure under Rule 45. The Court further observes that the Spence Defendants have been aware since as early as 2020 of Mr. Clary's involvement with eXmarX, have acquired through other means substantial information about eXmarX and his involvement with it, and have long had the information necessary to determine whether there is any conflict between the missions of eXmarX and TLC.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion [ECFs 365-66] is **GRANTED IN PART** in that, **not later than July 25, 2022**, James Clary must produce to the Spence Defendants all documents in the following categories—but *only* to the extent these documents

---

[1] *See also* Local Rule of the United States District Court for the District of Wyoming 37.1(b) (permitting the Court to hold informal discovery hearings in order to resolve discovery dispute more efficiently).

existed *on or before* April 13, 2020, the date on which the Spence Foundation delivered the Notice of Eviction that terminated TLC's lease on Thunderhead Ranch:

    (1) any sales presentations that Clary made as part of his business development efforts on behalf of eXmarX;

    (2) any non-disclosure agreements that Clary used or entered into on behalf of eXmarX; and

    (3) any documents showing efforts or overtures by Clary to any other members of TLC's Board of Directors, including but not limited to Maren Chaloupka and John Sloan, to associate, join, or partner with Clary in the eXmarX business enterprise.

**IT IS FURTHER ORDERED** that the Motion as it relates to the request for production of Maren Chaloupka's non-TLC trial skills seminars is **GRANTED IN PART AND DENIED IN PART** as explained by the Court on the record during the hearing, *see* ECFs 385 at 2; 389 at 2.

**IT IS FINALLY ORDERED** that Plaintiff's Motion is otherwise **DENIED AS MOOT**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE