IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

_____

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, and DANIEL AMBROSE, individuals, and GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC., a nonprofit corporation,<br><br>    Defendants,<br><br>and JOHN JOYCE,<br><br>    Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,<br><br>vs.<br><br>F WARRIORS,<br><br>    Third-Party Defendant. | Case Number: 1:20-CV-00080-JMC-GJF |

**SUPPLEMENTAL DISCOVERY ORDER**

THIS MATTER is before the Court pursuant to the parties' disputes over whether TLC must produce four categories of documents purportedly withheld as privileged but never logged. *See* ECFs 385 at 2; 389 at 3; Joint Report Letter (July 5, 2022) ("Letter") at 5-9. This is one of several issues that the parties submitted to the Court for informal resolution pursuant to Local Rule

37.1(b).[1]

In the parties' Letter, the Spence Defendants identified four categories of documents that they alleged TLC has withheld as privileged but has never logged as such. With respect to the *first two* categories, the Court **ORDERS** as follows:[2]

(1) *Documents generated before this litigation commenced that reflect communications among the Sloan group of TLC directors, including with Attorney Patrick Murphy.* For the period April 14–May 13, 2020, TLC shall submit for *in camera* inspection not later than **July 25, 2022**, all responsive documents in its possession. By that same date, TLC shall also update and disclose to the Spence Defendants (with a copy to the Court) its Privilege Log to include all the documents in this *in camera* production as to which it asserts a privilege.[3]

(2) *Documents concerning the trademark on which this case is based*: The Court notes that it has never been provided a copy of any request for production in which the Spence Defendants sought this information from TLC. As set forth in the parties' Letter, the Spence Defendants' description of this category is vast: "Documents concerning the trademark on which this case is based." Taking into account (a) the breadth of that request, (b) the fact that the trademarks date back to 2012, the burdens associated with TLC searching for and assembling any additional information from so long ago, (c) the

---

[1] All other pending issues besides those decided herein or during the hearing itself remain under advisement and will be the subject of future orders.

[2] In a discovery conference set for July 19, 2022, the Court will entertain additional argument on the remaining two categories (documents relating to TLC's insurance coverage and documents associated with executive sessions of the TLC Board of Directors).

[3] The Court will decide later whether to order additional briefing on this category of the Spence Defendants' discovery request.

other information and witnesses already available to the Spence Defendants relating to the true ownership of the two trademarks in question, (d) and the fact that the Spence Defendants did not raise this issue with the Court until the end of the discovery period despite having formally put at issue the ownership of the trademarks as early as December 2, *2020* (*see* First Amended Answer to Second Amended Complaint and Counterclaims/Third-Party Claims [ECF 108]), the Court finds and concludes that any additional production associated with the trademarks would not be proportional to the needs of this case.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE