IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>      Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, and DANIEL AMBROSE, individuals, and GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC., a nonprofit corporation,<br><br>      Defendants,<br><br>and JOHN JOYCE,<br><br>      Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,<br><br>vs.<br><br>F WARRIORS,<br><br>      Third-Party Defendant. | Case Number: 1:20-CV-00080-JMC-GJF |

**ORDER SETTING SETTLEMENT CONFERENCE**

On Friday, July 29, 2022, in compliance with a Court directive, the principal parties in this case advised that they had agreed upon August 12, 2022, as the date for a Court-facilitated settlement conference in Albuquerque, New Mexico.[1] Accordingly, **IT IS ORDERED** that **all**

---

[1] Counsel for Defendant Joyce separately advised that neither she nor her client participated in the discussions concerning the date and location of the settlement conference. Counsel further requested that she and her client be

**parties and their lead trial counsel** shall appear before me at the Mimbres Courtroom, Fourth Floor, Pete V. Domenici United States District Courthouse, 333 Lomas Blvd. N.W., Albuquerque, NM, on **August 12, 2022, at 9:00 a.m. MDT** to participate in a settlement conference pursuant to Federal Rule of Civil Procedure 16(a)(5) and Local Rule 16.3(b).[2] An insured party or an uninsured corporate party shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement. This requirement cannot be satisfied by sending a local representative if the appropriate representative resides in another state. Nor can it be satisfied by sending a corporate representative who must still seek final authority from other corporate personnel not physically present at the conference.[3]

**Claims by TLC**[4]

**By August 4, 2022**, TLC's counsel shall send Defendants' counsel letters that set forth at least the following information: (a) a brief summary of the evidence and legal principles that TLC asserts will establish liability on its affirmative claims; (b) a brief explanation of why damages or other relief would be granted at trial; (c) an itemization of any claimed damages; and (d) an updated settlement demand.[5]

---

permitted to participate in the settlement conference via Zoom. The Court intends to address that request in a Zoom status conference that will occur immediately after the motion hearing scheduled for August 4th at 9:30 a.m. MDT. Because the Court received no information to the contrary, the Court assumes that Defendant Ambrose and his counsel agreed to the date and location.

[2] As this settlement conference is an official court proceeding, neither counsel nor client(s) nor corporate representative(s) should make travel arrangements that require leaving the settlement conference until *after* the Court declares the settlement conference has concluded.

[3] Counsel must also confer to identify any nonparties who may have an interest in the case, including but not limited to primary and excess liability insurance carriers, subrogees, and lienholders. Counsel must then provide written notice (with a copy to the Court) to all such interested nonparties informing them of the date, time, and location of the settlement conference, and that their participation is strongly encouraged.

[4] The parties' unexpectedly accelerated date for the settlement conference has forced the Court to compress the schedule of mandatory submissions explained *infra*.

[5] TLC's counsel advised the Court by electronic mail on Sunday, July 31, 2022, that TLC's last settlement demand received no response from any Defendant. Nonetheless, due to the passage of time since that demand was made, the

**By August 8, 2022**, on behalf of their specific clients, defense counsel shall send TLC's counsel letters setting forth at least the following information: (a) any points in TLC's letter with which their specific clients agree; (b) any points in TLC's letter with which their specific clients disagree, with references to supporting evidence and legal principles; and (c) a settlement offer.[6]

### Claims by Counterclaimant and Third-Party Plaintiff John Joyce

**By August 4, 2022**, Mr. Joyce's counsel shall send counsel for TLC and F Warriors a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that Mr. Joyce asserts will establish liability on his counterclaims against TLC and his third-party claims against F Warriors; (b) a brief explanation of why damages or other relief would be granted at trial; (c) an itemization of any claimed damages; and (d) a settlement demand.

**By August 8, 2022**, counsel for TLC and F Warriors shall send Mr. Joyce's counsel a letter setting forth at least the following information: (a) any points in Mr. Joyce's counsel's letter with which their specific clients agree; (b) any points in that letter with which their specific clients disagree, with references to supporting evidence and legal principles; and (c) a settlement offer.

The aforementioned letters typically should not exceed five (5) pages, and counsel must ensure that each participant reads the opposing party's letter before the settlement conference. If, for instance, settlement authority for any party is provided by a committee, counsel for that party must ensure that the committee reviews the opposing party's letter before finalizing settlement authority.

---

virtual completion of discovery, and the results of substantial motion and appellate practice, the Court will require TLC to assert a revised demand.

[6] If *any* party's settlement overture (demand or offer) contemplates a written settlement agreement, that party must include a form of agreement along with its letter to the opposing party. If there are disputes about the language of the agreement, the parties must alert the Court to the disputes in their confidential letters that are described *infra*.

**By August 9, 2022, at 12:00 p.m. MDT**, TLC's counsel shall provide me copies of the letters exchanged between the parties. In addition, each party must provide me, in confidence, a letter (typically no more than five (5) pages) containing a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths and weaknesses of the party's legal position; an itemization of damages or relief requested; status of settlement negotiations to date; and the names of those who will attend the conference and in what capacity. This confidential letter must *not* be a mere restatement of the letter served on opposing counsel. All matters communicated to me in the confidential letter will be kept confidential, and will not be disclosed to any other party, any other counsel, or the trial judge. Once I read the letters provided, I will have *ex parte* pre-settlement telephone conferences with counsel (*not* clients) to obtain additional information to assist my efforts to facilitate settlement.[7]

Parties should also consider sending with their confidential submissions copies of any other materials that can enhance my preparation, including documentary evidence, discovery responses, or deposition excerpts. The parties shall submit these letters and materials by e-mail (fourattproposedtext@nmd.uscourts.gov).

Confidentiality is essential to the settlement negotiation process. To that end, counsel, the parties, and any other persons who attend the settlement conference must treat as confidential information: (1) the contents of all demand and counteroffer letters exchanged between the parties; (2) anything written or said during the settlement conference; and (3) any position taken by the parties during the settlement conference, including any view of the merits of the case formed by

---

[7] The Court will schedule these *ex parte* calls as part of its agenda at the August 4, 2022, motion hearing. For counsels' planning purposes, the Court has set aside August 10th for these calls. The Court's preferred order for the calls is (1) TLC/F Warriors, (2) Spence Defendants, (3) Defendant Joyce, and (4) Defendant Ambrose. The Court advises that these calls last approximately one hour each.

any participant. Such confidential information must not be disclosed to anyone not involved in the settlement negotiation process, including the presiding judge. Further, such confidential information shall not be discoverable, subject to compulsory process, or used for any purpose outside of limited exceptions, which are enumerated below.

Exceptions to the bar on disclosure of confidential information include: (1) disclosures to which all parties have stipulated; (2) disclosure of an agreement, by all parties to the agreement, which appears to constitute a settlement contract, if necessary in proceedings to determine the existence of a binding settlement contract; (3) disclosures necessary to determine whether a participant in the settlement conference violated the Local or Federal Rules or the terms of this or any other Court Order; (4) disclosures made to personnel of the Court who are authorized to make appropriate requests for information regarding the settlement conference; or (5) disclosures as are otherwise required by law. Finally, confidential information may be disclosed pursuant to a determination by a court that such disclosure is necessary to (a) prevent manifest injustice, (b) help establish a violation of law or ethical violation, or (c) prevent harm to the public health or safety, of such magnitude in the particular case as to outweigh the countervailing interest in maintaining the integrity of dispute resolution proceedings by assuring that settlement-related communications remain confidential.

As the settlement conference approaches, if any party believes for any reason that negotiation attempts would not be fruitful at the time set for the conference, the parties should contact my chambers to schedule a status conference to discuss the concern.

**IN SUMMARY:**

| | |
|---|---|
| **TLC's letters due to Defendants:** | **August 4, 2022** |
| **Defendants' letters due to TLC:** | **August 8, 2022** |

| | |
|---|---|
| **Mr. Joyce's letters due to TLC and F Warriors:** | **August 4, 2022** |
| **TLC's and F Warriors' letters due to Mr. Joyce:** | **August 8, 2022** |
| **All letters due to Court:** | **August 9, 2022, at 12:00 p.m. MDT** |

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE