IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

_____

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>      Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, and DANIEL AMBROSE, individuals, and GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC., a nonprofit corporation,<br><br>      Defendants,<br><br>and JOHN JOYCE,<br><br>      Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,<br><br>vs.<br><br>F WARRIORS,<br><br>      Third-Party Defendant. | Case Number: 1:20-CV-00080-JMC-GJF |

## FIFTH SUPPLEMENTAL DISCOVERY ORDER
## AND LIMITED PROTECTIVE ORDER

      This Order relates to the transcript of the deposition of Defendant John Joyce and whether any portion of that transcript contains "confidential" or "attorneys' eyes only" (AEO) material as defined in the Protective Order that has governed discovery in this case for two years.   *See* ECF 91 (order filed September 30, 2020).

## I.   BACKGROUND

On August 23, 2022, in accordance with Local Rule 37.1(b) and this Court's procedure for informal resolution of discovery disputes, TLC invoked the provision of the Protective Order that permits a party to challenge the designation of any discovery material, including deposition transcripts, as confidential or AEO information.   *See* ECF 91 at ¶ 8.   Specifically, TLC sought to contest Defendant Joyce's designation of the *entire* transcript of his deposition as both confidential and AEO.   TLC explained that it was seeking judicial intervention since its meet-and-confer efforts to resolve the issue had proven unsuccessful.   After counsel for TLC and Defendant Joyce provided additional information pertaining to this issue, the Court held a recorded telephonic discovery conference.   *See* ECF 463 (minutes from conference held August 29, 2022).   Based on the parties' written and oral submissions, the Court granted Defendant Joyce an opportunity to specify the excerpts from the transcript that contain confidential/AEO information and further identify the particular provisions in the Protective Order that characterize them as such.

On August 31, 2022, Defendant Joyce complied, identifying a total of six excerpts from the 264-page deposition.[1]   For each excerpt, he included a purported justification as to why the Protective Order should continue to extend protection over the material in question.   Two days later, with the Court's permission, TLC explained how none of the excerpts contain material that qualifies as "confidential information" under the Protective Order, much less AEO.

## II.   ANALYSIS

The Court has carefully reviewed the parties' arguments submitted by electronic mail before and after the discovery conference.   The Court has also listened to the recordings of the

---

[1]  Specifically, Defendant Joyce identified as confidential the following page/line ranges: (1) 10:20–11:4; (2) 15:15–18; (3) 23:9–27:7; (4) 29:12–31:1; (5) 100:7–103:15; and (6) 196:8–198:12.

most recent discovery conference as well as the one held prior to Defendant Joyce's deposition. *See* ECF 357 (minutes from conference held May 6, 2022).   The Court not only has read the deposition transcript in its entirety but has pored over each of the excerpts to which Defendant Joyce has referred the Court's attention.   The Court has also cross-referenced those excerpts to the Protective Order to make its own independent assessment of whether (1) the material excerpted qualifies for continued protection as "confidential information" and (2) if so, whether it is so sensitive that it should continue to enjoy the heightened protection of being classified as AEO.

With one exception, the Court finds that the excerpts identified by Defendant Joyce do not qualify as "confidential information" under the terms of the Protective Order.   The lone exception is the first excerpt, which encompasses page/line range 10:20–11:4.   The Court considers that excerpt to contain "medical information concerning any individual," as used in ¶ 2(d) of the Protective Order.[2]   For the last four excerpts, however, Defendant Joyce has not carried his burden of showing that any information included in them qualifies as a "trade secret" or as "commercial or financial information that [he] has maintained as confidential," as those terms are used in ¶¶ 2(b) and (c), respectively, of the Protective Order.   Standing alone, Defendant Joyce's abbreviated and conclusory descriptions of excerpts 3–6 and their supposed linkage to the Protective Order fall far short of the showing he needed to make to justify their designation as confidential.   Nor does the Court consider this to be a close question.[3]

---

[2] Although Defendant Joyce also seeks continued designation of page 15, lines 15-18 as confidential medical information, the Court disagrees.   There is nothing in that excerpt that alerts the reader of the reason(s) why he attended more than one law school.

[3] None of the excerpts, including the one assessed by the Court to contain confidential information, merits continued designation as AEO.   Accordingly, this order removes any restriction on TLC's counsel sharing the deposition transcript with their client.

## III.  LIMITED PROTECTIVE ORDER

Although the Court has decided that only one of the excerpts contains confidential information under the Protective Order, the Court pursuant to the discretion endowed by Federal Rule of Civil Procedure 26(c) will grant Defendant Joyce the following relief, to wit:

(1) The Court forbids TLC, its directors, its employee(s), and its counsel from sharing *any* portion of Defendant Joyce's deposition transcript with *any* person who is involved in *any* way (e.g., counsel, witness, or investigator) in *any* of the *other* legal proceedings (whether they be criminal, civil, or administrative) currently pending against him;

(2) To the extent TLC's trial preparation requires sharing any portion of Defendant Joyce's deposition transcript with a third-party witness outside TLC's control, the Court orders TLC and its counsel to share with the witness only those portions of the deposition transcript that are reasonably necessary to prepare the witness's testimony; and

(3) To the extent TLC's trial preparation requires sharing any portion of Defendant Joyce's deposition transcript with a third-party witness outside TLC's control, the Court orders TLC's counsel to advise the witness in writing of the Court's prohibition against sharing any portion of the transcript with any person described in (1) above.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** TLC's challenge to Defendant Joyce's designation of the subject deposition excerpts as containing confidential or AEO information.   Specifically, the Court **DENIES** the challenge as to the excerpt found at page 10, lines 21-24, through page 11, lines 1-4 of the transcript, but **GRANTS** the challenge in all other respects.   In its discretion, however, the Court **GRANTS** limited protection to the Joyce deposition transcript to the extent explained above.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE