IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, and DANIEL AMBROSE, individuals, and GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC., a nonprofit corporation,<br><br>    Defendants,<br><br>and JOHN JOYCE,<br><br>    Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,<br><br>vs.<br><br>F WARRIORS,<br><br>    Third-Party Defendant. | Case Number: 1:20-CV-00080-JMC-GJF |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE STATEMENT OF DISPUTED FACTS**

THIS MATTER is before the Court on Plaintiff's (TLC's) Motion for Leave to File Statement of Disputed Facts [ECF 473] (Motion). The Motion is fully briefed. *See* ECFs 473 (Mot.), 478 (Resp.), 479 (Am. Aff.). For the reasons set forth below, the Court will grant the Motion.

## I. BACKGROUND

TLC's Motion requests "leave to file TLC's Statement of Disputed Facts"—"in the form and substance it was in at the time it was intended to be filed on August 5, 2022." Mot. at 2 (citing ECF 473-1 (Exhibit A) (the inadvertently omitted "Statement of Disputed Facts")). TLC explains that "*[d]ue to an inadvertent filing error*, TLC recently discovered on the evening of September 7, 2022, that its Statement of Disputed Facts does not appear on the Court's docket." *Id.* (emphasis added). TLC further represents that "[it] has not altered or made any changes to [this document] since August 5, 2022, when it was intended to be filed into the record along with [TLC's] opposition [ECF 428] to [Spence Defendants'] Motion for Partial Summary Judgment [ECF 407]." *Id.*

In response, the Spence Defendants[1] urge the Court to deny this Motion. They argue that TLC's "[f]ail[ure] to timely submit [its Statement of Disputed Facts] violated both the Local Rule[2] and the Scheduling Order.[3]" Resp. at 1–6.[4] In addition, they insist that TLC's "carelessness" in committing this filing error and not catching it for over a month is "no excuse for the untimeliness." *Id.* at 4, 7. The Spence Defendants contend that TLC has failed to show either the "good cause" or "excusable neglect" that ordinarily is required to permit this error to be cured. *Id.* at 6–8 (citing Fed. R. Civ. P. 6(b)(1)). In addition, they argue that allowing the filing

---

[1] The "Spence Defendants" consist of every named Defendant other than Daniel Ambrose and John Joyce.

[2] Local Rule of the United States District Court for the District of Wyoming (Jan. 2022) ("Local Rule") 7.1(b)(2) establishes, *inter alia*, a 14-day deadline to file a response and the criteria for addressing the parties' asserted material facts.

[3] The Court's Scheduling Order [ECF 313] provides that "[t]he parties shall strictly comply with all provisions of [Local Rule] 7.1." ECF 313 at 3 (emphasis in original).

[4] The Court's citations to the Spence Defendants' Response [ECF 478] refer to the Spence Defendants' own pagination at the bottom of their Response (and not the automated pagination at the top).

of this document would delay the Court's summary judgment ruling, thereby harming the Spence Defendants and this litigation. *Id.* at 8. Finally, they assert that the substance of TLC's Statement of Disputed Facts violates Local Rule 7.1 because that document does not "refer with particularity to … those portions of the record on which [it] relies." *Id.* at 8–9 (quoting Local Rule 7.1).

## II. DISCUSSION

In its discretion, and after consultation with the presiding judge, the Court will permit TLC to cure its obviously inadvertent oversight by granting the Motion. The remedy urged by the Spence Defendants—denying the Motion—would all but dictate the outcome of their Motion for Partial Summary Judgment [ECF 407]. This Court believes the effect of this remedy would be manifestly disproportionate to the inadvertent error that implicated it.[5]

The Court's resolution of this Motion should not be understood to dilute the force of its Local Rules or weaken the Court's expectation of faithful compliance with them. Indeed, as seen elsewhere in this case, this Court has forcefully vindicated the rules of procedure by crafting remedies that, though stiff, were proportionate to the specific violations that occasioned them. *See*, *e.g.*, ECFs 403 (ordering disclosure of certain documents upon concluding that TLC "waived any privilege pertaining to [those] documents by failing without sufficient excuse to timely log [them]"), 469 (denying TLC's request to reopen discovery upon concluding that TLC "ha[d] not shown good cause" for such relief).

Finally, to the extent that the Spence Defendants contend that TLC's statement of facts suffers from other and more substantive infirmities, this Court defers that matter to the presiding

---

[5] Had the tables been turned, the Court would have granted the identical relief to the Spence Defendants if the oversight had been theirs as opposed to TLC's.

judge for his consideration in evaluating the merits of the Spence Defendants' Motion for Partial Summary Judgment.

## III.  CONCLUSION

**IT IS THEREFORE ORDERED** that TLC's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that TLC may file its "Statement of Disputed Facts, in the form and substance it was in at the time it was intended to be filed on August 5, 2022," Mot. at 2, ECF 473-1, no later than **September 20, 2022**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE