IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

    Plaintiff, Counterclaim Defendant,

v.                                                                                          Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
THE GERRY SPENCE METHOD AT
THUNDERHEAD RANCH INC,
a nonprofit corporation, and
JOHN ZELBST,
JOSEPH H. LOW,
KENT SPENCE, and
DANIEL AMBROSE, individuals,

    Defendants,

JOHN JOYCE,

    Defendant, Counterclaim Plaintiff,

GERALD L. SPENCE, and
REX PARRIS, individuals,

    Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs,

v.

JOHN SLOAN,
ANNE VALENTINE,
JAMES R. CLARY, JR,
MILTON GRIMES,
MAREN CHALOUPKA,
DANA COLE, individuals,

    Third-Party Defendants,

JOHN JOYCE,

      Third-Party Plaintiff,

v.

F WARRIORS,

      Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF AND THIRD-PARTY DEFENDANT F WARRIORS' MOTION TO DISMISS COUNTERCLAIMS

On October 26, 2021, Plaintiff The Trial Lawyers College filed a Third Amended Verified Complaint (Doc. 238). Defendant John Joyce filed an Answer and Third-Party Complaint with counterclaims (Doc. 341). Plaintiff then moved to dismiss the counterclaims with prejudice under Federal Rule of Civil Procedure 12(b)(6) (Doc. 363). And Third-Party Defendant F Warriors moved to join in and adopt Plaintiff's motion to dismiss (Doc. 367). Defendant Joyce responded to Plaintiff's motion and Plaintiff has since replied (Docs. 369, 370). For the reasons stated below, the Court grants Plaintiff's Motion to Dismiss Counterclaims and Third-Party Defendant F Warriors' Motion to Join.

### I. Background

Plaintiff alleges the following facts in its Complaint. Plaintiff is a nonprofit corporation that provides training programs to lawyers. Defendant Gerald L. Spence founded Plaintiff in 1993 and remained affiliated with it. Defendants John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence have also affiliated with Plaintiff since the 1990s. Plaintiff began operating in 1994 at the Thunderhead Ranch in Dubois, Wyoming. In 2012, Plaintiff applied for and received two federally registered trademarks. The first, Registration Number 4,197,908 (the '908 Mark) is a trademark for "TRIAL LAWYERS COLLEGE" in standard characters, without claim to any particular font,

style, size, or color.  The second, Registration Number 4,198,054 (the '054 Mark) is a trademark for a stylized design of a cloud with a lightning bolt.

Plaintiff sued in federal district court alleging Defendants, including Defendant Joyce, violated the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*, and 15 U.S.C. § 1125(a).  Plaintiff alleges Defendants infringed its federally registered trademarks and engaged in unfair competition, false designation of origin, passing off, and false advertising related to Plaintiff's federally registered trademarks.  Plaintiff also alleges Defendants violated the Defend Trade Secrets Act, 18 U.S.C. § 1836, and Wyo. Stat. Ann. § 40-24-101, *et seq.*, by accessing and misusing Plaintiff's confidential and proprietary computer files.  Plaintiff further alleges Defendant the Gerry Spence Method's agents infringed on Plaintiff's copyrighted materials, including a trial skills outline.  And, finally, Plaintiff alleges Defendants conspired to engage in this tortious behavior.

Defendant Joyce filed counterclaims against Plaintiff and third-party claims against Plaintiff's organization, Third-Party Defendant F Warriors.  In his combined Complaint, Defendant Joyce, one of Plaintiff's graduates, alleges that Plaintiff and Third-Party Defendant F Warriors defrauded Plaintiff's graduates by asking them to donate to maintain Thunderhead Ranch, Defendant Gerald Spence's property that he donated to serve Plaintiff.  But rather than using graduates' donations to maintain the Ranch, Plaintiff and Third-Party Defendant F Warriors used the donations to "fund the lavish lifestyles of several [of Plaintiff's] insiders and engage in other frivolous spending, including the funding of this lawsuit."  Defendant Joyce brings six claims against Plaintiff and Third-Party Defendant F Warriors based on this alleged misuse of funds.

In Count I of Defendant Joyce's Complaint, he alleges that Plaintiff and Third-Party Defendant F Warriors committed common law fraud by taking $12,000 from him for the advertised purpose of maintaining the Ranch while knowing they were deceiving Defendant Joyce and other

3

graduates about how they would spend the money. In Counts II and III, Defendant Joyce alleges that Plaintiff and Third-Party Defendant F Warriors perpetrated this plot through mail fraud and wire fraud respectively, using mail and e-mail to solicit donations in violation of 18 U.S.C. §§ 1341, 1343. The remaining three claims accuse Plaintiff and Third-Party Defendant F Warriors of colluding to commit this alleged fraud. In Count IV, Defendant Joyce alleges Plaintiff and Third-Party Defendant F Warriors engaged in a pattern of racketeering activity that affected interstate commerce in violation of 18 U.S.C. § 1962. And in Count V, he alleges Plaintiff and Third-Party Defendant F Warriors conspired to unlawfully defraud Plaintiff's graduates. Finally, in Count VI, Defendant Joyce combines these last two counts to accuse Plaintiff and Third-Party Defendant F Warriors of conspiring to engage in a pattern of racketeering activity together again in violation of 18 U.S.C. § 1962.

Plaintiff seeks to dismiss the counterclaims on several grounds. First, it claims Defendant Joyce missed the scheduling order's deadline to file counterclaims and so the Court should dismiss them on that procedural ground without considering the merits. But if the Court does consider each claim on its merits, Plaintiff also argues that Defendant Joyce failed to state any claims upon which the Court can grant relief based on his pleadings. Finally, Plaintiff argues, the statute of limitations for fraud actions in Wyoming bars any conduct Defendant Joyce seeks relief from that occurred before April 12, 2018. Third-Party Defendant F Warriors asks the Court to allow it to join in Plaintiff's motion to dismiss because Defendant Joyce's arguments against Plaintiff apply equally to Third-Party Defendant. Defendant Joyce responded to Plaintiff's motion by claiming he had sufficiently alleged each claim.

II.     Applicable Law

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept as true all facts in the pleadings. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Although Rule 8's pleading standard "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, a complaint does not suffice "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). It follows, then, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. So the Court will "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Collins*, 656 F.3d at 1214.

III.    Analysis

Before the Court dives into Plaintiff's motion to dismiss, it will address Third-Party Defendant F Warriors' Motion to Join. The Federal Rules of Civil Procedure allow a party to join its motion with another Rule 12 motion. Fed. R. Civ. P. 12(g)(1). The Court agrees that Defendant Joyce equally accuses Plaintiff and Third-Party Defendant F Warriors in each claim, making it appropriate to join Third-Party Defendant F Warriors to Plaintiff's motion to dismiss for efficiency's sake. Thus, the Court will address Plaintiff's motion to dismiss as if both it and Third-Party Defendant F Warriors made such arguments.

A.   Modification of Scheduling Order

Plaintiff and Third-Party Defendant F Warriors first challenge Defendant Joyce's ability to bring counterclaims this late in the discovery process. They claim that the original scheduling order render his counterclaims untimely. The scheduling order only allowed parties to bring new claims until October 16, 2020 (Doc. 75). But as Defendant Joyce points out, no one served him the complaint until December 2020 (Doc. 132). In fact, on that very deadline, Plaintiff moved to file a second amended complaint to add Defendant Joyce to the complaint (Doc. 96). It does not make sense for the Court to hold Defendant Joyce to a scheduling order deadline he could not possibly meet.

Besides, Defendant Joyce's answer and counterclaims followed Plaintiff's Third Amended Verified Complaint, which it filed on October 26, 2021. Again, it makes no sense to expect Defendant Joyce to meet a deadline to bring counterclaims over a year before Plaintiff filed its most recent complaint. And Plaintiff and Third-Party Defendant did not object to Defendant Joyce's Answer and counterclaims as untimely under the Federal Rules. So the Court rejects Plaintiff and Third-Party Defendant F Warriors' timing argument and proceeds to the merits of Defendant Joyce's counterclaims.

B.   Motion to Dismiss

Plaintiff and Third-Party Defendant F Warriors make five arguments for why Defendant Joyce has failed to state any counterclaim sufficient to survive Rule 12(b)(6). First, they assert that Defendant Joyce failed to plead his common law fraud or RICO counterclaims with sufficient particularity as required under Federal Rule of Civil Procedure 9(b). Second, they point out that Defendant Joyce cannot bring counterclaims for mail and wire fraud as civil causes of action under criminal statutes. Next, Plaintiff and Third-Party Defendant F Warriors argue that his pleadings

do not sufficiently allege RICO's elements. Fourth, they assert that the statute of limitations bars Defendant Joyce's fraud counterclaims that involve conduct more than four years ago. Lastly, Plaintiff and Third-Party Defendants contend that Defendant Joyce's conspiracy counterclaims must fail because he has failed to prove any underlying claim. For the reasons stated below, the Court finds that Defendant Joyce failed to adequately state a counterclaim upon which the Court could grant relief.

1. Federal Rule of Civil Procedure 9(b) and Common Law Fraud

The Federal Rules require Defendant Joyce to "state with particularity the circumstances constituting fraud" in his allegations. Fed. R. Civ. P. 9(b). The Tenth Circuit has interpreted this rule to mean a plaintiff who alleges fraud in his complaint must "set forth the time, place[,] and contents of the false representation, the identity of the party making the false statements[,] and the consequences thereof." *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (citation and internal quotation marks omitted). Plaintiff and Third-Party Defendant F Warriors seek to dismiss Defendant Joyce's common law fraud and RICO counterclaims for failing to satisfy this heightened pleading requirement.

Start with Defendant Joyce's common law fraud counterclaim. He alleges that Plaintiff and Third-Party Defendant F Warriors "took $12,000.00 of John Joyce's money by fraud" because they "falsely claimed that money solicited . . . would be maintained in a specific fund and used exclusively to maintain Gerry Spence's ranch." He also alleges they "knew those claims to be false when they were made" and intended to "induc[e] Joyce and others to donate." These allegations, at best, establish the contents, identities, and consequences that Rule 9(b) requires: Plaintiff and Third-Party Defendant F Warriors allegedly asked for money to maintain the Ranch and thereby succeeded in swindling $12,000 out of Defendant Joyce. But these allegations are

7

devoid of any particularity that would prove them. Not to mention, Defendant Joyce included no details of the time or place of such fraud, let alone any facts to support the alleged deceptive solicitation.

Defendant Joyce's common law fraud pleadings amount to legal conclusions unsupported by factual allegations. *See Iqbal*, 556 U.S. at 679. For example, he claims Plaintiff and Third-Party Defendant F Warriors knew they lied to Plaintiff's graduates about how they planned to spend the donations, but Defendant Joyce includes no facts that show their alleged knowledge of such deception. At bottom, Defendant Joyce's pleadings include very little factual allegations, leaving the Court to try to piece together how a common law fraud claim could derive from such pleadings. But the Court need not do so because the allegations do not state a claim upon which the Court could grant relief.

2.   Mail and Wire Fraud

Defendant Joyce cites criminal statutes to allege civil causes of action that Plaintiff and Third-Party Defendant F Warriors committed mail and wire fraud. But criminal statutes cannot serve the basis for civil liability unless the statute specifically provides for a civil cause of action. *See Goode v. Gaia, Inc.*, No. 20-cv-00742, 2022 WL 596292, at *9 (D. Colo. Feb. 28, 2022) (citing cases with the same holding). And they do not here. So Defendant Joyce "cannot obtain relief for alleged violations of criminal statutes." *Id.* (same). The Court will thus dismiss Counterclaims II and III for failure to state a claim upon which the Court could grant relief.

3.   RICO

Defendant Joyce also alleged the fraudulent acts from his mail and wire fraud claims as predicate acts for the racketeering counterclaim. Underneath Counterclaim IV, Defendant Joyce alleged that Plaintiff and Third-Party Defendant "committed multiple related acts of common law

fraud, mail fraud, and wire fraud as described above which constitute a pattern of racketeering activity . . . ."

The Racketeer Influenced and Corrupt Organization (RICO) Act contains four different subsections. *See* 18 U.S.C. § 1962(a)–(d). Each subsection requires a plaintiff to "prove different things." *Reynolds v. E. Dyer Dev. Co.*, 882 F.2d 1249, 1251 (7th Cir. 1989). A plaintiff must therefore specify which RICO subsection defendants allegedly violated so that a court can determine whether the plaintiff has adequately stated a claim for relief. *United Transp. Union v. Springfield Terminal Co.*, 869 F. Supp. 42, 49 (D. Me. 1994). Identifying the pertinent RICO subsection also gives defendants the ability to prepare a defense. *Anvan Realty & Mgmt. Co. v. Marks*, 680 F. Supp. 1245, 1247 (N.D. Ill. 1988) (citation omitted). Thus, failure to specify the RICO subsection at issue can warrant dismissal. *See Estate of Scott v. Scott*, 907 F. Supp. 1495, 1499 (M.D. Ala. 1995) ("The court also recognizes that failure to plead the specific subsection of § 1962 may alone constitute grounds to dismiss a RICO complaint." (citing *Atl. Gypsum Co. v. Lloyds Int'l Corp.*, 753 F. Supp. 505 (S.D.N.Y. 1990))). *But see Kuczynski v. Ragen Corp.*, 732 F. Supp. 378, 384 (S.D.N.Y. 1989) (analyzing RICO claim even though the plaintiffs did not identify which subsection the plaintiffs alleged because the court could infer from plaintiffs' pleading fraud with particularity which subsection they meant).

Defendant Joyce failed to specify which RICO subsection Plaintiff and Third-Party Defendant allegedly violated. He cites only to 18 U.S.C. § 1962 in his fourth counterclaim. Plaintiff and Third-Party Defendant pointed out this deficiency in the motion to dismiss, but Defendant Joyce elected not to clarify or supplement his pleadings for that counterclaim in his reply. As discussed above, the Court could dismiss his RICO claim solely for these failures. *See Cowan v. Gen. Motors Corp.*, No. IP 91 233 C., 1992 WL 176996, at *6 (S.D. Ind. Mar. 10, 1992)

9

(finding plaintiffs' RICO pleadings deficient for failing to identify a specific subsection of §1962 and "not attempt[ing] to narrow the focus" of their RICO claim after defendants pointed out plaintiffs' failure, thereby dismissing the RICO count because "defendants are not required to speculate as to which section of RICO . . . they allegedly violated." (citing *Jennings v. Emry*, 910 F.2d 1434, 1435–36 (7th Cir. 1990))).

But even if the Court did assume which RICO subsection Defendant Joyce meant in his pleadings, the Court would still conclude he failed to plausibly allege the requisite elements. *See Hopkins v. Am. Home Mortg. Servicing, Inc.*, No. 13-4447, 2014 WL 580769, at *3–6 (N.D. Cal. Feb. 13, 2014) ("Although [the plaintiff's] complaint does not specify which RICO subsection(s) defendants allegedly violated, his allegations most closely fit § 1962(c) and are analyzed [and found insufficient] accordingly." (citing *Reynolds*, 882 F.2d at 1251 (same))). Section 1962(c) prohibits "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, [from] conduct[ing] or participat[ing], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." "RICO provides a private right of action in federal court for individuals injured in their business or property through fraudulent conduct." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016) (quoting *Robert L. Kroenlein Trust ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir. 2014)). To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* (citing 18 U.S.C. § 1962(c)). An "enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "Racketeering activity" consists of the

10

criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).

Because Rule 9(b) requires a counterclaimant to plead mail and wire fraud with particularity, Defendant Joyce must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *George*, 833 F.3d at 1254 (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)). In his counterclaim, Defendant generally alleges that Plaintiff and F Warriors made statements claiming that Plaintiff would use solicited money donated to the Ranch Club to maintain Gerry Spence's ranch. Defendant claims that Plaintiff used emails to conceal the fraud. But only generally alleging that a person, even sometimes on specific dates, received false representations via phone, and received letters through the mail containing false and misleading statements does not suffice under Rule 9(b). *Id.* And that's exactly the type of general allegations Defendant makes in his counterclaim. Defendant does not disclose any facts to support his conclusory statements that Plaintiff and F Warriors knew those claims to be false when made. Although Defendant says he donated $10,800 on April 16, 2019, he does not provide a time or place of the false representation that sparked that donation. Defendant does not say which materials or which emails Plaintiff designed to fool alumni and what those specific materials said in order to induce donations by fraudulent means. Defendant identifies only two emails—sent by Plaintiff on November 10, 2017 and September 15, 2018. But Defendant does not set forth any contents of those emails.

Rule 9(b)'s purpose in this context is to afford a plaintiff fair notice of a counterclaimant-defendant's claims and the factual grounds supporting those claims. *George*, 833 F.3d at 1255 (quoting *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997)). Defendant

failed to do that here. Defendant's counterclaim lacks the factual allegations required to afford Plaintiff notice of his claims. And when alerted to that deficiency in a motion to dismiss, Defendant responded in two sentences of substance regarding his counterclaim:

> Joyce provides the specific content of TLC's fraudulent communication: namely that statements were made by TLC and its representatives claiming all money donated to the Ranch Club would be used exclusively to maintain Gerry Spence's ranch. Joyce also gave the specific dates of emails that were used to conceal the fraud, and properly pled that the purpose of the emails was to conceal the fraud.

Defendant Joyce simply did not identify the contents of mailings or emails other than to generally allege that "TLC and F WARRIORS falsely claimed that money solicited . . . would be maintained in a specific fund and used exclusively to maintain Gerry Spence's ranch." That bare conclusory allegation is not enough to survive the heightened pleading standard.

Because Defendant failure to specify the RICO subsection at issue in his counterclaim and because Defendant did not plead the underlying wire fraud and mail fraud with particularity, the Court agrees with Plaintiff that Plaintiff has failed to state a claim for violations of RICO.

4. <u>Statute of Limitations</u>

Plaintiff argues that, to the extent that any RICO or fraud claims occurred prior to April 12, 2018, the applicable statutes of limitations bar Defendant Joyce's claims. Plaintiff admits that it cannot discern when the allegedly improper conduct occurred from the face of the complaint. Neither can the Court. As mentioned above, Defendant Joyce fails to state a claim for both RICO and common law fraud. Thus, the Court need not rely on Plaintiff's statute of limitations defense in ruling on the motion to dismiss.

### 5. Conspiracy Counterclaims

Defendant Joyce's conspiracy counterclaims must fail as well. As mentioned above, Defendant failed to allege any substantive violation of RICO. That failure disposes of his claim for any RICO conspiracy. *Schroder v. Volcker*, 864 F.2d 97, 98 (10th Cir. 1988) (citing *United States v. Hampton*, 786 F.2d 977, 978 (10th Cir. 1986)). The "object of a RICO conspiracy must be to violate a substantive RICO provision." *Id.* Thus, Defendant has failed to state a claim for a RICO conspiracy.

Likewise, Defendant has failed to allege a claim for civil conspiracy under Wyoming state law. Under Wyoming law, a party cannot claim civil conspiracy without an underlying cause of action in tort. *White v. Shane Edeburn Constr., LLC*, 285 P.3d 949, 958 (Wyo. 2012) (citing *Cent. Wyo. Med. Lab., LLC v. Med. Testing Lab, Inc.*, 43 P.3d 121, 126 (Wyo. 2002)). Because none of Defendant's underlying counterclaims survive a motion to dismiss, Defendant Joyce has no underlying cause of action in tort and his claim for civil conspiracy must fail for failure to state a claim.

### IV.   Conclusion

For the reasons set forth above, the Court GRANTS Third-Party Defendant's Motion to Join Plaintiff's Motion to Dismiss (Doc. 367) and Plaintiff's Motion to Dismiss Defendant Joyce's Counterclaims (Doc. 363).

IT IS SO ORDERED.

> Entered for the Court
> this the 22nd day of September, 2022
>
> /s/ Joel M. Carson III
> Joel M. Carson III
> United States Circuit Judge
> Sitting by Designation