IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

       Plaintiff, Counterclaim Defendant,

v.                                                Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
THE GERRY SPENCE METHOD AT
THUNDERHEAD RANCH INC,
a nonprofit corporation, and
JOHN ZELBST,
JOSEPH H. LOW,
KENT SPENCE, and
DANIEL AMBROSE, individuals,

       Defendants,

JOHN JOYCE,

       Defendant, Counterclaim Plaintiff,

GERALD L. SPENCE, and
REX PARRIS, individuals,

       Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs,

v.

JOHN SLOAN,
ANNE VALENTINE,
JAMES R. CLARY, JR,
MILTON GRIMES,
MAREN CHALOUPKA,
DANA COLE, individuals,

       Third-Party Defendants,

JOHN JOYCE,

       Third-Party Plaintiff,

v.

F WARRIORS,

       Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER DENYING SPENCE
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
<u>DENYING DEFENDANT JOYCE'S MOTION FOR SUMMARY JUDGMENT</u>**

On July 22, 2022, Defendants Gerry Spence Trial Institute, Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence (the "Spence Defendants") filed a Motion for Partial Summary Judgment (Doc. 404). Defendant John Joyce filed a Motion for Summary Judgment, which also included a joinder in the Spence Defendants' Motion for Partial Summary Judgment (Doc. 416). For the reasons stated below, the Court denies the Spence Defendants' and Defendant Joyce's motions for summary judgment.

I.      <u>Background</u>

Plaintiff is a nonprofit corporation that provides training programs to lawyers. Defendant Gerald L. Spence founded Plaintiff and remained affiliated with it. Defendants John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence have also affiliated with Plaintiff since the 1990s. Plaintiff began operating in 1994 at the Thunderhead Ranch in Dubois, Wyoming. In 2012, Plaintiff applied for and received two federally registered trademarks. The first, Registration Number 4,197,908 (the '908 Mark) is a trademark for "TRIAL LAWYERS COLLEGE" in standard characters, without claim to any particular font, style, size, or color. The second, Registration Number 4,198,054 (the '054 Mark) is a trademark for a stylized design of a cloud with a lightning bolt.

Plaintiff also copyrighted a Skills Outline.   The Registration Number for the copyright is TX0008891118.

Plaintiff sued in federal district court alleging Defendants, including Defendant Joyce, violated the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*, and 15 U.S.C. § 1125(a).  Plaintiff alleges Defendants infringed its federally registered trademarks and engaged in unfair competition, false designation of origin, passing off, and false advertising related to Plaintiff's federally registered trademarks.  Plaintiff also alleges Defendants violated the Defend Trade Secrets Act, 18 U.S.C. § 1836, and Wyo. Stat. Ann. § 40-24-101, *et seq.*, by accessing and misusing Plaintiff's confidential and proprietary computer files.  Plaintiff further alleges Defendant the Gerry Spence Method's agents infringed on Plaintiff's copyrighted materials, including a trial skills outline.  And, finally, Plaintiff alleges Defendants conspired to engage in this tortious behavior.

The Spence Defendants filed a motion for partial summary judgment, moving that the Court grant summary judgment on counts three and four—misappropriation of trade secrets under federal and state law; count five—copyright infringement; count six—civil conspiracy; counts seven and eight—separate claims for declaratory and injunctive relief; as well as on Plaintiff's claims for damages and on Plaintiff's "mere continuation" theory.

Defendant Joyce joined the Spence Defendants' motion and filed his own motion simply stating that he "re-alleges and reincorporates all arguments and exhibits previously filed in Defendant John Joyce's Motion to Dismiss."  He requests that the Court analyze and evaluate his motion to dismiss arguments under the motion for summary judgment standard.

## II.   Applicable Law

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  A dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material when it "might affect the outcome of the suit under the governing [substantive] law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "If the movant meets this initial burden, the burden then shifts to the nonmovant to set forth specific facts from which a rational trier of fact could find for the nonmovant."  *Libertarian Party of NM v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007) (internal quotation marks omitted).  "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.  The Court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.* at 249.  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

III.   Analysis

A.   Trade Secret Claims

Defendants first move for summary judgment on Plaintiff's claims for misappropriation of trade secrets under the Defend Trade Secrets Act and the Wyoming Uniform Trade Secrets Act.  The elements to establish a claim for misappropriation of trade secrets are essentially the same under both the Defend Trade Secrets Act and the Wyoming Uniform Trade Secrets Act.  A plaintiff must show: "(1) the existence of a trade secret; (2) the acquisition, use, or disclosure of the trade secret without consent; and (3) that the individual acquiring, using, or disclosing the trade secret knew or should have known the trade secret was acquired by improper means."  *Assessment*

*Technologies Inst., LLC v. Parkes*, --- F. Supp. 3d ----, 2022 WL 1102461, *21 (D. Kan. March 2, 2022) (quoting *API Ams. Inc. v. Miller*, 380 F. Supp. 3d 1141, 1148 (D. Kan. 2019)); Wyo. Stat. Ann. § 40-24-101(a)(ii)(A).  The Defend Trade Secrets Act defines a trade secret as "all forms and types of financial, business, scientific, technical, economic, or engineering information" so long as the owner takes "reasonable measures to keep such information secret" and "the information derives independent economic value . . . from [that information] not being generally known to, and not being readily ascertainable through proper means by, another person."   18 U.S.C. § 1839(3)(A)–(B).  The Wyoming Uniform Trade Secret Act similarly defines a trade secret as:

> Information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
> (A)     Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
> (B)     Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Wyo. Stat. Ann. § 40-24-101(a)(iv).

Plaintiff maintains a digital database containing alumni information.  Plaintiffs allege that Defendants acquired the information in the database without authorization and for unlawful purposes.  Plaintiffs also allege Defendant Joyce obtained the information from the database and, that without consent, Defendants disclosed Plaintiff's trade secrets to GSTI and GSM.

Defendants do not believe that Plaintiff's database is a trade secret.  They first claim that Plaintiff has not attempted to maintain the database's secrecy.  According to Defendants, Plaintiff's employees have access to the database with no written confidentiality agreements.  Plaintiff asserts that to ensure the secrecy of the database, Plaintiff includes a confidentiality provision in its personnel policy that binds employees with access to the data.  Defendants next claim that Plaintiff shares its database with an alumni group known as F Warriors.  Plaintiff maintains that it has a

confidentiality agreement with the F Warriors board, an organization made up of Plaintiff's alumni. Plaintiff further provided testimony that a subset of the database was not and is not public. Plaintiff asserts that the database is internally password-protected and restricted to just two members of Plaintiff's staff. Plaintiff says that those staff members with F Warriors who received the database received it for a specific purpose with an admonition of confidentiality and an email from the president of the F Warrior's board that it was to be kept confidential and used only for the marketing purposes for which it was released. Plaintiff presents evidence that it contends when Defendant Joyce, an F Warrior that received the database, obtained it, it came with a restriction stated that it was not to be shared and that was a condition of having a copy. If a person could not honor that, F Warriors asked them to delete the message and the attached file because that was a non-negotiable condition of receipt. Plaintiff also produces evidence it suggests shows that Defendant Joyce set up a competing listserv that Defendants used to promote GSTLC. Plaintiffs contend that Defendant Joyce wrote a text stating, "Managed to get the renegade listserv up and running" and "I had 2 thousand people emailing me today when I ran the listserv test!" Through declarations, Plaintiff says that it has limited access not only to its database, but also to the contact information that forms a part of it.

Defendants also claim that the alumni contact information in the database has no independent economic value that derives from its alleged secrecy. Defendants say that they generally know and can readily attain the contact information for Plaintiff's alumni because they knew and taught them. Defendants accuse Plaintiff of disclosing information about alumni to alumni. Plaintiff contends that Defendants could not have created a list of every name in the database because the database contains nearly 5,500 names and the alumni spreadsheet contained around 1,800 graduates. Plaintiff also says that the database contains more than just names and

6

contact information.  Rather, the database has information about the groups to which the graduate subscribes as well as donation information.  Plaintiff contends the database has independent economic value derived from its secrecy because all this information is in a single place.  Plaintiff says it uses the compiled data to communicate with groups of alumni and target its outreach for donations and future programs and classes.  It says that its value to competitors is explained by previous attempts to acquire the information stored within the database and use it to market competing programs.

Based on the evidence Plaintiff presents in response to Defendants' Motion for Partial Summary Judgment, the Court determines a genuine issue of material fact exists as to whether Defendants misappropriated trade secrets in violation of the Defend Trade Secrets Act and the Wyoming Uniform Trade Secrets Act.  The Court thus denies Defendants' Motions as to those counts.[1]

### B.     Copyright Infringement Claim

Defendants contend that Plaintiff manufactured its copyright infringement claim and request that the Court dismiss it.  "To establish copyright infringement, a plaintiff must prove

---

[1] The Court also denies Defendant Joyce's separate motion for summary judgment. Defendant Joyce realleged and reincorporated his arguments and exhibits filed in his earlier motion to dismiss (Doc. No. 133).  Joyce's first argument was that Plaintiff could not sue in federal court while its board of directors was deadlocked and an action to dissolve Plaintiff was pending in state court.  Since the filing of the motion to dismiss, the Wyoming Supreme Court has determined that the Spence Defendants did not remain on Plaintiff's board after the May 6, 2020 meeting and that the Spence Defendants lacked standing to bring the derivative action.  *Spence v. Sloan*, 515 P.3d 572, 587 (Wyo. 2022).

Second, Joyce argued that Plaintiff's trade secret claim fails because the database was open to the public at one time and because the email addresses were readily ascertainable by proper means.  As addressed above, Plaintiff has come forward with evidence that establishes a genuine issue of material fact on these claims.

Third, and finally, Joyce argued that Plaintiff's Computer Fraud and Abuse Act claim failed.  Plaintiff has since amended his complaint and no longer asserts a claim under that statute. Thus, the Court denies Defendant Joyce's separate motion for summary judgment.

(1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).   A certificate of registration from the United States Copyright Office "usually constitutes prima facie evidence of a valid copyright and of the facts stated in the certificate." *Id.* (citing 17 U.S.C. § 410(c)).   When a plaintiff presents such a certificate, the defendant then bears the burden to overcome the presumption of validity. *Id.* (citing *Autoskill Inc. v. Nat'l Educ. Support Sys, Inc.*, 994 F.2d 1476, 1487 (10th Cir. 1993), *overruled on other grounds*).

Plaintiff presented evidence of a copyright for what it terms its "Skills Outlines."  In its motion, Defendants claim that the copyright is not valid, but even if it were, they assert they did not infringe it.  Defendants say that the work is Gerry Spence's and that Plaintiff cannot identify who prepared the outline.  Thus it was not a "work made for hire."  Nor, in their opinion, was the outline based on original work.  It also contends that the instructors that used the outline did not do so for GSM, so they did not infringe.

Plaintiff has produced evidence that GSM's faculty used the copyrighted Skills Outline while promoting GSM.  Plaintiff contends that GSM faculty members circulated Plaintiff's copyrighted materials before a presentation at a continuing legal education seminar.  Plaintiff says that the faculty at that presentation expressly marketed themselves as acting on GSM's behalf. Taken in a light most favorable to Plaintiff, the Court determines a genuine issue of material fact exists about whether Defendants engaged in copyright infringement.  The Court thus denies Defendants' motion to dismiss count five.

C.   Damages Claims

Defendants next move for summary judgment on any claims for damages, regardless of theory.  They contend that Plaintiff cannot show that a single person went to GSM on the mistaken belief that they were going to TLC.  Thus, GSM lured no one from TLC based on trademark infringement, unfair competition, or copyright infringement.[2]

Plaintiff, as early as the beginning of this civil action at hearings on injunctive relief, has presented evidence that its customers were confused about whether Defendants' new entity was Plaintiff.  Plaintiff has provided evidence of monetary loss from both lay witnesses and experts.  One of Plaintiff's board members testified at the beginning of this civil action that Plaintiff had lost about ten percent of its monthly donations since Defendants began using Plaintiff's Marks.  And as mentioned in the Order denying Defendants' motion to exclude Plaintiff's expert, the expert's assumptions are reasoned and based on facts—specifically, client data—and not pure speculation.  Whether Plaintiff's expert's assumptions are valid may give rise to objections at trial, but such arguments go towards the weight of his opinion rather than its admissibility.  *Utility Trailer Sales of Kan. City, Inc. v. MAC Trailer Mfg., Inc.*, 267 F.R.D. 368, 372 (D. Kan. 2010).  And any attack on Plaintiff's expert's conclusion are ripe for cross-examination.  *Id.*  Viewing the evidence in a light most favorable to Plaintiff, which this Court must, it denies Defendants' motion for summary judgment on damages.

D.   "Mere Continuation" Theory

Defendants contend that the Court should grant it summary judgment on Plaintiff's "mere continuation" theory.  In its complaint, Plaintiff alleges that Defendant Gerry Spence Method at

---

[2] Defendants also contend that Plaintiff cannot use an expert witness to blame its "economic woes" on Defendants and that Plaintiff's expert's theory fails as a matter of law.  The Court previously issued an order denying Defendants' motion to exclude Plaintiff's expert.

Thunderhead Ranch, Inc. ("GSM") is a successor corporation to Defendant Gerry Spence Trial Institute ("GSTI").  Plaintiff further asserts that "GSM continues the business that GSTLC/GSTI intended to do, namely, operating a trial skills college at the Thunderhead Ranch that directly competes with TLC."

At the time of briefing the motion for summary judgment, Defendants posited that the Wyoming Supreme Court had not adopted the "mere continuation" exception to the rule of nonliability for successor corporations.  After briefing, the Wyoming Supreme Court did just that.  Usually, an entity that purchases or acquires only the assets of a selling entity does not assume the selling entity's debts and liabilities.  *TEP Rocky Mountain LLC v. Record TJ Ranch Ltd. P'ship*, --- P.3d ----, 2022 WL 3654873, *6 (Wyo. 2022) (quoting *Bud Antle, Inc. v. E. Foods, Inc.*, 758 F.2d 1451, 1456 (11th Cir. 1985)).  This general rule—that the seller's liabilities do not become a part of the successor entity—applies unless a specific exception is present.  *Id.* (citing *Sinquefield v. Sears Roebuck & Co.*, 568 N.E.2d 325, 326 (Ill. App. 1991)).  One such exception is where the buying corporation is a "mere continuation" of the selling corporation.  *Id.* at *7 (citing *Bud Antle*, 758 F.2d at 1456.

Defendants argue that no evidence shows that GSM is a successor to GSTI through purchase or merger.  They contend that GSM was formed as a separate and distinct entity that received no GSTI assets or stock, does not employ any former GSTI officers, and is not led by any former GSTI board members.  Plaintiff counters that Defendants' failure to adhere to corporate formalities is not an escape hatch from successor liability.  Plaintiff asserts that the facts show that the same "core cabal of actors" involved with GSTLC responded to the preliminary injunction against that entity by forming GSM—a new entity to achieve the same objectives.  Although

10

GSTLC/GSTI never had board members or officers, Plaintiff says that the persons involved in GSTLC were the same as those involved in GSM.

Plaintiff has produced evidence that, viewed in the light most favorable to it, supports the reasonable inference that GSM is a mere continuation of GSTI/GSTLC. Plaintiff alleges that the individuals that started and controlled GSTI/GSTLC are the same individuals that started and control GSM. This evidence of a continuation of ownership and control supports a reasonable inference that GSTI/GSTLC is the same corporate entity as GSM, simply wearing a new hat. Under Plaintiff's theory, GSM had no need to purchase any assets from GSTI/GSTLC because the corporations are so closely linked. The Court determines that a genuine dispute exists about whether the mere continuation exception applies here. Thus, the Court denies Defendants' motion for summary judgment on Plaintiff's "mere continuation" theory.

### E.     Civil Conspiracy

Defendants next move for summary judgment on Plaintiff's civil conspiracy claim, arguing that it fails because the claim requires an underlying cause of action in tort. True enough, civil conspiracy requires an underlying tort as an element. *White v. Shane Edeburn Constr., LLC*, 285 P.3d 949, 958 (Wyo. 2012). But Defendants did not move for summary judgment on Plaintiff's trademark infringement claim—an intentional tort. Moreover, this court has neither dismissed nor granted summary judgment on Plaintiff's other tort claims. Thus, sufficient evidence exists to create a genuine dispute of material fact whether Defendants conspired to achieve an unlawful purpose.

### F.   Declaratory and Injunctive Relief Claims

In its complaint, Plaintiff's count seven requests declaratory relief and Plaintiff's count eight requests injunctive relief. The Spence Defendants contend that these counts are not

independent claims for relief but merely remedies.  Although the Court agrees with Defendants that these claims may be redundant because Plaintiff's other claims provide for relief, the Court will deny summary judgment on these claims.  *See Dennis v. Regional Adjustment Bureau, Inc.*, 2010 WL 3359369 (S.D. Fla. July 7, 2010) (unpublished) (acknowledging that pleading relief under separate counts is not a sufficient basis for the court to grant summary judgment).  Because Plaintiff may prove successful at trial, the Court will not summarily dispose of Plaintiff's requests for relief.

IV.   <u>Conclusion</u>

For the reasons set forth above, the Court DENIES the Spence Defendants' Motion for Partial Summary Judgment (Doc. 404) and Defendant Joyce's Motion for Summary Judgment (Doc. 416).

IT IS SO ORDERED.

Entered for the Court
this the 22nd day of September, 2022

<u>/s/ Joel M. Carson III</u>
Joel M. Carson III
United States Circuit Judge
Sitting by Designation