IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

    Plaintiff, Counterclaim Defendant,

v.                                                                                                  Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
THE GERRY SPENCE METHOD AT
THUNDERHEAD RANCH INC,
a nonprofit corporation, and
JOHN ZELBST,
JOSEPH H. LOW,
KENT SPENCE, and
DANIEL AMBROSE, individuals,

    Defendants,

JOHN JOYCE,

    Defendant, Counterclaim Plaintiff,

GERALD L. SPENCE, and
REX PARRIS, individuals,

    Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs,

v.

JOHN SLOAN,
ANNE VALENTINE,
JAMES R. CLARY, JR,
MILTON GRIMES,
MAREN CHALOUPKA,
DANA COLE, individuals,

    Third-Party Defendants,

JOHN JOYCE,

    Third-Party Plaintiff,

v.

F WARRIORS,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On July 22, 2022, Plaintiff The Trial Lawyers College filed a Motion for Partial Summary Judgement (Doc. 409) and memorandum supporting the same (Docs. 410–11). Defendants Gerry Spence Trial Institute, Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence (the "Spence Defendants") responded (Doc. 431). Defendant John Joyce joined the Spence Defendants' response (Doc. 435). Plaintiff replied (Doc. 514). For the reasons stated below, the Court grants in part and denies in part the Plaintiff's motion for summary judgment.

    I.    <u>Background</u>

Plaintiff is a nonprofit corporation that provides training programs to lawyers. Defendant Gerald L. Spence founded Plaintiff and remained affiliated with it. Defendants John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence have also affiliated with Plaintiff since the 1990s. Plaintiff began operating in 1994 at the Thunderhead Ranch in Dubois, Wyoming. In 2012, Plaintiff applied for and received two federally registered trademarks. The first, Registration Number 4,197,908 (the '908 Mark) is a trademark for "TRIAL LAWYERS COLLEGE" in standard characters, without claim to any particular font, style, size, or color. The second, Registration Number 4,198,054 (the '054 Mark) is a trademark for a stylized design of a cloud with a lightning bolt

(sometimes called the "Thunderhead logo").  Plaintiff also copyrighted a Skills Outline.  The Registration Number for the copyright is TX0008891118.

Plaintiff sued in federal district court alleging Defendants, including Defendant Joyce, violated the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*, and 15 U.S.C. § 1125(a).  Plaintiff alleges Defendants infringed its federally registered trademarks and engaged in unfair competition, false designation of origin, passing off, and false advertising related to Plaintiff's federally registered trademarks.  Plaintiff also alleges Defendants violated the Defend Trade Secrets Act, 18 U.S.C. § 1836, and Wyo. Stat. Ann. § 40-24-101, *et seq.*, by accessing and misusing Plaintiff's confidential and proprietary computer files.  Plaintiff further alleges Defendant the Gerry Spence Method's agents infringed on Plaintiff's copyrighted materials, including a trial skills outline.  And, finally, Plaintiff alleges Defendants conspired to engage in this tortious behavior.

Plaintiff filed a motion for partial summary judgment, moving that the Court grant summary judgment on seven of the Spence Defendants' affirmative defenses.  Three affirmative defenses—the eleventh, twelfth, and thirteenth—relate to Plaintiff's ownership of its trademarks.  Two—the fourteenth and fifteenth—relate to the validity of Plaintiff's copyright.  Another—the eighth—is for unclean hands.  And the last—the sixteenth—challenges Plaintiff's standing to assert a claim for misappropriation of trade secrets.  The Spence Defendants filed an opposition and Defendant Joyce adopted and joined the Spence Defendants' opposition.

II.     Applicable Law

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  A

dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material when it "might affect the outcome of the suit under the governing [substantive] law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the movant meets this initial burden, the burden then shifts to the nonmovant to set forth specific facts from which a rational trier of fact could find for the nonmovant." *Libertarian Party of NM v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007) (internal quotation marks omitted). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The Court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

### III.     Analysis

A. <u>Eleventh, Twelfth, and Thirteenth Affirmative Defenses: Trademark Ownership</u>

The Spence Defendants' eleventh, twelfth, and thirteenth affirmative defenses are:

> **Eleventh Defense:** Plaintiff is not now and was not the owner of the '054 Mark when it applied for registration, such that the registration is void ab initio.
>
> **Twelfth Defense:** With respect to the '054 Mark, Gerry Spence is the original author who created the design reflected in the '054 Mark which is protected under Copyright law and which vests all ownership rights in the '054 Mark in Gerry Spence. Plaintiff was merely a licensee of Gerry Spence when it applied for registration of the mark and when it filed affidavits in support of renewal of the registration. Plaintiff knew that its use of the '054 Mark was done pursuant to permission granted by Gerry Spence, and that Gerry Spence possesses all the exclusive rights afforded under Copyright law to copy, distribute and use the '054 Mark in commerce and otherwise at the time of the application and at all times thereafter. When Plaintiff caused the application for registration to be filed, and

> again when it subsequently filed affidavits in support of its renewal, it knowingly misrepresented to the USPTO that it was the owner of the mark and that no other person had the right to use the mark in commerce so as to induce the USPTO to issue the registration and to renew its status and accept Plaintiff's Section 8 and 15 affidavits. The USPTO relied on such misrepresentations in issuing and maintaining the registrations, such that the '054 Mark registration was procured and maintained by fraud.
>
> **Thirteenth Defense:** Plaintiff has used Plaintiff's marks so as to misrepresent the source of the goods or services on or in connection with which the marks are used.

Plaintiff argues that these three affirmative defenses fail because Plaintiff owns the '054 Mark. According to Plaintiff, its ownership of the '054 Mark is the "law of the case" because the Court granted in part Plaintiff's preliminary injunction "thereby necessarily acknowledging [Plaintiff] to be the owner of the '054 Mark" (Doc. 410 at 9). The Spence Defendants respond that, although the Court may have decided Plaintiff was the owner of the '054 Mark in the preliminary injunction context, that finding is neither the law of the case nor a final factual determination.

"[T]he findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The Court recently recognized that principle and declined to accept a party's argument that findings during a preliminary injunction are "law of the case." *PPEX, LLC v. Buttonwood, Inc.*, 2022 WL 620226, at *3–4 (D. Wyo. Jan. 20, 2022). Here too, the Court will not grant Plaintiff summary judgment on any of the Spence Defendants' affirmative defenses because of a finding of fact it made when granting the earlier preliminary injunction.

Plaintiff also claims that its registration of the '054 Mark, coupled with its declaration of incontestability provides "conclusive evidence of the validity of the registered mark" and of "the

5

registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b). The Spence Defendants do not contest that Plaintiff filed the requisite declaration of incontestability with the Patent and Trademark Office after five years of registration of the '054 Mark. The issue for Plaintiff, however, is that even "incontestable status" is subject to a specific, statutory subset of defenses. *See id.* Available defenses include "[t]hat the registration or the incontestable right to use the mark was obtained fraudulently" and "[t]hat the registered mark is being used by or with the permission of the registrant or a person in privity with the registrant, so as to misrepresent the source of the goods or services on or in connection with which the mark is used." 15 U.S.C. § 1115(b)(1), (3). These defenses align with the Spence Defendants' twelfth and thirteenth affirmative defenses. Missing from the statutory list, however, is a void ab initio challenge. *See id.* § 1115(b); *Marketquest Grp., Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1292 (S.D. Cal. 2018). As a result, the Court grants summary judgment on the Spence Defendants' eleventh affirmative defense. *See Marketquest*, 316 F. Supp. 3d at 1292 (granting summary judgment on a void ab initio affirmative defense because, among other things, such challenges are absent from the list of statutory defenses to an incontestable registration and absent from section 1064).

Turning to the twelfth affirmative defense, the Spence Defendants assert that the '054 Mark registration was procured and maintained by fraud. Like all allegations of fraud, a claim that fraud has been committed on the Patent and Trademark Office must be pled with the particularity required by Federal Rule of Civil Procedure 9(b). *See San Juan Prod., Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 472–73 (10th Cir. 1988). Indeed, to prove that Plaintiff committed fraud in the procurement of its federal trademark, the Spence Defendants are required to plead and prove (1) the false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false; (3) the intention to induce action or refraining from action in

6

reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; and (5) damages proximately resulting from such reliance. *Id.* at 473.

According to the Spence Defendants, because Gerry Spence was author and owner of the Thunderhead logo, Plaintiff made misrepresentations to the Patent and Trademark Office when it applied to register the Thunderhead logo as if it were the unencumbered owner. Plaintiff responds that Gerry Spence attended its board meetings in 2011 and 2012 (supported by the board minutes from these meetings) and knew that the Thunderhead logo was the subject of its trademark registration. The Spence Defendants point out that the meeting minutes do not specify any particulars about the logo or the registration process, and maintain that Plaintiff did not notify Gerry Spence that it would register the logo in Plaintiff's name without disclosing his authorship and ownership. The evidence before the Court, even taken in the light most favorable to the Spence Defendants, does not present a genuine issue for trial.

Assuming that the representations to the Patent and Trademark Office in the oath could be deemed false (fraud's first element), the Spence Defendants do not cite any evidence that permits a finding that the registrant had knowledge or belief that the representations were false (fraud's second element). The Spence Defendants say that Plaintiff and its corporate representative, James R. Clary Jr., did not "believe" Plaintiff was "the owner of the trademark/service mark sought to be registered" or that "no other person had a right to use the mark" (Doc. 431 at 14). But no evidence supports this statement. Clary's testimony in no way suggests that he thought he was making a misrepresentation to the Patent and Trademark Office by certifying that Plaintiff was the owner of the Thunderhead logo and that no other person had a right to use the Thunderhead logo. Rather, his testimony unequivocally reflects his belief that Plaintiff's board of directors—including Gerry Spence at the time—voted in support of Plaintiff registering the Thunderhead logo. And Clary's

7

belief is substantiated by the meeting minutes. No evidence exists that would allow the trier of fact to conclude that Plaintiff and Clary knew or believed they were making a false representation to the Patent and Trademark Office. The Court thus grants summary judgment as to the twelfth affirmative defense.

As to the thirteenth affirmative defense, Plaintiff asserts that summary judgment is appropriate because no facts support this defense. The Spence Defendants point to evidence that Plaintiff used Gerry Spence's name, voice, likeness, and image without his consent, which, by their estimation, falsely suggest Gerry Spence's association with Plaintiff and constitutes a misrepresentation of services. Although the evidence presented by the Spence Defendants does suggest that Plaintiff used Gerry Spence's name, voice, likeness, and image to imply his association with Plaintiff, the evidence does not suggest that the '054 Mark (or the '908 Mark) were themselves used to misrepresent the source of services offered—and that is the inquiry of the available defense: whether the marks were used by the registrant so as to misrepresent the source of services. The issue that Plaintiff's evidence raises is, truly, use of Gerry Spence's name, voice, likeness, and image, which are not the trademarks in question. Thus, no genuine issue of material fact exists as to the thirteenth affirmative defense and the Court grants summary judgment.

B. Fourteenth and Fifteenth Affirmative Defenses: Copyright Validity

The Spence Defendants' fourteenth and fifteenth affirmative defenses are:

> **Fourteenth Defense:** Plaintiff's asserted copyright registration is invalid in that it is based on false and incorrect information submitted to the U.S. Copyright Office, including but not limited to Plaintiff's false assertion that the "Trial Skills" document was a work for hire on behalf of TLC, Plaintiff's failure to disclose that the document was co-authored by several of the Spence Defendants, Plaintiff's false assertion that the document was first published in 2019, and Plaintiff's failure to state that the work is a derivative work based on earlier works authored by Gerry Spence. Had the true facts and circumstances surrounding the claimed document been

revealed to the Copyright Office, the asserted copyright registrations would not have issued.

**Fifteenth Defense:** Plaintiff's asserted copyright registration was procured by fraud as intentionally false information was submitted to the U.S. Copyright Office in the application, including but not limited to Plaintiff's assertion that the "Trial Skills" document was a work for hire on behalf of TLC, Plaintiff's failure to disclose that the document was co-authored by several of the Spence Defendants, Plaintiff's assertion that the document was first published in 2019, and Plaintiff's failure to inform the Copyright Office that the work is a derivative work based on earlier works authored by Gerry Spence. Such falsities were made by Plaintiff with the intent to deceive the Copyright Office, the falsehoods were plainly material, the falsehoods were plainly known to be false by Plaintiff, Plaintiff knew the Copyright Office would rely on these assertions, and Plaintiff knew that had the true facts and circumstances surrounding the claimed document been revealed to the Copyright Office, the asserted copyright registration would not have issued.

The Spence Defendants' fourteenth and fifteenth affirmative defenses suggest that, but for false and incorrect information Plaintiff submitted to the Copyright Office, the "Trial Skills" document (or "Skills Outlines") would not have obtained copyright registration. Setting aside that these "affirmative defenses" may be more accurately characterized as denials,[1] at this stage, a genuine issue of material fact exists as to the validity of the copyright registration for the Skills Outlines.

As explained in the Court's Order denying Defendants' motion for partial summary judgment (Doc. 486), although a certificate of registration from the United States Copyright Office "usually constitutes prima facie evidence of a valid copyright and of the facts stated in the certificate," the presumption of validity can be overcome. *Palladium Music, Inc. v.*

---

[1] The Court takes no position on whether presenting these affirmative defenses to a jury is prudent and will leave the decision on how to best defend this action at trial to Defendants' counsel. Following the presentation of all the evidence at trial, the Court will determine which issues have been sufficiently raised so as to warrant inclusion in the jury instructions. *Home Design Servs., Inc. v. Schroeder Const.*, 2012 WL 527202, at *3 n.4 (D. Colo. Feb. 16, 2012).

9

*EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005) (citing 17 U.S.C. § 410(c)). Here, Plaintiff has a certificate of registration, but the Spence Defendants presented evidence that the Skills Outlines were not works made for hire and that they are derivative of Gerry Spence's 2005 book "Win Your Case."

Taken in a light most favorable to the Spence Defendants, the Court determines a genuine issue of material fact exists over whether Plaintiff's copyright registration is valid. The Court thus denies Plaintiff's motion for summary judgment on the fourteenth and fifteenth affirmative defenses.

C. Eighth Affirmative Defense: Unclean Hands

The Spence Defendants' eighth affirmative defense is:

> **Eighth Defense:** Plaintiff's requested injunctive and other relief is barred by Plaintiff's unclean hands.

The doctrine of unclean hands "does not empower a court of equity to deny relief for any and all inequitable conduct on the part of the plaintiff." *Worthington v. Anderson,* 386 F.3d 1314, 1320 (10th Cir. 2004). Rather, a plaintiff's unclean hands bars recovery for trademark infringement only if the inequitable conduct is "related to the plaintiff's cause of action." *Id.* The Tenth Circuit has explained that courts will find adequate relation in two situations: (1) "when the plaintiff has engaged in inequitable conduct toward the public, such as 'deception in or misuse of the trademark itself, resulting in harm to the public such that it would be wrong for a court of equity to reward the plaintiff's conduct by granting relief'"; and (2) "when the plaintiff has acted inequitably toward the defendant in relation to the trademark." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1255 (10th Cir. 2013) (emphasis omitted) (quoting *Worthington*, 386 F.3d at 1320).

10

Similarly, in copyright actions, the doctrine of unclean hands is only applied "where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *Purzel Video GmbH v. St. Pierre*, 10 F. Supp. 3d 1158, 1169 (D. Colo. 2014) (quoting *Mitchell Bros. Film Grp. v. Cinema Adult Theater,* 604 F.2d 852, 863 (5th Cir.1979). The party asserting unclean hands must show that the other party is "(1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and (4) affects the balance of equities between the litigants." *Id.*

Plaintiff contends that the Spence Defendants have not plead any facts suggesting that Plaintiff engaged in inequitable conduct related to this case. The Spence Defendants respond that the evidence supporting Plaintiff's misrepresentations, along with its conduct in suing Gerry Spence for infringing on a trademark he authored, shows Plaintiff's unclean hands. The Spence Defendants cite specific facts and evidence that plainly support their response. Viewing the evidence in a light most favorable to the Spence Defendants, which the Court must, it denies Plaintiff's motion for summary judgment on the affirmative defense of unclean hands.[2]

D. Sixteenth Affirmative Defense:  Standing

Finally, Plaintiff moves for summary judgment on the Spence Defendants' sixteenth affirmative defense, which challenges Plaintiff's standing to assert a claim for misappropriation for trade secrets. In their opposition, the Spence Defendants abandon the sixteenth defense, stating unequivocally "[t]he Spence Defendants no longer assert the Sixteenth Defense" (Doc. 431 at 25).

---

[2] As noted in the Court's order on the motions in limine (Doc. 519), the Court will permit evidence pertaining to the Spence Defendants' unclean hands defense after trial, outside the presence of the jury, if Plaintiff prevails on the merits.

11

The Court thus grants Plaintiff's motion for summary judgment on the Spence Defendants' sixteenth affirmative defense.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Partial Summary Judgment (Doc. 409). Specifically, the Court GRANTS summary judgment on the Spence Defendants' eleventh, twelfth, thirteenth, and sixteenth affirmative defenses and DENIES summary judgment on the Spence Defendants' eighth, fourteenth, and fifteenth affirmative defenses.

IT IS SO ORDERED.

Entered for the Court
this the 28th day of September, 2022

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation