IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

_____

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, and DANIEL AMBROSE, individuals, and GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC., a nonprofit corporation,<br><br>Defendants,<br><br>and JOHN JOYCE,<br><br>Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,<br><br>vs.<br><br>F WARRIORS,<br><br>Third-Party Defendant. | Case Number: 1:20-CV-00080-JMC-GJF |

**ORDER DENYING SPENCE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF WITHHELD PRELITIGATION DOCUMENTS**

THIS MATTER is before the Court on the Spence Defendants' Motion to Compel

Production of Withheld Prelitigation Documents [ECF 446] and accompanying Brief in Support

[ECF 447].[1]   The Motion is fully briefed.   *See* ECF 462 (response in opposition), 465 (reply).[2] The Motion requests an order compelling TLC to produce three categories of "prelitigation documents": (1) documents withheld as privileged but which were not memorialized in a privilege log until July 29, 2022; (2) emails sent to or received from former TLC director Mel Orchard; and (3) emails shared among or between the Sloan group of directors including with TLC employees. The Spence Defendants contend that the documents in each of these categories were responsive to one or more discovery requests they propounded to TLC in late 2020.   For the reasons set forth below, the Court will deny the Motion.

## I.   BACKGROUND

The procedural context in which the instant Motion arises began more than two years ago with the Spence Defendants' "First Set of Interrogatories and Requests for Production to Plaintiff," served on September 3, 2020.   *See* ECF 447, Kushner Decl., Ex. 12.   TLC served its responses on October 5, 2020.   *Id.* at Ex. 12A.   The Spence Defendants served their "Second Set of Interrogatories and Requests for Production to Plaintiff" on December 18, 2020.   *Id.* at Ex. 13. TLC responded on February 17, 2021.   *Id.* at Ex. 13A.   Between the two sets, the Spence Defendants propounded a total of 24 interrogatories and 36 requests for production ("RFP").

On December 2, 2020, after TLC served its responses to the first set of discovery requests, counsel for the Spence Defendants wrote to TLC's counsel to confer *inter alia* about various aspects of TLC's production.   *See id.* at Ex. 15.[3]   Of particular importance to the instant Motion,

---

[1]  The "Spence Defendants" consist of every named Defendant other than Daniel Ambrose and John Joyce.

[2]  Altogether, the Spence Defendants proffered thirty exhibits in support of the Motion.   *See* ECF 447, Ex. A (Decl. of Beth Kushner with Exhibits 1–24), ECF 448 (Suppl. Decl. of Beth Kushner with Exhibits 25–27), and ECF 465 (reply with Second Supp. Decl. of Beth Kushner with Exhibits 28–30).   The exhibits totaled 387 pages.

[3]  Citations to the letter refer to the page of the letter itself as opposed to the CM/ECF page.

the letter discussed TLC's response to RFPs 14, 17, and 18.   *Id.* at 7-9.[4]   As to RFPs 14 and 17, the author complained that TLC, on the basis of overbreadth and undue burden, had "blanketly refused to produce documents relating to any of the Defendants that is [sic] related to TLC's claims in this case, as well as documents discussing or referencing this litigation."   *Id.* at 7.   The letter then compared and contrasted the breadth and burden of these RFPs with those of certain RFPs that TLC itself had served.   *Id.*   The author ended the discussion of RFPs 14 and 17 by requesting TLC's counsel to "please advise which documents you are willing to produce."   *Id.*

With respect to RFP 18, the author acknowledged TLC's refusal to produce documents on the basis of irrelevance.   *Id.* at 8.   The author requested that TLC supplement its production, however, because the RFP sought documents that would be relevant at least to one of the Spence Defendants' affirmative defenses.   *Id.*

So far as this Court is aware, the Spence Defendants never sought affirmative relief from the Court as to any of TLC's objections to RFPs 14, 17, and 18 in any manner until June 22, 2022—*nine days* before the end of the discovery period.[5]   There is no indication in the record that the Spence Defendants complained of TLC's refusal to produce documents responsive to these RFPs in any informal discovery conference with Judge Carman, and the Spence Defendants never filed a motion to that effect either.   Instead, so far as the record demonstrates, with respect to TLC refusing to produce documents as to these three RFPs, the Spence Defendants did *nothing* for more than 20 months in terms of seeking judicial intervention of any kind.

---

[4] As discussed *infra*, these three RFPs form the outer boundary of the Court's focus in deciding the instant Motion.

[5] To be sure, a week earlier, the Spence Defendants in their opposition to TLC's Motion to Quash Subpoenas of its Directors raised as a ground for denying the motion their belief that TLC had waived privilege by failing to timely log.   *See* ECF 373 at 1, 4, 6, and 10.   But this was *in opposition* to a motion, not an independent and justiciable request for judicial relief.   Furthermore, the Court discerns no meaningful difference between waiting until sixteen days are left in the discovery period versus waiting until only nine are left. Either way, the Spence Defendants waited much too long before seeking the Court's intervention on a refusal to produce occurring more than 18 months earlier.

On June 22, 2022, the Spence Defendants for the first time asked the Court to address (or more accurately, asked the Court to add to its agenda for the next discovery conference) their request for affirmative relief on the waiver of privilege question.   Yet they did so only to the extent that TLC's refusal to produce was grounded on privilege.   The Spence Defendants have never—including even in the instant Motion—addressed the remainder of TLC's objections to RFPs 14, 17, and 18.

At the end of the informal discovery conference held on June 22, 2022, counsel for the Spence Defendants asked the Court to budget additional time in the next such conference to address certain concerns regarding the disclosure of TLC's privilege log.   *See* ECF 379 at 4.   Although the issue of whether TLC should have been creating and disclosing a privilege log apparently had been an issue between the parties since late 2020, this Court believes that counsel's brief in opposition on June 15, 2022, and her oral request on June 22, 2022, were the first time that *the Court* had been made aware of it, much less invited to pass upon its legal ramifications.   It is worth repeating that the request even to place the issue on the agenda for discussion came *nine days* before the end of the discovery period and more than two years after the case began.

After receiving additional information from counsel via e-mail, the Court took up issues related to TLC's privilege log at a discovery conference held on July 7, 2022.   *See* ECF 389 at 3.   As relevant here, the Court thereafter ordered TLC to submit for *in camera* inspection "[d]ocuments generated before this litigation commenced that reflect communications among the Sloan group of TLC directors, including with Attorney Patrick Murphy."   ECF 396 at 2.   The Court specified the time range for these documents to be April 14–May 13, 2020.   *Id.*   The Court further advised that it would "decide later whether to order additional briefing on this category of the Spence Defendants' discovery request."   *Id.* n.3.   Because of the sensitivity and importance

of the issues involved, the Court indeed did require formal briefing. *See* ECF 437 at 2 n.4 (establishing deadlines for briefing on Spence Defendants' motion to compel), *see also* ECF 443 at 2 n.1 (extending briefing deadlines due to extension of litigation stay).

## II.  DISCUSSION

The Court is denying the Motion for several independent and alternative reasons: (1) the Motion failed to identify the specific discovery request(s) to which the documents sought would have been responsive, in violation of the Local Rules of this Court; (2) the Motion and the preliminary effort to obtain the relief now sought by it were inexcusably late, given that the issue was first raised to the Court as a request for affirmative relief only nine days before the end of the discovery period despite TLC having refused to provide the documents now sought some 18 months earlier; (3) as to the three Requests for Production ("RFPs") that the Spence Defendants waited until their reply brief to specify as pertinent, TLC long ago interposed multiple *non-privilege*-based objections to them that the Spence Defendants never contested and which needed to be resolved before the Court examined whether TLC waived privilege by failing to timely log; and (4) after an exhaustive (and, in hindsight, likely unnecessary) review of 571 documents provided for *in camera* inspection, the Court finds that none of them would have been responsive to any of the three RFPs in question, particularly considering how the Court would have required the Spence Defendants to narrow and reframe the RFPs to overcome TLC's overbreadth, undue burden, disproportionality, and relevance objections.

### A.  Violation of Local Rule

The Spence Defendants' Motion, together with its Brief in Support, Declaration, Supplemental Declaration, and first 27 exhibits, totaled nearly 400 pages.  Appearing nowhere in those pages, however, was any reference to which interrogatory(ies) or RFP(s) the documents

demanded by the Motion would have been responsive.   As mentioned *supra*, the Spence Defendants served a total of 24 interrogatories and 36 RFPs in their first two sets of written discovery.   The instant Motion provided neither TLC nor this Court any guidance as to which of these 60 total discovery requests formed the battleground for this particular skirmish.

Local Rule 37.1 provides: "Motions under Fed. R. Civ. P. 26(c) or 37(a), directed at interrogatories or requests under Fed. R. Civ. P. 33 or 34, or at the responses thereto, *shall identify and set forth the specific interrogatory, request or response constituting the subject matter of the motion.*"   Local Rule of the United States District Court for the District of Wyoming (Jan. 2022) ("Local Rule") 37.1(e).   The instant Motion undeniably failed to comply with that rule.

The Spence Defendants appear to have sought to cure their error by including—in a footnote in their reply—a reference to three RFPs the scope of which they insist encompassed the documents sought in the instant Motion.   *See* Reply, ECF 465 at 3 n.2 (citing RFPs 14, 17, and 18).   The Spence Defendants offered no explanation or justification for why they did not include this crucial information in the opening motion, nor did they address why they should be absolved of doing so.   The Court cannot excuse this violation, however, because waiting until one's reply brief to identify the specific discovery requests at issue effectively deprives one's litigation adversary of the opportunity to meaningfully engage in an informed debate.   Local Rule 37.1 is designed to laser-focus the attention of the parties and the Court on the discovery request(s) truly at issue, rather than leave the reader guessing as to which of the 60 of them might be in play. Because waiting until the reply to do what the Local Rule required the Spence Defendants to do in the opening motion unfairly handicapped TLC's legal position, the Court will deny the Motion on that basis alone.

**B. Motion to Compel Was Inexcusably Late**

As emphasized above, the Spence Defendants waited until June 15 and 22, 2022, to alert the Court to an issue that appears to have ripened at least 18 months earlier.   Having reconstructed the relevant procedural history, the Court believes the Spence Defendants could and should have raised this issue with Judge Carman when they received what they considered to be TLC's unsatisfactory responses to RFPs 14, 17, and 18.   As evidenced by his December 2, 2020, letter, the Spence Defendants' then-lead counsel understood full well that TLC had produced nothing in response to those RFPs and instead intended to rest on the numerous objections it had interposed to them.   There is no indication, however, that the Spence Defendants contested TLC's refusal to produce before Judge Carman in any documented way.   And they waited until shortly before a long-pending discovery deadline to breathe a word about it to this Court either.   The Court can discern no legitimate reason for the Spence Defendants to have sat on this issue for 18 months and raised it only as the seconds were running out on the metaphoric game clock.

In this District, other judges have penalized parties for engaging in similarly dilatory discovery tactics.   *See Baldwin v. Baldwin Crocker & Rudd, P.C.*, No. 20-CV-160-SWS, 2021 U.S. Dist. LEXIS 254772, at *11 (D. Wyo. Dec. 10, 2021) (denying a motion to compel "primarily due to untimeliness"); *Peter Holdings LLC v. Wold Oil Props.*, No. 17-CV-212-R, 2019 WL 7838432, 2019 U.S. Dist. LEXIS 226671, at *6–8 (D. Wyo. Oct. 23, 2019) (finding that "the untimely nature of [a motion to compel], coupled with its unpersuasive justification for [the] delay, require[d] the [c]ourt to deny [the] [m]otion").[6]

---

[6]  *See also Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012) (observing that the Tenth Circuit "defer[s] to the discretion of the district court in deciding whether a motion is too tardy to be considered" (citing *Norton v. City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005) (per curiam) (district court had discretion to deny motion to compel as untimely); *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("The district court has discretion to consider an untimely motion to compel if the movant offers an acceptable explanation for the motion's tardiness."))); *Baldwin*, 2021 U.S. Dist. LEXIS 254772, at *5–6 ("While some courts have adopted a defined period in which a motion to compel must be filed, usually 30 days, neither [the

With the guidance offered by these cases, the Court finds that the Spence Defendants waited far too long before raising the vast majority of the issues now embodied in their Motion to Compel.   Accordingly, the Court will deny the Motion on that ground as well.

### C.  Non-Privilege-Based Objections to RFPs 14, 17, and 18 Were Never Contested

In their reply brief, the Spence Defendants identified RFPs 14, 17, and 18 as the discovery requests that encompassed the documents they now seek in the instant Motion.   *See* ECF 465 at 3 n.2.   The RFPs and TLC's responses thereto were as follows:

RFP 14:  All documents relating to any of the Defendants relating to any of Your claims asserted in this case.

RESPONSE:   Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the allegations set forth in Plaintiff's Complaint or Amended Complaint, because all documents "relating to" Plaintiff's claims far exceed the scope of this matter.

RFP 17:   All documents sent to or received from any person discussing, referencing, or relating to this Litigation.

RESPONSE:  Plaintiff objects on the grounds that this request seeks privileged attorney/client communication and/or work product that is not discoverable. Responding further, Plaintiff objects to this Request on the grounds it is overly broad, unduly burdensome, and not proportionate to the allegations set forth in Plaintiff's Complaint or Amended Complaint, because it seeks information that has no relevance whatsoever this lawsuit, and documents and information that far exceed the scope of this matter.

RFP 18:   All documents relating to or reflecting any decision by The Trial Lawyers College to institute and/or pursue this current lawsuit.

RESPONSE:  Plaintiff objects on the grounds that this request seeks privileged attorney/client communication and/or work product that is not discoverable. Responding further, Plaintiff objects to this Request on the grounds it is overly broad, unduly burdensome, and not proportionate to the allegations set forth in

---

District of Wyoming] nor the Federal Rules have set such a period.   As such, this Court must exercise its discretion in determining if a motion is too tardy to be considered." (citations omitted)); *Peter Holdings*, 2019 U.S. Dist. LEXIS 226671, at *7 (observing that "[w]hile there is not a 'hard-and-fast rule' preventing a party from filing a motion after the close of discovery, courts generally consider the motion if the movant offers an acceptable explanation for the motion's tardiness" (quotation omitted)).

> Plaintiff's Complaint or Amended Complaint, because documents relating to or reflecting any decision by The Trial Lawyers College to institute and/or pursue this current lawsuit are not relevant to Plaintiff's causes of action.

*See* ECF 447, Kushner Decl., Ex. 12A at 66-68.

It bears repeating that the Spence Defendants have *never* contested—even in the instant Motion—the panoply of non-privilege-based objections that TLC raised in 2020 in defending its decision to produce nothing in response to them.   Instead, the Spence Defendants have opted to ignore those objections, skip over them, and zero in on the privilege objection that TLC raised only as to RFPs 17 and 18.   The Spence Defendants insist that TLC's creation and production of a privilege log were so belated as to result in a complete waiver of all documents logged as privileged.

But first things first:   what is the Court to do about TLC's *other* objections to the RFPs that having nothing to do with whether the documents sought are privileged?   Ignore them, too? Act as if they were never made?   All of that seems manifestly unfair to the party that made—and then stood on—its other objections.    It is enough to say that this Court is unwilling to endorse the approach suggested by the Spence Defendants.   Though hindsight can often be a cruel teacher, it is obvious that the Spence Defendants needed to litigate (and win) the threshold objections to preserve their right to complain about TLC's privilege log.   That they did not (and still don't) relieves the Court of the need to examine the privilege question at all.

Although the Court was never asked to rule on the non-privilege-based objections, the Court would have sustained the majority of them.   For example, RFPs 14 and 17 are facially overbroad and use vague phrases like "relating to" and "any person."   Demanding that one's litigation adversary sift through mountains of documents potentially responsive to ethereal and wispy descriptions like those triggers the Court's concerns about undue burden and

disproportionality.   And for its part, RFP 18 seeks documents that seem well past the boundary of relevance even for discovery purposes.

In sum, the Spence Defendants never asked the Court to overrule TLC's non-privilege-based objections and those objections appear to have had substantial legal merit.   No matter how meritorious their legal position may have been as to the timeliness of TLC's privilege log, the Spence Defendants first needed to wrestle with the other objections.   Their failure to do so provides an independent and alternative basis on which the Court denies the instant Motion.

### D.  Documents Submitted for *in Camera* Inspection Not Responsive to RFPs

Finally, the Court has completed its review of the approximately 571 documents submitted for *in camera* inspection by Patrick Murphy, counsel for TLC.   These documents comprise the emails he sent to or received from any of the Sloan group of directors or TLC's Executive Director Laurie Goodman between April 14–May 13, 2020.[7]   The Court reviewed these emails in the context of whether they would have been responsive to RFPs 14, 17, or 18 but only insofar as those RFPs would have been narrowed and reframed by the Court had the Spence Defendants ever contested the non-privilege-based objections.   Having employed that construct, the Court finds and concludes that the 571 emails on Attorney Murphy's privilege log would not have been responsive to the reframed RFPs.   The overwhelming majority of emails had nothing to do with the trademark, trade secret, and copyright claims in this *federal* case.   Instead, they dealt

---

[7] The Court's analysis was complicated by the parties' agreement that emails to/from litigation counsel need neither be logged nor disclosed.   Unlike the Spence Defendants, who have entirely separate counsel in the state case than in the instant case, TLC is represented by Patrick Murphy and Zara Mason, Esqs., in *both* cases.   They are sole counsel for TLC in the state case and they have teamed up with Chris Ralston, Lindsay Calhoun, Matthew Slaughter, and James Gilbert in the instant case.   How to accord counsel for TLC the benefit of the agreement that it struck with counsel for the Spence Defendants is not easy.   Here, however, the Court has the benefit of Attorney Murphy's affidavit (ECF 447, Kushner Decl., Ex. 10), in which he attested that his involvement in the federal case began on or about May 7, 2020.   Given that Attorney Murphy has been identified as litigation counsel in this federal case from the original complaint and has remained in that capacity ever since, the Court extended to his emails the protection of the parties' mutual agreement at least beginning May 7, 2020.

primarily, if not exclusively, with (1) defending against the separate state court lawsuit brought against TLC by the Spence group which featured different claims than does this one, (2) advice about corporate governance matters including motions and elections, (3) advice about the termination of the lease on Thunderhead Ranch, and (4) possession and preservation of physical personal property located at THR.

Because the allegedly privileged documents submitted by Attorney Murphy would not have been responsive to RFPs 14, 17, and 18 (as properly reframed), the Court denies the Motion.

### E.  Emails among Sloan Directors Not Including Attorney Murphy

In the instant Motion, the Spence Defendants also ask the Court to order TLC to produce all of the email communications between April 14–May 13, 2020 between and among the Sloan group of directors (including with TLC's Executive Director) on which Attorney Murphy was *not* included as a sender or recipient.   The Spence Defendants point out that these emails have never been included in any privilege log.

As an initial matter, this Court will not weigh in on the dispute between the parties about whether Judge Carman ever did or did not decide that TLC will not be deemed "in possession" of the personal email inboxes of the Sloan group of directors.   TLC insists that he did, whereas the Spence Defendants emphasize (1) that the docket sheet is silent on the topic and (2) Judge Carman did not even hold any informal discovery conferences in 2020.   Absent some kind of evidentiary hearing, the Court is not able to decide this dispute.   The Court does note that it received no declarations from either of the parties' principal litigators during 2020 (Chris Ralston or Tim Getzoff, Esqs.).   Better than anyone, they would know what Judge Carman did or didn't do. Having other counsel who were not participating in the discovery phase of this case in 2020 debate what happened back then has not proven especially helpful.   The Court further notes, however,

that the Spence Defendants served Rule 45 subpoenas on five of the six directors in the Sloan group, a step that would have been unnecessary had their emails been considered the discovery equivalent of TLC's emails.

But all of this is beside the point, as the Court need not reconstruct what Judge Carman may have done nor address the larger legal question of whether the Sloan directors' emails count as TLC's communications.   Once again, the Spence Defendants' decision to forego requesting an *actual decision* by the Court until the end of the discovery period is reason enough to deny the request as inexcusably late.   In addition, the Spence Defendants' demand for the Sloan group's communications commits the same violation of Local Rule 37.1(e) as discussed *supra*.

### F.  Orchard Emails

The Motion also requests that the Court compel TLC to disclose some 34 emails that were sent to former TLC Director Mel Orchard between April 14–May 13, 2020.   Unlike with the rest of the matters raised in the Motion, the Spence Defendants did not engage in inexcusable delay in raising this issue to the Court.   Indeed, the Spence Defendants apparently learned of the issue only in connection with Mr. Orchard's deposition in June 2022 and elevated the issue to the Court's attention seasonably thereafter.   Nonetheless, the Court denies the Motion because the Spence Defendants did not specify the particular discovery requests to which the Orchard emails would have been responsive, in violation of Local Rule 37.1(e).   In addition, although the Court has not seen these particular emails, the description of them that Mr. Orchard himself provided confirms that the emails would not have been responsive to any of the three RFPs belatedly identified as relevant by the Spence Defendants, as properly reframed.   *See* ECF 373, Opp. To Mot. to Quash Subpoenas, Decl. of Beth Kushner, Ex. A) (June 10, 2022, email from Orchard to Kushner describing content of emails on which he was copied as involving the letter that terminated TLC's

lease on Thunderhead Ranch, the ramifications of that letter, and a separate issue concerning

Defendant Parris's alleged defamation of Orchard).   The Court finds that content to be

unresponsive to the reframed RFPs and irrelevant to the claims and defenses in this intellectual

property-based federal lawsuit.

## III.  CONCLUSION

**IT IS THEREFORE ORDERED** that the Spence Defendants' Motion to Compel

Production of Withheld Prelitigation Documents [ECF 446] is **DENIED**.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE