IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

    Plaintiff, Counterclaim Defendant,

v.                                                                             Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
THE GERRY SPENCE METHOD AT
THUNDERHEAD RANCH INC,
a nonprofit corporation, and
JOHN ZELBST,
JOSEPH H. LOW,
KENT SPENCE, and
DANIEL AMBROSE, individuals,

    Defendants,

JOHN JOYCE,

    Defendant, Counterclaim Plaintiff,

GERALD L. SPENCE, and
REX PARRIS, individuals,

    Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs,

v.

JOHN SLOAN,
ANNE VALENTINE,
JAMES R. CLARY, JR,
MILTON GRIMES,
MAREN CHALOUPKA,
DANA COLE, individuals,

    Third-Party Defendants,

JOHN JOYCE,

    Third-Party Plaintiff,

v.

F WARRIORS,

    Third-Party Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF THE TRIAL LAWYERS COLLEGE'S MOTION TO STRIKE DEFENDANTS' DEPOSITION DESIGNATIONS

On September 23, 2022, Plaintiff The Trial Lawyers College filed a Motion to Strike Defendants' Deposition Designations (Doc. No. 491). In its motion, Plaintiff contends that Defendants improperly identified multiple witnesses that they intend to call as both "live" and "by deposition designation." These include Defendant Rex Parris, Maren Chaloupka, James Clary, Jr., John Sloan, and Mel Orchard III. Plaintiff moves to strike those designations on the basis that use of these witnesses' deposition testimony is improper when such witnesses will be available to testify live at trial. Defendants responded that Defendants designated Parris and Orchard only in an abundance of caution in case they were unavailable at trial. As to Clary, Sloan, and Chaloupka, Defendants contend that Federal Rule of Civil Procedure 32(a)(3) entitles them to use the depositions at trial, even if they are available to testify in person.

Rule 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Rule 32(a)(1) requires that the party who is having his deposition used against him "was present or represented at the taking of the deposition or had reasonable notice of it" and that the party offering the deposition must use it "to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying."

John Sloan is Plaintiff's president and a director. James Clary, Jr is Plaintiff's treasurer and a director. Maren Chaloupka is Plaintiff's secretary and a director. Because these three individuals are officers and directors of Plaintiff, Defendants may use their depositions at trial regardless of their availability. *See F.T.C. v. Vyera Pharmaceuticals, LLC*, 2021 WL 5236333, *2 (S.D.N.Y. Nov. 10, 2021) (acknowledging Rule 32(a)(3)'s command regarding a party's officers); *see also* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2145 (3d ed. April 2022 update). Thus, the Court denies Plaintiff's motion with respect to Sloan, Clary, and Chaloupka.

As to Parris and Orchard, Defendants respond that they designated these individuals in an abundance of caution in case they were unavailable at trial. At this time, the Court understands that Parris and Orchard plan to be available live at trial. Thus, the Court will grant Plaintiff's motion as to Parris and Orchard. If for some reason prior to trial, Parris and Orchard become unavailable to testify in person, Defendants may renew their motion as to them.

The Court thus GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Strike Defendants' Deposition Designations (Doc. No. 491).

IT IS SO ORDERED.

Entered for the Court
this the 4th day of October, 2022

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation