IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

    Plaintiff, Counterclaim Defendant,

v.                                                                                                                                                    Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
THE GERRY SPENCE METHOD AT
THUNDERHEAD RANCH INC,
a nonprofit corporation, and
JOHN ZELBST,
JOSEPH H. LOW,
KENT SPENCE, and
DANIEL AMBROSE, individuals,

    Defendants,

JOHN JOYCE,

    Defendant, Counterclaim Plaintiff,

GERALD L. SPENCE, and
REX PARRIS, individuals,

    Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs,

v.

JOHN SLOAN,
ANNE VALENTINE,
JAMES R. CLARY, JR,
MILTON GRIMES,
MAREN CHALOUPKA,
DANA COLE, individuals,

    Third-Party Defendants,

JOHN JOYCE,

    Third-Party Plaintiff,

v.

F WARRIORS,

    Third-Party Defendant.

## ORDER DENYING PLAINTIFF THE TRIAL LAWYERS COLLEGE'S MOTION TO STRIKE DEFENDANTS' TRIAL EXHIBITS

On September 26, 2022, Plaintiff The Trial Lawyers College filed a Motion to Strike Defendants' Trial Exhibits (Doc. No. 503). In its motion, Plaintiff contends that Defendants listed documents on their exhibit list that they failed to disclose in discovery. Plaintiff specifically complains that the Spence Defendants failed to disclose or produce eleven documents and that Defendant Joyce failed to disclose or produce two documents until after the discovery deadline. These documents include Plaintiff's Articles of Incorporation, Plaintiff's Bylaws, Plaintiff's lease from the Spence Foundation, biographies of Gerry Spence, excerpts from one of Gerry Spence's books, a newspaper article, an advertisement and flyer for Plaintiff, a Gerry Spence Method registration form, and a page from Plaintiff's website.

Plaintiff relies on Federal Rule of Civil Procedure 26(a)(1)(A) and 26(e) for the proposition that Defendants should have disclosed any documents that they intended to use to support their claims or defenses. But Rule 26 requires a party to only provide a description by category of documents. The rule does not require production. Nor does Plaintiff point to any rule or case that would require a party to disclose in discovery every document listed in its timely-filed exhibit list. Moreover, Plaintiff fails to provide the Court with any reference to which interrogatories or requests for productions the documents would have been responsive.

2

The Court thus DENIES Plaintiff's Motion to Strike Defendants' Trial Exhibits (Doc. No. 503).

IT IS SO ORDERED.

Entered for the Court
this the 4th day of October, 2022

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation