IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

    Plaintiff, Counterclaim Defendant,

v.                                                                                 Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
THE GERRY SPENCE METHOD AT
THUNDERHEAD RANCH INC,
a nonprofit corporation, and
JOHN ZELBST,
JOSEPH H. LOW,
KENT SPENCE, and
DANIEL AMBROSE, individuals,

    Defendants,

JOHN JOYCE,

    Defendant, Counterclaim Plaintiff,

GERALD L. SPENCE, and
REX PARRIS, individuals,

    Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs,

v.

JOHN SLOAN,
ANNE VALENTINE,
JAMES R. CLARY, JR,
MILTON GRIMES,
MAREN CHALOUPKA,
DANA COLE, individuals,

    Third-Party Defendants,

JOHN JOYCE,

    Third-Party Plaintiff,

v.

F WARRIORS,

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO DISQUALIFY

On September 30, 2022, Plaintiff The Trial Lawyers College filed a Motion to Disqualify Attorney Haytham Faraj as Trial Counsel for Defendant John Joyce (Doc. 532) and memorandum supporting the same (Doc. 533). Defendant John Joyce responded in opposition (Doc. 540). The Court heard argument at a status conference on October 5, 2022. For the reasons stated below, the Court grants Plaintiff's motion.

          I.          Background

The background of this case is well-known to the parties. The Court will recount only the facts necessary to understand the motion to disqualify. John Joyce is an attorney and a defendant in this lawsuit. Initially, Joyce represented himself pro se. But in September 2021, two attorneys appeared on his behalf: James Fitzgerald and Nafis Nina Hodjat (Docs. 220–22, 225). Despite this representation, in the proposed pretrial order, Joyce stated that he would defend himself pro se at trial. Then, last week, two other attorneys appeared on Joyce's behalf: Vance Countryman and Haytham Faraj (Docs. 515–17, 530). According to Countryman and Faraj, Joyce now wishes to have Faraj represent him at trial. The instant motion seeks to disqualify Faraj because, earlier in the case, Defendant Gerry Spence Method at Thunderhead Ranch Inc. ("GSM") designated Faraj as one of its corporate representatives and Faraj testified in that capacity.

II.     Applicable Law

The parties agree on the applicable law.  "'[T]he control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge,' and is thus a matter of judicial discretion." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (quoting *Redd v. Shell Oil Co.,* 518 F.2d 311, 314 (10th Cir. 1975)).  "While the power to disqualify an attorney from a case 'is one which ought to be exercised with great caution,' it is 'incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession.'" *United States v. Collins,* 920 F.2d 619, 634 (10th Cir.1990) (quoting *Ex Parte Burr,* 22 U.S. 529, 529–30 (1824)).  Motions to disqualify are governed by two sources of authority: (1) "the local rules of the court in which they appear;" and (2) "standards developed under federal law." *Cole*, 43 F.3d at 1383.

The focal point of this motion is Rule 3.7 of the Wyoming Rules of Professional Conduct, which provides in relevant part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>     (1) the testimony relates to an uncontested issue;
>     (2) the testimony relates to the nature and value of legal services rendered in the case; or
>     (3) disqualification of the lawyer would work substantial hardship on the client.

Wyo. RPC 3.7(a).  Moreover, the Standard of Attorney Conduct in the United States District Court for the District of Wyoming mandates: "[a]ttorneys shall at all times exercise professional integrity, candor, diligence, and utmost respect to the legal system, judiciary, litigants, and other attorneys."  Local Rule 84.1(a)(1).

As the moving party, Plaintiff has the burden of establishing grounds for disqualification. *Johnson v. King,* 2011 WL 13093127, at *3 (D. Wyo. July 27, 2011) (citing *Religious Tech. Ctr.*

*v. F.A.C.T.Net, Inc.*, 945 F. Supp. 1470, 1473 (D. Colo. 1996)). "The ultimate burden of proof, however, lies with the attorney . . . whose disqualification is sought." *Lowe v. Experian*, 328 F. Supp. 2d 1122, 1125 (D. Kan. 2004). Although sometimes a court requires an evidentiary hearing before it enters an order disqualifying counsel, no such requirement exists when the parties have fully briefed the issue and issues of fact are undisputed or adequately presented to the court. *See Weeks v. Indep. Sch. Dist. No. I–89 of Okla. Cnty.*, 230 F.3d 1201, 1212 (10th Cir. 2000).

### III.   Analysis

Plaintiff contends Faraj is a necessary witness to this litigation because of his role as a board member and treasurer of GSM. According to Plaintiff, Faraj produced documents and testified as GSM's corporate representative as to GSM's financial information. Joyce does not dispute that Faraj was a corporate representative for some of GSM's financial topics. Rather, Joyce attempts to minimize the role and knowledge of Faraj, arguing that the financial documents speak for themselves on an uncontested issue. Plaintiff pushes back on that characterization, explaining that Faraj's "testimony is essential to account for the extent of TLC's damages and profit losses attributable to GSM as a result of Defendants' unlawful conduct" (Doc. 533 at 5). Plaintiff further states its intention to call Faraj to testify as to GSM's financial documents and operations.

The Court agrees with Plaintiff that Faraj is likely to be a necessary witness in this case. Plaintiff did not specifically request to depose Faraj, but did so because GSM designated Faraj as one of its corporate representatives. Plaintiff's damages and profit losses attributable to GSM are relevant to Plaintiff's claims in this case.

Joyce's arguments in favor of one of Rule 3.7's exceptions are unavailing. First, Joyce contests the importance of Faraj's testimony and says that, to the extent Plaintiff requires

contextual foundation for GSM's finances, Joseph Low (a named defendant and GSM's other corporate representative) is the proper witness. As mentioned above, however, the issue with Joyce's argument is that GSM chose to designate Faraj as the only corporate representative on certain financial topics, and Plaintiff deposed Faraj in that capacity. Faraj thereby gave binding testimony for a Defendant in this case—testimony for which Joyce and one of his other attorneys, Hodjat, were present. In the filings so far, Defendants have made no concession as to damages. Faraj's anticipated testimony thus relates to an important, contested issue.

Second, Joyce argues that, even if Faraj is necessary and his testimony relates to a contested issue, disqualification of Faraj would work a substantial hardship on Joyce. The hardship exception "requires a balancing to determine its applicability." *Mt. Rushmore Broad., Inc. v. Statewide Collections*, 42 P.3d 478, 481 (Wyo. 2002) (discussing comments to Wyoming Rule of Professional Conduct 3.7(a)(3)). That is, "balancing the likelihood of prejudice to the opposing party . . . against the possible substantial hardship disqualification of the lawyer would have on his client." *Id.* Given that Faraj will likely provide testimony in this case, the possibility exists that having Faraj testify and represent Joyce would adversely impact Plaintiff's interests and confuse the jury. Indeed, "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." Wyo. RPC 3.7 cmt. 2. While a party denied their choice of counsel might always incur some hardship, because Faraj entered his appearance last week (just two weeks before the start of trial) and Joyce has other counsel of record (including Fitzgerald, who plans to represent other defendants at trial), it is difficult to conclude that Joyce would incur *substantial* hardship should the Court disqualify Faraj.

Perhaps most problematic for Joyce is that one week before the pretrial conference, on September 21, 2022, he (via Hodjat) listed Faraj as a "will call" witness in the parties' proposed final pretrial order. Joyce also informed the Court in that document that he would proceed pro se at trial. Then, one day before the final pretrial conference, Faraj filed a motion seeking pro hac vice admission to represent Joyce at trial. By Faraj's appearance, Joyce—to the surprise of opposing counsel and the Court—backtracked the positions he set forth a week earlier on his counsel and, presumably, on the witnesses he plans to call. It would be manifestly unfair to the parties in the case who have long planned to call Faraj as a witness if the Court were to allow Faraj to now serve as Joyce's attorney and a witness in the case. *Cf. Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015) (Gorsuch, J.) (explaining that final pretrial orders are not easy to modify "to ensure everyone involved has sufficient incentive to fulfill the order's dual purposes of encouraging self-editing and providing reasonably fair disclosure to the court and opposing parties alike of their real trial intentions."). Thus, balancing the prejudice to Plaintiff against the hardship to Joyce, the Court determines that the hardship exception is not applicable.

Finding no exception to Rule 3.7 applicable, the Court is left with the Rule's mandate: "[a] lawyer shall not act as advocate at a trial in which [he] is likely to be a necessary witness." Wyo. RPC 3.7(a). The Court is mindful that "showing a violation of a professional rule does not in every case necessitate disqualification," but in considering and balancing the facts here, disqualification is the necessary remedy. *Schneider v. CitiMortgage, Inc.*, 2014 WL 6632939, at *2 (D. Kan. Nov. 21, 2014). Faraj simply cannot be both attorney and witness in the context of this case where a party previously designated him as a corporate representative and multiple parties—including Joyce—listed him as a witness who will give testimony on a contested damages issue.

IV.     Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Disqualify Attorney Haytham Faraj as Trial Counsel for Defendant John Joyce (Doc. 532).

IT IS SO ORDERED.

                                      Entered for the Court
                                      this the 6th day of October, 2022

                                      /s/ Joel M. Carson III
                                      Joel M. Carson III
                                      United States Circuit Judge
                                      Sitting by Designation