IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

    Plaintiff, Counterclaim Defendant,

v.                                                                                           Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
THE GERRY SPENCE METHOD AT
THUNDERHEAD RANCH INC,
a nonprofit corporation, and
JOHN ZELBST,
JOSEPH H. LOW,
KENT SPENCE, and
DANIEL AMBROSE, individuals,

    Defendants,

JOHN JOYCE,

    Defendant, Counterclaim Plaintiff,

GERALD L. SPENCE, and
REX PARRIS, individuals,

    Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs,

v.

JOHN SLOAN,
ANNE VALENTINE,
JAMES R. CLARY, JR,
MILTON GRIMES,
MAREN CHALOUPKA,
DANA COLE, individuals,

    Third-Party Defendants,

JOHN JOYCE,

    Third-Party Plaintiff,

v.

F WARRIORS,

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER DENYING THE SPENCE DEFENDANTS' MOTION FOR LIMITED RECONSIDERATION

On October 4, 2022, Defendants Gerry Spence Trial Institute, Gerald L. Spence, John Zelbst, Rex Parris, Joseph H. Low, and Kent Spence (the "Spence Defendants") filed a Motion for Limited Reconsideration of the Portion of the Court's Order Granting Plaintiff's Motion for Partial Summary Judgment as to the Thirteenth Affirmative Defense (Doc. 543). Plaintiff The Trial Lawyers College responded in opposition (Doc. 561).

According to the Spence Defendants, they are entitled to relief under Federal Rule of Civil Procedure 59(e) because, absent relief, manifest injustice will occur. "Rule 59(e) relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e) motions are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012.

The Spence Defendants argue that their thirteenth affirmative defense should stand because Plaintiff's use of the Thunderhead Logo (or '054 Mark) misrepresents the source of services as emanating from and/or asserting a continuing connection to the Thunderhead Ranch. Plaintiff

responds that the Spence Defendants did not raise this argument in their initial briefing and, even if they did, the argument lacks merit. Although sympathetic to the Spence Defendants' views, the Court agrees with Plaintiff that the failure to raise this argument in initial briefing precludes reconsideration here. The Spence Defendants argue manifest injustice, but do not point to any way in which the Court "misapprehended the facts, a party's position, or the controlling law" as originally presented. *Id.* To be sure, the argument the Spence Defendants raise now (regarding mispresented connection to Thunderhead Ranch) was available to them, but they did not raise it when responding to Plaintiff's motion for partial summary judgment. That alone is fatal to the instant motion.

The Court thus DENIES the Spence Defendants' Motion for Reconsideration (Doc. 543).

IT IS SO ORDERED.

> Entered for the Court
> this the 7th day of October, 2022
>
> /s/ Joel M. Carson III
> Joel M. Carson III
> United States Circuit Judge
> Sitting by Designation