IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THE TRIAL LAWYERS COLLEGE,
a nonprofit corporation,

    Plaintiff, Counterclaim Defendant,

v.                                                                                                                    Case No. 1:20-cv-80-JMC

GERRY SPENCES TRIAL LAWYERS
COLLEGE AT THUNDERHEAD RANCH,
a nonprofit corporation,
THE GERRY SPENCE METHOD AT
THUNDERHEAD RANCH INC,
a nonprofit corporation, and
JOHN ZELBST,
JOSEPH H. LOW,
KENT SPENCE, and
DANIEL AMBROSE, individuals,

    Defendants,

JOHN JOYCE,

    Defendant, Counterclaim Plaintiff,

GERALD L. SPENCE, and
REX PARRIS, individuals,

    Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs,

v.

JOHN SLOAN,
ANNE VALENTINE,
JAMES R. CLARY, JR,
MILTON GRIMES,
MAREN CHALOUPKA,
DANA COLE, individuals,

    Third-Party Defendants,

JOHN JOYCE,

    Third-Party Plaintiff,

v.

F WARRIORS,

    Third-Party Defendant.

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE ALLEGATIONS AND EXHIBITS AGAINST MESSRS. SPENCE AND LOW INVOLVING "TRIAL LAWYERS UNIVERSITY" IN LIGHT OF SETTLEMENT BETWEEN TLC AND DANIEL AMBROSE**

On October 6, 2022, counsel for Defendants Rex Parris, Gerald Spence, and Joseph Low ("Defendants") filed a Motion to Strike Allegations and Exhibits Against Messrs. Spence and Low Involving "Trial Lawyers University" in Light of Settlement Between TLC and Daniel Ambrose (Doc. No. 559). In their motion, Defendants argue that Plaintiff's settlement with Defendant Daniel Ambrose necessitates dismissal of any claims related to Trial Lawyers University as to all defendants.

In the Third Amended Complaint, Plaintiff The Trial Lawyers College, alleges that Defendant Ambrose acted in concert with Defendants Parris and Low to advertise a competing lawyer training program called Trial Lawyers University. Plaintiff has now settled with Defendant Ambrose.

Defendants contend that leaving the allegations of misconduct related to Trial Lawyers University is manifestly unjust. Defendants assert that any settlement agreement would have to release not just Ambrose, but anyone purportedly acting on his behalf. Defendants believe that the terms of the settlement agreement are relevant for understanding the scope of the release and for understanding if Trial Lawyers University can continue operating without objection. If that is

the case, Defendants contend that Plaintiff cannot possibly continue to claim Parris and Low did anything wrong by teaching seminars at Trial Lawyers University.

Plaintiff counters that the settlement with Defendant Ambrose releases Ambrose as an individual defendant and that it does not dismiss any claims wholesale from the case. Thus, Plaintiff believes its settlement with Defendant Ambrose does not dismiss any claims against Defendants Parris and Low.

The Court disagrees with Defendants. A civil conspiracy consists of the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate cause thereof." *White v. Shane Edeburn Const., LLC*, 285 P.3d 949, 958 (Wyo. 2012) (quoting *McKibben v. Chubb*, 840 F.2d 1525, 1533 (10th Cir. 1988)). This is not a situation where the Court has dismissed an underlying tort claim that serves as the basis for the civil conspiracy. Rather, Plaintiff has settled with one of the alleged conspirators. Plaintiff's settlement with Ambrose does not mean that Plaintiff condones Ambrose's alleged tortious conduct. And Defendants cite no case law to support their argument that the fact a plaintiff settles with one conspirator means that it cannot prosecute its case against the remaining alleged co-conspirators. Because a jury could find that Parris and Low engaged in infringing conduct in advertising a competing lawyer training program, the Court will not strike the allegations in the Third Amended Complaint.

The Court thus DENIES Plaintiff's Motion to Strike Allegations and Exhibits Against Messrs. Spence and Low Involving "Trial Lawyers University" in Light of Settlement Between TLC and Daniel Ambrose (Doc. No. 559).

IT IS SO ORDERED.

4

                Entered for the Court
                this the 7th day of October, 2022

                <u>/s/ Joel M. Carson III</u>
                Joel M. Carson III
                United States Circuit Judge
                Sitting by Designation