Beth J. Kushner (admitted *pro hac vice*)
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: 414-287-1373
bkushner@vonbriesen.com

James E. Fitzgerald
FITZGERALD LAW OFFICES
2108 Warren Avenue
Cheyenne, WY 82001
Telephone: 307.635.2391
jim@fitzgeraldlaw.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE TRIAL INSTITUTE, GERALD L. SPENCE, REX PARRIS, JOSEPH LOW, JOHN ZELBST, KENT SPENCE AND GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>    Plaintiff.<br><br>vs.<br><br>GERRY SPENCE TRIAL INSTITUTE, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, JOHN JOYCE, and DANIEL AMBROSE, individuals, GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC.,<br><br>    Defendants. | Civil Action No. 1:20-CV-00080-JMC |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION FOR CONTEMPT**

1

Defendants other than Daniel Ambrose ("Moving Defendants") respectfully request that the Court enter an order holding Plaintiff The Trial Lawyers College ("Plaintiff" or "TLC"), in contempt of this Court for its violations of the Permanent Injunction entered in this case (Dkt. 588).[1]

## I. INTRODUCTION

The case settled during trial, after opening statements. The parties agreed to, and the Court entered, a permanent injunction (Dkt. 588) (the "Injunction"). The Injunction prohibited TLC from using: (a) the names, likenesses, or images of any of the individual defendants or their family members (unless a family member was a faculty member of TLC or there was written consent), and (b) the name, likeness, or image of Thunderhead Ranch (Id., par. 2).

TLC has been using Defendants' likenesses, images, names, photographs, and videos on social media (Id., Exs. 8-15), as well as posting hundreds of photographs of and references to Thunderhead Ranch (Id., Exs. 16-17). In fact, TLC repeatedly posted photos and videos of TLC's registered trademark **above** the name "Thunderhead Ranch" (Included in Exs. 16 and 17). This unequivocally and falsely represented an affiliation between TLC and Thunderhead Ranch. And it was contemptuous.

Attempting to resolve these violations, Defendants' counsel identified each of TLC's posts that contravene the Injunction (Id., par. 7 and Ex. 2-7). **TLC's counsel has never responded, even to acknowledge receipt** (Id., 9)**.** Accordingly, there can be no meaningful dispute that TLC: (a) has knowingly, repeatedly, for the past two years violated the Injunction; (b) has not cured those violations; and (c) will do nothing to comply with the Injunction.

---

[1] John Joyce is pro se in this case, but has advised Moving Defendants' counsel that he agrees with and wishes to join in this Motion (Kushner Dec. par. 2).

This Motion is **not** a "gotcha" attempt to search for a violation, asking the Court to punish TLC for every blurred shot of a Defendant in a large group—even though such photographs would violate the letter of the Injunction. Instead, this Motion is directed to the use of recognizable images, photos, or the names of Thunderhead Ranch or one or more Defendants.

Moving Defendants respectfully submit that this Court should impose substantial monetary sanctions on TLC, require TLC to pay Defendants' attorneys' fees, and impose such other relief as is appropriate under the circumstances.

## FACTUAL BACKGROUND

This case was filed in May 2020, claiming trademark infringement and unfair competition (Dkt. 1). After extensive motion practice and discovery, it settled during trial, following opening statements. A stipulated permanent injunction was entered by the Court on October 12, 2022 (Dkt. 588).

In November 2022, TLC counsel Chris Ralston represented that TLC had complied with the Injunction (Kushner Dec., Ex. 1).

Almost two years later, Mr. Ralston wrote about an issue that did not concern the Injunction (Kushner Dec. par. 5). Defendants' counsel, Beth Kushner, immediately responded and offered to address any concerns (Id.).[2] However, Defendants learned that TLC had never complied with the Injunction. Over the next roughly 10 days, Ms. Kushner provided Mr. Ralston with detailed lists of TLCs continued use of the names, likenesses, photographs, and videos of the individual defendants and Thunderhead Ranch (Id., Exs. 2-7).

TLC's social media was replete with photographs of Thunderhead Ranch and with the name "Thunderhead Ranch" together with "Trial Lawyers' College" on videos, photographs, and

---

[2] Because the communications with TLC counsel went beyond the public Injunction, the correspondence will be filed with redactions.

3

merchandise (Id., Exs. 16 and 17).  In fact, TLC posted TLC's logo together with the name "Thunderhead Ranch," clearly (and falsely) suggesting an affiliation between the two:



And TLC included as one of TLC's Facebook "**profile** photos" Thunderhead Ranch's sign for its cattle business:



In fact, three of TLC's five Facebook "Profile" photos are of Thunderhead Ranch (Kushner Dec., par. 21). Of TLC's sixteen Facebook "Cover" photos, six are of Thunderhead Ranch and a seventh is of Defendant John Zelbst (Id.). All of these were also called to the attention of TLC's counsel, again without acknowledgment or response (Kushner Dec., pars. 8-9)

Although the Injunction unequivocally prohibited TLC from using the names, likenesses, or images of any of the people TLC had sued in this case or their family members, TLC continued to post their photos, frequently identifying the defendants (or family members) by name. A more complete compilation of these posts is provided with the Kushner Declaration, but there is no doubt that TLC uses a range of photos of all the individual defendants, such as the following ones of Gerry Spence and of John Zelbst with his son Clay:





**TLC's counsel never acknowledged a single communication** (Kushner Dec. par. 8). In other words, TLC's counsel (a) had represented that TLC was in compliance with the Injunction; and (b) then refused to acknowledge, much less participate in, communications about TLC's **lack** of compliance. Although TLC was afforded the 30 day right to cure period in the Injunction (Dkt. 588), TLC never attempted to cure a single violation.

These violations are particularly egregious because TLC has no facility at which to operate. Instead, TLC simply holds seminars at public gathering places such as YMCAs or hotels, (Kushner Dec., par. 22). TLC's marketing therefore creates a false impression that TLC actually operates at a ranch, showing photos of everything from Thunderhead Ranch's grounds, to its buildings (interior and exterior), horses, rivers, and farm equipment (Kushner Dec. Exs. 16 and 17). However, as TLC concedes, TLC has not operated at Thunderhead Ranch since May 2020 (Dkt. 1, par. 14). Putting aside the misleading nature of TLC's marketing, TLC's use of the Ranch's name, image, and photographs violates the Injunction. According to TLC's Facebook page, TLC's audience for these violations numbers 10,000 (Kushner Dec., par. 26). TLC's X account has

almost 1,100 followers (Id.). And neither Facebook nor X are private, so the actual audiences are necessarily far larger.

Defendant Gerry Spence Method at Thunderhead Ranch, Inc. ("GSM") **does** operate at Thunderhead Ranch, and has been doing so since April 2021, holding its first program there in September 2021 (Dkt. 238, par. 27). GSM's name and logo both expressly reflect GSM's connection with Thunderhead Ranch:



(Kushner Dec., par. 10)

## II. LAW & ARGUMENT

"It is well-settled that compliance with this Court's orders is mandatory and disregard for its orders may be punished as contempt" (Dkt. 52, p. 5). The Court "unquestionably has the inherent authority to enforce its injunctions." *Martinez v. Thompson*, No. 71-cv-8990, 2004 WL 7337513, at *5 (D.N.M. Oct. 28, 2004). On a civil contempt motion, the movant "has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the [party] had knowledge of the order, and that the [party] disobeyed the order." *F.T.C. v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004) A "district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered." *Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256

(D. Utah 2000). Once a prima facie case is made for a violation, the burden shifts to the opposing party to show "an **inability** to comply." *PlayNation Play Systems, Inc. v. Velex Corp.* 939 F.3d 1205, 1209 (11th Cir. 2019) (emphasis supplied).

      **a.**      **A Court Order was in effect and TLC had knowledge of the Order.**

The Court issued the Injunction on October 12, 2022 (Dkt. 588). It was stipulated to by TLC. (Id.) Unquestionably, an Order of this Court was in effect, and TLC had knowledge of such Order.

      **b.**      **The Injunction prohibits TLC from Using (for any purpose) the likenesses, images, or names of the individual defendants and/or Thunderhead Ranch.**

The plain text of the Injunction restricts TLC from using—in any way—the names, likenesses, or images of the Defendants, their family members, or Thunderhead Ranch.[3] It has been two years since the Court issued the Injunction. TLC continues to display and use the images, names, and likenesses or the Defendants, their family members, and Thunderhead Ranch (Kushner Dec., Exs. 8-17).

      **c.**      **TLC could readily have complied with the Injunction.**

Once a prima facie case is made of a violation, the opposing party has the burden to show "inability to comply that goes beyond a mere assertion of inability." *Howard Johnson Co. v. Khimani,* 892 F.2d 1512, 1516 (11th Cir. 1990). "[T]he focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *Id.*

---

[3] Although TLC is permitted to make historically accurate **references** to its previous **lease** of Thunderhead Ranch (Dkt. 588), none of the offending material even mentions the lease. There is no exception in the Injunction for photographs or images of the Ranch.

Where the photos were—and still are—on TLC's own social media, TLC cannot show that it took all reasonable steps in good faith to comply with the Injunction. *Bad Ass Coffee,* 95 F. Supp. 2d at 1256.

TLC cannot seriously suggest that it was unable to look at TLC's own social media and simply remove the photos of and references to Thunderhead Ranch, or the images and likenesses of the Individual Defendants (and their family members). And, when given the 30-day notice for curing TLC's violation, TLC was equally cavalier.

### d. TLC should be sanctioned for its contumacy.

In assessing the appropriate penalty for Defendants' contemptuous conduct, the Court can award damages and attorneys' fees to Defendants. *See John Zink Co. v. Zink*, 241 F.3d 1256, 1261-62 (10th Cir. 2001); *PlayNation Play Systems, Inc. v. Velex Corp.,* 939 F.3d at 1215. Moreover, while the damages sustained by Defendants as a result of TLC's decision to defy the Court's authority are difficult to quantity, the Court should nevertheless impose a monetary sanction on TLC to deter its inappropriate conduct and to compensate Defendants for the damages they have sustained.

Moving Defendants have calculated well over 200 separate, serious violations of the Injunction, many of which were then reposted multiple times by TLC (Kushner Dec., par. 23 ). By "serious," Defendants mean obvious, open, and not subject to a dispute that that a photograph, image, or reference is of or at Thunderhead Ranch or of the Moving Defendants or their family members. The violations at issue here are ones that TLC would have spotted immediately by even a cursory review of TLC's social media. And TLC has 10,000 followers for its Facebook page, as well as 1,094 followers on X (Id., par. 26).

Moving Defendants respectfully submit that, in addition to imposing fees on TLC, the Court also award statutory and exemplary damages. Messrs. Gerry Spence, Joseph Low, and Rex

9

Parris are residents of California. The California legislature has determined that the use of a photograph without consent is subject to the greater of $750 or actual damages for each use, as well as punitive damages. California Civil Code, § 3344. Messrs. John and Clay Zelbst are residents of Oklahoma. Oklahoma law similarly provides for compensatory and punitive damages. Oklahoma Statutes, § 12-1499. Mr. Joyce resides in Florida, where the penalty for the unauthorized use of a photograph carries a penalty of up to $1,000.00 and exemplary damages. FL. 540-08(1)-(3). Kent Spence resides in Wyoming, but there is no reason he should not recover the same damages, even though Wyoming does not have specific statutory protection. And the same is true for the photographs of Thunderhead Ranch, which are a valuable asset, and integral part of the image, of GSM. If the Court applies a $750 figure to each of 200 violations, the sanction would be $150,000.00. The Court might also wish to assess exemplary damages, for they are warranted.

TLC has the money to pay substantial sanctions. Its most recent Form 990 shows assets of $5 million (Kushner Dec., Ex. 18). Exemplary damages can and should be based on those assets; otherwise, TLC will simply continue to treat the Court's authority as unworthy of respect. Moving Defendants also respectfully ask the Court to order the immediate, permanent removal of **any** photographs taken at Thunderhead Ranch and **any** photographs of an Individual Defendant (or their family members).

### III. CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court hold TLC in contempt for its violation of the Court's Permanent Injunction (Dkt. 588), award Defendants the attorneys' fees and costs they incurred in bringing this motion, and impose an additional monetary sanction on TLC to compel TLC's obedience with this Court's Order.

Respectfully submitted this 15th day of November, 2024.

*/s/ Beth J. Kushner*

Beth J. Kushner (admitted *pro hac vice*)
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: 414-287-1373
bkushner@vonbriesen.com

James E. Fitzgerald
FITZGERALD LAW OFFICES
2108 Warren Avenue
Cheyenne, WY 82001
Telephone: 307-635-2391
jim@fitzgeraldlaw.com

ATTORNEYS FOR DEFENDANTS GERRY SPENCE TRIAL INSTITUTE, GERALD L. SPENCE, REX PARRIS, JOSEPH LOW, JOHN ZELBST, KENT SPENCE AND GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC.

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copy of the foregoing document has been served electronically by transmission to an electronic filing service provider for service through the Court's CM/ECF system to all parties on November 15th, 2024.

*/s/ Beth J. Kushner*

41939830_4.DOCX