IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
CASPER DIVISION

| | | |
|---|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:20-cv-0080 |
| Plaintiff, | | _____ |
| v. | | JUDGE CARSON |
| GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, *et al.* | | MAGISTRATE JUDGE FOURATT |
| Defendants. | | |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT
AND FOR REASONABLE ATTORNEYS' FEES**

The Trial Lawyers College, a non-profit corporation, by and through its counsel of record, moves this Court for an Order enforcing Paragraph 8 of the October 12, 2022 Settlement Agreement and ordering Defendants to pay reasonable attorney's fee associated with the cost of this Motion, showing as follows:

1.

On October 12, 2022, the parties entered into a settlement agreement, which disposed of the United States District Court complaint as to all parties as well as all other litigation matters pending between the parties in the state and federal courts of Wyoming and California. A copy of that confidential Settlement Agreement is attached, to be filed under seal, as Exhibit A.

2.

Paragraph 8 of the settlement agreement provides:

> "Defendants will return all TLC signage, photo albums, TLC memorabilia, TLC signs, Don Clarkson barn sign and plaques in their possession, including the memorial plaques for TLC's observant Jewish alumni."

3.

As of February 2, 2024, Defendants had not complied with Paragraph 8 of the settlement agreement.

4.

Plaintiff had begun requesting return of the memorial plaques, providing the names of loved ones appearing in plaques purchased by four observant Jewish alumni, well before this matter was settled. Through counsel, Plaintiff made this request of Defendants' counsel Kenneth Barbe on September 20, 2020. That request of Mr. Barbe was renewed on June 15, 2021. It was also specifically raised at the settlement conferences convened by Magistrate Judge Mark Carman (May 6, 2021) and by Magistrate Judge Fouratt (August 11, 2022). It was raised again in a settlement letter dated September 30, 2022 by Plaintiff's counsel. Every time, Plaintiff specifically identified the names appearing on the plaques memorializing loved ones of the four observant Jewish alumni. As noted above, the October 12, 2022 settlement agreement provides for the return of these and other TLC plaques, signage and memorabilia. Post-October 12, 2022, the President of Trial Lawyers College made requests of Defendant ZELBST to comply with this term of the settlement agreement.

5.

Plaintiff, through one of its officers, contacted Defendant ZELBST on February 2, 2024 via written correspondence. Plaintiff asked to make arrangements to retrieve the plaques and offered to travel to Thunderhead Ranch to do so.

6.

On February 9, 2024, ZELBST responded:

> "One thing that you and I can agree on is that it is time to get all of our outstanding issues resolved. We will be happy to work out a transfer of your requested

2

barnwood plaques, at TLC expense, conditioned upon TLC returning to us all of the old barnwood flooring that was taken by your former administrator and hauled off in a U-Haul trailer. Please advise."

7.

There is no reference to "all of the old barnwood flooring that was taken by your former administrator and hauled off in a U-Haul trailer" in the October 12, 2022 settlement agreement. While Defendants complained about barnwood flooring, the return of the same was never a term of settlement proposed by any Defendant or their counsel.

8.

All of the items described in Paragraph 8 of the settlement agreement have historical, emotional, and spiritual significance to Plaintiff's supportive alumni base. The four plaques purchased by observant Jewish alumni in honor of their loved ones carry additional spiritual significance, which has been explained to Defendants. The "Don Clarkson barn sign" listed in Paragraph 8 references a founding psychodramatist who has remained associated with Plaintiff, and not with Defendants, since the events underlying this litigation began in April 2020.

9.

Social media postings by Defendants show that Defendants continue to display on their premises the very plaques of Plaintiff's alumni (including the four observant Jewish alumni) as if they were Defendants' alumni. This creates the potential for continuing confusion of the sort that was litigated extensively in this matter.

10.

On October 14, 2024, Chris Ralston, counsel for TLC, contacted Defendants' lead trial counsel, Steve Velkei, regarding return of the outstanding plaques. Mr. Ralston specifically noted to Mr. Velkei that he hoped the parties could work through the return of the plaques without the

3

involvement of the Court. Mr. Velkei wrote back amicably and offered to follow up. A copy of Mr. Ralston and Mr. Velkei's email exchange is attached as Exhibit B.

11.

Rather than resolve Defendants' clear violation of the settlement agreement through their more than two-year refusal to return the plaques at issue, Defendants' counsel Beth Kushner responded by sending a barrage of unrelated letters to TLC's counsel regarding TLC social media posts. As discussed in TLC's Opposition to Defendant's subsequent Motion for Contempt on the same subject, those social media posts long pre-date not only the settlement agreement, which was executed in October 2022, but also the initiation of this lawsuit in May 2020. *See* Rec. Doc. 599. There is simply no good faith explanation for Defendants' decision to respond to TLC's request that Defendants cure their violation of the settlement agreement and return the subject plaques by filing an unsupported Motion for Contempt against TLC's counsel.

12.

TLC has no interest in continued contentious litigation. It simply seeks the return of the plaques purchased by certain alumni, which, as this Court and Defendants have heard repeatedly, hold great significance to those individuals.

WHEREFORE, Plaintiff asks this Court to enforce the terms of the settlement; and, because there is no good-faith basis for violating the terms as agreed upon, to order Defendants to pay a reasonable attorney's fee associated with the costs of preparing and filing this motion.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

**THE TRIAL LAWYERS COLLEGE**

*/s/ Christopher K. Ralston*
Christopher K. Ralston, (La. Bar #26706)
(Admitted *pro hac vice*)
Lindsay Calhoun, (La. Bar #35070)
(Admitted *pro hac vice*)
Phelps Dunbar LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  chris.ralston@phelps.com
             lindsay.calhoun@phelps.com

and

Patrick J. Murphy, WSB No. 5-1779
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone: (307) 265-0700
Facsimile: (307) 266-2306
E-mail: pmurphy@wpdn.net

**ATTORNEYS FOR PLAINTIFF
THE TRIAL LAWYERS COLLEGE**

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copy of the foregoing document has been served electronically by transmission to an electronic filing service provider for service through the Court's CM/ECF system to all counsel of record this 3rd day of December, 2024.

*/s/Christopher K. Ralston*

5