| | |
|---|---|
| **From:** | Steve Velkei <svelkei@velkeilaw.com> |
| **Sent:** | Monday, October 14, 2024 6:44 PM |
| **To:** | Chris Ralston (1358) |
| **Cc:** | Lindsay Calhoun (1315) |
| **Subject:** | Re: TLC v. Spence - settlement agreement |

Chris,

Things are good.  Hope the same with you.

I am just returning to town and am seeing this email and a message from you earlier today.  I am not aware of any messages previously.

Has any property been returned?  Do you have a specific list?  Let me know and I will follow up.

**Steve Velkei, Esq. (He/Him/His)**
Tel  (310) 601-4626
Cell (310) 854-9470
svelkei@velkeilaw.com



**Velkei Law celebrates National Hispanic Heritage Month and recognizes and celebrates the contributions and influence of Hispanic Americans to the history, culture, and achievements in our country, including those within our own firm.**

*** NOTICE ***

PRIVILEGED AND CONFIDENTIAL - All information transmitted hereby is intended only for the use of the addressee(s) named above.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient(s), please note that any distribution or copying of this communication is strictly prohibited.  Anyone who receives this communication in error should notify us immediately by reply email and delete the original message.

**From:** Chris Ralston (1358) <Chris.Ralston@phelps.com>
**Date:** Monday, October 14, 2024 at 4:32 PM
**To:** Steve Velkei <svelkei@velkeilaw.com>
**Cc:** Lindsay Calhoun (1315) <Lindsay.Calhoun@phelps.com>
**Subject:** [External] TLC v. Spence - settlement agreement

Hi Steve,

I trust you are doing well. I left you another message today and was hoping to hear from you. I thought I should now write, given the time zone differences and my desire to connect.  I was hoping to avoid filing a motion to enforce settlement agreement by working through counsel. I send this email in that vein.

EXHIBIT B

You'll recall that in the October 12, 2022 settlement agreement entered into between the Trial Lawyers College ("TLC") and the individuals that you represented in the litigation with TLC, Paragraph 8 of the settlement agreement provided that your clients would: "return all TLC signage, photo, albums, TLC memorabilia, TLC signs, Don Clarkson barn sign and plaques in their possession, including the memorial plaques for TLC's observant Jewish alumni." We have reached the two-year anniversary of the settlement agreement's execution. My clients advise that the items in Paragraph 8 still have not been returned despite the provisions of the settlement agreement and follow up requests made by TLC's directors over time. I have seen some of that correspondence and understand some of it has been made through telephone requests.

I have a motion to enforce settlement agreement (with a request for attorney's fees, and costs) ready for filing. I would like to avoid that action and that's why I'm reaching out to you.

Will you let me know whether we can avoid a request for court intervention by getting the items in Paragraph 8 of the settlement agreement returned to TLC within 10 days? I'd appreciate it and I think it would be better for all concerned.

Thanks, Steve.

Chris

Christopher K Ralston
Phelps Dunbar
504-584-9358 office
239-405-2446 mobile