# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 11/05/2020 12:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
20STCV42478
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

1  R. Rex Parris, SBN 96567
       rrex@parris.com
2  Alexander R. Wheeler, SBN 239541
       alex@parris.com
3  **PARRIS LAW FIRM**
   43364 10th Street West
4  Lancaster, CA  93534
5  Telephone:    (661) 949-2595
   Facsimile:    (661) 949-7524
6

7  Norm Pattis, SBN 40861(*pro hac vice pending*)
       npattis@pattisandsmith.com
8  **PATTIS & SMITH, LLC**
9  383 Orange Street
   New Haven, CT 06511
10 Telephone:   (203) 393-3017

11 Attorneys for Plaintiff, GERRY SPENCE

12

13

14 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15 **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 16  GERRY SPENCE, | Case No. 20STCV42478 |
| 17                Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| 18         v. | 1.  Fraud; |
| 19  JAMES R. CLARY (a/k/a "J. R. Clary"); | 2.  Conversion; |
|     JOHN SLOAN; DANA COLE; MILTON | 3.  Breach of Fiduciary Duty; |
| 20  GRIMES; and DOES 1 through 20, inclusive, | 4.  Negligent Misrepresentation; |
| 21 | 5.  Intentional Infliction of Emotional Distress; |
|                Defendants. | 6.  Elder Financial Abuse |
| 22 | **DEMAND FOR JURY TRIAL** |
| 23 | |

**COMPLAINT**

Plaintiff, GERRY SPENCE ("Plaintiff"), sues Defendants, JAMES R. CLARY (a/k/a "J. R. Clary"); JOHN SLOAN; DANA COLE; MILTON GRIMES; and DOES 1 through 20, inclusive, and in support thereof, allege:

## INTRODUCTION

1. In 1994 Plaintiff Gerry Spence imagined not just a space, but a home where lawyers would be trained to represent the disadvantaged, the disempowered, the disenfranchised, and the damned. A home where lawyers would learn and push themselves to be exceptional, true to themselves and the power they have within to stand strong beside their client. A home to train lawyers to have the skills and passion to represent people against the government and the largest of corporations. With that vision in mind, Gerry Spence founded, created, and opened the doors to his home – a home called the Gerry Spence Trial Lawyers College at Thunderhead Ranch.



2. Plaintiff Gerry Spence contributed millions of dollars in money and property to create the Trial Lawyers College. Plaintiff allowed the Trial Lawyers College to use the Thunderhead Ranch virtually rent-free for over 25 years.

3. Plaintiff Gerry Spence bought the Double Diamond Ranch in Dubois, Wyoming in 1975. He moved his cattle and brand from his ranch, Thunderhead Ranch in Fort Washakie, Wyoming to the Thunderhead Ranch in Dubois. He bred Simmental cattle in Fort Washakie with the Thunderhead Ranch brand for five years before moving to Dubois. From 1975 to 1993, he continued to breed cattle in Thunderhead Ranch in Dubois.

4. Plaintiff Gerry Spence spent considerable time and effort creating the Thunderhead Ranch brand. The brand was drawn by Plaintiff Gerry Spence himself in 1965. He used his artwork to identify his ranch and livestock for the twenty-four years Plaintiff Gerry Spence had

1  a cattle business. This brand also continues to identify Thunderhead Ranch.[1]

2      5.    Plaintiff Gerry Spence was the true owner of the brand and logo at all times. Besides any accrued financial value, the brand and logo, after five decades, have as much personal meaning and significance to Plaintiff as the "Spence" surname itself. The brand and logo also has considerable intrinsic value to Plaintiff.

    6.    The distinct brand Gerry Spence created had three clouds with a lightning bolt near the top. This has been the brand and logo for his Thunderhead Ranch for over 50 years. Gerry Spence registered the brand with the State of Wyoming on December 2, 1965, taking care to protect and never let the brand registration lapse. *See* Exhibit A, Owners Wyoming Brand Certificate, Number A2579600-7.



    7.    Unbeknownst to Plaintiff Gerry Spence, in 2012, Defendant James R. Clary made a false and fraudulent claim to the United States Patent Office that TLC owned Plaintiff's brand and logo. *See* Exhibit B, Trademark/Service Mark/Application, Principal Register. Relying on the fiduciary relationship Plaintiff shared with Defendants, Plaintiff remained unaware until on or about June 2020 that his personal brand and logo had been stolen.

    8.    No later than June 1, 2020, all the Defendants knew that Defendant Clary had misappropriated the Thunderhead Ranch brand and logo.

    9.    Adding further insult to injury, Defendants have taken and continue to refuse to provide Plaintiff with his personal and intellectual property. Defendants stole Plaintiff Gerry

---

[1] Defendants have recently sought to deprive Plaintiff of this ability.

57. Defendants are claiming exclusive possession and claim they retained title to Plaintiff's brand and logo.

58. Gerry Spence is a nationally recognized attorney, heralded as one of America's greatest 20th century lawyers and honored by the National Trial Lawyers Hall of Fame where his portrait hangs in the Trial Lawyers National Portrait Gallery alongside John Adams, Clarence Darrow, Melvin Belli, and Ruth Bader Ginsburg. He is respected by attorneys throughout the nation and has attracted thousands of attorneys to the Trial Lawyers College to learn and to become great trial lawyers and human beings. For decades, he invested his time, his energy, and his financial resources to share his knowledge, commitment, and passion with "his family" at the Trial Lawyers College. The abject betrayal and the concomitant acts of these Defendants are causing and have caused him severe anguish, stress, disappointment, and humiliation. Having people he trusted steal his logo and brand at the end of an illustrious career is devastating, unconscionable, and heartbreaking.

59. In addition, Defendants have in their possession and refused to return Gerry Spence's intellectual property. This taking includes a lifetime of photographs, paintings, and videos of Gerry Spence at the ranch, at regional seminars, and myriad events in the last 25 years. This includes years of videos/Super 8/8 mm/cd/cassette tape recordings, including movies and footage from 1994 through 2019 of Gerry Spence.

60. In sum, Gerry Spence knew nothing about Defendant Clary's false and fraudulent claim to the USPTO that TLC owned the brand and logo that Defendant Clary was registering. Gerry Spence would have taken action to stop the theft of his property if he had been told the true facts by Defendant Clary.

61. In May 2020, Defendants knew, or should have known, that Defendant Clary had misappropriated the Thunderhead Ranch brand and logo. They used their position with TLC to wrongly retain the brand and logo. They did this knowing this would cause severe emotional distress to Plaintiff.

62. Plaintiff did not discover that Defendants' fraud and chicanery had deprived him of his personal and previously registered brand and logo until on or about June 2020. Only then