# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>    Plaintiff.<br><br>vs.<br><br>GERRY SPENCE TRIAL INSTITUTE, a nonprofit corporation and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, JOHN JOYCE, and DANIEL AMBROSE, individuals, GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC.,<br><br>    Defendants. | Civil Action No. 1:20-CV-00080-JMC |

## AFFIDAVIT OF BETH J. KUSHNER IN RESPONSE TO COURT'S JANUARY 10, 2025 DIRECTION FOR INFORMATION ABOUT FEES

I, Beth J. Kushner, am over 18 years of age, and I am competent to testify in this proceeding. I give this Affidavit based on my own personal knowledge.

1.    I am counsel of record for the "Spence Defendants" in this case. I have a strong commitment to those clients. I also have obligations as an attorney to minimize the burden on the courts before which I appear, and to behave constructively towards opposing parties in proceedings in which I am involved. And I have duties to my law firm. All of those responsibilities are necessarily balanced in the work that I have done in this matter over the past few months.

2.    One of my clients in this matter is the Gerry Spence Method at Thunderhead Ranch ("GSM"). Because GSM is a relatively new entity and a non-profit corporation, I have substantially reduced my customary hourly fee for the work I perform for it. With respect to this current dispute, I have reduced my hourly rate for litigation, which ranges from $550-770 an hour, to $450 an hour. I also try to be as efficient as possible, and, to the extent possible, have delegated

1

work to Derik Rush. Mr. Rush is a first-year associate and his hourly billing rate for this client is $290, which I have reduced from his $340 rate.

3.  James Fitzgerald is my co-counsel in this case. Mr. Fitzgerald is also on the faculty of the Gerry Spence Method. Because of that role, Mr. Fitzgerald does not believe he should charge for his time. However, Mr. Fitzgerald was actively involved in briefing and spent significant hours in that role.

4.  This Affidavit provides the time and billing information for my firm on this matter, beginning on November 1, 2024, when I began drafting the Motion for Contempt (ECF 596).

5.  I am attaching as **Exhibit A** the daily entries for my and Mr. Rush's time beginning on November 1, 2024.

6.  I always try to provide the most cost-effective legal services, and have done so in this case. As is the case with any client, I have not billed for my office conferences. Nor have I billed for most communications with my clients. And I have not billed for my communications with James Fitzgerald, even though those communications were extensive and necessary.

7.  I performed a careful review of Plaintiff's social media in order to identify posts and photographs that include references to, or photographs or videos of, one or more individual Defendants, family members who are not currently involved with Plaintiff, or Thunderhead Ranch. (ECF 588). Because I know the Defendants and can readily recognize them, and because I am familiar with Thunderhead Ranch, it was most efficient and cost-effective for me to perform that review. Even at lower billing rates, it would have taken far more time for Mr. Rush or for a paralegal to do those searches. Searches performed before November 1, 2024 are not included on Exhibit A.

8.  Much of my time was spent trying to avoid motion practice. Although much of that time was spent during the two weeks before I began drafting the Motion for Contempt, and

therefore is not included on Exhibit A, I continued trying to engage with opposing counsel after I filed the Motion. At the January 10, 2025 hearing, opposing counsel characterized those efforts as a "strategy." It is difficult to understand that characterization, because the Plaintiff had a 30 day right to cure violations of the Permanent Injunction (ECF 588) before a Motion could be brought. In other words, providing Plaintiff with as much information as possible so that Plaintiff could remove violations during the cure period was the opposite of any sort of "trap." In any event, my efforts were a genuine attempt to avoid bringing a Motion at all.

9. I minimized fees by adopting the legal standard that Plaintiff had advocated in this case in Plaintiff's earlier Motions. That would avoid "reinventing the wheel," and I trusted that Plaintiff would not dispute its own previous arguments.

10. I began drafting the Motion for Contempt on November 1, 2024 and filed it on November 15, 2024 (ECF 596); reviewed Plaintiff's opposition (ECF 599); and drafted a reply brief that was filed on December 5, 2024 (ECF 606). I also devoted time in response to the Court's December 11, 2024 Order that the parties file, by noon mountain time on January 7, 2025, a joint submission addressing whether and in what ways the parties had been able to narrow the issues in dispute (ECF 609, p. 2). On December 12, 2024, I provided opposing counsel with our views of the issues in dispute. On December 17, 2024, I provided opposing counsel with proposed stipulated facts. I updated the proposed stipulated facts on December 30, 2024, to reflect that TLC had begun, on December 18, 2024, to remove some photographs from social media. I prepared and filed a Notice of my efforts to comply with ECF 609 (ECF 612). I then received a response from Plaintiff immediately before 5:00 p.m. on January 6, 2025. I devoted all of the following morning to trying to reach consensus on a joint statement.

11. Finally, I prepared for and attended argument on January 10, 2025.

12.     My firm's approximate total fees for the Contempt Motion between November 1, 2024 and conclusion of the hearing on January 10, 2025 are $20,904.00. This represents a small amount of the time actually spent on this matter.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated this 24th day of January, 2025.

_____
Beth J. Kushner

Subscribed and sworn to before me
this 24th day of January, 2025.

_____
Notary Public, State of Wisconsin
My Commission expires: 7-31-2025

[Notary Seal: JOAN M. PAWLAK, NOTARY PUBLIC, STATE OF WISCONSIN]

42212967_1.DOCX

**Gerry Spence Method**                                                                 **EXHIBIT A**

**Time Detail**

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 11/01/24 | BJK | Draft Motion for Contempt and Supporting Brief (incorporating Plaintiff's arguments in previous motions and updating Plaintiff's research) | 3.5 | 1,575.00 |
| 11/03/24 | BJK | Update draft brief and begin to draft declaration | 1.5 | 675.00 |
| 11/04/24 | BJK | Continue drafting declaration supporting contempt motion | 2.5 | 1,125.00 |
| 11/05/24 | BJK | Assemble record for declaration supporting contempt motion | 2.8 | 1,260.00 |
| 11/06/24 | DPR | Cite checked caselaw and internal citations for memorandum in support of motion for contempt | .3 | 87.00 |
| 11/07/24 | BJK | Finalize brief and supporting declaration | 1.5 | 675.00 |
| 11/07/24 | DPR | Cite checked caselaw and internal citations for memorandum in support of motion for contempt; Additional research concerning standard and remedy, focusing on Tenth Circuit. | 4.5 | 1,305.00 |
| 11/08/24 | DPR | Complete research for remedy. | .7 | 203.00 |
| 11/11/24 | BJK | Revise draft brief to comply with applicable local rules | .8 | 360.00 |
| 11/12/24 | BJK | Draft proposed Order to submit to Judge Fouratt | .2 | 90.00 |
| 11/15/24 | BJK | Final review of contempt submission and authorize filing/service | .8 | 360.00 |
| 11/16/24 | BJK | Email to Attorney Ralston in continued effort to resolve dispute | .2 | 90.00 |
| 11/29/24 | BJK | Review TLC opposition to contempt motion | 1.8 | 810.00 |
| 11/30/24 | BJK | Draft reply brief in support of contempt motion | 2.8 | 1,260.00 |
| 12/01/24 | DPR | Additional research concerning interpretation of injunction | 2.2 | 638.00 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 12/02/24 | BJK | Draft Zelbst and Kushner declarations in support of reply brief | 2.5 | 1,125.00 |
| 12/05/24 | BJK | Finalize and authorize filing/service of reply brief | .9 | 405.00 |
| 12/11/24 | BJK | Review Order concerning hearing and directing parties to attempt to narrow issues | .1 | 45.00 |
| 12/11/24 | DPR | Reviewed opposing counsel's response brief and identified potential arguments for hearing | .6 | 174.00 |
| 12/12/24 | BJK | Half time spent summarizing position for opposing counsel in attempt to comply with December 11, 2024 Order | .3 of .6 | 135.00 |
| 12/12/24 | DPR | Research concerning lack of evidentiary support for arguments in Plaintiff's brief. | 1.1 | 319.00 |
| 12/13/24 | BJK | Draft proposed stipulations relating to contempt motion (half of total time spent on stipulations) | 1.5 | 675.00 |
| 12/16/24 | BJK | Revise proposed stipulations relating to contempt motion (half of total time spent on revisions) | .5 | 225.00 |
| 12/17/24 | BJK | Forward stipulations to opposing counsel | .1 | 45.00 |
| 12/23/24 | BJK | Review correspondence from opposing counsel advising will be in touch (half of time spent) | .1 | 45.00 |
| 12/28/24 | BJK | Revising proposed stipulations to reflect removal of certain social media | 1.2 | 540.00 |
| 01/05/25 | BJK | Prepare notice of attempts to comply with December 11, 2024 Court order (half of time spent) | .8 | 360.00 |
| 01/07/25 | BJK | Review responsive proposal from opposing counsel; attempt to negotiate joint submission; file notice of efforts to reach agreement; file notice of witness testimony | 2.8 | 1,260.00 |
| 01/08/25 | BJK | Prepare for hearing, including exhibits and testimony (roughly half of time spent) | 3.2 | 1,440.00 |
| 01/09/25 | BJK | Continued preparation for hearing | 1.5 | 675.00 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 01/10/25 | BJK | Attend hearing (roughly half time spent) | 2.5 | 1,125.00 |
| 01/10/25 | DPR | Assisted in preparing and organizing exhibits for motion for contempt hearing; attend hearing | 6.2 | 1,798.00 |
| | | **Total Fees** | **52.0** | **20,904.00** |

**Timekeeper Summary**

| Name | Timekeeper Title | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Derik P. Rush | Associate | | 15.6 | 290.00 | 4,524.00 |
| Beth J. Kushner | Counsel | | 36.4 | 450.00 | 16,380.00 |
| | | **Total** | 52.0 | | |
| | | | | **Matter Total** | **20,904.00** |

42224239_1.DOCX

3