IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, a nonprofit corporation, and GERALD L. SPENCE, JOHN ZELBST, REX PARRIS, JOSEPH H. LOW, KENT SPENCE, and DANIEL AMBROSE, individuals, and GERRY SPENCE METHOD AT THUNDERHEAD RANCH, INC., a nonprofit corporation,<br><br>    Defendants,<br><br>and JOHN JOYCE,<br><br>    Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,<br><br>vs.<br><br>F WARRIORS,<br><br>    Third-Party Defendant. | Case Number: 1:20-CV-00080-JMC-GJF |

**ORDER AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR CONTEMPT AND PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

THIS MATTER is before the Court on United States Magistrate Judge Gregory J. Fouratt's Report and Recommendation ("R&R") (Doc. 628), which recommended that the Court (1) grant Defendants' Motion for Contempt (Doc. 596) to the extent that it requests (i) a finding that the

Trial Lawyer's College ("TLC") has violated the parties' Consent Permanent Injunction and (ii) an order that TLC sanitize its Facebook page and Twitter/X account of material barred by the Injunction; (2) deny the Motion for Contempt (Doc. 596) to the extent that it requests the award of compensatory damages; (3) grant TLC's Motion to Enforce Settlement Agreement (Doc. 603) to the extent that it requests (i) a finding that Defendants have violated the parties' Settlement Agreement by not timely returning to TLC certain items of personal property referenced in the Agreement and (ii) an order compelling Defendants to return to TLC the property in question; and (4) deny the parties' competing requests for attorney's fees.

The R&R notified the parties of their ability to file objections within fourteen days. *See* Doc. 628 at 27. This fourteen-day deadline has now expired without either party filing objections.

The Tenth Circuit has held that a party must timely object to a magistrate judge's report and recommendation to preserve an issue for *de novo* review by the district court or an appellate court. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The failure to timely object waives appellate review of both factual and legal questions. *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199–1200 (10th Cir. 2000) (citation omitted); *One Parcel of Real Prop.,* 73 F.3d at 1059 (citations omitted). Thus, neither side preserved any issues with the R&R for this Court to review. Moreover, having reviewed the R&R, the Court concurs with its findings, analysis, and conclusions.

**IT IS THEREFORE ORDERED** that Magistrate Judge Fouratt's Report and Recommendation (Doc. 628) is **AFFIRMED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Contempt (Doc. 596) is **GRANTED IN PART and DENIED IN PART** as follows:

(1)   The Motion for Contempt is **GRANTED** to the extent that the Court **FINDS** that TLC

has violated the parties' Consent Permanent Injunction and **ORDERS** that, within 60 days of entry of this Order, TLC sanitize its Facebook page and Twitter/X account of content barred by the Injunction, including but not limited to the 36 categories of content Defendants identified in the joint submission to the Court in advance of the evidentiary hearing (Doc. 616 at 35–38 ¶¶ 36–39), and file a notice of compliance when this has been accomplished.

(2) The Motion for Contempt is **DENIED** to the extent that it requests the award of compensatory damages and attorney fees.

(3) Any other relief requested by the Motion for Contempt is **DENIED**.

**IT IS FURTHER ORDERED** that TLC's Motion to Enforce Settlement Agreement (Doc. 603) is **GRANTED IN PART and DENIED IN PART** as follows:

(1) The Motion to Enforce is **GRANTED** to the extent that the Court **FINDS** that Defendants have violated the parties' Settlement Agreement by not timely returning to TLC the personal property referenced in ¶ 8 of the Agreement and **ORDERS** Defendants, within 60 days of entry of this Order, to ship – *en masse* – all property in their possession identified in ¶ 8 of the Settlement Agreement to TLC President Maren Chaloupka at 1906 Broadway, Scottsbluff, NE 69363, with the parties to share equally the cost of the shipment, and Defendants to thereafter file a notice of compliance that the transfer has been effectuated.[1]

(2) The Motion to Enforce is **DENIED** to the extent that it requests the award of attorney

---

[1] Among the property to be returned are "TLC signage," "TLC signs," and the "Don Clarkson barn sign." Sett. Agrmt. ¶ 8. This category of property includes, but is not necessarily limited to, the four signs at issue in the Preliminary Injunction issued in June 2020. *See* ECF 46 at 15-16. Specifically *excluded* from the property transfer obligation are any plaques bearing the names of Defendants or their family members. Should the parties agree to different arrangements of transferring *all* property contemplated in ¶ 8, they shall file a joint notice to that effect, complete the transfer within 60 days of entry of this Order, and file a notice of compliance that the transfer has been effectuated.

fees.

(3) Any other relief requested by the Motion to Enforce is **DENIED**.

**IT IS SO ORDERED.**

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation