IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
CASPER DIVISION

| | | |
|---|---|---|
| THE TRIAL LAWYERS COLLEGE, a nonprofit corporation | ) ) ) | CIVIL ACTION NO. 1:20-cv-0080 |
| v. | ) ) ) | _____ CIRCUIT JUDGE CARSON |
| GERRY SPENCES TRIAL LAWYERS COLLEGE AT THUNDERHEAD RANCH, *et al.* | ) ) ) | MAGISTRATE JUDGE FOURATT |

**PLAINTIFF'S NOTICE OF COMPLIANCE**

Plaintiff, Trial Lawyers College ("TLC"), hereby respectfully submits this notice of compliance in accordance with the Report and Recommendation (the "R&R") issued by Magistrate Judge Fouratt on June 20, 2025, and affirmed and adopted by the District Court on July 8, 2025 (the "Order"). *See* Rec. Docs. 628, 629.

The Court ordered TLC to sanitize its Facebook page and X/Twitter account by removing all content prohibited by the Consent Permanent Injunction (the "Injunction"). This included, but was not limited to, the 36 categories of content identified in the Parties' Joint Submission. *See* Rec. Doc. 616, paragraphs 36-39, pp. 35-38. TLC affirms that it has fully complied with this directive and removed from its Facebook and X accounts all content prohibited by the Injunction, including the 36 categories of content identified in the Parties' Joint Submission.[1] In fact, TLC has exceeded the scope of the R&R and the Order and removed all social media posts from both its Facebook and X accounts that were made prior to January 1, 2020.

---

[1] TLC notes that some of the social media posts that depict or refer to Defendants and/or the Thunderhead Ranch were made by third-parties who "tagged" TLC. Indeed, one such post, dated October 7, 2018, was made by Nina Hodjat, former counsel of record for Defendant John Joyce in this case. TLC "untagged" itself from such posts wherever possible, and further investigated whether it could remove third-parties' posts from appearing on its social media pages. Because it does not control those third-parties' accounts or have the ability to edit their content, TLC cannot remove such posts.

During the review process, TLC encountered difficulty determining which photographs might violate the Injunction, as many images did not clearly feature Defendants or their recognizable family members. These included photographs of group events, gatherings, landscapes, and picnics where the identities of individuals and the locations depicted could not always be confirmed. As part of TLC's concerted efforts to ensure complete and total compliance, TLC elected to remove every social media post made prior to January 1, 2020, from its accounts. In total, approximately 1,500 images were deleted.

Although the R&R and affirming Order were limited to Facebook and X posts, Defendants have also brought to TLC's attention references to Defendants that apparently could be located in TLC's website (i.e., archived promotions of past TLC programs that were not visible on the front-facing pages) if one were searching for Defendants' names. TLC was unaware that those references could be found within its website; but when those references were brought to TLC's attention, TLC directed its website contractor to remove them. On July 1, 2025, TLC launched a new website, with a different host and on a different platform. The new website was built "from the ground up" as opposed to a blanket transfer of data. The former website, and whatever archival references to Defendants it contained, is no longer accessible.

TLC is also endeavoring to remove any potentially questionable content on YouTube. In or around 2008, while Joane Garcia-Colson was serving as TLC's Executive Director, a YouTube channel was created in TLC's name. Ms. Garcia-Colson separated from TLC in 2009 and has had no involvement with the organization since that time. TLC has since been led by two subsequent Executive Directors and has undergone various other personnel changes. The YouTube account contains videos posted 16 years ago that TLC has actively tried to remove. Unfortunately, due to the passage of time and personnel changes, TLC no longer has access to the login credentials for

this account, making it impossible to delete the content directly. TLC initially attempted to resolve this issue through YouTube's account recovery process and internal reporting system, but those efforts have not yet been successful. TLC wants no more dispute on this issue and, furthermore, does not wish to be associated in any way with Defendants. Accordingly, TLC's counsel has now sent a demand letter to YouTube to remove the videos in question.

Thus, TLC has fully met the requirements of the Court's R&R and Order concerning the sanitization of its social media accounts, and has also taken further steps to ensure compliance with both the letter and the spirit of the Court's directives.

Respectfully submitted,

*/s/ Christopher K. Ralston*
Christopher K. Ralston, (La. Bar #26706)
(Admitted *pro hac vice*)
Lindsay Calhoun, (La. Bar #35070)
(Admitted *pro hac vice*)
PHELPS DUNBAR LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  chris.ralston@phelps.com
        lindsay.calhoun@phelps.com

and

Patrick J. Murphy, WSB No. 5-1779
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone: (307) 265-0700
Facsimile: (307) 266-2306
E-mail: pmurphy@wpdn.net

**ATTORNEYS FOR PLAINTIFF
THE TRIAL LAWYERS COLLEGE**

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copy of the foregoing document has been served electronically by transmission to an electronic filing service provider for service through the Court's CM/ECF system to all counsel of record this 17th day of July, 2025.

*/s/Christopher K. Ralston*

PD.50110980.2